

Danielle E. Karst (D.C. Bar No. 481881)
Timothy J. Mulreany (Maryland Bar No. 8812160123)
**COMMODITY FUTURES TRADING COMMISSION**
Three Lafayette Centre
1155 21st Street, N.W.
Washington, D.C. 20581
Telephone:  (202) 418-6158 (Karst)
Telephone:  (202) 418-5306 (Mulreany)
Facsimile:   (202) 418-5523
dkarst@cftc.gov
tmulreany@cftc.gov

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>DAVID GILBERT SAFFRON a/k/a DAVID GILBERT and CIRCLE SOCIETY, CORP.,<br><br>Defendants. | Case No.  **2:19-cv-01697-KJD-DJA**<br><br>**PLAINTIFF'S MOTION FOR *EX PARTE* ORDER TO TEMPORARILY SEAL ENTIRE DOCKET OF A NEW CIVIL ACTION**<br><br>**FILED UNDER SEAL** |

In accordance with Local Rule I.A.10-5(a), Plaintiff Commodity Futures Trading Commission ("Commission" or "CFTC") moves for an *ex parte* order to temporarily seal the entire docket in the above-captioned, new civil action. The Commission files this motion contemporaneously with a civil cover sheet, Complaint for Injunctive Relief, Restitution, Disgorgement and Civil Monetary Penalties, and several other pleadings, as detailed below. Placing these documents on the public record at this time, or in any way identifying the parties to this action and the relief requested at this time would not be in the public interest for the reasons more fully described below. The Commission's Proposed Order is narrowly tailored and provides that the seal expires automatically upon the earlier of (1) two weeks following issuance of the requested *ex parte* SRO; or (2) until Saffron is served.

1

## I.  IDENTIFCATION OF EACH ITEM PROPOSED FOR SEALING

The Commission is filing the following documents and requests that they all be sealed:

- Motion for an *Ex Parte* Order to Temporarily Seal the Entire Docket of New Civil Action with Proposed Order
- Complaint
- Civil Cover Sheet
- Summonses
- Motion and Memorandum in Support of Plaintiff's Motion for an *Ex Parte* Statutory Restraining Order with Proposed Order and Declaration of CFTC Futures Trading Investigator George H. Malas with Exhibits
- Motion and Memorandum in Support of Plaintiff's Motion for a Preliminary Injunction with Proposed Order and Declaration of CFTC Futures Trading Investigator George H. Malas with Exhibits

## II.  FACTUAL BACKGROUND

The Commission's Complaint against Defendant David Gilbert Saffron ("Saffron") and his business entity, Circle Society, Corp. ("Circle Society") (collectively, "Defendants"), alleges that Defendants fraudulently solicited and accepted at least $11 million worth of Bitcoin ("BTC") and United States Dollars ("USD") (BTC, together with USD, "funds") from no fewer than fourteen members of the public to participate in an unregistered commodity pool ("Pool") for the purported purpose of trading off-exchange binary option contracts on foreign currency ("forex") and cryptocurrency pairs, among other things.  Defendants fraudulently solicited pool participants by making material omissions and misrepresentations, misappropriated pool participants' funds, and failed to register with the Commission in violation of Sections 4c(b), 4k(2), 4m(1), and 4*o*(1)(A) and (B) of the Commodity Exchange Act (the "Act"), 7 U.S.C. §§ 6c(b), 6k(2), 6m(1), 6*o*(1)(A), (B) (2012), and Commission Regulations 4.20 and 32.4, 17 C.F.R. §§ 4.20(a)(1), (b), (c), 32.4 (2019).  To halt Defendants' illegal activities, the Commission filed a Complaint, pursuant to Section 6c(a) of the Act, for injunctive and other equitable relief for Defendants' violations of the Act and Commission Regulations.

2

### III. A TEMPORARY SEAL IS NECESSARY TO PRESERVE THIS COURT'S ABILITY TO GRANT EFFECTIVE RELIEF

The Court may, in its discretion seal documents if its decision is necessitated by a compelling government interest and the seal is narrowly tailored to that interest. *See Press Enter. Co. v. Superior Court*, 464 U.S. 501, 510 (1984) (*Press Enterprise I*) (holding that presumption of public access may be overcome when "closure is essential to preserve higher values and is narrowly tailored to serve that interest"); *see also Press Enter. Co. v. Superior Court*, 478 U.S. 1, 9-10 (1986) (*Press Enterprise II*) (accord). "What constitutes a 'compelling reason' is best left to the sound discretion of the trial court." *Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). The Commission's request for a temporary seal is appropriate in this case because there is a compelling government interest in preventing Defendants from moving, concealing, and/or dissipating evidence and/or assets. *See CFTC v. Oasis Int'l Grp., Ltd.*, No. 8:19-cv-886 (M.D. Fla. April 14, 2019), ECF No. 5 (granting CFTC's motion to temporarily seal entire file where "temporarily sealing . . . is required to ensure that Defendants . . . do not transfer or dissipate assets or destroy records concerning Defendants' fraudulent scheme before the CFTC has an opportunity to obtain and serve the Proposed SRO"); *CFTC v. Bolze*, No. 3:09-CV-88, 2009 WL 605248, at *1 (E.D. Tenn. Mar. 3, 2009) (granting CFTC's *ex parte* motion to temporarily seal entire file in the interests of preventing concealment and dissipation of assets, preventing destruction of documents, and preventing defendants from having the opportunity to avoid service). Any notice of this action to Defendants would frustrate the Commission's ability to obtain effective relief because it would give Defendants the opportunity to transfer, dissipate, or shield assets before they can be frozen, or to destroy books and records—including electronic evidence—before the Commission can access them. With just a few keystrokes on a keyboard or smart phone, Saffron could easily transfer funds currently

3

within this Court's jurisdiction to other unknown and/or foreign bank accounts or virtual currency accounts, thus frustrating this Court's ability to grant effective relief.

The Commission's request for a maximum two weeks' seal of this civil action is also narrowly tailored to the compelling government interest in preventing Defendants from moving, concealing and/or dissipating evidence and/or assets. Once Defendants have been served with the Commission's Complaint and SRO, then the entire case file will become a matter of public record. The public interest will not be harmed by this limited seal of the case.

## IV. CONCLUSION

For the reasons stated above, the Commission respectfully requests that the docket and the case file for this matter, including but not limited to, pleadings, motions, memoranda, exhibits, proposed orders, and orders, as detailed in Section I, be sealed until the earlier of: (1) two weeks following issuance of the requested *ex parte* SRO; or (2) until Saffron is served.

Dated:  September 30, 2019

Respectfully submitted,

By: /s/ Danielle E. Karst
Danielle E. Karst
Timothy J. Mulreany
**COMMODITY FUTURES TRADING COMMISSION**
Three Lafayette Centre
1155 21st Street, N.W.
Washington, D.C. 20581
Telephone:  (202) 418-6158
Facsimile:   (202) 418-5523

4