```
                                              FILED
                                              ENTERED
                                              COUNSEL

                                              SEP 30 2019

                                        CLERK US DISTRICT COURT
                                        DISTRICT OF NEVADA
                                    BY:_____ DEPUTY
```

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

COMMODITY FUTURES TRADING
COMMISSION,

        Plaintiff,

v.

DAVID GILBERT SAFFRON
a/k/a DAVID GILBERT and
CIRCLE SOCIETY, CORP.,

        Defendants.

Case No. 2:19-cv-01697-KJD-DJA

## [PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION AND OTHER EQUITABLE RELIEF

Plaintiff, Commodity Futures Trading Commission ("Commission" or "CFTC"), filed a Complaint for Injunctive Relief, Restitution, Disgorgement and Civil Monetary Penalties against David Gilbert Saffron a/k/a David Gilbert ("Saffron") and his business entity, Circle Society, Corp. ("Circle Society") (collectively, "Defendants"), for violations of the Commodity Exchange Act (the "Act"), 7 U.S.C. §§ 1-27f (2012), and Commission Regulations ("Regulations") promulgated thereunder, 17 C.F.R. pts. 1–190 (2019).

The Commission has moved, pursuant to Section 6(c) of the Act, 7 U.S.C. § 13a-1 (2012), for an order of preliminary injunction and other equitable relief against Defendants. After a hearing on the merits and having considered the pleadings, declarations, exhibits, and memoranda filed by the parties, the Court finds that:

    1.    The Court has jurisdiction over the parties and over the subject matter of this action pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2012).

    2.    Venue properly lies in this District, pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e) (2012).

3. Defendants have been served with summonses, the Complaint, and all related filings, including Plaintiff's Emergency *Ex Parte* Motion for a Statutory Restraining Order and Memorandum in Support, and Plaintiff's Motion for a Preliminary Injunction and Other Equitable Relief and Memorandum in Support.

4. There is good cause to believe that Defendants have engaged in, are engaging in, or are about to engage in violations of 7 U.S.C. §§ 6c(b), 6k(2), 6m(1), 6*o*(1)(A), (B) (2012), and 17 C.F.R. §§ 4.20(a)(1), (b), (c), 32.4 (2019).

5. The Commission has presented evidence showing that, from at least December 2017 through the present (the "Relevant Period"), Saffron has fraudulently solicited and accepted at least $11 million worth of Bitcoin ("BTC") and United States Dollars ("USD") (BTC, together with USD, "funds") from no fewer than fourteen members of the public for the purported purpose of trading off-exchange binary option contracts on foreign currency ("forex") and cryptocurrency pairs, among other things, on behalf of a commodity pool ("Pool"). The Commission has presented evidence showing that, from September 6, 2018, Saffron, individually and as principal and agent of Circle Society, has fraudulently solicited members of the public to participate in a commodity pool operated by Circle Society. The Commission has also presented evidence that Defendants misappropriated pool participants' funds by soliciting funds for trading on behalf of the Pool and then holding participants' funds in Saffron's personal E-Wallet instead of segregating the funds in a pool account and using the funds to trade on behalf of the Pool as promised. Further, the Commission has presented evidence showing that Defendants, in violation of the Act, failed to register with the Commission.

2

6. The Commission has shown that there is a reasonable likelihood that Defendants will continue to violate the Act and Regulations, as alleged in the Complaint, unless they are restrained and enjoined from continuing further violations.

7. There is good cause to believe that immediate and irreparable harm to the Court's ability to grant effective final relief in the form of monetary redress will occur from the sale, transfer, assignment, or other disposition by Defendants of assets and records unless Defendants are immediately restrained and enjoined by order of this Court.

8. There is good cause for entry of an order freezing assets owned, controlled, managed, or held by or on behalf of, or for the benefit of, Defendants.

9. There is good cause for entry of an order prohibiting Defendants, their agents, servants, employees, assigns, attorneys, and persons in active concert or participation with Defendants, including any successor thereof, from destroying records and/or denying agents of the Commission immediate and complete access to Defendants' records for inspection and copying.

10. Absent entry of this preliminary injunction, Defendants are likely to dissipate or transfer assets and destroy books and records.

11. The Court finds that this is a proper case for granting a preliminary injunction to preserve the status quo, protect customers from further loss and damage, and enable the Commission to fulfill its statutory duties and enters this Order of Preliminary Injunction and Other Equitable Relief Against Defendants as follows:

## **DEFINITIONS AND INSTRUCTIONS**

For purposes of this Order, the following definitions and instructions apply:

1. "Assets" means any legal or equitable interest in, right to, or claim to, any real or personal property, whether individually or jointly, directly or indirectly owned or controlled, and wherever located, including, but not limited to: chattels, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, mail or other deliveries, inventory, checks, notes, accounts (including, but not limited to, bank accounts, brokerage accounts, and accounts at other financial institutions), credits, receivables, lines of credit, contracts (including spot, futures, options, or swaps contracts), securities, insurance policies, and cash, wherever located, whether within or outside the United States.

2. The term "document" is synonymous in meaning and equal in scope to the broad usage of that term within Federal Rule of Civil Procedure 34(a).

3. "Defendants" refer to David Gilbert Saffron a/k/a David Gilbert and Circle Society, Corp. and any person insofar as he or she is acting in the capacity of an officer, agent, servant, employee, or attorney of Defendants, and any person who receives actual notice of this Order by personal service or otherwise, insofar as he or she is acting in concert or participation with Defendants. "Defendants" also include any d/b/a, successor, affiliate, subsidiary, or other entity owned, controlled, managed, or held by, on behalf of, or for the benefit of Defendants.

**RELIEF GRANTED**

**I.   ASSET FREEZE**

**IT IS HEREBY ORDERED** that:

1. Defendants and their agents, servants, employees, assigns, attorneys, including any successor thereof, and persons in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, are immediately restrained and enjoined from directly or indirectly transferring, selling, alienating, liquidating, encumbering,

4

pledging, leasing, loaning, assigning, concealing, dissipating, converting, withdrawing, or otherwise disposing of any assets, wherever located, including Defendants' assets held outside the United States, unless otherwise ordered by the Court.

2. The assets affected by this Order shall not include assets obtained after the effective date of this Order, unless such assets are derived from or related to the activities alleged in the Complaint.

3. Pending further order of this Court, any financial or brokerage institution, business entity, or person that receives actual notice of this Order by personal service or otherwise, that holds, controls, or maintains custody of any account or asset titled in the name of, held for the benefit of, or otherwise under the control of any Defendant, or has held, controlled, or maintained custody of any such account or asset of any Defendant at any time since December 2017, shall hold and retain within their control and prohibit the withdrawal, removal, assignment, transfer, pledge, encumbrance, disbursement, dissipation, conversion, sale or other disposal of such assets unless directed by further order of the Court; *provided, however*, that nothing in this Order shall limit the discretion of any compliance official of any futures commission merchant or forex dealer with which any Defendant maintains an account to liquidate, or "close out," any and all open positions in such account, in order to avoid losses due to the asset freeze required by this Order.

## II.   MAINTENANCE OF AND ACCESS TO BUSINESS RECORDS

**IT IS FURTHER ORDERED** that:

4. Defendants are restrained from directly or indirectly destroying, mutilating, erasing, altering, concealing or disposing of, in any manner, directly or indirectly, any documents that relate to the business practices or business or personal finances of any Defendant.

5.      Any financial or brokerage institution, business entity, or person that receives actual notice of this Order by personal service or otherwise, shall not:

    a.     directly or indirectly destroy, alter or dispose of, in any manner, any records relating to the business activities and business and personal finances of any Defendant; and

    b.     deny a request by the Commission to inspect all records pertaining to every account or asset owned, controlled, managed or held by Defendants, or managed or held on behalf, or for the benefit, of Defendants, including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs. As an alternative to allowing inspection of records, a financial or brokerage institution, business entity or other person may provide copies of records requested by the Commission.

## III.   ACCOUNTING OF ASSETS

**IT IS FURTHER ORDERED** that within five (5) business days following service of this Order, Defendants shall:

6.      Provide the Commission with a full accounting of all of each Defendant's assets, held jointly or separately, within or outside the United States, beginning from December 2017 for Defendant Saffron and from September 2018 for Defendant Circle Society, to the date of this Order.

7.      Upon request by the Commission, Defendants shall provide the Commission with access to all records associated with Defendants' bank, brokerage, and other financial institution accounts held at financial institutions within or outside the United States by signing the Consents to Release of Financial Records attached to this Order.

## IV.   INSPECTION AND COPYING OF RECORDS

**IT IS FURTHER ORDERED** that:

8.   Defendants shall immediately allow representatives of the Commission to inspect the books, records, and other documents of Defendants and their agents, relating or referring to the business activities or business or personal finances of Defendants including, but not limited to, paper documents, electronically-stored information ("ESI"), tape recordings, and computer discs, wherever they may be situated and whether they are within the possession of Defendants or others, and to copy said documents, data and records, either on or off the premises where such documents are situated.

9.   Defendants shall, within twenty-four (24) hours of service of this Order upon them, cause to be prepared and delivered to the Commission, a detailed and complete schedule of all passwords for any encrypted ESI in the possession or control of Defendants that relate to the business activities or business or personal finances of Defendants.  Defendants shall, within twenty-four (24) hours of the service of this Order upon them, cause to be prepared and delivered to the Commission, a detailed and complete schedule of all desk top computers, laptop computers and/or other computers owned and/or used by them in connection with their business.  The schedule(s) required by this Order shall include, at a minimum, the make, model, location, and a description of each computer or device, along with the name of the person(s) primarily assigned to use the computer or device.  In order to preserve the data for future discovery, the Commission is authorized to make an electronic, digital or hard copy of all data contained on each such computer or device.

10.   Defendants and their agents, servants, employees, assigns, and attorneys, including any successor thereof, and persons in active concert or participation with them, who

receive actual notice of this Order by personal service or otherwise, shall cooperate fully with the Commission to locate and make accessible to Commission representatives all books, records, and other documents identified in this Order, wherever they may be located.

11. The Commission has continuing access to inspect and/or copy all books, records, and documents identified in this Order, wherever they may be located.

## V. VIOLATIONS OF THE ACT AND REGULATIONS

**IT IS FURTHER ORDERED** that:

12. Defendants are preliminarily enjoined from violating the Act and Regulations as charged in the Complaint during the pendency of this action.

## VI. BOND NOT REQUIRED OF PLAINTIFF

**IT IS FURTHER ORDERED** that:

13. Because Plaintiff Commission is an agency of the United States and has made a proper showing under 7 U.S.C. § 13a-1(b) (2012), this Order is granted without bond.

## VII. FORCE AND EFFECT

**IT IS FURTHER ORDERED** that:

14. This Court retains jurisdiction of this matter for all purposes.

15. This Order shall remain in full force and effect until further order of this Court.

**IT SO ORDERED:**

_____
UNITED STATES DISTRICT JUDGE

DATED: _____