1   Danielle E. Karst (D.C. Bar No. 481881)
2   Timothy J. Mulreany (Maryland Bar No. 8812160123)
    **COMMODITY FUTURES TRADING COMMISSION**
3   Three Lafayette Centre
    1155 21st Street, N.W.
4   Washington, D.C. 20581
    Telephone:  (202) 418-6158 (Karst)
5   Telephone:  (202) 418-5306 (Mulreany)
    Facsimile:  (202) 418-5523
6   dkarst@cftc.gov
    tmulreany@cftc.gov

7                    **UNITED STATES DISTRICT COURT**
                      **DISTRICT OF NEVADA**
8

9   COMMODITY FUTURES TRADING            Case No.  2:19-cv-1697-JAD-DJA
    COMMISSION,
10
                       Plaintiff,         **PLAINTIFF'S MOTION FOR**
11                                        **ALTERNATIVE SERVICE OF PROCESS**
    v.                                    **ON DEFENDANT DAVID SAFFRON AND**
12                                        **MEMORANDUM IN SUPPORT**
    DAVID GILBERT SAFFRON
13  a/k/a DAVID GILBERT and
    CIRCLE SOCIETY, CORP.,
14
                       Defendants.
15

16          Plaintiff Commodity Futures Trading Commission ("Commission" or "CFTC")

17  respectfully moves the Court for an order allowing alternative service of process on Defendant

18  David Gilbert Saffron a/k/a David Gilbert ("Saffron").  As discussed below and in the

19  Declaration of CFTC Futures Trading Investigator George H. Malas ("Malas Decl. III," attached

20  as Exhibit 1), the CFTC has undertaken extensive and expensive efforts in an attempt to serve

21  Saffron by personal service pursuant to Fed. R. Civ. P. 4(e).  Despite diligent efforts, the CFTC

22  has been unable to serve Saffron or ascertain his current address or whereabouts.  Saffron is a

23  highly transient defendant whose current whereabouts are not easily discoverable through normal

24  investigative means.  It appears as though Saffron is currently commuting between rental

25  residences and/or hotels in Las Vegas, Nevada and Los Angeles, California.  It also appears as

26

27

28

                                        1

though Saffron is aware of this case and is purposefully evading service.  Saffron's last known

address is in Nevada, and he has also previously resided at various addresses in California.

Therefore, service by publication in Nevada and/or California is the best means practicable in the

circumstances for providing Saffron with notice of this action.  For the reasons set forth below,

the CFTC requests that this Court issue an order directing the service of process on Saffron be

permitted through publication pursuant to Nev. R. Civ. P. 4.4(c).

      The CFTC intends to appear for the scheduled October 29, 2019 hearing on its motion for

a preliminary injunction (ECF No. 6) as to Defendant Circle Society, Corp. ("Circle Society").

As discussed in detail below, the CFTC served Circle Society through its Registered Agent

Preston Sterling Kerr ("Kerr") on October 8, 2019.  Affidavit of Service, ECF No. 14.  The

CFTC also served Circle Society with a copy of the Court's most recent Order dated October 11,

2019 ("October 11, 2019 Order") setting forth the date and time of the upcoming hearing.  *See*

United Parcel Service ("UPS") Confirmation and Email to Kerr dated October 17, 2019, attached

as Exhibit 2.

## I.    FACTS

      On September 30, 2019, the CFTC filed a Complaint against Defendants Saffron and

Circle Society (collectively, "Defendants"), seeking injunctive and other equitable relief for anti-

fraud and other violations of the Commodity Exchange Act and Commission Regulations

promulgated thereunder.  ECF No. 1.  The Complaint alleges that from at least December 2017

through the present, Defendants fraudulently solicited and accepted at least $11 million of

Bitcoin and U.S. dollars from individuals to trade off-exchange binary options on foreign

currencies and cryptocurrency pairs, among other things.  The Court entered an *Ex Parte*

Temporary Restraining Order ("TRO") against Defendants in an Order dated October 3, 2019

("October 3, 2019 Order," ECF No. 9), and extended the TRO (set to expire on October 29, 2019 at 6:00 p.m.) in its October 11, 2019 Order (ECF No. 15).

## A.    Service Effected on Defendant Circle Society

Although all attempts to serve the Summons, Complaint, and other filings on Saffron have been unsuccessful, the CFTC has served corporate defendant Circle Society with the Complaint, Summons, and all other filings and court orders in this case.  The CFTC served Circle Society by delivering a copy of the Summons, Complaint, all motions and other initial filings, and October 3, 2019 Order (ECF Nos. 1-6, ECF Nos. 9-10), to Kerr, Circle Society's Registered Agent, via electronic mail on October 7, 2019, and UPS overnight mail on October 8, 2019.  *See* Affidavit of Service and supporting exhibits, ECF No. 14.  The CFTC also served Circle Society with all other filings in this case and a copy of the October 11, 2019 Order (ECF Nos. 11-15), by delivering copies to Registered Agent Kerr via UPS overnight mail on October 17, 2019, and electronic mail on October 17, 2019.  *See* UPS Confirmation and Email to Kerr dated October 17, 2019, attached as Exhibit 2.

## B.    Attempts to Serve Defendant Saffron

After the Court issued the October 3, 2019 Order, the CFTC retained three private process servers in California, Florida, and Nevada to effect personal service upon Saffron pursuant to Fed. R. Civ. P. 4(e).  Malas Decl. III, ¶¶ 8-13, attached as Exhibit 1.  Through the CFTC's investigation, it identified seven possible addresses and attempted personal service on Saffron at these addresses on multiple days, all at a cost of over $1,500 to date, as shown below (organized by state):[1]

---

[1] Pursuant to LR IC 6-1, the street addresses of service attempts are redacted from this Declaration but can be provided to the Court *in camera* or under seal.

| Date | Address | Service Outcome |
|---|---|---|
| Oct. 7, 2019, 4:50 pm | ███████████, Los Angeles, CA ██ | Occupant of office building said that Saffron never worked there but used to be one of "their clients." *Id.* ¶ 8; Exhibit A to Malas Decl. III. |
| Oct. 7, 2019, 6:20 pm | ████████████ Los Angeles, CA ██ | Property owner said that Saffron rented house for four months and moved out in January 2019. *Id.* |
| Oct. 7, 2019, 7:00 pm | ██████████ North Hollywood, CA ██ | Saffron was not listed on the apartment complex directory. Some of the apartment residents said that they did not know Saffron. *Id.* |
| Oct. 8, 2019, 5:35 pm | ██████ Los Angeles, CA | Resident said that Saffron moved to Las Vegas, Nevada, and he no longer lives there. *Id.* |
| Oct. 10, 2019, 8:04 pm | ███████ Woodland Hills, CA ██ | Occupant answering door said he bought the house three years ago and previously received mail for Saffron. Neighbor also confirmed that Saffron previously rented there but moved a few years ago. *Id.* |
| Oct. 7, 2019, 11:15 am Oct. 10, 2019, 5:45 pm | ███████ Ormond Beach, FL ██ (address of Saffron's father) | Oct. 7, 2019: Female occupant stated she does not know anyone by the name and said that server should contact police department. *Id.* ¶ 11; Exhibit B to Malas Decl. III.  Oct. 10, 2019: Server attempted to make contact with person driving SUV into garage at residence. Another male (not the driver) answered residence door and stated David Saffron does not live there, but Alan Saffron does. *Id.* |
| Oct. 7, 2019, 1:46 pm Oct. 8, 2019, 7:15 am & 8:34 pm Oct. 18, 2019, 1:35 pm | ███████ Las Vegas, NV ██ | For all attempts: No entry permissible through gate. No vehicles or people present. Names listed on directory: Chu, Deijulio, Woodrow, Wen, Kriger. Server attempted to call some of the residents, but directory was not working. *Id.* ¶¶ 12-13; Exhibit C to Malas Decl. III. |

In addition to the personal service attempts on Saffron, on October 18, 2019, the CFTC sent an email to Saffron at thirteen email addresses used by or associated with Defendants regarding the CFTC's civil suit. Malas Decl. III, ¶ 14; Exhibits D and E to Malas Decl. III. Four

of the emails were returned as undelivered, and Saffron has not responded to the other emails. *Id.*

Further, the CFTC has served numerous individuals and entities who may hold assets and documents related to Defendants' business activities or personal finances with a copy of the October 3 and 11, 2019 Orders via electronic mail.  CFTC's Mot. to Extend, ECF No. 12 at ¶ 5; Malas Decl. II dated October 10, 2019, ECF No. 12 at ¶ 6.  Specifically, the CFTC sent copies of the October 3 and 11, 2019 Orders to attorneys who have represented and/or been associated with Saffron in other litigation, and the CFTC asked these attorneys if they are representing Saffron in the instant case.  To date, the CFTC has received only negative responses regarding current representation of Saffron.  Despite all of these efforts, the CFTC has been unable to identify a current physical address for Saffron or to personally serve him.

**C.      Saffron's Notice of the Complaint and Hearing**

Although the CFTC has been unable to personally serve Saffron, the CFTC understands that Saffron has received notice of the filing of the Complaint, other motions, and is actively monitoring the litigation, including discussing the upcoming October 29, 2019 hearing on the CFTC's Motion for Preliminary Injunction with Circle Society pool participants.  Malas Decl. III, ¶ 16; Exhibit G to Malas Decl. III.

In addition, an attorney purportedly acting on behalf of Saffron, Marcus Mumford ("Mumford"), contacted counsel for the CFTC on October 15, 2019 via voicemail and email, mere hours before the initially scheduled October 15, 2019 hearing on the CFTC's Motion for a Preliminary Injunction.  *See* Email from M. Mumford dated October 15, 2019, attached as Exhibit 3.  In his voicemail and email, Mumford represented that he intended to enter his appearance in this case on behalf of Saffron.  *Id.*  Following Mumford's voicemail and email, the

CFTC provided Mumford with both the October 3 and October 11, 2019 Orders.  *See* Emails from D. Karst dated October 15 and 16, 2019, attached as Exhibit 4.  The CFTC has repeatedly asked Mumford if he intends to enter his appearance in this case on behalf of Saffron and if he is authorized to accept service of process on behalf of Saffron.  *See* Emails from D. Karst dated October 16, 2019, attached as Exhibit 4; Emails from T. Mulreany dated October 17 and 18, 2019, attached as Exhibit 5.  Further, the CFTC has requested that Mumford provide documentation showing the source of any retainer he may possess from Defendants and to inspect any documents related to Defendants' business activities and personal finances pursuant to this Court's two temporary restraining orders (ECF Nos. 9, 15).  *See* Emails from T. Mulreany dated October 17 and 18, 2019, attached as Exhibit 5.  As of the date of this filing, Mumford has not entered his appearance in this case on behalf of Saffron, has not responded to the CFTC's question as to whether he is authorized to accept service on behalf of Saffron, and has not responded to the CFTC's requests for any records.

**D.     Proposed Method for Alternative Service of Process on Defendant Saffron**

The CFTC proposes to serve Saffron via alternative service in accordance with Nev. R. Civ. P. 4.4(c) by publishing notice of the Summons and a statement describing how a copy of the Complaint may be obtained, once a week for four weeks in two publications in the counties in which Saffron is last known to reside.  The Las Vegas Review Journal and Los Angeles Daily News publish legal ads and notices in print and online and are circulated in Clark County — the county of Saffron's last-known residence — and Los Angeles County, California — the county where Saffron has also previously resided for many years.  Malas Decl. III, ¶ 8.

**II.    ARGUMENT**

Where notice via traditional means is found to be impracticable, service that is

6

"reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections" satisfies due process requirements. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).  Federal Rule of Civil Procedure 4(e)(1) allows Plaintiff to follow "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]"  In Nevada, Nev. R. Civ. P. 4 governs service of parties under state law.  Parties are required to personally serve the complaint and summons upon defendants; however, when personal service proves impossible, Nev. R. Civ. P. 4.4(c)(1)(A)(B) provides that a party may move for service by publication when the opposing party "cannot, after due diligence, be found," or "by concealment seeks to avoid service of the summons and complaint." *See, e.g.*, *Strohmeyer v. Belanger*, No. 3:14-cv-661, 2019 WL 4044015, at *3-4 (D. Nev. 2019) (ordering alternative service by publication on three defendants pursuant to Nev. R. Civ. P. 4.4(c) where court found publication in each newspaper was "reasonably calculated" to give defendant actual notice of the proceedings); *Teller v. Dogge*, No. 2:12-cv-591, 2013 WL 508326, at *6 (D. Nev. 2013) (finding that "service by publication via email" was proper service and defendant was "apprised of all the pertinent happenings in th[e] lawsuit").

Regarding the procedure for service by publication, Nev. R. Civ. P. 4.4(c)(4)(A) provides in relevant part that "the court must direct publication to be made in one or more newspapers or other periodicals published in Nevada; in the state, territory, or foreign country where the defendant is believed to be located; or in any combination of locations."  In addition, the "service must be published at least once a week for a period of four weeks" and "[i]f publication is ordered and the plaintiff is aware of the defendant's last-known address, the plaintiff must also mail a copy of the summons and complaint to the defendant's last-known address."  Nev. R. Civ.

P. 4.4(c)(4)(B).  Nevada Rule of Civil Procedure 4.4(c)(4)(C) provides that "[s]ervice by publication is complete four weeks from the later of:  (i) the date of the first publication; or (ii) the mailing of the summons and complaint, if mailing is ordered."

As demonstrated above, the CFTC has undertaken extensive efforts to locate and effect personal service on Saffron, whose last-known address is in Nevada.  The CFTC has conducted background searches for his current location and attempted to have him personally served at seven different locations across three states.  Malas Decl. III, ¶¶ 8-13.  The CFTC also emailed Saffron at thirteen different email addresses used by Defendants, but Saffron has not responded. Malas Decl. III, ¶ 14.  Despite the CFTC's extensive and genuine efforts to locate and serve Saffron, it has been unable to do so.  Therefore, alternative service by publication in the Las Vegas Review Journal and Los Angeles Daily News is the best means practicable in the circumstances for providing Saffron notice of this action and is reasonably calculated to give him actual notice of the proceedings.

## CONCLUSION

For the foregoing reasons, the Court should permit the CFTC to serve Saffron by publication in accordance with Nev. R. Civ. P. 4.4(c).

Dated:  October 22, 2019                              Respectfully submitted,

By: /s/ Danielle E. Karst
Danielle E. Karst
Timothy J. Mulreany
COMMODITY FUTURES TRADING
COMMISSION
Three Lafayette Centre
1155 21st Street, N.W.
Washington, D.C. 20581
Telephone:  (202) 418-5000
Facsimile:   (202) 418-5523

## CERTIFICATE OF SERVICE

I certify that on October 22, 2019, I filed a copy of the foregoing *Plaintiff's Motion for Alternative Service of Process on Defendant David Saffron and Memorandum in Support* with the Clerk of the Court using the CM/ECF system.  I also certify that on October 22, 2019, I sent hard copies of the same to Defendants David Gilbert Saffron and Circle Society, Corp. via United Parcel Service overnight mail at the following addresses:

David Gilbert Saffron
███████████
Las Vegas, Nevada ████
(*Last-Known Address*)

Circle Society, Corp.
c/o Registered Agent, Preston Sterling Kerr
2450 Saint Rose Parkway, Suite 120
Henderson, NV 89074

/s/Danielle Karst
Danielle Karst