2:19-cv-01697-JAD-DJA - October 29, 2019

1          IN THE UNITED STATES DISTRICT COURT

2              FOR THE DISTRICT OF NEVADA

3   COMMODITY FUTURES TRADING      )
    COMMISSION,                    )
4                                  ) Case No. 2:19-cv-01697-JAD-DJA
              Plaintiff,           )
5                                  ) Las Vegas, Nevada
    vs.                            ) October 29, 2019
6                                  ) 4:05 p.m. - 4:26 p.m.
    DAVID GILBERT SAFFRON a/k/a    ) Courtroom 6D
7   DAVID GILBERT and CIRCLE       ) MOTION HEARING
    SOCIETY, CORP.,                )
8                                  )
              Defendants.          )
9   _____)  *CERTIFIED COPY*

10

11          REPORTER'S TRANSCRIPT OF PROCEEDINGS
          BEFORE THE HONORABLE JENNIFER A. DORSEY
12           UNITED STATES DISTRICT COURT JUDGE

13

14   APPEARANCES:

15   For the Plaintiff:

16       *DANIELLE E. KARST, ESQ.*
         *COMMODITY FUTURES TRADING COMMISSION*
17       *Three Lafayette Centre, 1155 21st Street, N.W.*
         *Washington, D.C. 20581*
18       *(202) 418-6158*

19

20   (Appearances continued on page 2.)

21

22   Court Reporter:      Amber M. McClane, RPR, CCR #914
                          United States District Court
23                        333 Las Vegas Boulevard South, Room 1334
                          Las Vegas, Nevada 89101
24                        AM@nvd.uscourts.gov

25   Proceedings reported by machine shorthand.  Transcript
     produced by computer-aided transcription.

2:19-cv-01697-JAD-DJA - October 29, 2019

```
 1   APPEARANCES CONTINUED:

 2   For the Defendant, Circle Society, Corp.:

 3        MICHAEL C. VAN, ESQ.
          GARRETT R. CHASE, ESQ.
 4        SHUMWAY VAN
          8985 South Eastern Avenue, Suite 100
 5        Las Vegas, Nevada 89123
          (702) 478-7770
 6

 7   Also Present:

 8        GEORGE MALAS, CFTC Investigator

 9

10                          *  *  *  *  *

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
1              LAS VEGAS, NEVADA; TUESDAY, OCTOBER 29, 2019; 4:05 P.M.

2                              --o0o--

3                    P R O C E E D I N G S

4              COURTROOM ADMINISTRATOR:  Now's the time set for a

5      motion hearing in Case Number 2:19-cv-1697-JAD-DJA, Commodity

6      Futures Trading Commission versus David Gilbert Saffron, et

7      al.

8              Counsel, please state your appearances.

9              MS. KARST:  Good afternoon, Your Honor.  My name's

10     Danielle Karst.  I'm here for plaintiff, Commodity Futures

11     Trading Commission, and with me is Commodity Futures Trading

12     Commission Futures Trading Investigator George Malas who is

13     here in the courtroom today.

14             THE COURT:  All right.  Where is he?  There he is.

15     Okay.  Hi.  Thank you.

16             Okay.

17             MR. VAN:  Your Honor?  I'm in a precarious situation.

18             THE COURT:  What's going on, Mr. Van?

19             MR. VAN:  I was contacted yesterday about

20     representing the Circle Society.

21             THE COURT:  Right.

22             MR. VAN:  And have not made an appearance, have not

23     signed a retainer agreement.  I spoke with them.  I spoke with

24     Ms. Karst about is there a possible way that we could continue

25     the freeze, continue out the current status of the case to
```

1    allow them, one, to serve Mr. Saffron, allow me to figure out

2    what's going on?  I have no opposition to the status quo, none

3    whatsoever because it's -- I just -- I would like to kind of

4    get my feet underneath me before I could step in and make an

5    even moderately intelligent argument.

6         **MS. KARST:**  Your Honor, we're here today.  I'm

7    prepared to move forward on the preliminary injunction as to

8    Circle Society.  To date, no one has entered their appearance

9    on behalf of Circle Society or Mr. Saffron, and unless someone

10   is entering their appearance today, the motion is unopposed

11   and ripe for adjudication.

12        I flew from Washington, D.C..  I brought -- I have

13   two witnesses with me today in the courtroom.  So if Mr. Van

14   is planning to enter his appearance on behalf of Circle

15   Society, you know, I -- CFTC would be amenable to a

16   continuation if we can also continue the current asset freeze

17   which expires in a couple of hours, and I would also request

18   that Circle Society produce business records pursuant to this

19   Court's order.  And finally, Your Honor, I would request

20   documentation as to the source of any retainer that Mr. Van

21   may possess.  The CFTC is very concerned that fees used to

22   retain Mr. Van's services may have been transferred in

23   violation of this Court's orders, and our position is that

24   acceptance of funds from or assets from third parties who are

25   acting as pass-throughs or straw men on behalf of the

1    defendants would violate the temporary restraining order.

2         **THE COURT:**  Okay.  So, Mr. Van, I'm sure you've

3    gotten some information about what's been going on, the nature

4    of this --

5         **MR. VAN:**  (Indicating.)

6         **THE COURT:**  -- case.

7         So I guess the question is are you here to put an

8    appearance -- an appearance on behalf of Circle Society, or

9    will Circle Society not be represented here today?  I think

10   those are the two different roads we can go right now.  And

11   only you know the answer because you've spoken to a client.

12        **MR. VAN:**  Correct.  If the Court is going to -- if

13   we're going to continue this to allow me -- what I don't want

14   to say is yes, I want to make an appearance.  Okay, by the

15   way, you're in contempt because you haven't supplied

16   documents.  Then, no, I don't want to make the appearance.

17        I literally had a phone call yesterday not with

18   Mr. Saffron, with a third party, who is a 20-year friend of

19   mine that said, Hey, will you represent this entity?

20        I spoke with Ms. Karst.  I then called them back and

21   said, Look, I need a retainer, and it better not be from any

22   of those funds.  I don't want it.  You're going to have to

23   source them out some way so that it's not from -- based upon

24   her warning.

25        So based upon that, if I can get the time, yes, we'll

1    make the appearance.  I just need some -- I don't even know --

2    I trust her.  I don't know that Circle Society's ever been

3    served.  I don't know anything.  I -- the source of my

4    knowledge of this case is a phone call and my notes, my

5    cryptic notes --

6            **THE COURT:**  It's my understanding that they have been

7    served because their resident agent, P. Sterling Kerr, had

8    consented to accept service electronically; is that correct?

9            **MS. KARST:**  Yes, Your Honor, that's correct.  And

10   that was documented in the affidavit of service, and the

11   registered agent has been served with the -- all filings in

12   this case, including the two orders and to -- notice of

13   today's hearing.

14           **MR. VAN:**  Did not know that Sterling Kerr was the

15   resident agent.  We'll contact him.  We'll get the records.

16   We'll comply with the court orders.  Just -- I haven't had a

17   chance to get my legs underneath me at all.

18           **THE COURT:**  All right.  So have a seat, both of you,

19   for just a second.  I'm going to kind of walk this back a

20   little bit and see if we can get to a resolution that you

21   could make an appearance and we can perhaps keep this --

22   extend the TRO.

23           So let's first talk about the government has

24   represented in the affidavit of service and the service papers

25   that are in the record that Circle Society was served.  So

2:19-cv-01697-JAD-DJA - October 29, 2019

```
 1    we're not concerned about that.

 2            But with respect to Mr. Saffron, I have a motion for

 3    alternative service of process on Mr. Saffron and the

 4    memorandum in support.  That's at Document Number 16.  Let me

 5    talk about that first, and let's see if we can get that part

 6    under us and keep moving forward.

 7            So I've reviewed the motion and the proposed order.

 8    The proposed order I think is missing just one aspect of the

 9    rule.  So the rule -- (c), need to provide the proposed

10    language of the summons to be used in the publication briefly

11    summarizing the claims asserted and the relief sought and

12    including any special statutory requirements.

13            So, Ms. Karst, if you could tell me what you

14    anticipate that would look like in the proposed order so that

15    I can decide if that would be sufficient?

16            Do you need that language back one more time?

17        MS. KARST:  Yes, Your Honor.  My apologies.  I don't

18    have the statute in front of me.

19        THE COURT:  So it's -- I'll read it one more time.

20    Provide the proposed language of the summons to be used in the

21    publication briefly summarizing the claims asserted and the

22    relief sought and including any special statutory

23    requirements.

24        MS. KARST:  Thank you, Your Honor.

25            I'm happy to submit another proposed order that
```

AMBER M. McCLANE, RPR, CCR #914
(702) 384-0429                    *Page 7 of 15*

 1    addresses all of those requirements if the Court would like,

 2    and we'll include the four counts with the citations as set

 3    forth in the complaint.

 4        **THE COURT:**  Okay.  If I grant that motion for

 5    publication, I'm assuming the government's going to request

 6    that I extend the TRO as to Saffron through the publication

 7    period, which would be four weeks; is that right?

 8        **MS. KARST:**  Yes, Your Honor.

 9        **THE COURT:**  All right.  What would be your argument

10    in support of extending that?

11        **MS. KARST:**  We need to continue the asset freeze for

12    the reasons that was initially set forth in the motion.  I'm

13    trying to -- you know, our position is this is a relatively

14    simple fraud case.  However, unless the defendants are

15    restrained and enjoined, you know, we have a real concern that

16    any assets remaining will be dissipated or concealed or moved,

17    and it's an ongoing concern.  I think that the asset freeze

18    needs to be continued in order to provide the Commission with

19    time to formally serve Mr. Saffron.

20        And to make the record clear, we believe that

21    Mr. Saffron is clearly aware of the lawsuit, and, you know, I

22    was actually contacted by an attorney who was claiming to

23    represent Mr. Saffron and who claimed to be entering an

24    appearance on Mr. Saffron's behalf.  His name is Marcus

25    Mumford, and I submitted some of that documentation.  I

2:19-cv-01697-JAD-DJA - October 29, 2019

```
 1    requested follow-ups from Mr. Mumford; never received anything
 2    back.
 3            So I would ask that the TRO be continued until the
 4    Commission has an opportunity to formally serve Mr. Saffron,
 5    and that would be at least an additional month pursuant to the
 6    statute, which requires four weeks of publication.
 7            THE COURT:  How promptly would you be able to get
 8    this published?
 9            MS. KARST:  I would try as soon as possible,
10    Your Honor.  We've already reached out to the two papers that
11    are identified in my motion, and I would try to get that, you
12    know, published this week, if possible, or as soon as the
13    publication is able to do it.
14            THE COURT:  Are you aware at all yet how long the
15    turnaround for that would be?  If I'm extending this, I need
16    to understand how long beyond the four weeks.
17            Any reason to believe it would take up more than a
18    week?
19            MS. KARST:  No.
20            THE COURT:  All right.  I am going to grant the
21    motion for alternative service of process by publication at
22    Document Number 16.  I find that the movant has satisfied all
23    of the requirements and provided me with enough assurances as
24    to (c).
25            Here's what I'm going to ask you to do.  So I'm --
```

1    the proposed order granting the motion that was submitted with

2    the motion is sufficient if you can add for me the language

3    required by (c).  Please get that to me by -- can you get that

4    to me by noon tomorrow so I can turn that around --

5              **MS. KARST:**  Yes, Your Honor.

6              **THE COURT:**  -- the proposed order?

7              **MS. KARST:**  Yes.

8              **THE COURT:**  So if you can just submit a revised

9    proposed order that way I can sign that, we can get that

10   entered, and you can go ahead and begin publication.

11             All right.  So now that I have granted that and it

12   will be a little over four weeks that we will need to extend

13   the TRO by, Mr. Van -- so, Ms. Karst, if Mr. Van enters his

14   appearance on behalf of Circle Society today and agrees on

15   behalf of Circle Society to extend the TRO until the same

16   length of time that we need to extend it for Mr. Saffron, will

17   the government agree to go that route instead of attempting to

18   put on evidence to extend or to convert the TRO as to Circle

19   Society into a preliminary injunction?

20             **MS. KARST:**  Yes, Your Honor.  The CFTC agrees to an

21   extension to allow Mr. Van to get up to speed.  I will repeat

22   my request for production of documents and for documentation

23   regarding source of any retainer.

24             **THE COURT:**  Right.  So in order to -- today's the

25   29th.  In order to facilitate enough time to publish the

1    service in this case, I -- Danielle, could we put this on

2    December 2nd at 3:30?

3            **COURTROOM ADMINISTRATOR:**  Yes, Your Honor.

4            **THE COURT:**  So Monday, December 2nd.  I have a trial

5    that is going to be going for several weeks, but my Mondays

6    are the days that I have saved for other matters.

7            So Monday, December 2nd, at 3:30 p.m., does that work

8    for the CFTC?

9            **MS. KARST:**  Your Honor, if I could just have a moment

10   to confer with -- I actually have a victim witness who

11   traveled from Los Angeles to appear today, and if I could just

12   have a moment to confer with that witness and Mr. Malas?

13           **THE COURT:**  You may.

14           **MS. KARST:**  Thank you.

15       *(Conferring.)*

16           **MS. KARST:**  Thank you, Your Honor.  December 2nd,

17   Monday, at 3:30 works for the CFTC.

18           **THE COURT:**  Mr. Van, does that work for you and

19   Circle Society?

20           **MR. VAN:**  Works for us, yes.

21           **THE COURT:**  All right.  So are you entering your

22   appearance on behalf of Circle Society today?

23           **MR. VAN:**  I am.

24           And just to publicly humiliate Mr. Chase, he is from

25   my office as well, Garrett Chase, he'll be counsel with me.

```
 1   He is just running late, so I just wanted to take a potshot at

 2   him.

 3        THE COURT:  Okay.  All right.  Welcome, Mr. Chase.

 4        All right.  So I will end -- so now that you have

 5   entered your appearance, Mr. Van, do you stipulate to extend

 6   the TRO to December 2nd?  So we would extend it to 6:00 p.m.

 7   on December 2nd to facilitate your ability to get up to speed

 8   on this case and produce the documents and comply with the TRO

 9   as it's issued.

10        MR. VAN:  Yes -- having not seen the TRO, yes, Your

11   Honor.  I'll do everything I can.  If we can include in the

12   order just that Mr. Kerr will be required to provide copies of

13   whatever documents he received?

14        THE COURT:  Well, so, the TRO requires Circle Society

15   to do a number of things.  So if he is a representative of

16   Circle Society, then he's going to be the person who has to do

17   that, so --

18        MR. VAN:  Let me back up.  He's the resident agent

19   that received all the documents.

20        THE COURT:  Right.  I don't have jurisdiction over

21   him, though, to be able to order him to do something.  He

22   hasn't --

23        MR. VAN:  No, that's the resident --

24        THE COURT:  -- appeared --

25        MR. VAN:  As the resident agent of the entity, I
```

2:19-cv-01697-JAD-DJA - October 29, 2019

1    think you do.  Just -- just order that those documents be

2    turned over.  Maybe I'm wrong.

3            THE COURT:  So Circle Society has obligations under

4    the TRO.  I'm not going to specifically extend them to

5    Mr. Kerr at this point.

6            MR. VAN:  Okay.

7            THE COURT:  But the TRO I think is clear on its

8    obligations.  And so you know, the TRO is entered at Document

9    Number 9.

10           MR. VAN:  Okay.

11           THE COURT:  So you can access the docket, and you can

12   understand the extent of the obligations.

13           So let me ask Ms. Karst, is it the TRO itself that

14   requires -- it just -- it's more of a prohibition.

15           MS. KARST:  Yes, Your Honor.  In ECF Number 9,

16   page 16, paragraph 4 is the language.

17           THE COURT:  So I will read the language to you.  So

18   Circle Society and its officers, agents, servants, employees,

19   and attorneys who receive actual notice of this order by

20   personal service or otherwise are temporarily restrained from

21   refusing to permit authorized representatives of the

22   Commission to inspect, when and as requested, any documents

23   related to defendant's business activities or personal

24   finances.

25           So my understanding is that Ms. Karst is now making

1    that request to be able to inspect your client's documents,

2    and obviously she will communicate now more directly with you

3    since you have made an appearance.  And I anticipate she'll

4    probably send a letter from the Commission with more specific

5    requests.

6            **MS. KARST:**  Yes, Your Honor, that's correct.  I'll do

7    that.

8            And I would like to note for the record that Mr. Van

9    does, in fact, have both orders issued by this Court.  I

10   e-mailed them to him on October 4th, the first order to put

11   him on notice, as well as October 16th, because Mr. Van was or

12   is representing an associated non-party entity.  And so that's

13   why I sent him notice of the order.  So he does, in fact, have

14   copies of them.

15           **THE COURT:**  All right.  Well, I anticipate that there

16   will be more communications between the sides in the days

17   leading up to our December 2nd continued hearing.

18           In the meantime, I will order that the hearing on the

19   Commission's motion for a preliminary injunction, which is ECF

20   Number 6, is continued to 3:30 p.m. on December -- of December

21   2nd.  The time for the temporary restraining order to expire

22   is extended to December 2nd at 6:00 p.m.  And I'm also going

23   to direct that -- well, I think that I've already directed

24   that all of the written documents that we filed be served on

25   Mr. Saffron.

1      So I will wait then -- await your revised draft order

2  of publication, and if you could please submit that by noon

3  tomorrow.

4           **MS. KARST:**  Yes, Your Honor.

5           **MR. VAN:**  All right.  Thank you, Your Honor.

6           **THE COURT:**  Anything else, Ms. Karst?

7           **MS. KARST:**  Nothing, Your Honor.

8           **THE COURT:**  All right.  Then we'll see everyone on

9  December 2nd.

10          **MR. VAN:**  All right.  Thank you, Your Honor.

11          **MS. KARST:**  Thanks very much for the Court's time.

12          **THE COURT:**  Thank you.

13          **COURTROOM ADMINISTRATOR:**  All rise.

14      *(Proceedings adjourned at 4:26 p.m.)*

15                      --o0o--

16            COURT REPORTER'S CERTIFICATE

17    I, AMBER M. McCLANE, Official Court Reporter, United

18  States District Court, District of Nevada, Las Vegas, Nevada,

19  do hereby certify that pursuant to 28 U.S.C. § 753 the

20  foregoing is a true, complete, and correct transcript of the

21  proceedings had in connection with the above-entitled matter.

22

23  DATED:  11/12/2019

24

25               /s/_____ *Amber M. McClane*_____
                      AMBER McCLANE, RPR, CCR #914