Danielle E. Karst (D.C. Bar No. 481881)
Timothy J. Mulreany (Maryland Bar No. 8812160123)
**COMMODITY FUTURES TRADING COMMISSION**
Three Lafayette Centre
1155 21st Street, N.W.
Washington, D.C. 20581
Telephone: (202) 418-6158 (Karst)
Telephone: (202) 418-5306 (Mulreany)
Facsimile: (202) 418-5523
dkarst@cftc.gov
tmulreany@cftc.gov

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>DAVID GILBERT SAFFRON a/k/a DAVID GILBERT and CIRCLE SOCIETY, CORP.,<br><br>Defendants. | Case No. 2:19-cv-1697-JAD-DJA<br><br>**PLAINTIFF'S MOTION FOR ISSUANCE OF ORDER TO SHOW CAUSE AS TO WHY DEFENDANT CIRCLE SOCIETY SHOULD NOT BE HELD IN CIVIL CONTEMPT FOR VIOLATION OF THE COURT'S TEMPORARY RESTRAINING ORDER** |

Plaintiff Commodity Futures Trading Commission ("Commission" or "CFTC") respectfully moves the Court for an order for Defendant Circle Society, Corp. ("Circle Society") to show cause why it should not be held in civil contempt of court and be subject to appropriate sanctions for violations of the Court's October 3, 2019 Temporary Restraining Order ("TRO," ECF No. 9). Prior to the filing of this motion, the CFTC has made repeated demands upon counsel for Circle Society to comply with this Court's TRO, demanding "to inspect . . . any documents related to defendants' business activities or personal finances" (ECF No. 9). As of the date of the filing of this motion, Circle Society has not complied with this TRO provision, provided any information regarding the location of documents, or presented any evidence

justifying its refusal to produce documents.  The CFTC believes that absent the relief requested in this Motion, Circle Society will continue stalling and will continue to violate the TRO.

I.      BACKGROUND

A.      Procedural History

On September 30, 2019, the CFTC filed a Complaint against Defendants Saffron and Circle Society (collectively, "Defendants"), seeking injunctive and other equitable relief for anti-fraud and other violations of the Commodity Exchange Act (the "Act") and Commission Regulations promulgated thereunder.  ECF No. 1.  On October 3, 2019, the Court entered a TRO granting the CFTC's Motion for a TRO, which froze Defendants' assets and prevented Defendants from destroying or refusing CFTC representatives access to Defendants' books and records, among other relief.  TRO, D.E. 9 at 15-16.  The Court twice extended the TRO against Defendants in an Order dated October 11, 2019 ("October 11, 2019 Order," ECF No. 15) and at the hearing on the CFTC's Motion for a Preliminary Injunction (Minutes of Proceedings, ECF No. 18) (extending TRO to December 2, 2019 at 6:00 p.m.).  The Court also continued the hearing on the CFTC's Motion for a Preliminary Injunction to December 2, 2019 (ECF No. 18).

The CFTC served Circle Society by delivering a copy of the Summons, Complaint, all motions and other initial filings, and TRO (ECF Nos. 1-6, ECF Nos. 9-10), to Circle Society's Registered Agent Preston Sterling Kerr ("Kerr") via electronic mail on October 7, 2019, and United Parcel Service ("UPS") overnight mail on October 8, 2019.  *See* Affidavit of Service and supporting exhibits, ECF No. 14.  The CFTC also served Circle Society with all other filings in this case and a copy of the October 11, 2019 Order (ECF Nos. 11-15), by delivering copies to Registered Agent Kerr via UPS overnight mail on October 17, 2019, and electronic mail on October 17, 2019.  *See* UPS Confirmation and Email to Kerr dated October 17, 2019, Exhibit 2

2

to CFTC's Motion for Alternative Service, ECF No. 16-9.  On October 31, 2019, the CFTC sent

counsel for Circle Society additional courtesy copies of the TRO and October 11, 2019 Order via

email.[1]  *See* Email to M. Van dated Oct. 31, 2019, attached as Exhibit 1.  Further, on November

7, 2019, the CFTC delivered courtesy copies of the Court's Minutes of Proceedings for Motion

Hearing held on October 29, 2019 (ECF No. 18) to Registered Agent Kerr and counsel to Circle

Society via UPS overnight (Certificate of Service, ECF No. 22).

**B.      Relevant TRO Provision That Circle Society Violated[2]**

The TRO was lawfully issued by the Court and is a valid and proper exercise of the

Court's authority.  Section 6c(a) of the Act, 7 U.S.C. § 13a-1(a) (2012), authorizes the CFTC to

seek certain limited injunctive relief in a district court on an *ex parte* basis, and for the Court to

grant such relief, against any person whenever it shall appear to the CFTC that such person has

engaged, is engaging, or is about to engage in any act or practice constituting a violation of any

provision of the Act or any rule, regulation, or order thereunder.  The TRO provision at issue

here relates to the CFTC's access to documents.

---

[1] As noted at the October 29, 2019 motion hearing, the CFTC previously sent the TRO and
October 11, 2019 Order to counsel on October 4 and October 16, 2019, respectively, because
counsel was or is representing an associated entity (non-party) related to this case.  *See* Tr.
Mot. Hearing Oct. 29, 2019 at 14:8-14 (ECF No. 23).

[2] Although the focus of this Motion is on access to Defendants' documents, the CFTC has also
repeatedly requested evidence of the source of counsel's fees and the identity of the third
party who authorized counsel to represent the corporate entity (Defendant Saffron is the sole
officer of Circle Society).  To date, counsel for Circle Society has refused to provide any
information or documents to the CFTC that may shed light on whether restrained funds were
or are being used for attorneys' fees.  The CFTC remains concerned by counsel's refusal to
provide any information in this regard and may need to raise this issue with the Court again in
the future.  *See* Tr. Mot. Hearing Oct. 29, 2019 at 4:19-21, 10:21-23 (ECF No. 23) (CFTC
requesting documentation from counsel re source of fees).

Parts 3 and 4 of the TRO (ECF No. 9) relate to document destruction and the CFTC's access to documents: "The defendants David Gilbert Saffron . . . and Circle Society, Corp. and their officers, agents, servants, employees, and attorneys who receive actual notice of this order by personal service or otherwise are temporarily restrained from:

> 3. Destroying, mutilating, erasing, altering, concealing or disposing of, in any manner, directly or indirectly, any documents related to defendants' business activities or personal finances.

> 4. Refusing to permit authorized representatives of the Commission to inspect, when and as requested, any documents related to defendants' business activities or personal finances.[3]

## C.    Circle Society And Its Counsel Are Required To Comply With The TRO

The TRO applies to the following:

> The defendants David Gilbert Saffron . . . and *Circle Society, Corp. and their officers, agents, servants, employees, and attorneys who receive actual notice of this order* by personal service or otherwise . . . .

Circle Society is a named Defendant in this action and is therefore subject to and required to comply with the TRO.  Counsel for Circle Society has received actual notice of the TRO on multiple occasions as described above and is therefore subject to and required to comply with the TRO.  *See* Email to M. Van dated Oct. 31, 2019, attached as Exhibit 1; Cert. of Service, ECF No. 22.

---

[3] The TRO provides for the "inspect[ion]" of "any documents related to defendants' business activities or personal finances."  To facilitate meaningful inspection and review, the CFTC has requested the production of documents by Circle Society to the CFTC, either at the CFTC's Office in Washington, D.C. or at the U.S. Attorney's Office for the District of Nevada in Las Vegas, Nevada.

## II.   CIRCLE SOCIETY HAS FAILED TO PROVIDE ANY DOCUMENTS RELATED TO DEFENDANTS' BUSINESS ACTIVITIES OR PERSONAL FINANCES IN VIOLATION OF THE TRO

The undisputed facts demonstrate that the CFTC served Defendant Circle Society by delivering a copy of the Summons, Complaint, all motions and other initial filings, and TRO (ECF Nos. 1-6, ECF Nos. 9-10), to Circle Society's Registered Agent Kerr on October 7 and October 8, 2019.  *See* ECF No. 14.  The CFTC first became aware of the existence of counsel for Circle Society through a voicemail to CFTC counsel on the afternoon of October 28, 2019, the day before the hearing on CFTC's motion for preliminary injunction.  During a phone call on this same day, the CFTC advised counsel for Circle Society of the pending TRO, asset freeze, and request for documents.  Following the phone call with counsel, at the motion hearing on October 28, 2019, the undersigned demanded that Circle Society "produce business records pursuant to this Court's order."  *See* Tr. Mot. Hearing Oct. 29, 2019 at 4:17-19, 10:21-23 (ECF No. 23).

Thereafter, the CFTC emailed additional courtesy copies of the TRO (ECF No. 9) and October 11, 2019 Order (ECF No. 15) and reminded counsel on multiple occasions via email and telephone that the TRO required the immediate production of Defendants' books and records. *See* Emails to M. Van dated Oct. 31, 2019 and Nov. 12, 2019, attached as Exhibits 1 and 2. Counsel for Circle Society has represented that "we are working on identifying the location of documents and will provide them as promised," among other things.  *See* Email to D. Karst dated Nov. 12, 2019, attached as Exhibit 2.  During a phone call on November 13, 2019, counsel represented to the CFTC that he would provide business records two days later.[4]  Despite these

---

[4] During this phone call, counsel for Circle Society advised that Defendant Saffron was aware of this case, that Saffron's counsel Marcus Mumford would be entering an appearance, and that both Circle Society and Saffron would file an Answer to the Complaint by Nov. 30, 2019.

5

assurances, as of the date of the filing of this motion, Circle Society has not provided any documents to the CFTC in violation of the Court's TRO.

### III.    ARGUMENT

### A.    Legal Standard For Civil Contempt

"[C]ourts have inherent power to enforce compliance with their lawful orders through civil contempt." *Shillitani v. United States*, 384 U.S. 364, 368 (1966) (civil contemnors are imprisoned only until they comply with the orders of the court and "carry 'the keys of their prison in their own pockets'") (quoting *In re Nevitt*, 117 F. 448, 461 (9th Cir. 1902)).  Civil contempt sanctions serve "to coerce obedience to a court order, or to compensate the party pursing the contempt action for injuries resulting from the contemptuous behavior. *CFTC v. Emerald Worldwide Holdings, Inc.*, No. 2:03-cv-8339, 2004 WL 3186580, at *2 (C.D. Cal. July 29, 2004) (quoting *General Signal v. Donallco, Inc.*, 787 F.2d 1376, 1380 (9th Cir. 1986)).  In the Ninth Circuit, the "party alleging civil contempt must demonstrate that the alleged contemnor violated the court's order by 'clear and convincing evidence.'" *United States v. Ayres*, 166 F.3d 991, 994 (9th Cir. 1999) (quoting I*n re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993)).  The "party petitioning the court for civil contempt does not have to establish that the respondent intended to violate, or willfully violated, the order." *Emerald Worldwide Holdings*, 2004 WL 3186580, at *2 (citing *NLRB v. Ironworks Local 433*, 169 F.3d 1217, 1222 (9th Cir. 1999)).

Once the moving party establishes the violation, the burden shifts to the alleged contemnor to produce evidence justifying his non-compliance. *Emerald Worldwide Holdings*, 2004 WL 3186580, at *2.  An alleged contemnor may defend against a finding of contempt by demonstrating a present inability to comply or substantial compliance. *Ayres*, 166 F.3d at 994

("Ability to comply is the crucial inquiry") (internal citation and quotations omitted); *FTC v. Gill*, 183 F. Supp. 2d 1171, 1180 (C.D. Cal. 2001) (noting "substantial compliance is a defense to civil contempt, such that a few technical violations do not qualify as contemptuous conduct if every reasonable effort has been made to comply").  The burden of showing the inability to comply falls on the alleged contemnor.  *National Labor Relations Board v. Trans Ocean Export Packing, Inc*., 473 F.2d 612, 616 (9th Cir. 1973).  The contemnor's good faith or intent in attempting to comply with the court order is immaterial.  *Pacific Coast Surgical Center, L.P. v. Scottsdale Ins. Co*., 2:18-cv-3904, 2019 WL 4267764, at *5 (C.D. Cal. July 31, 2019).

**B.     The CFTC Has Established A Prima Facie Case Of Civil Contempt**

Based on the evidence discussed above, the CFTC has established by clear and convincing evidence a prima facie case of civil contempt.  Circle Society has violated the TRO by failing to provide any documents or business records to the CFTC despite repeated requests by telephone, email, and in Court.  Counsel confirmed in an email to the CFTC that Circle Society possesses business records but has not provided any additional information and has not made any known efforts to comply with the TRO.  *See* Email to D. Karst dated Nov. 12, 2019, attached as Exhibit 2.  Circle Society has the ability to comply with the Court's TRO document access provisions; it simply had to provide the CFTC with access to "any documents related to defendants' business activities or personal finances."  TRO, ECF No. 9.

It is well-settled that once a prima facie case of civil contempt has been shown, as here, the burden shifts to the contemnor to produce evidence excusing his violation of a court order. *See United States v. Rylander*, 460 U.S. 752, 755 (1983).  The contemnor's burden is substantial, however, and the contemnor "must show 'categorically and in detail' why he is unable to comply."  *FTC v. Affordable Media*, *LLC*, 179 F.3d 1228, 1241 (9th Cir. 1999) (quoting *Nat'l*

7

*Labor Relations Bd. v. Trans Ocean Export Packing, Inc*., 473 F.2d 612, 616 (9th Cir. 1973)). The CFTC has provided clear and convincing evidence that Circle Society has violated this Court's TRO.  The burden now lies with Circle Society to prove that it is unable to comply. Absent a sufficient showing to justify noncompliance, Circle Society should be found in contempt of this Court's TRO.

**C.     Circle Society Should Be Ordered To Show Cause Why It Should Not Be Held In Contempt Of Court For Violating The Clear Terms Of The TRO**

Circle Society's violation of the TRO is an affront to this Court's authority.  A district court has broad authority to fashion appropriate relief in civil contempt proceedings, so long as that relief is reasonably calculated to compel obedience with a prior court order.  *See McComb v. Jacksonville Paper Co*., 336 U.S. 187, 193 (1949) ("The measure of the court's power in a civil contempt proceeding is determined by the requirements of full remedial relief"); *see also Perry v. O'Donnell*, 759 F.2d 702, 704-05 (9th Cir. 1985) (a court may award attorney's fees and expenses to the prevailing party in civil contempt actions without a showing of willfulness).  It is beyond dispute that this Court has the power to impose coercive and compensatory sanctions to compel compliance with its orders.  *See e.g*., *SEC v. Bankers Alliance Corp*., 881 F. Supp. 673, 678-79 (D.D.C. 1995) (imposing civil contempt sanctions that included fines and incarceration against defendants for failing to provide an accounting of assets pursuant to a preliminary injunction order).

Here, Circle Society violated the Court's TRO.  It was fully apprised of its obligations and its failure to comply warrants it being ordered to show cause why it should not be held in contempt of court for violating the TRO and ultimately adjudged in civil contempt.  The Court should exercise its authority to remedy this situation by issuing the requested order to show cause and providing any further and additional relief as this Court deems just and proper.

Dated:  November 18, 2019                    Respectfully submitted,

                                             By: /s/ Danielle E. Karst
                                             Danielle E. Karst
                                             Timothy J. Mulreany
                                             COMMODITY FUTURES TRADING
                                             COMMISSION
                                             Three Lafayette Centre
                                             1155 21st Street, N.W.
                                             Washington, D.C. 20581
                                             Telephone:  (202) 418-5000
                                             Facsimile:   (202) 418-5523

## CERTIFICATE OF SERVICE

I certify that on November 18, 2019, I filed a copy of the foregoing *Plaintiff's Motion For Issuance Of Order To Show Cause As To Why Defendant Circle Society Should Not Be Held In Contempt For Violation Of The Court's Temporary Restraining Order* with the Clerk of the Court using the CM/ECF system.  I also certify that on November 18, 2019, I sent hard copies of the same to Defendants David Gilbert Saffron and Circle Society, Corp. via United Parcel Service overnight mail at the following addresses:

**David Gilbert Saffron**
3765 Pacific Street
Las Vegas, Nevada 89121
(*Last-Known Address*)

**Circle Society, Corp.**
c/o Michael C. Van, Esq.
8985 S. Eastern Ave., Suite 100
Las Vegas, NV 89123

/s/Danielle Karst
Danielle Karst