# EXHIBIT 2

# Emails to/from D. Karst and M. Van dated Nov. 12, 2019

## Karst, Danielle

| | |
|---|---|
| **From:** | Karst, Danielle |
| **Sent:** | Tuesday, November 12, 2019 2:38 PM |
| **To:** | 'Michael Van' |
| **Cc:** | Mulreany, Timothy J.; Garrett R. Chase |
| **Subject:** | RE: [EXTERNAL] Re: CFTC v. Saffron, 2:19-cv-1697-JAD-DJA (D. Nev. 2019): Follow-ups re documents & retainer information |

Mr. Van:

Thank you for responding and confirming that Defendant Circle Society, Corp. possesses business records responsive to the Court's Order. Please advise if your client intends to produce the records prior to this Thursday as your email response fails to provide any hard date. I note that your prior promises regarding your client's records also failed to provide a hard date.

It is not a matter of what you promised, it is a matter of what your client has been ordered to do by the Court. To date, that Order has been ignored, and we cannot allow that to continue as we are obligated to advise the Court that your client has refused to comply with the Court's Order.

You note that "we are working on identifying the location of documents." Please advise who you are referring to, and who the custodian of records is for Circle Society, Corp. In addition, please advise why you believe an additional delay in obeying the Court's Order will result in full and complete compliance with that Order when your client was served with the Temporary Restraining Order over a month ago — on October 7, 2019 — yet has continually failed to comply.

Best regards,
Danielle

**Danielle Karst**
**Trial Attorney**
**U.S. Commodity Futures Trading Commission**
**Division of Enforcement**
**1155 21st Street, N.W.**
**Washington, D.C. 20581**
**202-418-6158**

**From:** Michael Van [mailto:Michael@shumwayvan.com]
**Sent:** Tuesday, November 12, 2019 1:59 PM
**To:** Karst, Danielle
**Cc:** Mulreany, Timothy J.; Garrett R. Chase
**Subject:** [EXTERNAL] Re: CFTC v. Saffron, 2:19-cv-1697-JAD-DJA (D. Nev. 2019): Follow-ups re documents & retainer information

Ms. Karst:

As I indicated to you on the phone the other day, we are working on identifying the location of documents and will provide them as promised. Additionally we are working on filing an Answer and a Motion to Set Aside the Default. Again, I would prefer that you agree to stipulate to set aside the Default so that we can focus on other issues but we need to address those issues first.

1

I am in a mediation today and another one tomorrow and will get back with you.

*Michael C. Van, Esq.*

Shumway Van
8985 South Eastern Avenue, Suite 100
Las Vegas, Nevada 89123
(702) 478-7770

8 East Broadway
Suite 550
Salt Lake City, Utah 84111
(801) 478-8080

310 South St. Mary's Street
Suite 2100
San Antonio, Texas 78210
(210) 503-2800

Michael@ShumwayVan.com

---

**From:** Karst, Danielle <DKarst@CFTC.gov>
**Sent:** Tuesday, November 12, 2019 10:01 AM
**To:** Michael Van <Michael@shumwayvan.com>
**Cc:** Mulreany, Timothy J. <tmulreany@CFTC.gov>
**Subject:** RE: CFTC v. Saffron, 2:19-cv-1697-JAD-DJA (D. Nev. 2019): Follow-ups re documents & retainer information

Good morning Mr. Van:

This is a follow-up email to my prior emails and our phone call last Friday, November 8, 2019. Please accept this as the CFTC's final attempt to obtain voluntary compliance with the Court's Temporary Restraining Order dated October 3, 2019 ("Order," ECF No. 9; extended to December 2, 2019, ECF No. 18). If you do not comply, the CFTC intends to file a motion to show cause with the Court.

**Production of Documents Pursuant to Temporary Restraining Order**
The CFTC has made repeated demands for your client to comply with the Court's Order and make available any "documents related to defendants' business activities or personal finances" (Order, ECF No. 9 at 16). To date, you have failed to respond to the CFTC's request. If your client does not have any such documents (or has destroyed them), please let us know. If your client is refusing access to such records for some other reason, please let us know. If your client is declining to produce documents pursuant to a claimed privilege, for example, we repeat our request that you immediately produce a privilege log identifying each document and the claimed privilege.

Please produce "documents related to defendants' business activities or personal finances" to the CFTC's Headquarters in Washington, D.C. (*see* address below), by no later than this Thursday, November 14, 2019. Alternatively, you may produce such documents to the U.S. Attorney's Office, District of Nevada, in Las Vegas, by no later than this Thursday, November 14, 2019 (please let me know the specific day and time you'll be at the office so I can make the necessary arrangements).

2

**Production of Documents Demonstrating Source of Fees and Identity of Third Party Authorizing Representation of Corporate Entity**

In addition, the CFTC has made repeated demands on you to produce documentation demonstrating the source of your fees and the identity of the third party who authorized you to represent the corporate entity. To date, you have failed to respond to the CFTC's request. Please provide documentation regarding your fees and the identity of the third party who authorized you to represent the corporate entity by no later than this Thursday, November 14, 2019, either to the CFTC's Headquarters in Washington, D.C., or the U.S. Attorney's Office, District of Nevada, in Las Vegas.

Thanks in advance for your attention to this matter.

Best regards,
Danielle

**Danielle Karst**
**Trial Attorney**
**U.S. Commodity Futures Trading Commission**
**Division of Enforcement**
**1155 21st Street, N.W.**
**Washington, D.C. 20581**
**202-418-6158**

---

**From:** Karst, Danielle
**Sent:** Thursday, October 31, 2019 2:47 PM
**To:** Michael Van (Michael@shumwayvan.com)
**Cc:** Mulreany, Timothy J.
**Subject:** CFTC v. Saffron, 2:19-cv-1697-JAD-DJA (D. Nev. 2019)

Good afternoon Mr. Van:

I'm sending this email as a follow-up to this week's October 29, 2019 hearing.

First, your client Circle Society's Answer is past due. Circle Society was served with the Summons, Complaint, and all other documents via email on October 7, 2019 (ECF No. 14). Therefore, the 21-day period to answer or move against the Complaint expired on October 28, 2019, pursuant to Fed. R. Civ. P. 12(a)(1)(A)(i). If there is no Answer filed by Monday, November 4, 2019, at 5 pm EST, the CFTC intends to file a motion for Clerk's Entry of Default against Circle Society pursuant to Fed. R. Civ. P. 55(a).

Second, the CFTC has previously provided you with two Temporary Restraining Orders issued by Judge Dorsey in this matter (We emailed you copies on Oct. 4 and Oct. 16, 2019; I'm re-attaching the Orders again here as a courtesy). As you are aware, these Orders freeze the assets of David Saffron and Circle Society ("Defendants"), as well as require the immediate production of Defendants' books and records. As you are aware, the Court extended the Temporary Restraining Orders until December 2, 2019 at 6 pm PST.

As the CFTC demanded in Court, please produce all books and records in your possession related to the Defendants' business activities and personal finances to the CFTC's Headquarters in Washington, D.C. To the extent that you possess records, but decline to produce them pursuant to a claimed privilege, we ask that you immediately produce a privilege log identifying each document and the claimed privilege. The CFTC will provide you with an extension for the production of all books and records until Monday, November 4, 2019, at 5 pm EST.

3

Finally, this email also confirms that the CFTC has advised you that you would be in violation of the ongoing asset freeze if you were to accept any funds or other assets (including cryptocurrency) from Mr. Saffron as a retainer. As I stated on the record at this week's Hearing, the CFTC is concerned that the fees used to retain your services may have been transferred in violation of the two Temporary Restraining Orders. Please note that it is the CFTC's position that your acceptance of funds or other assets from third parties – who are acting as pass-through entities or "strawmen" on behalf of one or more Defendants – would also violate the Court's orders. Please provide the CFTC with documentation demonstrating the source of your fees and the identity of the third party who authorized you to represent the corporate entity so that we may avoid having to bring this issue to the Court's attention at a later date. The CFTC will provide you with an extension for the production of this information and documentation until Monday, November 4, 2019, at 5 pm EST.

Thanks in advance for your attention to this matter.

Best regards,
Danielle

**Danielle Karst**
**Trial Attorney**
**U.S. Commodity Futures Trading Commission**
**Division of Enforcement**
1155 21st Street, N.W.
Washington, D.C. 20581
202-418-6158

4