**MTW**
MICHAEL C. VAN, ESQ., #3876
GARRETT R. CHASE, ESQ., #14498
**SHUMWAY VAN**
8985 South Eastern Avenue, Suite 100
Las Vegas, Nevada 89123
Tel (702) 478-7770
Fax (702) 478-7779
michael@shumwayvan.com
garrett@shumwayvan.com
*Attorneys for Defendant Circle Society, Corp*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID GILBERT SAFFRON a/k/a/ DAVID GILBERT and CIRCLE SOCIETY, CORP.,<br><br>Defendants. | Case No.   2:19-cv-1697-JAD-DJA<br>Dept. No.   XXVIII<br><br>**SHUMWAY VAN'S MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT CIRCLE SOCIETY CORP.** |

Shumway Van, as current counsel of record for Defendant Circle Society, Corp., hereby files this Motion to Withdraw as Counsel for Circle Society, Corp. pursuant to Nevada Rule of Professional Conduct 1.16(b). This Motion is made and based upon the attached Declaration of Michael C. Van, Esq., the attached Memorandum of Points and Authorities, the pleadings and other documents on file herein, and any oral argument entertained by this Court at any hearing on this matter.

. . .
. . .
. . .
. . .
. . .
. . .

### DECLARATION OF MICHAEL C. VAN, ESQ. IN SUPPORT OF SHUMWAY VAN'S MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT CIRCLE SOCIETY CORP.

1. I, Michael C. Van, Esq., am an attorney at the law firm of Shumway Van, the attorneys that briefly appeared as counsel for Defendant CIRCLE SOCIETY, CORP. ("CSC"), in the above case.

2. I have personal knowledge of the facts and circumstances stated herein and as for those stated upon information and belief, I believe them to be true.

3. CSC contacted Shumway Van regarding defending CSC against an action filed by the Commodity Futures Trading Commission ("Plaintiff").

4. CSC has been unresponsive to requests for documents, payment, or even a fully executed retainer agreement.

5. Despite multiple warnings of the potential need for withdrawal, CSC has persisted in being nonresponsive to these, and other requests.

6. In Shumway Van's best judgment, the prospect for a successful outcome relative to the time and expenses Shumway Van will have to expend to continue representing CSC in this matter presents an unreasonable financial burden on Shumway Van in the current situation. In the event of a change, Shumway Van may consider re-engagement as counsel in this matter.

I declare under penalty of perjury under the laws of the State of Nevada (NRS 53.045), the foregoing is true and correct.[1]

Dated this 2nd day of December, 2019.

_____
MICHAEL C. VAN, ESQ.

---

[1] **NRS 53.045** Use of unsworn declaration in lieu of affidavit or other sworn declaration. Any matter whose existence or truth may be established by an affidavit or other sworn declaration may be established with the same effect by an unsworn declaration of its existence or truth signed by the declarant under penalty of perjury, and dated, in substantially the following form.

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SHUMWAY VAN'S MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFFS

Rule of Professional Conduct 1.16 provides that an attorney may withdraw if the client "fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled."[2] An attorney may also withdraw if the "representation will result in an unreasonable financial burden on the lawyer."[3] Here, CSC expressed interest in retaining Shumway Van to defend it in this matter but has otherwise failed or refused to provide the requisite retainer fee or a signed retainer agreement such that Shumway Van will be able to pursue a defense against Plaintiff's claims. Moreover, despite numerous requests to produce documents relevant and necessary to litigating this matter, CSC has been unable or unwilling to provide said documents to Shumway Van. Therefore, in Shumway Van's best judgment, the prospect for a successful outcome relative to the time and expenses Shumway Van will have to expend to continue representing CSC (including extensive discovery, hearing the case at trial, and any potential appeal that may follow), presents an unreasonable financial burden on Shumway Van should the firm continue its representation. Further, CSC's substantial failure to fulfill its obligations as client with respect to the formal retainer agreement and the requests for documents constitute sufficient grounds for withdrawal under Rule 1.16(b). Based upon the foregoing, Shumway Van respectfully requests that its Motion to Withdraw as Counsel be granted.

Dated this 2nd day of December, 2019.

**SHUMWAY VAN**

By: /s/ Michael C. Van
Michael C. Van, Esq.
Nevada Bar No. 3876
Garrett R. Chase, Esq.
Nevada Bar No. 14498
8985 South Eastern Avenue, Suite 100
Las Vegas, Nevada 89123
*Attorneys for Circle Society, Corp.*

---

[2] Nevada Rule of Professional Conduct 1.16(b)(5).
[3] *Id.* at 1.16(b)(6).

## CERTIFICATE OF E-SERVICE

I hereby certify that on this 2nd day of December, 2019, I electronically served a true and correct copy of the foregoing **SHUMWAY VAN'S MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT CIRCLE SOCIETY, CORP.,** with the Clerk of the Court using CM/ECF system.

_____
An employee of Shumway Van