# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Commodity Futures Trading Commission, | Case No.: 2:19-cv-01697-JAD-DJA |
| Plaintiff | **Order Granting the Commission's Motion for a Preliminary Injunction and Other Equitable Relief** |
| v. | |
| David Gilbert Saffron a/k/a David Gilbert and Circle Society, Corp., | [ECF No. 6] |
| Defendants | |

Plaintiff Commodity Futures Trading Commission ("Commission" or "CFTC") filed a Complaint for Injunctive Relief, Restitution, Disgorgement, and Civil Monetary Penalties against David Gilbert Saffron a/k/a David Gilbert ("Saffron") and his business entity, Circle Society, Corp. ("Circle Society") for violations of the Commodity Exchange Act, 7 U.S.C. §§ 1-2f (2012), and Commission Regulations ("Regulations") promulgated thereunder, 17 C.F.R. pts. 1–190 (2019).

The Commission has moved under Section 6(c) of the Act, 7 U.S.C. § 13a-1 (2012), for injunctive and other equitable relief against Saffron and Circle Society. After a hearing on the merits and having considered the pleadings, declarations, exhibits, and memoranda filed by the parties, I find that:

1. The court has jurisdiction over the parties and over the subject-matter of this action under Section 6c of the Act, 7 U.S.C. § 13a-1 (2012).

2. Venue properly lies in this District under Section 6c(e) of the Act, 27 7 U.S.C. § 13a-l(e) (2012).

3. Saffron and Circle Society have been served with summonses, the Complaint, and all related filings, including the Commission's Emergency Ex Parte Motion for a Statutory Restraining Order and Memorandum in Support, and the Commission's Motion for a Preliminary Injunction and Memorandum in Support. No defendant has opposed any motion.

4. There is good cause to believe that Saffron and Circle Society have engaged in, are engaging in, or are about to engage in violations of 7 U.S.C. §§ 6c(b), 6k(2), 6m(l), 6o(l)(A), (B) (2012), and 17 C.F.R. §§ 4.20(a)(l), (b), (c) and 32.4 (2019).

5. The Commission has presented evidence showing that, from at least December 2017 through the present (the "Relevant Period"), Saffron has fraudulently solicited and accepted at least $11 million worth of Bitcoin ("BTC") and United States Dollars ("USD") (BTC, together with USD, "funds") from no fewer than 14 members of the public for the purported purpose of trading off-exchange binary option contracts on foreign currency ("forex") and cryptocurrency pairs, among other things, on behalf of a commodity pool ("Pool"). The Commission has presented evidence showing that, from September 6, 2018, Saffron, individually and as principal and agent of Circle Society, has fraudulently solicited members of the public to participate in a commodity pool operated by Circle Society. The Commission has also presented evidence that those defendants misappropriated pool participants' funds by soliciting funds for trading on behalf of the Pool and then holding participants' funds in Saffron's personal E-Wallet instead of segregating the funds in a pool account and using the funds to trade on behalf of the Pool as promised. The Commission has presented evidence showing that Saffron and Circle Society further violated the Act by failing to register with the Commission.

6. The Commission has shown that there is a reasonable likelihood that Saffron and Circle Society will continue to violate the Act and Regulations, as alleged in the Complaint, unless they are restrained and enjoined from further violations.

7. There is good cause to believe that immediate and irreparable harm to the court's ability to grant effective final relief in the form of monetary redress, and to the Commission and the class of persons that it seeks to protect, will occur from the sale, transfer, assignment, or other disposition of the defendants' assets and records unless they are immediately restrained and enjoined from doing so by court order.

8. There is good cause to enter an order freezing assets owned, controlled, managed, or held by, on behalf of, or for the benefit of the defendants.

9. There is good cause to enter an order prohibiting Saffron and Circle Society, their agents, servants, employees, assigns, attorneys, and persons in active concert or participation with the defendants, including any successor thereof, who receive actual notice of this Order by personal service or otherwise, from destroying records or denying the Commission's agents immediate and complete access to defendants' records for inspection and copying.

10. There is good cause to believe that, absent entry of this preliminary injunction, the defendants are likely to dissipate or transfer assets and destroy books and records.

**Relief Granted**

Considering the foregoing, I find that this is a proper case for granting a preliminary injunction and other equitable relief to preserve the status quo, protect customers from further loss and damage, and enable the Commission to fulfill its statutory duties.

Accordingly, IT IS HEREBY ORDERED that the Commission's motion for a preliminary injunction and other equitable relief **[ECF No. 6] is GRANTED** and the Commission is afforded the following equitable relief.

IT IS FURTHER ORDERED that **Saffron's and Circle Society's assets are FROZEN pending trial or further court order.** What this means is that:

1. Saffron and Circle Society, their agents, servants, employees, assigns, attorneys, and persons in active concert or participation with the defendants, including any successor thereof, who receive actual notice of this Order by personal service or otherwise, are immediately **ENJOINED** from directly or indirectly transferring, selling, alienating, liquidating, encumbering, pledging, leasing, loaning, assigning, concealing, dissipating, converting, withdrawing, or otherwise disposing of any of defendants' assets,[1] wherever located, including assets held outside the United States, unless otherwise ordered by the court.

2. Assets obtained after the effective date of this Order are not subject to the terms of this Order unless they are derived from or related to the activities alleged in the Complaint.

3. Pending further order of this court, any financial or brokerage institution, business entity, or person that receives actual notice of this Order by personal service or otherwise, that holds, controls, or maintains custody of any account or asset titled in the name of, held for the benefit of, or otherwise under the control of any defendant, or has held, controlled, or maintained

---

[1] For the purposes of this Order, "assets" means any legal or equitable interest in, right to, or claim to, any real or personal property, whether individually or jointly, directly or indirectly owned or controlled, and wherever located, including chattels, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, mail or other deliveries, inventory, checks, notes, accounts (including bank accounts, brokerage accounts, and accounts at other financial institutions), credits, receivables, lines of credit, contracts (including spot, futures, options, or swap contracts), securities, insurance policies, and cash, wherever located, whether within or outside the United States.

custody of any such account or asset of any defendant at any time since December 2017, must hold and retain within their control and prohibit the withdrawal, removal, assignment, transfer, pledge, encumbrance, disbursement, dissipation, conversion, sale, or other disposal of such asset unless directed by further order of the court; *provided, however*, that nothing in this Order limits the discretion of any compliance official of any futures-commission merchant or forex dealer with which any defendant maintains an account to liquidate or "close out" any and all open positions in such account in order to avoid losses due to the asset freeze required by this Order.

IT IS FURTHER ORDERED that **Saffron's and Circle Society's business and financial records must be MAINTAINED—and the Commission must be permitted to ACCESS them—pending trial or further court order.** What this means is that:

1. Saffron and Circle Society, their agents, servants, employees, assigns, attorneys, and persons in active concert or participation with the defendants, including any successor thereof, who receive actual notice of this Order by personal service or otherwise, are **ENJOINED** from directly or indirectly destroying, mutilating, erasing, altering, concealing or disposing of, in any manner, directly or indirectly, any document[2] that relates to the business practices or business or personal finances of any defendant.

2. Any financial or brokerage institution, business entity, or person that receives actual notice of this Order by personal service or otherwise must not:

    a. Directly or indirectly destroy, alter, or dispose of in any manner any records relating to the business activities and business and personal finances of any defendant; and

---

[2] For the purposes of this Order, the term "document" is synonymous in meaning and equal in scope to the broad use of that term within Rule 34(a) of the Federal Rules of Civil Procedure.

5

  b. Deny a request by the Commission to inspect all records pertaining to every account or asset owned, controlled, managed, or held by any defendant, or managed or held on behalf of or for the benefit of any defendant, including originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency-transaction reports, 1099 forms, and safe-deposit-box logs. Copies of records requested by the Commission can be provided to the Commission as an alternative to allowing it to inspect records.

IT IS FURTHER ORDERED that **within five business days following service of this Order, Saffron and Circle Society must provide the Commission with a full and truthful ACCOUNTING of their assets.** What this means is that Saffron and Circle Society must:

1. Provide the Commission with a full accounting of each defendant's assets, held jointly or separately, within or outside the United States, beginning from December 2017 for Saffron and from September 2018 for Circle Society to the date of this Order.

2. Upon the Commission's request, provide it with access to all records associated with defendants' bank, brokerage, and other accounts held at financial institutions within or outside the United States by signing the Consent to Release Financial Records that will be provided by the Commission.

IT IS FURTHER ORDERED that **the Commission must be permitted to INSPECT and COPY Saffron's and Circle Society's business and financial records.** What this means is that:

1. Saffron and Circle Society, their agents, servants, employees, assigns, attorneys, and persons in active concert or participation with the defendants, including any successor

thereof, who receive actual notice of this Order by personal service or otherwise, must immediately upon the Commission's request allow its representatives to inspect the books, records, and other documents of defendants and their agents relating or referring to the defendants' business activities or business or personal finances including, but not limited to, paper documents, electronically-stored information ("ESI"), tape recordings, and computer discs, wherever they may be situated and whether they are within defendants' possession or another's possession, and to copy those documents, data, and records, either on or off the premises where the documents are situated.

2. Saffron and Circle Society, their agents, servants, employees, assigns, attorneys, and persons in active concert or participation with the defendants, including any successor thereof, who receive actual notice of this Order by personal service or otherwise, must, within 24 hours of service of this Order upon them, cause to be prepared and delivered to the Commission, a detailed and complete schedule of all passwords for any encrypted ESI in the possession or control of defendants that relate to the defendants' business activities or business or personal finances.

3. Saffron and Circle Society, their agents, servants, employees, assigns, attorneys, and persons in active concert or participation with the defendants, including any successor thereof, who receive actual notice of this Order by personal service or otherwise, must, within 24 hours of the service of this Order upon them, cause to be prepared and delivered to the Commission, a detailed and complete schedule of all electronic devices that are capable of storing, displaying, or transmitting data, including desktop, laptop, and tablet computers and cellular telephones, that are or were owned or used by them in connection with their business. The schedule(s) required by this Order shall include, at a minimum, the make, model, location,

and a description of each computer or device, along with the name of the person(s) primarily assigned to use the computer or device.

4. Saffron and Circle Society, their agents, servants, employees, assigns, attorneys, and persons in active concert or participation with the defendants, including any successor thereof, who receive actual notice of this Order by personal service or otherwise, must cooperate fully with the Commission to locate and make accessible to its representatives all books, records, and other documents identified in this Order, wherever they may be located.

5. The Commission has continuing access to inspect and copy all books, records, and documents identified in this Order, wherever they may be located.

IT IS FURTHER ORDERED that **Saffron and Circle Society are prohibited from further VIOLATING the Act or Regulations.** What this means is that:

1. Saffron and Circle Society, their agents, servants, employees, assigns, attorneys, and persons in active concert or participation with the defendants, including any successor thereof, who receive actual notice of this Order by personal service or otherwise, are **ENJOINED** from soliciting or accepting funds from members of the public for the purpose of participating in a commodity pool operated by, for, or on behalf of Saffron or Circle Society.

2. Saffron and Circle Society are **ENJOINED** from trading, directly or indirectly, in any commodity that is regulated under the Act.

IT IS FURTHER ORDERED that:

1. The Commission is directed to serve the defendants with copies of this Order as soon as practicably possible and to thereafter file proof of that service.

2. Because the Commission is an agency of the United States and has made a proper showing under 7 U.S.C. § 13a-1(b) (2012), this Order is granted without bond.

3. This court retains jurisdiction of this matter for all purposes.

4. Finally, this Order will remain in full force and effect until further order of this court.

_____
U.S. District Judge Jennifer A. Dorsey
December 6, 2019