2:19-cv-01697-JAD-DJA - December 2, 2019

```
 1                  IN THE UNITED STATES DISTRICT COURT

 2                       FOR THE DISTRICT OF NEVADA

 3   COMMODITY FUTURES TRADING      )
     COMMISSION,                    )
 4                                  ) Case No. 2:19-cv-01697-JAD-DJA
               Plaintiff,           )
 5                                  ) Las Vegas, Nevada
     vs.                            ) December 2, 2019
 6                                  ) 3:31 p.m. - 3:51 p.m.
     DAVID GILBERT SAFFRON a/k/a    ) Courtroom 6D
 7   DAVID GILBERT and CIRCLE       ) MOTION HEARING
     SOCIETY, CORP.,                )
 8                                  )
               Defendants.          )
 9   _____)    CERTIFIED COPY

10

11             REPORTER'S TRANSCRIPT OF PROCEEDINGS
            BEFORE THE HONORABLE JENNIFER A. DORSEY
12             UNITED STATES DISTRICT COURT JUDGE

13

14   APPEARANCES:

15   For the Plaintiff:

16       DANIELLE E. KARST, ESQ.
         COMMODITY FUTURES TRADING COMMISSION
17       Three Lafayette Centre, 1155 21st Street, N.W.
         Washington, D.C. 20581
18       (202) 418-6158

19

20   (Appearances continued on page 2.)

21   Court Reporter:    Amber M. McClane, RPR, CRR, CCR #914
                        United States District Court
22                      333 Las Vegas Boulevard South, Room 1334
                        Las Vegas, Nevada 89101
23                      AM@nvd.uscourts.gov

24   Proceedings reported by machine shorthand.  Transcript
     produced by computer-aided transcription.
25
```

2:19-cv-01697-JAD-DJA - December 2, 2019

```
 1   APPEARANCES CONTINUED:

 2   For the Defendant, Circle Society, Corp.:

 3        MICHAEL C. VAN, ESQ.
          GARRETT R. CHASE, ESQ.
 4        SHUMWAY VAN
          8985 South Eastern Avenue, Suite 100
 5        Las Vegas, Nevada 89123
          (702) 478-7770
 6

 7   Also Present:

 8        GEORGE MALAS, CFTC Investigator

 9        BRETT MARSHALL, ESQ.

10

11                        *  *  *  *  *

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1         LAS VEGAS, NEVADA; MONDAY, DECEMBER 2, 2019; 3:31 P.M.
 2                              --o0o--
 3                         P R O C E E D I N G S
 4         COURTROOM ADMINISTRATOR:  This is the time set for a
 5   show cause and motion hearing in Case 2:19-cv-1697-JAD-DJA,
 6   Commodity Futures Trading Commission versus David -- David
 7   Gilbert Saffron.
 8         Counsel, your appearances, please, starting with
 9   plaintiff.
10         MS. KARST:  Danielle Karst for plaintiff Commodity
11   Futures Trading Commission or the CFTC.
12         MR. VAN:  Michael Van and Garrett Chase on behalf of
13   Circle Society, Your Honor.
14         THE COURT:  All right.  So who wants to bring me up
15   to speed on where we've been in the last -- since the last
16   hearing?
17         MR. VAN:  Well, I can make a -- we filed a motion to
18   withdraw that was granted.
19         THE COURT:  Your motion to withdraw's already been
20   granted?
21         MR. VAN:  Yes.
22         THE COURT:  Oh.  Well, I didn't quite notice that.
23   So the magistrate judge must have done that.
24         MR. VAN:  Yes, correct.
25         THE COURT:  Okay.  All right.
```

1   **MR. VAN:** Under that order, we need to have proof of
2   service to them by the 9th of December, and then they have
3   till the 23rd to have new counsel.
4   **THE COURT:** All right. Thank you, Mr. Van.
5   **MS. KARST:** Your Honor, we're here today on the
6   CFTC's two pending and unopposed motions. The first is the
7   unopposed preliminary injunction motion, and the second is the
8   unopposed motion to show cause on the temporary retraining
9   order for production of documents by the corporate defendant.
10  **THE COURT:** All right. So you have now served
11  Mr. Saffron by publication; is that correct?
12  **MS. KARST:** That's correct, Your Honor. And we filed
13  a proof of service last Friday, and Mr. Saffron was served by
14  publication in two newspapers, the Las Vegas Review-Journal
15  and the Los Angeles Daily News, and those publications
16  appeared for four consecutive weeks.
17  **THE COURT:** Have you yet filed a motion for default
18  against him?
19  **MS. KARST:** I have not, Your Honor. My reading of
20  the local rules is that service by publication is complete
21  four weeks from the date of the first publication. So I
22  believe that service would be complete as of November 29th.
23  So 21 days out from November 29th, Your Honor, would be
24  December 20th, and if the individual defendant does not file
25  an answer by that time, the CFTC intends to file a clerk's

1   motion for default pursuant to Federal Rules of Civil
2   Procedure 55(a) as we've done against the corporate defendant
3   already, which was already granted.
4           **THE COURT:**  All right.  So I understand you also have
5   witnesses here today.  So tell me where -- what the CFTC's
6   position is on what is left for the Court to do today and --
7   and what the Court should address today.
8           **MS. KARST:**  Yes, Your Honor.  The two motions are
9   still pending and unopposed.  I'm happy to address in
10  whichever order the Court would like.
11          I'll just start with the order to show cause.  The
12  CFTC does not see any corporate officers in the courtroom, and
13  the CFTC asks the Court to issue -- to issue an order finding
14  the corporate defendants in civil contempt of court and ask
15  that the corporate defendant's sole officer be held in
16  confinement until the corporate defendant complies with this
17  Court's order.
18          **THE COURT:**  And what would that contempt look like?
19          **MS. KARST:**  Your Honor, we have repeatedly asked the
20  corporate defendant's counsel for documents pursuant to the
21  Court's temporary restraining order.  I've repeatedly asked
22  for those.  I asked for them at the last hearing.  It's
23  undisputed that the corporate defendant was properly served on
24  October 7th through its registered agent, and the legal
25  standard for civil contempt is clear in the Ninth Circuit.

1  We've demonstrated in our papers violation of this Court's
2  order by clear and convincing evidence.  I have yet to receive
3  any documents, any information on any documents from the
4  corporate defendant, and I'll note for the record that
5  Mr. Saffron is the sole corporate officer according to the
6  Nevada Secretary of State corporate records.
7          And the CFTC would like the Court to find the
8  corporate defendant in civil contempt and to issue a bench
9  warrant for the sole corporate officer until he complies with
10 the Court's order.
11         **THE COURT:**  All right.  So, Mr. Van, you've been
12 permitted to withdraw, so I guess you no longer represent the
13 interest of Circle Society.  My understanding from your motion
14 is that you have been unsuccessful in attempting to
15 communicate with Circle Society; is that correct?
16         **MR. VAN:**  That's correct, Your Honor.
17         **THE COURT:**  All right.  So you have no position on
18 behalf of them today; correct?
19         **MR. VAN:**  No.  Actually, what I'd like to do is -- I
20 was going to sit here because part of the order says I need to
21 let new counsel know.  I was just going to identify what they
22 needed to do to get the contempt off.  So that's the reason
23 I'm sitting here taking notes.
24         **THE COURT:**  All right.  As to the -- let's talk about
25 the restraining order.  So where we are with respect to the

1   restraining order is that I granted the Commission's motion to
2   serve Saffron via publication, and then, because the
3   Commission agreed to extend the restraining order and Mr. Van
4   appeared on behalf of Circle Society, I again extended the
5   restraining order and continued the hearing for the injunctive
6   relief motion to today.
7           Despite being served with process and copies of
8   orders and the briefs filed in this case, including the
9   restraining order and the motion for preliminary injunction,
10  no one has responded to that motion for preliminary
11  injunction; is -- is that correct?
12          **MS. KARST:**  Yes, Your Honor.  There's been no
13  response from any party.
14          **THE COURT:**  Okay.  I think everyone has had
15  sufficient time at this point to respond.  And it does appear,
16  based on your representations, that Circle Society also has
17  not permitted the Commission to inspect documents related to
18  defendants' business activities or personal finances and have,
19  therefore, violated the TRO provision requiring them to do so.
20          So Circle Society's refusal is what prompted the
21  Commission to then move for an order to show cause why it
22  should not be held in civil contempt for violating the TRO.
23  That was the motion that I set to be heard today.
24          With respect to the motion to convert the restraining
25  order into a preliminary injunction, the legal standard for

1  obtaining a temporary restraining order and for preliminary
2  injunctive relief are substantially identical.  I previously
3  found that the Commission has demonstrated that it satisfies
4  all of the *Winter* factors, the ones identified in *Winter*
5  *versus Natural Resources Defense Council*.  There have been no
6  developments in this case that would cause me to alter those
7  findings, and so I do conclude that good cause exists to
8  convert the temporary restraining order into a preliminary
9  injunction.  There has been no opposition to it, and so I do
10 convert that TRO into a preliminary injunction against Saffron
11 and Circle Society as requested by the Commission.
12         So that motion for preliminary injunction is, thus,
13 granted.
14         What do we have witnesses for today, Ms. Karst?
15         **MS. KARST:**  Yes, Your Honor.  The CFTC has two
16 witnesses in the courtroom today who were ready and are ready
17 to testify in support of the preliminary injunction motion.
18 CFTC Investigator George Malas is here along with customer
19 victim Brett Marshall who has taken time out of his law
20 practice to be here to testify today.  This is his second
21 appearance in court.  He was also here -- and both witnesses
22 were here, Your Honor, at the last hearing, if the Court would
23 like to hear from them.  The CFTC is also willing to submit on
24 the findings, but they're here today -- they were here today
25 in support of the preliminary injunction motion.

1  **THE COURT:** I understand. And I also have
2  declarations; is that correct?
3  **MS. KARST:** Yes, Your Honor.
4  **THE COURT:** And are these declarations essentially
5  what they would testify to?
6  **MS. KARST:** Yes, Your Honor. I planned to put both
7  of them on just very briefly to kind of bring the Court up to
8  speed as to the ongoing fraud and Mr. Marshall's investment
9  with defendants.
10  **THE COURT:** All right. Well, as I have concluded
11  that there have been no developments that would cause me to
12  alter those previous findings and those previous findings I
13  found to be sufficient to satisfy the *Winter* factors and issue
14  injunctive relief, is it your position that additional
15  evidence is necessary at this time?
16  **MS. KARST:** No, it's not necessary, Your Honor.
17  **THE COURT:** All right. So you have filed Document
18  Number 5-1 which was filed on September 30th that I had
19  previously reviewed, and then Document 5-5 filed the same day,
20  also which I had previously reviewed in making my findings and
21  conclusions with respect to the injunctive relief decisions.
22  I will note for the record -- so who do I have in the
23  courtroom, if you could just point them out just so I could
24  note?
25  **MS. KARST:** Yes, Your Honor. Mr. Malas in the front

1   row, CFTC investigator, and Mr. Brett Marshall who traveled
2   from Los Angeles who's a practicing attorney and took time out
3   of his practice to be here with us today.
4           **THE COURT:**  All right.  Thank you both.  I will note
5   your appearances here for the record, your attendance here for
6   the record.
7           **MR. MALAS:**  Thank you.
8           **MR. MARSHALL:**  Thank you, Your Honor.
9           **THE COURT:**  Thank you.
10          So, Ms. Karst, what additional information did you
11  need to put on the record, if any?  You said you wanted to
12  update on additional information, that perhaps they were going
13  to be providing that.  Is that something that you can make
14  representations on or --
15          **MS. KARST:**  Yes, Your Honor.  I can keep it very
16  brief and just give the Court a brief update as to our facts
17  and factual allegations, things we've learned since we filed
18  the complaint.
19          The CFTC believes this is a very serious fraud case.
20  We now have knowledge of and have had contact with over 150
21  customer victims, Your Honor.  When we filed the complaint
22  back at the end of September we were aware at that time of 14
23  victims who had deposited at least $11 million with Defendants
24  Saffron and Circle Society.  Today, as I stand here, we are
25  now aware of approximately 158 customers involving at least 14

1   and a half million dollars.  I think that's likely the numbers
2   are much higher, and we believe and have evidence from victims
3   that this is a serious, ongoing, and aggressive fraud being
4   led by Mr. Saffron who is the sole corporate officer for the
5   corporate defendant, Circle Society, and we believe this is
6   very serious conduct that warrants the Court's attention and
7   that's why we're here today.
8            **THE COURT:**  All right.  Here's what I'm going to do
9   with respect to the order to show cause.  I am concerned,
10  because the magistrate judge has granted the motion to
11  withdraw as counsel, that at this point Circle Society does
12  not know that it is not represented in court today.  And I
13  don't want to prejudice it had it believed for some reason
14  that it was going to be represented today, and that's why it
15  did not appear here in court.
16           So I am going to continue the hearing on the show
17  cause issue.  So my order was issued at Document Number 25,
18  and it was filed on November 21st of this year granting the
19  motion for issuance of an order to show cause why Circle
20  Society should not be held in civil contempt of court and
21  subject to appropriate sanctions for violations of the TRO.
22  And so they were ordered to appear here today and show cause
23  why Circle Society should not be held in civil contempt of
24  court for its violation of the TRO and why such other relief
25  should not be imposed to redress the violation of the TRO.

```
 1         I am going to continue this to I think a date and
 2   time that will make much more sense with respect to the
 3   service to by publication.  So if I continue it out far
 4   enough, you can probably get your motion for default on, and
 5   maybe there will be other things that we can wrap up by that
 6   point.
 7         So my thought is that -- so December 21st is a
 8   Saturday.  Did you say that would be the 21 days?
 9         MS. KARST:  Yes, Your Honor.  The -- Defendant
10   Saffron's answer is due on December 20th, and the CFTC intends
11   to file a 55(a) clerk's entry for default on the 21st.
12         THE COURT:  Okay.  I'm sorry.  So the 20th is when
13   it's due.  That is a Friday.  So Monday, the 23rd... I realize
14   that's incredibly close to Christmas travel, and I also
15   acknowledge that you are here from across the country.  So I
16   will ask you for your preference then.  I could set this for
17   the 23rd, or I could set it out a week or two after that based
18   on your ability to travel.
19         MS. KARST:  Yes, Your Honor.  If it's possible, you
20   know, after Christmas is better --
21         THE COURT:  Okay.
22         MS. KARST:  -- the schedule.
23         THE COURT:  Is January 6th better for you?
24         MS. KARST:  Yes, Your Honor.  I can -- I can make
25   that.
```

```
 1              THE COURT:  Or would the 10th be better?
 2              MS. KARST:  The 10th, Your Honor, if possible.
 3              THE COURT:  Tawnee, can you see my calendar there?
 4    Do I have Nats that day?
 5              COURTROOM ADMINISTRATOR:  Yes.
 6              THE COURT:  Do I have morning or afternoon?
 7              COURTROOM ADMINISTRATOR:  Afternoon.  1:00 o'clock.
 8              THE COURT:  Okay.  All right.  I am going to continue
 9    the motion -- or the show cause hearing that -- that is
10    identified and was ordered in my November 21st order, I'm
11    going to continue that to 10:00 a.m. --
12              Is that slot open, Tawnee?
13              COURTROOM ADMINISTRATOR:  Yes, Your Honor.
14              THE COURT:  All right.  Thank you.
15              -- to 10:00 a.m. on January 10th.
16              I -- did you provide in your motion to withdraw an
17    address for your client, Mr. Van?
18              MR. VAN:  No, Your Honor.  We have until the 9th to
19    ensure service and file that with the Court.
20              THE COURT:  Okay.  I'm also going to ask that you
21    also -- when you do show that proof, if you could also provide
22    proof that you advised them that the hearing on -- or that
23    that show cause hearing has been continued to January 10th at
24    10:00 a.m.
25              MR. VAN:  Will do, Your Honor.
```

1  **THE COURT:** All right. Then is there anything else
2  that I need to address today? I've converted the TRO into
3  a -- into a preliminary injunction and, therefore, granted the
4  motion for preliminary injunction and -- with no opposition
5  whatsoever. And we are continuing the show cause hearing to
6  January 10th at 10:00 a.m.
7            Is there anything else, Ms. Karst, that we need to do
8  today?
9            **MS. KARST:** No, Your Honor. I'll just note that the
10 CFTC did file a proposed preliminary injunction order with its
11 motion. If the Court needs additional -- an additional order
12 or additional language, I'm happy to provide that to the
13 Court.
14           **THE COURT:** I will review that and get an order
15 entered.
16           And, Mr. Van, I'm sorry, remind me, so you have until
17 the 9th to demonstrate that you have -- or to file notice that
18 you've done what?
19           **MR. VAN:** That we have provided notice of the order
20 and now the date, and then by the 23rd they have to have new
21 counsel designated.
22           **THE COURT:** Okay. Also I'm going to ask that you
23 wrap in that the order granting the motion for preliminary
24 injunction, which I anticipate will be filed by tomorrow. So
25 if you could also ensure that that list, that that was another

```
 1   thing that you've provided them since we don't have the
 2   address for the client.
 3              MR. VAN:  That's fine.
 4              THE COURT:  Okay.
 5              MR. VAN:  Thank you, Your Honor.
 6              THE COURT:  All right.  All right.  I will review
 7   that order and get something entered.
 8              Anything else that we need to address?
 9              MS. KARST:  No, Your Honor.
10              THE COURT:  All right.  I note that there are a
11   number of people in the audience.  Was there anybody who
12   intended to present something today in this case?  No?
13   Hearing nothing.
14              MR. VAN:  No.
15              THE COURT:  Okay.
16              MR. VAN:  Thank you, Your Honor.
17              THE COURT:  All right.  We'll see you on January
18   10th.
19              MS. KARST:  Thank you, Your Honor.
20              THE COURT:  Thank you, everyone.
21              COURTROOM ADMINISTRATOR:  All rise.
22         (Proceedings adjourned at 3:51 p.m.)
23                          --o0o--
24                 COURT REPORTER'S CERTIFICATE
25
```

```
 1       I, AMBER M. McCLANE, Official Court Reporter, United
 2   States District Court, District of Nevada, Las Vegas, Nevada,
 3   do hereby certify that pursuant to 28 U.S.C. § 753 the
 4   foreground is a true, complete, and correct transcript of the
 5   proceedings had in connection with the above-entitled matter.
 6
 7   DATED:  12/17/2019
 8
 9                        /s/  _Amber M. McClane_____
10                             AMBER McCLANE, RPR, CRR, CCR #914
```