Danielle E. Karst (D.C. Bar No. 481881)
Timothy J. Mulreany (Maryland Bar No. 8812160123)
**COMMODITY FUTURES TRADING COMMISSION**
Three Lafayette Centre
1155 21st Street, N.W.
Washington, D.C. 20581
Telephone:  (202) 418-6158 (Karst)
Telephone:  (202) 418-5306 (Mulreany)
Facsimile:   (202) 418-5523
dkarst@cftc.gov
tmulreany@cftc.gov

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>DAVID GILBERT SAFFRON a/k/a DAVID GILBERT and CIRCLE SOCIETY, CORP.,<br><br>Defendants. | Case No.  2:19-cv-1697-JAD-DJA<br><br>**PLAINTIFF'S MOTION FOR ISSUANCE OF ORDER TO SHOW CAUSE AS TO WHY DEFENDANTS DAVID SAFFRON AND CIRCLE SOCIETY SHOULD NOT BE HELD IN CIVIL CONTEMPT FOR VIOLATIONS OF THE COURT'S PRELIMINARY INJUNCTION ORDER (ECF NO. 31)** |

Plaintiff Commodity Futures Trading Commission ("Commission" or "CFTC") respectfully moves the Court for an order for Defendants David Gilbert Saffron ("Saffron") and Circle Society, Corp. ("Circle Society") (collectively, "Defendants") to show cause why they should not be held in civil contempt of court and be subject to appropriate sanctions for violations of the Court's December 6, 2019 Order Granting the Commission's Motion for a Preliminary Injunction and Other Equitable Relief ("PI Order," ECF No. 31).[1]  The PI Order

---

[1] On November 18, 2019, the CFTC filed a motion for an order to show cause as to why Circle Society should not be held in civil contempt of court for violation of the Court's October 3, 2019 Temporary Restraining Order ("Mot. for Order to Show Cause re Circle Society's TRO violation," ECF No. 24).  The Court issued an Order for Circle Society to appear on December 2, 2019 and to show cause why it should not be held in civil contempt of court for violation of the TRO (ECF No. 25).  No representative of Circle Society appeared at

1

ordered Defendants to provide access to and permit copying of documents related to Defendants' business activities or personal finances. PI Order at pp. 6-8, ECF No. 31. The PI Order also ordered Defendants to produce a "full and truthful accounting of their assets" to the CFTC. *Id*. at p. 6. Defendants have failed to comply with any of their obligations and have completely ignored the orders of this Court. Defendants should be held in contempt of Court and should be sanctioned appropriately, including fines and incarceration if necessary.

I.   **FACTS**

A.   **Defendants Received Service and Actual Notice of TRO and PI Order**

The Court issued the TRO on October 3, 2019, and the PI Order on December 6, 2019. Defendants have been served with the TRO and PI Order and have received actual notice of both orders directly or through counsel as described below. Saffron is the sole corporate officer of Circle Society and has been on notice of both the TRO and PI Orders since Circle Society was served on October 7, 2019 (Affidavit of Service, ECF No. 14), and December 9, 2019 (Proof of Service, ECF No. 33).[2]

---

the Hearing other than counsel, who filed a motion to withdraw the same day as the Hearing. The Court continued the Hearing on the CFTC's show cause motion to January 10, 2020 (ECF No. 30).

[2] Circle Society was represented by counsel Michael Van while both the TRO and PI motions were pending. The CFTC repeatedly requested information from Van as to who retained him, who authorized him to represent Circle Society, and who was paying him. No such information was ever provided. Nevertheless, in Van's recent "Notice of Completion of Service" filing, he provided the "most recent addresses utilized by [him] to communicate with the representatives of Circle Society, Corp" (ECF No. 32). The addresses provided include individual email addresses for David Saffron (davidsaffron@live.com) and Marc Jenson (MJenson1960@gmail.com). Circle Society's Nevada Secretary of State corporate records list David Saffron as the President, Secretary, Treasurer, and Director. *See* Exhibit 2 of Malas Decl., ECF No. 5-1, 6-1.

### 1. TRO

The CFTC served Circle Society by delivering a copy of the Summons, Complaint, all motions and other initial filings, and TRO to Circle Society's Registered Agent via electronic mail on October 7, 2019, and United Parcel Service ("UPS") overnight mail on October 8, 2019. *See* Affidavit of Service, ECF No. 14; Mot. for Order to Show Cause re Circle Society's TRO violation at pp. 2-3, ECF No. 24.

The CFTC served Saffron with the Complaint, Summons, and TRO via publication on November 29, 2019. *See* Proof of Service by Publication on Saffron, ECF No. 27.[3] The CFTC also served the TRO on attorney Marcus Mumford—who represented to the CFTC that he was counsel for Saffron and would be entering his appearance in this case—via email on October 15, 2019. *See* Emails to M. Mumford dated October 15 and 16, 2019 (Exhibit 4 to CFTC's Motion for Alternative Service of Process on Defendant Saffron, ECF No. 16-11).[4]

### 2. PI Order

After a hearing on December 2, 2019 (ECF No. 30), the Court converted the TRO to a PI Order against Defendants on December 6, 2019 (ECF No. 31). The CFTC served the PI Order on both Defendants via email, UPS overnight, and U.S. Postal Service mail on December 9,

---

[3] The CFTC accomplished service of process on Saffron by publication in the *Las Vegas Review Journal* and *Los Angeles Daily News* once a week for a period of four weeks, beginning on November 1, 2019. Pursuant to Nev. R. Civ. P. 4.4(c)(4)(C), the CFTC's service by publication was complete as of November 29, 2019, which is four weeks from the "date of the first publication." Among the information provided in the publications was a link to the CFTC's website and press release announcing the case filing and issuance of TRO against Defendants, https://www.cftc.gov/PressRoom/PressReleases/8053-19. The CFTC Press Release provides links to actual copies of the Complaint and TRO.

[4] The CFTC previously submitted its email correspondence with Marcus Mumford as Exhibits 3 and 4 to its Motion for Alternative Service of Process on Defendant Saffron (ECF Nos. 16, 16-10, 16-11).

2019, as detailed in the CFTC's Proof of Service (ECF No. 33). Circle Society's former counsel also confirmed that he served the PI Order on Circle Society "representatives" David Saffron and Marc Jenson via email and first-class mail on December 9, 2019. Notice of Completion of Service, ECF No. 32. Circle Society's former counsel served the PI Order on Circle Society, along with a letter "explaining that the Court granted Plaintiff's Preliminary Injunction at the December 2, 2019 hearing, and advising that the Court continued the hearing on the Plaintiff's Motion for an Order to Show Cause to January 10, 2020 at 10:00 am." *Id.*

**B.     Relevant PI Provisions Violated By Defendants**

    **1.     Access to and Copying of Documents**

First, the PI Order requires the preservation of Defendants' business records:

> 1. Saffron and Circle Society, their agents, servants, employees, assigns, attorneys, and persons in active concert or participation with the defendants . . . who receive actual notice of this Order by personal service or otherwise, *are ENJOINED from directly or indirectly mutilating, erasing, altering, concealing or disposing of, in any manner, directly or indirectly, any document that relates to the business practices or personal finances of any defendant*.

PI Order at p. 5, ECF No. 31 (emphasis added).

Second, the PI Order permits the CFTC to "INSPECT and COPY Saffron's and Circle Society's business and financial records" as follows:

> 1. Saffron and Circle Society, their agents, servants, employees, assigns, attorneys, and persons in active concert or participation with the defendants . . . who receive actual notice of this Order by personal service or otherwise, *must immediately upon the Commission's request allow its representatives to inspect the books, records, and other documents of defendants and their agents relating or referring to the defendants' business activities or business or personal finances* including, but not limited to, paper documents, electronically-stored information ("ESI"), tape recordings, and computer discs, wherever they may be situated and whether they are within defendants' possession or another's possession, and *to copy those documents, data, and records, either on or off the premises where the documents are situated*.

PI Order at pp. 6-7, ECF No. 31 (emphasis added).

## 2. Accounting

In addition to the document inspection and copying provisions, the PI Order requires Defendants to "provide the Commission with a full and truthful ACCOUNTING of their assets" within five business days following service of the PI Order.  PI Order at p. 6, ECF No. 31.

**C.  Defendants Have Failed to Provide Any Documents or Accounting In Violation of PI Order**

On December 9 and 16, 2019, the CFTC emailed Saffron in his capacity as an individual defendant and as the sole corporate officer of defendant Circle Society regarding the PI Order and reminded him of his obligations to produce documents and provide a full accounting, among other things.  *See* Emails to D. Saffron dated Dec. 9 and 16, 2019, attached as Exhibit 1.  The CFTC received no response to these emails.

The CFTC has reason to believe that Defendants have relevant business records.  Circle Society admitted to the CFTC through its former counsel—prior to his withdrawal from this case—that Circle Society indeed had responsive documents.  *See* Email from M. Van dated Nov. 12, 2019 (Exhibit 2 to Mot. for Order to Show Cause re Circle Society's TRO violation, ECF No. 24-2).  Additionally, the CFTC has received information and documents from at least one customer where Saffron reported that he has an "indexing system" for his "clients."  Despite these admissions, neither Saffron nor Circle Society has provided any documents to the CFTC, nor have they provided an accounting of assets as required by the PI Order.

The CFTC is unable to determine the full extent of customer losses or what assets may remain without any of Defendants' documents or a full accounting of their assets.  Defendants should not be permitted to frustrate the CFTC's prosecution of this case by ignoring the Court's TRO and PI Order and by failing to produce relevant books and records or an accounting of

5

assets. Defendants should be held in contempt of the Court's PI Order and fined and/or incarcerated until they comply with the PI Order.

## II. ARGUMENT

### A. Legal Standard for Civil Contempt

In the Ninth Circuit, the "party alleging civil contempt must demonstrate that the alleged contemnor violated the court's order by 'clear and convincing evidence.'" *United States v. Ayres*, 166 F.3d 991, 994 (9th Cir. 1999) (quoting I*n re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993)). The "party petitioning the court for civil contempt does not have to establish that the respondent intended to violate, or willfully violated, the order." *CFTC v. Emerald Worldwide Holdings, Inc.*, No. 2:03-cv-8339, 2004 WL 3186580, at *2 (C.D. Cal. July 29, 2004) (citing *NLRB v. Ironworks Local 433*, 169 F.3d 1217, 1222 (9th Cir. 1999)).

Once the moving party establishes the violation, the burden shifts to the alleged contemnor to produce evidence justifying his non-compliance. *FTC v. Affordable Media, LLC*, 179 F.3d 1228, 1241 (9th Cir. 1999) (citing *Stone v. City and County of San Francisco*, 968 F.2d 850, 856 n. 9 (9th Cir. 1992)); *Emerald Worldwide Holdings*, 2004 WL 3186580, at *2. An alleged contemnor may defend against a finding of contempt by demonstrating a present inability to comply or substantial compliance. *Ayres*, 166 F.3d at 994 ("Ability to comply is the crucial inquiry") (internal citation and quotations omitted); *FTC v. Gill*, 183 F. Supp. 2d 1171, 1180 (C.D. Cal. 2001) (noting "substantial compliance is a defense to civil contempt, such that a few technical violations do not qualify as contemptuous conduct if every reasonable effort has been made to comply"). The burden of showing the inability to comply falls on the alleged contemnor. *National Labor Relations Board v. Trans Ocean Export Packing, Inc.*, 473 F.2d 612, 616 (9th Cir. 1973). The contemnor's good faith or intent in attempting to comply with the court

order is immaterial.  *Pacific Coast Surgical Center, L.P. v. Scottsdale Ins. Co*., 2:18-cv-3904, 2019 WL 4267764, at *5 (C.D. Cal. July 31, 2019).

**B.     Defendants Should Be Held in Contempt of the Court's Orders**

The CFTC has shown by clear and convincing evidence that Defendants have violated multiple, specific and definite orders of the Court.  First, Defendants were required to provide the CFTC with this accounting "within five business days following service" of the PI Order.  PI Order at p. 6, ECF No. 31.  Such an accounting is necessary to determine what assets may exist to satisfy any judgment that the Court may order.  Second, Defendants have failed to provide the CFTC with any documents that the CFTC requested from Defendants beginning on October 7, 2019.  *See* Affidavit of Service on Circle Society, ECF No. 14; Mot. for Order to Show Cause re Circle Society's TRO violation at p. 5, ECF No. 24; Emails to D. Saffron dated Dec. 9 and 16, 2019, attached as Exhibit 1.  Such records include all customer records and all books and records of Defendants "relating or referring to the defendants' business activities or business or personal finances."  PI Order at p. 7, ECF No. 31.  These documents are necessary to determine the number of defrauded customers, the extent of customers' losses, and the full extent of the wrongful conduct.

The CFTC is not aware of any basis in fact or law that permits Defendants to ignore, or fail to comply with, the TRO or the PI Order.  It is well-settled law that a corporation can act only through its officers and agents.  *See United States v. Aerolie Chrome Corp*., 990 F.2d 1261 (9th Cir. 1993).  "An order directed to a corporation binds those who are legally responsible for the conduct of its affairs," and "[d]e facto as well as de jure officers are responsible for enabling a corporation to comply with orders directed to it."  *United States v. Laurins*, 857 F.2d 529, 535 (9th Cir. 1988).  As the sole officer of Circle Society, including serving as its President,

Secretary, Treasurer, and Director, Saffron is responsible for Circle Society's compliance with the Court's TRO and PI Order.

**C.     The Court Should Impose Sanctions Sufficient to Compel Compliance with the Court's Orders**

The Court has "inherent power to enforce compliance with [its] lawful orders through civil contempt." *Shillitani v. United States*, 384 U.S. 364, 368 (1966) (civil contemnors are imprisoned only until they comply with the orders of the court and "carry 'the keys of their prison in their own pockets'") (quoting *In re Nevitt*, 117 F. 448, 461 (9th Cir. 1902)).  Civil contempt sanctions serve "to coerce obedience to a court order, or to compensate the party pursing the contempt action for injuries resulting from the contemptuous behavior." *Emerald Worldwide Holdings*, 2004 WL 3186580, at *2 (quoting *General Signal v. Donallco, Inc.*, 787 F.2d 1376, 1380 (9th Cir. 1986)).

Defendants' violations of the TRO and PI Order are an affront to this Court's authority. A district court has broad authority to fashion appropriate relief in civil contempt proceedings, so long as that relief is reasonably calculated to compel obedience with a prior court order. *See McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 193 (1949) ("The measure of the court's power in a civil contempt proceeding is determined by the requirements of full remedial relief"); *see also Perry v. O'Donnell*, 759 F.2d 702, 704-05 (9th Cir. 1985) (a court may award attorney's fees and expenses to the prevailing party in civil contempt actions without a showing of willfulness).  It is beyond dispute that this Court has the power to impose coercive and compensatory sanctions to compel compliance with its orders. *See*, *e.g.*, *SEC v. Bankers Alliance Corp.*, 881 F. Supp. 673, 678-79 (D.D.C. 1995) (imposing civil contempt sanctions that included fines and incarceration against defendants for failing to provide an accounting of assets pursuant to a preliminary injunction order).

8

Further, courts have found defendants in civil contempt under circumstances such as those presented in this case. Courts have, for example, held defendants in civil contempt for failure to account for funds and produce records in similar U.S. Securities and Exchange Commission and CFTC actions. *See*, *e.g.*, *SEC v. Elmas Trading Corp.*, 824 F.2d 732, 733 (9th Cir. 1987) (dismissing appeal of civil contempt order and finding it was "not an abuse of discretion for [district] court to find that [defendant] can comply with its order and continue his incarceration until he does so"); *SEC v. Penfield*, 157 F.2d 65, 66-67 (9th Cir. 1946) (remanding case to district court "for an order requiring [defendant's] imprisonment to compel his obedience to the order to produce the documents in question"); *CFTC v. Emerald Worldwide Holdings*, No. 2:03-cv-8339, 2005 WL 77048, at *11 (C.D. Cal. Jan. 3, 2005) (granting application for arrest warrant of defendant who violated prior court order imposing civil contempt and fining defendants on daily basis until they made books and records available to CFTC). Courts have also held defendants in civil contempt for violating asset freeze and receivership orders. *See*, *e.g.*, *CFTC v. Forex Liquidity LLC*, 8:07-cv-1437-CJC-RNB (C.D. Cal. July 30, 2009) (ordering incarceration of defendant for failure to comply with court orders requiring him to return funds to receiver and deliver books and records); *SEC v. Holt*, No. 2:03-cv-1826, 2004 WL 1962177, at *5 (D. Ariz. July 29, 2004) (holding defendant in civil contempt in joint SEC and CFTC action for violating prior preliminary injunction and receivership order; ordering arrest and incarceration of defendant until he turned over all receivership assets).

Whether acting on his own behalf or on behalf of Circle Society, Saffron so far has shown no inclination to obey the specific and definite orders of this Court. Therefore, the Court should impose a sanction sufficiently coercive to compel Saffron's compliance with the PI Order. Imposition of a daily fine is also appropriate. *See Int'l Bus. Machs. Corp. v. United*

9

*States*, 493 F.2d 112, 116 (2d Cir. 1973) (fine may be imposed to coerce compliance with civil discovery order).

Saffron is the only person who has access to his and Circle Society's customer records, and he is the only person who can identify all customers. He is the only person who can identify all of the assets in his name and in the name or benefit of Circle Society. In the present case, fines alone may not compel Saffron to comply with the Court's Orders. Given Saffron's willingness to completely and utterly ignore the Court's TRO and PI Order and given his refusal to respond to the CFTC's communications, only incarceration may compel Saffron to comply with these orders.

## CONCLUSION

For the foregoing reasons, the CFTC respectfully requests the Court issue an Order to Show Cause Why Defendants Should Not Be Held In Contempt for failing to comply with the Court's PI order and subject to appropriate sanctions.

Dated:  December 20, 2019                    Respectfully submitted,

By: /s/ Danielle E. Karst
Danielle E. Karst
Timothy J. Mulreany
**COMMODITY FUTURES TRADING COMMISSION**
Three Lafayette Centre
1155 21st Street, N.W.
Washington, D.C. 20581
Telephone:  (202) 418-5000
Facsimile:   (202) 418-5523

# CERTIFICATE OF SERVICE

I certify that on December 20, 2019, I filed a copy of the foregoing *Plaintiff's Motion For Issuance Of Order To Show Cause As To Why Defendants Should Not Be Held In Contempt For Violations Of The Court's Preliminary Injunction Order* with the Clerk of the Court using the CM/ECF system. I also certify that on December 20, 2019, I sent hard copies of the same to Defendants David Gilbert Saffron and Circle Society, Corp. via United Parcel Service overnight mail and electronic mail at the following addresses:

**David Gilbert Saffron**
███████████
Las Vegas, Nevada ████
davidsaffron@live.com
(*Last-Known Address known by CFTC*)

**Circle Society, Corp.**
c/o David Saffron or Marc Jenson
2450 St. Rose Parkway, Suite 120
Henderson, NV 89074
Mjenson1960@gmail.com
davidsaffron@live.com
(*Last-Known Addresses provided by former defense counsel, ECF No. 32, and ordered on the docket by the Court, ECF No. 34*)

                                              /s/Danielle Karst
                                              Danielle Karst