**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION, | Case No. 2:19-cv-1697-JAD-DJA |
| Plaintiff, | |
| v. | |
| DAVID GILBERT SAFFRON a/k/a DAVID GILBERT and CIRCLE SOCIETY, CORP., | |
| Defendants. | |

**[PROPOSED] ORDER HOLDING DEFENDANTS IN CIVIL CONTEMPT OF COURT**

This matter comes before the Court on Plaintiff Commodity Futures Trading Commission's ("Commission" or "CFTC") two motions:  (1) *Motion for an Order to Show Cause as to Why Circle Society, Corp. Should Not Be Held in Civil Contempt for Violation of the Court's October 3, 2019 Temporary Restraining Order* ("Show Cause Motion I," ECF No. 24) and (2) *Motion for an Order to Show Cause as to Why Defendants David Saffron and Circle Society, Corp. Should Not Be Held in Civil Contempt for Violation of the Court's December 6, 2019 Preliminary Injunction Order* ("Show Cause Motion II," ECF No. 40).

On November 21, 2019, the Court granted the CFTC's Show Cause Motion I and ordered Circle Society to appear on December 2, 2019 (Order, ECF No. 25).  On December 2, 2019, the Court continued the hearing on the CFTC's Show Cause Motion I to January 10, 2020.  On January 10, 2020, the Court consolidated the hearings on the CFTC's Show Cause Motions I and II and heard evidence and argument on the motions.

In consideration of the CFTC's motions, the applicable law, and the evidence and argument presented at the January 10, 2020 Hearing, the Court finds as follows:

1.      On October 3, 2019, the Court entered a TRO granting the CFTC's Motion for a Temporary Restraining Order ("TRO"), which froze Defendants' assets and prevented Defendants from destroying or refusing CFTC representatives access to Defendants' documents related to their business activities or personal finances, among other relief.  TRO at pp. 15-16, ECF No. 9.

2.      On December 6, 2019, the Court entered an Order Granting the Commission's Motion for a Preliminary Injunction and Other Equitable Relief ("PI Order," ECF No. 31).  The PI Order ordered Defendants to provide access to and permit copying of documents related to Defendants' business activities or personal finances.  PI Order at pp. 6-8, ECF No. 31.  The PI Order ordered Defendants to produce a "full and truthful accounting of their assets" to the CFTC within five days following service of the PI Order.  *Id*. at p. 6.  The PI Order also continued the asset freeze imposed by the TRO (*Id*. at pp. 4-5) and enjoined Defendants from further violations of the Commodity Exchange Act and CFTC Regulations and from trading, directly or indirectly, in any commodity that is regulated by the Commodity Exchange Act (*Id*. at p. 8).

3.      Defendants Saffron and Circle Society had actual notice of the TRO and PI Order either directly or through former counsel for Circle Society.

4.      Defendant Circle Society, in violation of the TRO, failed to provide the CFTC with access to any documents related to Defendants' business activities or personal finances in violation of the TRO.

5.      Defendants Saffron and Circle Society, in violation of the PI Order, failed to permit the CFTC to inspect and copy Defendants' books, records, and documents relating or referring to their business activities or business or personal finances.

6.      Defendants Saffron and Circle Society, in violation of the PI Order, failed to

provide the CFTC with a full and truthful accounting of their assets.

7.     The Court has jurisdiction over this action pursuant to Section 6c of the Commodity Exchange Act, 7 U.S.C. § 13a-1 (2012).  The Commodity Exchange Act authorizes the Court to exercise its powers to effectuate the purposes of the Commodity Exchange Act, including but not limited to the issuance of writs or other orders.  Section 6c, 7 U.S.C. § 13a-1(c) (2012).

8.     The TRO and PI Order are valid orders entered in this action.

9.     Defendant Saffron has violated and is currently violating the TRO and PI Order by:  his failure to provide access to his books and records; his failure to permit the CFTC to inspect and copy his books and records; and his failure to provide the CFTC with a full accounting of his assets.

10.     Defendant Circle Society has violated and is currently violating the TRO and PI Order by:  its failure to provide access to its books and records; its failure to permit the CFTC to inspect and copy its books and records; and its failure to provide the CFTC with a full accounting of Circle Society's assets.

11.     For the reasons above, Defendants Saffron and Circle Society are in civil contempt of court.

12.     Having determined that Defendants Saffron and Circle Society are in civil contempt of court, **IT IS HEREBY ORDERED** that Defendants Saffron and Circle Society will immediately:

   a.   Provide the CFTC with copies of all books, records, and other documents of
        Defendants and their agents relating or referring to the Defendants' business activities
        or business or personal finances including, but not limited to, any customer lists,

indexing system(s), and customer account statements.  Should Defendants be unable to provide all or some of these documents due those documents' loss or destruction, Defendants shall provide a list of those lost or destroyed documents, including a description of those documents, a description of how those documents were lost or destroyed, the location of those documents at the time of their loss or destruction, and the date those documents were lost or destroyed.

b. Provide the CFTC with a full and truthful accounting of each of Defendant's assets, held jointly or separately, within or outside the United States, beginning from December 2017 for Saffron and from September 2018 for Circle Society to the date of this Order.

c. Provide the CFTC with access to all records associated with Defendants' bank, brokerage, and other accounts held at financial institutions within or outside the United States by signing the Consent to Release Financial Records that was previously provided by the CFTC.

13. **IT IS FURTHER ORDERED** that should Defendants Saffron and Circle Society fail to comply with this Order within five (5) days of the date of service of this Order, they shall pay a conditional fine of $5,000 a day until they comply with this Order to provide documents and an accounting as set forth above in paragraph 12.  Defendants can purge themselves of their contempt, and the conditional fine will stop accumulating, if they comply with the Court's Order.

14. **IT IS FURTHER ORDERED** that should Defendant Saffron fail to comply with this Order within five (5) days of the date of service of this Order, he will be remanded into the custody of the United States Marshal and taken to the nearest detainment facility and there incarcerated.  The Court concludes this sanction is necessary as it is the level of coercion most

likely to effect David Saffron's compliance with the Orders of this Court.  David Saffron may purge himself of his contempt and be released from incarceration by accomplishing all of the actions previously detailed in this Order.

15.   **IT IS FURTHER ORDERED** that this Order shall be served by any CFTC representative, any United States Marshal or deputy United States Marshal, or in accordance with Rule 4 of the Federal Rules of Civil Procedure.

16.   **IT IS FURTHER ORDERED** that the Court shall continue to retain jurisdiction of this matter for all purposes.

**IT SO ORDERED**:

_____
UNITED STATES DISTRICT JUDGE
DATED:   _____