Danielle E. Karst (D.C. Bar No. 481881)
Timothy J. Mulreany (Maryland Bar No. 8812160123)
**COMMODITY FUTURES TRADING COMMISSION**
Three Lafayette Centre
1155 21st Street, N.W.
Washington, D.C. 20581
Telephone:   (202) 418-6158 (Karst)
Telephone:   (202) 418-5306 (Mulreany)
Facsimile:    (202) 418-5523
dkarst@cftc.gov
tmulreany@cftc.gov

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>DAVID GILBERT SAFFRON<br>a/k/a DAVID GILBERT and<br>CIRCLE SOCIETY, CORP.,<br><br>Defendants. | Case No.  2:19-cv-1697-JAD-DJA<br><br>**PLAINTIFF CFTC'S MOTION TO STRIKE DEFENDANT SAFFRON'S ANSWER (ECF NO. 43)** |

Plaintiff Commodity Futures Trading Commission ("CFTC") respectfully moves the Court to issue an order striking the Answer of Defendant David Gilbert Saffron ("Saffron"). Following the Clerk's Entry of Default Against Saffron pursuant to Fed. R. Civ. P. 55(a), Saffron, acting in a *pro se* capacity, filed an Answer to the CFTC's Complaint.  *See* Answer, ECF No. 43.

Pursuant to Fed. R. Civ. P. 12(f) and 55, Saffron's Answer must be stricken because (1) the Clerk entered Default against Saffron prior to Saffron's Answer; (2) once Default is entered, the Court must take the factual allegations in the CFTC's Complaint as true, making Saffron's Answer and general denials irrelevant; and (3) the CFTC will suffer prejudice if it is forced to continue to litigate the veracity of its claims against Saffron, especially considering Saffron's

documented history of unresponsiveness throughout this matter and complete failure to comply with this Court's Temporary Restraining Order (ECF No. 9) and Preliminary Injunction Order (ECF No. 31).[1]

Accordingly, the CFTC's Motion to Strike Saffron's untimely and procedurally improper Answer should be granted.

## I. BACKGROUND

The CFTC filed the instant lawsuit against Defendants Saffron and Circle Society, Corp. ("Circle Society") on September 30, 2019 (ECF No. 1). Defendants were duly served with the Complaint, Summonses, and other filings but have failed to plead within the time prescribed by the Federal Rules of Civil Procedure. *See* Affidavit of Service on Defendant Circle Society, ECF No. 14; Motion for Entry of Clerk's Default Against Defendant Circle Society, ECF Nos. 20, 20-1; Proof of Service by Publication on Defendant Saffron, ECF No. 27; Motion for Entry of Clerk's Default Against Defendant Saffron, ECF Nos. 41, 41-1. The CFTC's service of process on Saffron was complete on November 29, 2019 (*see* ECF No. 27), and Saffron's 21-day period to answer or move against the Complaint expired on December 20, 2019. *See* Fed. R. Civ. P. 12(a)(1)(A)(i).

After Saffron failed to answer the Complaint and failed to otherwise appear and abide by this Court's Temporary Restraining Order and Preliminary Injunction Order, the CFTC filed a Motion for Entry of Clerk's Default Against Saffron on December 21, 2019 (ECF Nos. 41, 41-1). The Clerk of this Court entered default against Saffron on December 23, 2019 (ECF No. 42). Following the Clerk's Entry of Default Against Saffron, Saffron filed an untimely Answer on

---

[1] The CFTC has no issue in litigating against Saffron as a *pro se* litigant. However, Saffron, like all other litigants, must follow the Federal Rules of Civil Procedure and this Court's orders.

1

December 23, 2019 (ECF No. 43).

2

## II.    ARGUMENT

3

**Saffron's Answer, Filed After This Court's Entry of Default, Is Procedurally
Improper And Subject To A Fed. R. Civ. P. 12(f) Motion To Strike**

4

5

A defendant's answer filed after an entry of default is improper and subject to this

6

Court's inherent power to strike.  Under Fed. R. Civ. P. 12(f), a "court may strike from a

7

pleading . . . any redundant, immaterial, impertinent, or scandalous matter . . . within 21 days

8

after being served with the pleading."  A "pleading," per Fed. R. Civ. P. 7(a), is a complaint,

9

answer, or a reply to an answer — not a motion.  Courts maintain discretion to grant motions to

10

strike in order to avoid "the expenditure of time and money that must arise from litigating

11

spurious issues by dispensing with those issues prior to trial."  *Fantasy, Inc. v. Fogerty*, 984 F.2d

12

1524, 1527, *rev'd on other grounds*, 510 U.S. 517 (1994) (internal citations and quotations

13

omitted).  In addition to this authority to strike improper answers, a district court also has the

14

"inherent power over the administration of its business," including the "inherent authority . . . to

15

promulgate and enforce rules for the management of litigation."  *Spurlock v. FBI*, 69 F.3d 1010,

16

1016 (9th Cir. 1995).

17

It is within this Court's discretion to strike Saffron's Answer, which is untimely and

18

19

improper.  *See, e.g.*, *Webster Capital Fin., Inc. v. Milt's Eagle, LLC*, No. 2:09-cv-1367, 2011

20

WL 1155440, at *2 (D. Nev. Mar. 28, 2011) (granting plaintiff's motion striking Defendants'

21

late-filed Answer after an entry of default for being improper as a responsive pleading).  Upon

22

entry of default, the court takes the factual allegations in the non-defaulting party's complaint as

23

24

true.  *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (citation omitted).

25

Under Fed. R. Civ. P. 55(c), the proper remedy for a defendant seeking to continue to litigate a

26

matter after an entry of default is to file a motion to set aside.

27

28

Even if the Court elects to treat Saffron's Answer as a motion to set aside the Clerk's entry of default, it may only set aside the entry of default against him for "good cause" pursuant to Fed. R. Civ. P. 55(c) ("The court may set aside an entry of default for good cause").  The good cause standard that governs vacating an entry of default under Rule 55(c) is the same standard that governs vacating a default judgment under Rule 60(b).  *Franchise Holding II, LLC v. Huntington Restaurants Group, Inc*., 375 F.3d 922, 925 (9th Cir. 2004); *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001).  The good cause analysis requires the Court to consider three factors:  (1) whether Defendant engaged in culpable conduct that led to the default; (2) whether Defendant has no meritorious defenses; or (3) whether the CFTC would be prejudiced if default is set aside.  *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (*citing Franchise Holding II*, 375 F.3d at 925-26).  As these factors are disjunctive, the Court may deny the motion if any of the three factors are true.  *Franchise Holding II,* 375 F.3d at 926 (citing *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir. 2000)).  The party seeking relief from the entry of default bears the burden of showing that these factors favor such relief.  *See Franchise Holding II*, 375 F.3d at 926.  In considering these good cause factors, the United States Court of Appeals for the Ninth Circuit instructs that the Court is to be guided by the underlying policy concern that "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits."  *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).

Saffron has failed to move this Court to set aside his default, and there has been no showing of "good cause" by Saffron sufficient to set aside the default.  Nowhere in his filing does Saffron address the three factors relevant to setting aside the entry of default against him.  Indeed, Saffron neither seeks to set aside the default nor does he set forth any "meritorious

defenses" on behalf of either Defendant.  Instead, Saffron's Answer contains general denials and fails to deny or admit each allegation in the Complaint.

In light of Saffron's procedurally improper Answer and his failure to demonstrate good cause exists to set aside the entry of default against him, the Court should grant the CFTC's Motion to Strike Defendant Saffron's Answer.

### III.    CONCLUSION

For the reasons stated above, the CFTC respectfully requests that the Court grant the CFTC's Motion to Strike Defendant Saffron's Answer and grant the CFTC any further and additional relief as is just and appropriate.

Dated:  January 3, 2020                                      Respectfully submitted,

By: /s/ Danielle E. Karst
Danielle E. Karst
Timothy J. Mulreany
**COMMODITY FUTURES TRADING COMMISSION**
Three Lafayette Centre
1155 21st Street, N.W.
Washington, D.C. 20581
Telephone:  (202) 418-5000
Facsimile:   (202) 418-5523

1

## CERTIFICATE OF SERVICE

2

I certify that on January 30, 2020, I filed a copy of the foregoing *Plaintiff CFTC's Motion to Strike*

3

*Defendant Saffron's Answer* with the Clerk of the Court using the CM/ECF system.  I also certify that on

4

January 3, 2020, I sent hard copies of the same to Defendants David Gilbert Saffron and Circle

5

Society, Corp. via First-Class U.S. Postal Service mail and email at the following addresses:

6

| **David Gilbert Saffron**, *pro se* |
7 | 57 Cathies Lane Wantira South 3152 |
| Victoria |
8 | Australia |
| davidsaffron@live.com |
9 | --- |
| **Circle Society, Corp.** |
10 | c/o David Saffron or Marc Jenson |
| 2450 St. Rose Parkway, Suite 120 |
11 | Henderson, NV 89074 |
| Mjenson1960@gmail.com |
12 | davidsaffron@live.com |
| (*Last-Known Addresses as provided by defense counsel, ECF No. 32*) |

13

14

15                                        /s/Danielle E. Karst

                                         Danielle E. Karst
16

17

18

19

20

21

22

23

24

25

26

27

28