# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Commodity Futures Trading Commission, | Case No.: 2:19-cv-01697-JAD-DJA |
| Plaintiff | |
| v. | **Civil Contempt Order** |
| David Gilbert Saffron a/k/a David Gilbert and Circle Society, Corp., | |
| Defendants | |

Previously, I granted plaintiff Commodity Futures Trading Commission's ("Commission" or "CFTC") motion for an order to show cause why defendants David Saffron and Circle Society Corp. should not be held in civil contempt for violating the court's December 6, 2019, order granting the Commission's motion for a preliminary injunction and other equitable relief.[1] That order directed Saffron and Circle Society Corp. to appear before the court on January 24, 2020, and show cause why (1) they should not be held in civil contempt for violating the injunction order and (2) such other relief as the court may deem just and proper should not be imposed against them to redress their violations of that order.[2]

Although Saffron appeared at the show-cause hearing and offered excuses and promises, he failed to show cause why he and Circle Society should not be held in civil contempt for violating the injunction order and subject to further coercive sanctions if they did not soon comply. I find that the CFTC has established by clear and convincing evidence that Saffron and

---

[1] ECF Nos. 47 (minutes), 48 (order).
[2] ECF No. 48.

Circle Society have violated multiple terms and conditions of the injunction order and that the CFTC is entitled to relief in the form of coercive sanctions against each defendant.[3]

### Background

On September 30, 2019, the CFTC filed a complaint naming David Gilbert Saffron and Circle Society, Corp. as defendants. It alleges that Saffron and Circle Society violated the Commodity Exchange Act by engaging in a scheme whereby they fraudulently solicited members of the public to participate in an unregistered commodity pool for the purported purpose of trading off-exchange, binary option contracts on foreign currency ("forex") and cryptocurrency pairs, among other things.

On the same date that the CFTC filed its complaint, it also filed an ex parte motion for a temporary restraining order ("TRO")[4] and motion for a preliminary injunction ("PI").[5] The court granted the CFTC's TRO Motion on October 3, 2019.[6] Paragraph 3 of the TRO enjoined defendants from "destroying, mutilating, erasing, altering, concealing or disposing of . . . any documents related to defendants' business activities or personal finances."[7] Paragraph 4 of the TRO ordered defendants to permit the CFTC to inspect any documents related to defendants' business activities or personal finances.[8]

On November 18, 2019, the CFTC filed a Motion for an Order to Show Cause as to Why Circle Society Should Not Be Held in Civil Contempt for Violation of the Court's October 3,

---

[3] This Order supplements the findings and conclusions that the court placed on the record at the January 24, 2020, hearing.
[4] ECF No. 5.
[5] ECF No. 6.
[6] ECF No. 9.
[7] *Id.* at 16, ¶ 3.
[8] *Id.* at ¶ 4.

2019 TRO ("Show Cause Motion I").[9] On November 21, 2019, the court granted the CFTC's Show Cause Motion I and ordered Circle Society to appear on December 2, 2019.[10] On December 2, 2019, the court held a PI hearing, at which it converted the TRO to a PI and continued the hearing on the CFTC's Show Cause Motion I to January 10, 2020.[11] Saffron, the sole corporate officer of Circle Society, did not appear at the hearing. Circle Society's former counsel appeared and filed a motion to withdraw as counsel for Circle Society that same day, which the court granted.[12]

On December 6, 2019, the court issued a Preliminary Injunction Order ("PI Order").[13] Among other things, the PI Order requires defendants to "provide the Commission with a full accounting of each defendant's assets" within five business days following service of the PI Order.[14] The PI Order also requires defendants to permit the CFTC to inspect and copy their financial and business books and records, including electronically-stored information and computer disks.[15] Finally, the PI Order continued the asset freeze imposed by the TRO[16] and enjoined defendants from further violating the Commodity Exchange Act; from soliciting or accepting funds from members of the public; and from trading, directly or indirectly, in any commodity that is regulated by the Commodity Exchange Act.[17]

---

[9] ECF No. 24.
[10] ECF No. 25.
[11] ECF No. 30 (minutes).
[12] ECF Nos. 28 (motion to withdraw), 29 (order granting motion).
[13] ECF No. 31.
[14] *Id.* at 6.
[15] *Id.* at 6–7.
[16] *Id.* at 4.
[17] *Id.* at 8.

On December 20, 2019, the CFTC filed a Motion for an Order to Show Cause as to Why Defendants David Saffron and Circle Society Should Not Be Held in Civil Contempt for Violation of the Court's December 6, 2019, Preliminary Injunction Order ("Show Cause Motion II").[18] On January 10, 2020, the court held a hearing on the CFTC's Show Cause Motions I and II against both defendants for violating the PI Order. The court issued an Order granting the CFTC's Show Cause Motion II, ordering defendants to appear before the court on January 24, 2020, and show cause why (1) they should not be held in civil contempt of court for violating the PI Order and (2) such other relief as the Court may deem just and proper should not be imposed against them to redress their violations of the PI Order.[19] Saffron appeared on January 24, 2020, and offered excuses and promises, but he failed to show cause why he and Circle Society should not be held in contempt for violating the PI Order.

## Discussion

**A.    Legal standard for holding a party in civil contempt**

A court may hold a party in civil contempt for violating a court order.[20] Civil contempt sanctions serve "to coerce obedience to a court order, or to compensate the party pursing the contempt action for injuries resulting from the contemptuous behavior."[21] In order to obtain contempt sanctions, the moving party must demonstrate by clear and convincing evidence that the other party violated a court order.[22] Once the moving party establishes the violation, the

---

[18] ECF No. 40.

[19] ECF No. 48.

[20] *See United States v. Ayres*, 166 F.3d 991, 994 (9th Cir. 1999).

[21] *CFTC v. Emerald Worldwide Holdings*, No. 2:03-cv-8339, 2004 WL 3186580, at *2 (C.D. Cal. July 29, 2004) (quoting *General Signal v. Donallco, Inc.*, 787 F.2d 1376, 1380 (9th Cir. 1986)).

[22] *See Ayres*, 166 F.3d at 994.

4

burden shifts to the alleged contemnor to produce evidence justifying his non-compliance.[23] The "party petitioning the court for civil contempt does not have to establish that the respondent intended to violate, or willfully violated, the order."[24]

**B.     The CFTC has established by clear and convincing evidence that Saffron and Circle Society violated multiple terms and conditions of the PI Order.**

The CFTC contends that Saffron and Circle Society have violated the PI Order by (1) failing to provide the CFTC with a "full and truthful accounting of their assets" within five business days following service of the PI Order and (2) refusing to make available to the CFTC for inspection and copying the "books, records, and other documents of defendants and their agents relating to or referring to defendants' business activities or business or personal finances including, but not limited to, paper documents, electronically-stored information, tape recordings, and computer discs."[25]  The CFTC represents that it has made numerous demands on defendants to comply with these terms and conditions of the PI Order.[26]  It is undisputed that defendants have not permitted inspection or copying of any of their documents or an accounting of assets to the CFTC as required by the PI Order.  I find that the CFTC has provided clear and convincing evidence, which defendants have failed to rebut, that defendants have violated the PI Order's terms and conditions by failing to provide an accounting of their assets and by refusing to permit inspection and copying of their books and records.

---

[23] *FTC v. Affordable Media, LLC*, 179 F.3d 1228, 1241 (9th Cir. 1999) (citing *Stone v. City and County of San Francisco*, 968 F.2d 850, 856 n. 9 (9th Cir. 1992)); *Emerald Worldwide Holdings*, 2004 WL 3186580, at *2.

[24] *Emerald Worldwide Holdings, Inc.*, 2004 WL 3186580, at *2 (citing *NLRB v. Ironworks Local 433*, 169 F.3d 1217, 1222 (9th Cir. 1999)).

[25] ECF No. 31 at 6–7.

[26] *See* ECF No. 40 at 5 (Show Cause Motion II).

5

**Conclusion**

Accordingly, and with good cause and clear and convincing evidence appearing, IT IS HEREBY ORDERED that Saffron and Circle Society must:

1. Fully comply with all terms and conditions of the December 6, 2019, PI Order;

2. No later than February 7, 2020, make available to the CFTC, for inspection and reproduction, all of defendants' business and financial books, records, and other documents, including electronically-stored information ("ESI"), or, if defendants are unable to make their books, records and other documents, including ESI, available to the CFTC, file with the District Court (with a copy submitted to the CFTC), a declaration under penalty of perjury by Saffron setting forth in detail all efforts by defendants and their agents to locate defendants' books, records, and other documents, including ESI;

3. No later than February 7, 2020, provide the CFTC with a full accounting of each defendant's assets, held jointly or separately, within or outside the United States, beginning from December 2017 for Saffron and from September 2018 for Circle Society to the date of this Order;

4. No later than February 7, 2020, provide written responses to the CFTC, under oath, to the following questions:

    a. Have you held or controlled any virtual currency addresses, including possessing the private keys for any virtual currency address, that has had a balance greater than zero in the past two years?

        i. If so, identify the address, provide the corresponding private key for any virtual currency address, and provide the date on which you acquired that private key.

    b.  Have you participated in or directed any virtual currency transactions in the past two years?

      i.  If so, identify the dates, currency, quantity, and your involved virtual currency address(es).

    c.  Identify all persons and/or entities to whom you have transferred virtual currency, beginning from December 2017 to the date of this Order, the date of each transfer, & provide the public keys and public addresses associated with said transfers, as well as the private keys you used to effect each transfer;

  5.  Unless Saffron purges his contempt by fully complying with the terms and conditions of this Order and the PI Order, he must pay to the District Court a daily compliance fine of $1,000 per day, beginning on February 8, 2020, and lasting until such time as Saffron has purged his contempt or the court orders otherwise. Any compliance fine due on a day when the court is closed, e.g., weekend or federal holiday, must be paid on the next day that the court is open to the public;

  6.  Unless Circle Society purges its contempt by fully complying with the terms and conditions of this Order and the PI Order, it must pay to the District Court a daily compliance fine of $1,000 per day, beginning on February 8, 2020, and lasting until such time as Circle Society has purged its contempt or the court orders otherwise. Any compliance fine due on a day when the court is closed, e.g., weekend or federal holiday, must be paid on the next day that the court is open to the public.

  Finally, Saffron and Circle Society are cautioned that, should either of them fail to comply with the terms and conditions of this Order, including their individual obligations to pay a $1,000 daily compliance fine if they fail to purge their contempt, the court will entertain a

motion from the CFTC to impose additional coercive sanctions upon a satisfactory showing by the CFTC that defendants, or either of them, have failed to comply with the terms and conditions of this Order.

_____
U.S. District Judge Jennifer A. Dorsey
January 30, 2020