UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Commodity Futures Trading Commission,<br><br>Plaintiff<br><br>v.<br><br>David Gilbert Saffron a/k/a David Gilbert and Circle Society, Corp.,<br><br>Defendants | Case No.: 2:19-cv-01697-JAD-DJA<br><br>**Order Granting Motion to Strike Answer** |

The Commission moves to strike the answer filed by David Gilbert Saffron, arguing that it was filed late and after default had been entered against him.[1] The Commission served Saffron with process in this case via publication.[2] Because that service was complete on November 29, 2019,[3] the deadline for Saffron to answer or otherwise respond to the complaint expired on December 20, 2019.[4] Three days after that deadline expired, the Clerk of Court, on the Commission's motion, entered default against Saffron.[5] Later that same day, the court received and entered Saffron's answer to the complaint.[6] As the Commission points out, Rule 55(c) provides that the proper remedy for a defendant who seeks to continue to litigate a matter after default has been entered against him is to move to set that default aside.

---

[1] ECF No. 45 (motion).

[2] *See* ECF Nos. 19 (order granting motion for service by publication), 27 (proof of service by publication on Saffron).

[3] ECF No. 27.

[4] *See* Fed. R. Civ. P. 12(a) (providing 21 days after service of process to file an answer).

[5] ECF Nos. 41 (motion for default), 42 (entry of default).

[6] ECF No. 43. Mr. Saffron submitted the answer in a pro se capacity.

Accordingly, the Commission's motion to set aside Saffron's answer **[ECF No. 45] is GRANTED**.  If Saffron wants to defend the Commission's claims against him, he must first file a motion under Rule 55(c) to set the default aside, showing there is good cause to do so.  Saffron has until **February 13, 2020**, to file a motion under Rule 55(c) to set aside the default that has been entered against him.

_____
U.S. District Judge Jennifer A. Dorsey
January 30, 2020