Danielle E. Karst (D.C. Bar No. 481881)
Timothy J. Mulreany (Maryland Bar No. 8812160123)
**COMMODITY FUTURES TRADING COMMISSION**
Three Lafayette Centre
1155 21st Street, N.W.
Washington, D.C. 20581
Telephone:  (202) 418-6158 (Karst)
Telephone:  (202) 418-5306 (Mulreany)
Facsimile:   (202) 418-5523
dkarst@cftc.gov
tmulreany@cftc.gov

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>DAVID GILBERT SAFFRON<br>a/k/a DAVID GILBERT and<br>CIRCLE SOCIETY, CORP.,<br><br>Defendants. | Case No.  2:19-cv-1697-JAD-DJA<br><br>**PLAINTIFF CFTC'S MOTION FOR FEES AND EXPENSES CAUSED BY DEFENDANTS' CONTEMPT** |

Plaintiff Commodity Futures Trading Commission ("Commission" or "CFTC") respectfully moves the Court for attorneys' fees and expenses, pursuant to the Court's Civil Contempt Order ("Contempt Order," ECF No. 51) against Defendants David Gilbert Saffron ("Saffron") and Circle Society, Corp. ("Circle Society") (collectively, "Defendants") and instructions at the January 24, 2020 contempt hearing.  This Motion arises from Defendants' multiple, unjustified, and continuous violations of the Court's October 3, 2019 Temporary Restraining Order ("TRO," ECF No. 9) and December 6, 2019 Preliminary Injunction Order ("PI Order," ECF No. 31), including "failing to provide an accounting of their assets" and "refusing to permit inspection and copying of their books and records."  Contempt Order at p. 5, ECF No. 51.  The Court found that the "CFTC has established by clear and convincing evidence that

1

Saffron and Circle Society have violated multiple terms and conditions of the injunction order and that the CFTC is entitled to relief in the form of coercive sanctions against each defendant." Contempt Order at pp. 1-2, ECF No. 51. As described in more detail below and in the supporting Declaration and Compensatory Damages Worksheet attached hereto, Plaintiff incurred significant fees and expenses in demanding compliance with the TRO and PI Order, collecting evidence of the violations, preparing show-cause motions, and participating in three hearings before the Court. Plaintiff requests fees and expenses totaling $14,279.30. The amount of fees and expenses are reasonable and justified in light of Defendants' continuing disobedience of this Court's lawful orders, which have made discovering the full extent of Defendants' fraud more difficult and ultimately more expensive and time consuming for Plaintiff.

I. **FACTUAL BACKGROUND**

As a result of Defendants' violations of the Court's TRO and PI Order:

(1) Plaintiff was required to expend significant time and resources over a period of nearly four months in an attempt to obtain Defendants' compliance, including making multiple demands on Defendants to comply and sending emails to Defendants and Circle Society's former counsel regarding their obligations to comply, among other things;

(2) Plaintiff filed two show-cause motions to address Defendants' violations;[1]

(3) Plaintiff prepared for and traveled from Washington, D.C. to Las Vegas, Nevada to participate in three hearings to address Defendants' contempt;[2] and

---

[1] *See* Motion for Issuance of an Order to Show Cause as to Why Defendant Circle Society Should Not Be Held in Civil Contempt for Violation of the Court's October 3, 2019 TRO ("Show Cause Motion I," ECF No. 24); Motion for Issuance of Order to Show Cause as to Why Defendants David Saffron and Circle Society Should Not Be Held in Civil Contempt for Violations of the Court's December 6, 2019 PI Order ("Show Cause Motion II," ECF No. 40).

[2] *See* Minutes of Proceedings (Dec. 2, 2019), ECF No. 30; Minutes of Proceedings (Jan. 10, 2020), ECF No. 47; Minutes of Proceedings (Jan. 24, 2020), ECF No. 53; CFTC's Compensatory Damages Worksheet, attached to Declaration of Danielle Karst in support of this Motion.

(4) Plaintiff expended further time and resources to prepare this Motion for Attorneys' Fees and Expenses, including reviewing and calculating (and substantially reducing) timesheets, conducting legal research, and preparing the appropriate attorney affidavit and compensatory damages worksheet in support of this Motion.

There have been three Court hearings in connection with Defendants' contempt. On December 2, 2019, the Court held a motion hearing, converted the TRO to a PI Order, heard representations regarding Plaintiff's Show Cause Motion I, and continued the show-cause hearing. Minutes of Proceedings, ECF No. 30. Saffron, the sole corporate officer of Circle Society, did not appear at the December 2, 2019 hearing. On January 10, 2020, the Court held a show-cause hearing, heard representations regarding Plaintiff's Show Cause Motion II, and issued an Order granting Plaintiff's Show Cause Motion II.[3] Minutes of Proceedings, ECF No. 47; Order, ECF No. 48 (ordering Defendants to appear and show cause on January 24, 2020). On January 24, 2020, Saffron appeared at the hearing and "offered excuses and promises, but he failed to show cause why he and Circle Society should not be held in contempt for violating the PI Order." Contempt Order at p. 4, ECF No. 51. At the contempt hearing, Plaintiff requested compensatory damages incurred in the investigation and prosecution of Defendants' contempt. The Court stated that it would entertain a motion by Plaintiff for such damages.

## II.     ARGUMENT

The Court has "inherent power to enforce compliance with [its] lawful orders through civil contempt." *Shillitani v. United States*, 384 U.S. 364, 368 (1966) (civil contemnors are

---

[3] At the January 10, 2020 hearing, the Court determined that Plaintiff's Show Cause Motion I was moot given that the TRO had been converted to a PI Order. *See* Tr. Show Cause Hearing Jan. 10, 2020 at 8:13-24 (ECF No. 50). Defendants never complied with the TRO provisions requiring access to Defendants' documents.

imprisoned only until they comply with the orders of the court and "carry 'the keys of their prison in their own pockets'") (quoting *In re Nevitt*, 117 F. 448, 461 (9th Cir. 1902)). Civil contempt sanctions serve "to coerce obedience to a court order, or to compensate the party pursing the contempt action for injuries resulting from the contemptuous behavior." *CFTC v. Emerald Worldwide Holdings*, 2:03-cv-8339, 2004 WL 3186580, at *2 (C.D. Cal. July 29, 2004) (quoting *General Signal v. Donallco, Inc.*, 787 F.2d 1376, 1380 (9th Cir. 1986)).

A district court has broad authority to fashion appropriate relief in civil contempt proceedings, so long as that relief is reasonably calculated to compel obedience with a prior court order. *See McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 193 (1949) ("The measure of the court's power in civil contempt proceedings is determined by the requirements of full remedial relief."); *see also Perry v. O'Donnell*, 759 F.2d 702, 704-05 (9th Cir. 1985) (finding a court may award attorney's fees and expenses to the prevailing party in civil contempt actions without a showing of willfulness). Among those equitable powers a court inherently possesses to compel compliance with its orders is the authority to "award fees and expenses in civil contempt." *Innovation Ventures, LLC v. Distrib., Inc.*, 8:12-cv-00717, 2015 WL 5319815, at *2 (C.D. Cal. Apr. 29, 2015) (citing *Perry v. O'Donnell*, 759 F.2d at 706); *see also Sheet Metal Workers Int'l Ass'n v. EEOC*, 478 U.S. 421, 444, n. 23 (1986) (noting award of attorney fees and expenses compensated litigant for other party's contemptuous conduct). It is also well settled that such awards may be made not only to private plaintiffs but to governmental agencies as well. *CFTC v. Premex, Inc.*, 655 F.2d 779, 786 (7th Cir. 1981).

Courts in similar cases have awarded compensatory damages to the CFTC for contempt proceedings. *See*, *e.g.*, *Emerald Worldwide Holdings*, 2004 WL 3186580, at *11 (finding defendants in contempt for TRO violations and awarding compensatory damages for expenses

4

and attorneys' fees incurred in investigation and prosecution of contempt); *CFTC v. Premex, Inc.*, 655 F.2d at 786 (affirming award of fees and expenses to CFTC for costs of prosecuting contempt proceedings following violation of injunction; "limited relief was compensatory rather than punitive and was well within the discretion of the district court"); *CFTC v. Sirras*, 1984 Comm. Fut. L. Rep. (CCH) ¶ 22,103 (S.D.N.Y. April 25, 1984) (granting CFTC's request for attorney's fees and costs in connection with contempt proceeding even though court did not find defendant in contempt).

The fees and expenses that Plaintiff seeks are limited to those incurred in demanding Defendants' compliance with the TRO and PI Order, collecting evidence of the violations, preparing two show-cause motions, and participating in three hearings before the Court to address Defendants' violations. In calculating the fees incurred, Plaintiff is claiming only twenty-four (24) hours in connection with each court hearing, which includes the day prior to the hearing, the day of the hearing, and the day following the hearing.[4] *See* Declaration of Danielle Karst in Support of Plaintiff's Motion for Fees and Expenses and Compensatory Damages Worksheet, attached as Exhibit 1. Plaintiff substantially reduced the total number of hours spent in bringing its two show-cause motions and preparing for and attending the three court hearings. Plaintiff also requests reasonable expenses incurred in traveling from Washington, D.C. to Las Vegas, Nevada, for the three hearings in connection with Defendants' contempt. *See id*. Here, there is ample evidence on the record that Defendants engaged in sufficiently unreasonable and burdensome conduct to warrant the imposition of attorneys' fees and expenses.

---

[4] As explained in the Declaration of Danielle Karst, CFTC Trial Attorney Karst attended all three hearings, and CFTC Investigator George Malas attended the December 2, 2019 hearing. Accordingly, the CFTC requests: (1) seventy-two (72) hours of attorney time in connection with three hearings at a value of $6,840; and (2) twenty-four (24) hours of investigator time in connection with the December 2, 2019 hearing at a value of $1,937.28.

# CONCLUSION

For the foregoing reasons, Plaintiff requests that the Court grant its motion and issue an order requiring Defendants to compensate Plaintiff for its fees and expenses incurred due to Defendants' contempt.

Dated: January 31, 2020                    Respectfully submitted,

By: /s/ Danielle E. Karst
Danielle E. Karst
Timothy J. Mulreany
**COMMODITY FUTURES TRADING COMMISSION**
Three Lafayette Centre
1155 21st Street, N.W.
Washington, D.C. 20581
Telephone:  (202) 418-5000
Facsimile:   (202) 418-5523

# CERTIFICATE OF SERVICE

I certify that on January 31, 2020, I filed a copy of the foregoing *Plaintiff CFTC's Motion For Fees and Expenses Caused By Defendants' Contempt* with the Clerk of the Court using the CM/ECF system. I also certify that on January 31, 2020, I sent hard copies of the same to Defendants David Gilbert Saffron and Circle Society, Corp. via U.S. Postal Service First-Class mail and electronic mail at the following addresses:

**David Gilbert Saffron**
Los Angeles, CA
*via (1)USPS First-Class Mail; and (2) Electronic Mail to:*
davidsaffron@live.com; oversight2019@gmail.com

**Circle Society, Corp.**
c/o David Saffron or Marc Jenson
2450 St. Rose Parkway, Suite 120
Henderson, NV 89074
*via (1)USPS First-Class Mail; and (2) Electronic Mail to:*
Mjenson1960@gmail.com
davidsaffron@live.com; oversight2019@gmail.com

/s/Danielle Karst
Danielle Karst