Danielle E. Karst (D.C. Bar No. 481881)
Timothy J. Mulreany (Maryland Bar No. 8812160123)
**COMMODITY FUTURES TRADING COMMISSION**
Three Lafayette Centre
1155 21st Street, N.W.
Washington, D.C. 20581
Telephone:   (202) 418-6158 (Karst)
Telephone:   (202) 418-5306 (Mulreany)
Facsimile:     (202) 418-5523
dkarst@cftc.gov
tmulreany@cftc.gov

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>DAVID GILBERT SAFFRON<br>a/k/a DAVID GILBERT and<br>CIRCLE SOCIETY, CORP.,<br><br>Defendants. | Case No.  2:19-cv-1697-JAD-DJA<br><br>**PLAINTIFF CFTC'S NOTICE OF DEFENDANTS' NON-COMPLIANCE WITH THE CIVIL CONTEMPT ORDER** |

Pursuant to the Court's Civil Contempt Order dated January 30, 2020 ("Civil Contempt Order," ECF No. 51), Plaintiff Commodity Futures Trading Commission ("Commission" or "CFTC") submits this notice of Defendants David Gilbert Saffron ("Saffron") and Circle Society, Corp.'s ("Circle Society") (collectively, "Defendants") failure to comply with the Civil Contempt Order and requests that the Court immediately impose daily compliance fines as set forth in that Order.

**I.   CONTEMPT ORDER**

On September 30, 2019, the CFTC filed a complaint in this action against Defendants seeking injunctive and other relief for violations of the Commodity Exchange Act.  On October 3, 2019, the Court entered a Temporary Restraining Order against Defendants ("TRO," ECF No.

1

9). On November 18, 2019, the CFTC filed a Motion for an Order to Show Cause as to Why Circle Society Should Not Be Held in Civil Contempt for Violation of the TRO ("Show Cause Motion I," ECF No. 24). On December 6, 2019, the Court issued a Preliminary Injunction Order against Defendants ("PI Order," ECF No. 31). On December 20, 2019, the CFTC filed a Motion for an Order to Show Cause as to Why Defendants Saffron and Circle Society Should Not Be Held in Civil Contempt for Violations of the PI Order ("Show Cause Motion II," ECF No. 40). The Court held a contempt hearing on January 24, 2020 and issued a Civil Contempt Order on January 30, 2020 ("Civil Contempt Order," ECF No. 51). Defendants were served with the Civil Contempt Order via electronic mail and U.S. Postal Service First-Class Mail. *See* Certificate of Service, ECF No. 55.

Finding Defendants in civil contempt, the Court ordered, in relevant part, that Defendants:

1. Fully comply with all terms and conditions of the Court's December 6, 2019 PI Order;

2. No later than February 7, 2020, make available to the CFTC, for inspection and reproduction, all of Defendants' books, records and other documents, including electronically-stored information ("ESI"), or, if defendants are unable to make books, records and other documents, including ESI, available to the CFTC, file with the District Court (with a copy submitted to the CFTC), a declaration under penalty of perjury by Saffron setting forth in detail all efforts by defendants and their agents to locate Defendants' books, records and other documents, including ESI;

3. No later than February 7, 2020, provide the CFTC with a full accounting of each defendant's assets, held jointly or separately, within or outside the United States, beginning from December 2017 for Saffron and from September 2018 for Circle Society to the date of this Order; and

4. No later than February 7, 2020, provide written responses to the CFTC, under oath, to the following questions:

    a. Have you held or controlled any virtual currency addresses, including possessing the private keys for any virtual currency address, that has had a balance greater than zero in the past two years?

      i. If so, identify the address, provide the corresponding private key for any virtual currency address, and provide the date on which you acquired that private key.

  b. Have you participated in or directed any virtual currency transactions in the past two years?

      i. If so, identify the dates, currency, quantity, and your involved virtual currency address(es).

  c. Identify all persons and/or entities to whom you have transferred virtual currency, beginning from December 2017 to the date of this Order, the date of each transfer, & provide the public keys and public addresses associated with said transfers, as well as the private keys you used to effect each transfer.

Civil Contempt Order at ¶¶ 1-4, ECF No. 51.

In the Civil Contempt Order, the Court imposed a daily compliance fine of $1,000 per day for each Defendant, beginning on February 8, 2020, and lasting until such time as each Defendant has purged its contempt. *Id.* at ¶¶ 5-6. In addition, the Court set forth its intention to consider imposing additional coercive sanctions against Defendants for non-compliance upon a satisfactory showing by the CFTC that Defendants, either or both of them, failed to comply with the terms of the Order. *Id.* at pp. 7-8.

## II.  DEFENDANTS' FAILURE TO COMPLY WITH CIVIL CONTEMPT ORDER

### A.  Inspection and Reproduction of Documents

Paragraph two of the Civil Contempt Order required Defendants to "make available to the CFTC, for inspection and reproduction, all of defendants' business and financial books, records, and other documents, including electronically-stored information ("ESI")," by no later than February 7, 2020. Alternatively, if Defendants are unable to make their books, records, and other documents, including ESI, available to the CFTC, the Court required Defendants to "file with the District Court (with a copy submitted to the CFTC), a declaration under penalty of

3

perjury by Saffron setting forth in detail all efforts by defendants and their agents to locate" such books, records, and other documents. *Id*. at ¶ 2.

At the Contempt Hearing on January 24, 2020, Saffron represented to the Court that he had records for himself and Circle Society, and that he intended to comply with the PI Order by providing Defendants' records to the CFTC as required. Based on Saffron's representations at the Contempt Hearing and his request to the CFTC, on January 29, 2020, the CFTC provided Saffron with a file-transfer-protocol ("FTP") link to enable him to upload Defendants' documents and an accounting of assets. *See* Declaration of Danielle E. Karst in Support of Notice of Defendants' Non-Compliance with Civil Contempt Order ("Karst Decl. at ¶ 3," Exhibit 1); Email from D. Karst dated Jan. 29, 2020 (Exhibit A to Karst Decl.). On the same day, Saffron responded, "Thank you received email." *See* Karst Decl. at ¶ 3; Email from D. Saffron dated Jan. 29, 2020 (Exhibit A to Karst Decl.).

On January 30, 2020, the CFTC emailed Saffron a copy of the Court's Civil Contempt Order (ECF No. 51) and reminded him of his obligations pursuant to the Order. *See* Karst Decl. at ¶ 4; Email from D. Karst dated Jan. 30, 2020 (Exhibit B to Karst Decl.). On February 4, 2020, the CFTC sent an additional email to Saffron reminding him of his obligations to provide documents, an accounting of assets, and written responses to questions pursuant to the Civil Contempt Order. *See id*. at ¶ 5; Email from D. Karst dated Feb. 4, 2020 (Exhibit C to Karst Decl.).

On February 6, 2020, Saffron produced three files to the CFTC via the CFTC's FTP site, which included: (1) a letter to the CFTC; (2) an Excel spreadsheet described by Saffron as a "partially restored client list"; and (3) a blank Protective Order template. *See* Karst Decl. at ¶ 6. In his letter to the CFTC, Saffron requested that the CFTC "sign" a protective order designating

"materials as 'confidential' or 'highly confidential.'" *See id.* at ¶ 7; Letter from D. Saffron dated Feb. 6, 2020 (Exhibit D to Karst Decl.). The CFTC responded, in relevant part, that the Civil Contempt Order does not provide for any such agreement or protective order, and that the CFTC is unable to enter into any agreement that varies the terms of the Order. *See id.* at ¶ 9; Email from D. Karst dated Feb. 6, 2020 (Exhibit E to Karst Decl.).

The Excel file titled "Highly Confidential" — described by Saffron as a "partially restored client list" — contains approximately 1,242 customer names.[1] *See* Karst Decl. at ¶ 8. By providing a "client list" with approximately 1,242 customer names Saffron is admitting to having at least 1,242 customers and is therefore under an obligation to produce records for each one.

To date, Defendants have neither provided "all of [their] business and financial books, records, and other documents," nor have they filed with the Court or provided to the CFTC the required declaration. *See* Civil Contempt Order at ¶ 2, ECF No. 51; Karst Decl. at ¶ 10; Email from D. Karst dated Feb. 6, 2020 (Exhibit E to Karst Decl.). Defendants, therefore, have failed to comply with paragraph two of the Civil Contempt Order. Karst Decl. at ¶ 10.

**B.     Accounting of Assets**

Paragraph three of the Civil Contempt Order required Defendants to "provide the CFTC with a full accounting of each defendant's assets," by no later than February 7, 2020. Civil Contempt Order at ¶ 3, ECF No. 51. To date, Defendants have not provided any type of accounting to the CFTC. For example, Defendants have not identified a single asset, a single

---

[1] The Excel spreadsheet contains no column headings but is comprised of three columns of information which appear to list a customer name, a customer email address, and a virtual currency address. *See* Karst Decl. at ¶ 8.

5

bank account, a single virtual currency account, or any personal property. Defendants, therefore, have failed to comply with paragraph three of the Civil Contempt Order. Karst Decl. at ¶ 10.

### C. Written Responses to the CFTC

Paragraph four of the Civil Contempt Order required Defendants to "provide written responses to the CFTC, under oath" to questions regarding their virtual currency transactions and addresses. Civil Contempt Order at ¶ 4, ECF No. 51. To date, Defendants have not provided any written responses to the three questions in the Order. Defendants, therefore, have failed to comply with paragraph four of the Civil Contempt Order. Karst Decl. at ¶ 10.

### III. THE COURT SHOULD IMPOSE DAILY COMPLIANCE FINES

### A. The CFTC Has Made a Satisfactory Showing that Defendants Have Failed to Comply with the Civil Contempt Order

The Court record and the CFTC's exhibits show that Defendants Saffron and Circle Society have not complied with the Court's Civil Contempt Order. Specifically, Defendants have failed to provide (1) all books, records, and other documents; (2) a full accounting of each Defendant's assets; and (3) written responses to the questions in the Civil Contempt Order regarding Defendants' virtual currency transactions and addresses. To date, Saffron has provided only one document to the CFTC, an Excel spreadsheet described by Saffron as a "partially restored client list." Notably, Saffron failed to produce a single business record for any of the approximately 1,242 "clients" identified in his spreadsheet.

### B. Coercive Sanctions Are Necessary to Ensure Compliance

In the Civil Contempt Order, the Court ordered that Defendants must pay to the District Court a daily compliance fine of $1,000 each per day, beginning on February 8, 2020, and lasting until such time as each Defendant has purged its contempt. Civil Contempt Order at ¶¶ 5-6, ECF No. 51. Additionally, the Court stated that it would entertain a motion by the CFTC to impose

additional coercive sanctions against Defendants upon a satisfactory showing of non-compliance. Civil Contempt Order at pp. 7-8. As described above, the CFTC has shown that Defendants have failed to comply with multiple provisions of the Civil Contempt Order.

The CFTC requests that the Court grant expedited consideration of this matter. Defendants have failed to comply with the TRO for over four months, have failed to comply with the PI Order for over two months, and have blatantly disregarded the deadlines imposed by the Court in its Civil Contempt Order despite Saffron's promises to comply at the January 24, 2020 Contempt Hearing. At this point, Defendants' failures to comply are a willful disobedience of the Court's authority and constitute clear and convincing evidence that additional coercive sanctions are necessary. The CFTC respectfully requests that the Court impose without delay the daily compliance fines of $1,000 against Saffron and $1,000 against Circle Society for each day they are in non-compliance with the Civil Contempt Order. As contemplated in the Civil Contempt Order, the CFTC intends to submit a motion for additional coercive sanctions in the event that Defendants continue their contemptuous conduct and non-compliance with the Court's PI Order and Civil Contempt Order.

Dated: February 8, 2020                    Respectfully submitted,

By: /s/ Danielle E. Karst
Danielle E. Karst
Timothy J. Mulreany
**COMMODITY FUTURES TRADING COMMISSION**
Three Lafayette Centre
1155 21st Street, N.W.
Washington, D.C. 20581
Telephone: (202) 418-5000
Facsimile: (202) 418-5523

7

## CERTIFICATE OF SERVICE

I certify that on February 8, 2020, I filed a copy of the foregoing *Plaintiff CFTC's Notice of Non-Compliance with the Civil Contempt Order*, along with the supporting Declaration of Danielle E. Karst and accompanying exhibits, with the Clerk of the Court using the CM/ECF system. I also certify that on February 8, 2020, I sent hard copies of the same to Defendants David Gilbert Saffron and Circle Society, Corp. via U.S. Postal Service First-Class mail and electronic mail at the following addresses:

**David Gilbert Saffron**
[redacted]
Los Angeles, CA [redacted]
*via (1)USPS First-Class Mail; and (2) Electronic Mail to:*
davidsaffron@live.com; oversight2019@gmail.com

**Circle Society, Corp.**
c/o David Saffron or Marc Jenson
2450 St. Rose Parkway, Suite 120
Henderson, NV 89074
*via (1)USPS First-Class Mail; and (2) Electronic Mail to:*
Mjenson1960@gmail.com
davidsaffron@live.com; oversight2019@gmail.com

/s/Danielle E. Karst
Danielle E. Karst