Danielle E. Karst (D.C. Bar No. 481881)
Timothy J. Mulreany (Maryland Bar No. 8812160123)
**COMMODITY FUTURES TRADING COMMISSION**
Three Lafayette Centre
1155 21st Street, N.W.
Washington, D.C. 20581
Telephone:  (202) 418-6158 (Karst)
Telephone:  (202) 418-5306 (Mulreany)
Facsimile:   (202) 418-5523
dkarst@cftc.gov
tmulreany@cftc.gov

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>                Plaintiff,<br><br>v.<br><br>DAVID GILBERT SAFFRON<br>a/k/a DAVID GILBERT and<br>CIRCLE SOCIETY, CORP.,<br><br>                Defendants. | Case No.  2:19-cv-1697-JAD-DJA<br><br>**DECLARATION OF DANIELLE E. KARST IN SUPPORT OF PLAINTIFF CFTC'S NOTICE OF DEFENDANTS' NON-COMPLIANCE WITH THE COURT'S CIVIL CONTEMPT ORDER** |

I, Danielle E. Karst, hereby declare as follows:

1.     I am counsel for Plaintiff Commodity Futures Trading Commission ("Plaintiff" or "CFTC") in this action and have personal knowledge of the facts stated herein.

2.     I am familiar with the litigation and contempt proceedings in the above-captioned matter.  I submit this Declaration in support of the CFTC's Notice of Defendants David Saffron ("Saffron") and Circle Society, Corp.'s ("Circle Society") (collectively, "Defendants") Non-Compliance with the Court's Civil Contempt Order ("Civil Contempt Order" or "Order," ECF No. 51).

3.     Pursuant to Saffron's request and representations at the January 24, 2020 Contempt Hearing, on January 29, 2020, I emailed Saffron a link to the CFTC's file-transfer-

1

protocol ("FTP") site to enable him to upload Defendants' documents and an accounting of assets. *See* Email from D. Karst dated January 29, 2020, attached to this Declaration as Exhibit A. On January 29, 2020, Saffron responded to my email: "Thank you received email Regards David Saffron." *See* Email from D. Saffron dated January 29, 2020, attached as Exhibit A.

4. On January 30, 2020, I emailed Saffron a copy of the Court's January 30, 2020 Civil Contempt Order and reminded him of his obligations pursuant to the Order. *See* Email from D. Karst dated January 30, 2020, attached as Exhibit B.

5. On February 4, 2020, I emailed Saffron to remind him of his obligations pursuant to the Civil Contempt Order, including the February 7, 2020 deadline for documents, an accounting of assets, and written responses to the questions set forth in the Civil Contempt Order. *See* Email from D. Karst dated February 4, 2020, attached as Exhibit C.

6. On February 6, 2020, I received an email from Saffron in response to my earlier January 29, 2020 email. Saffron stated, "sent info to link please confirm regards David Saffron." *See* Email from Saffron dated February 6, 2020, attached as Exhibit E. On the same day, Saffron produced three files to the CFTC via the CFTC's FTP site which included: (1) a letter to the CFTC dated February 6, 2020; (2) an Excel spreadsheet described by Saffron as a "partially restored client list"; and (3) a blank Protective Order template.

7. In his February 6, 2020 letter, Saffron stated:

Attention:

CFTC please confirm this information will be covered by a standard protective order, where I may designate materials as "confidential" or "highly confidential".

I would like you to sign this before I send any of the asset information I am including a confidential partially restored client list. , [sic] and I want to be assured that I will avoid possible issues regarding the disclosure of confidential and highly confidential information.

2

If you do not have a standard from [sic] i have included on in [sic] this email!

Regards

David Saffron
2/6/2020

Letter from D. Saffron dated February 6, 2020, attached as Exhibit D.

8. The Excel file titled "Highly Confidential" and described by Saffron as a "partially restored client list," contains approximately 1,242 customer names. The spreadsheet contains no column headings but is comprised of three columns of information which appear to list a customer name, a customer email address, and a virtual currency address.

9. On February 6, 2020, I responded to Saffron's request for the CFTC to "sign" a protective order designating "materials as 'confidential' or 'highly confidential.'" *See* Email from D. Karst dated February 6, 2020, attached as Exhibit E. I stated, in relevant part, that the Civil Protective Order does not provide for any such agreement or protective order, and that the CFTC is unable to enter into any agreement that varies the terms of the Order. In addition, I reiterated that Defendants are obligated to fully comply with all terms of the Court's December 6, 2019 Preliminary Injunction Order and January 30, 2020 Civil Contempt Order. *See id.* To date, I have not received any response to my February 6, 2020 email.

10. Based on the above, the CFTC has not received any of the following items as required by the Civil Contempt Order: (a) all of Defendants' books, records, and other documents; (b) a full accounting of each Defendant's assets; and (c) written responses to the questions set forth in the Civil Contempt Order (ECF No. 51).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 8, 2020.

/s/ Danielle E. Karst

3