Danielle E. Karst (D.C. Bar No. 481881)
Timothy J. Mulreany (Maryland Bar No. 8812160123)
**COMMODITY FUTURES TRADING COMMISSION**
Three Lafayette Centre
1155 21st Street, N.W.
Washington, D.C. 20581
Telephone:   (202) 418-6158 (Karst)
Telephone:   (202) 418-5306 (Mulreany)
Facsimile:   (202) 418-5523
dkarst@cftc.gov
tmulreany@cftc.gov

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION, | Case No.  2:19-cv-1697-JAD-DJA |
| Plaintiff, | **PLAINTIFF'S MOTION FOR ADDITIONAL SANCTIONS IN FURTHERANCE OF CFTC'S NOTICE OF DEFENDANTS' NON-COMPLIANCE  WITH THE COURT'S CIVIL CONTEMPT ORDER DATED JANUARY 30, 2020 (ECF NO. 51)** |
| v. | |
| DAVID GILBERT SAFFRON a/k/a DAVID GILBERT and CIRCLE SOCIETY, CORP., | |
| Defendants. | |

Plaintiff Commodity Futures Trading Commission ("Commission" or "CFTC") respectfully moves the Court for additional sanctions against Defendants David Gilbert Saffron ("Saffron") and Circle Society, Corp. ("Circle Society") (collectively, "Defendants") as a result of their continuing contempt for this Court's orders and their refusal to produce their business records and an accounting to the CFTC as ordered in the Court's Civil Contempt Order, and in support thereof states as follows:

### I.     Relevant Procedural Background

On January 31, 2020, following an evidentiary hearing and finding that Defendants "violated multiple terms and conditions" of the Court's Order of Preliminary Injunction ("PI

Order, ECF No. 31), the Court issued a Civil Contempt Order ("Contempt Order," ECF No. 51).[1]

In finding Defendants in contempt, the Court rejected the "excuses and promises" offered by

Saffron at the hearing.  *Id*. at 4.  In issuing the Contempt Order, the Court held:  "I find that the

CFTC has provided clear and convincing evidence, which defendants have failed to rebut, that

defendants have violated the PI Order's terms and conditions by failing to provide an accounting

of their assets and by refusing to permit inspection and copying of their books and records."  *Id*.

at 5.

Following the finding of contempt, the Court further ordered that Saffron and Circle

Society must:

> 1.      Fully comply with all terms and conditions of the December 6,
> 2019, PI Order;
>
> 2.      No later than February 7, 2020, make available to the CFTC, for
> inspection and reproduction, all of defendants' business and financial books,
> records, and other documents, including electronically-stored information
> ("ESI"), or, if defendants are unable to make their books, records and other
> documents, including ESI, available to the CFTC, file with the District Court
> (with a copy submitted to the CFTC), a declaration under penalty of perjury by
> Saffron setting forth in detail all efforts by defendants and their agents to locate
> defendants' books, records, and other documents, including ESI;
>
> 3.      No later than February 7, 2020, provide the CFTC with a full
> accounting of each defendant's assets, held jointly or separately, within or outside
> the United States, beginning from December 2017 for Saffron and from
> September 2018 for Circle Society to the date of this Order;
>
> 4.      No later than February 7, 2020, provide written responses to the
> CFTC, under oath, to the following questions:
>
>        a.      Have you held or controlled any virtual currency addresses,
> including possessing the private keys for any virtual currency address, that has
> had a balance greater than zero in the past two years?

---

[1] The CFTC has previously filed two motions regarding Defendants' contempt for violations
of the Court's Temporary Restraining Order (ECF No. 24) and PI Order (ECF No. 31), along
with a pending motion for fees and expenses caused by Defendants' contempt (ECF No. 56).

i.    If so, identify the address, provide the corresponding private key for any virtual currency address, and provide the date on which you acquired that private key.

b.    Have you participated in or directed any virtual currency transactions in the past two years?

i.    If so, identify the dates, currency, quantity, and your involved virtual currency address(es).

c.    Identify all persons and/or entities to whom you have transferred virtual currency, beginning from December 2017 to the date of this Order, the date of each transfer, & provide the public keys and public addresses associated with said transfers, as well as the private keys you used to effect each transfer;

5.    Unless Saffron purges his contempt by fully complying with the terms and conditions of this Order and the PI Order, he must pay to the District Court a daily compliance fine of $1,000 per day, beginning on February 8, 2020, and lasting until such time as Saffron has purged his contempt or the court orders otherwise.  Any compliance fine due on a day when the court is closed, e.g., weekend or federal holiday, must be paid on the next day that the court is open to the public;

6.    Unless Circle Society purges its contempt by fully complying with the terms and conditions of this Order and the PI Order, it must pay to the District Court a daily compliance fine of $1,000 per day, beginning on February 8, 2020, and lasting until such time as Circle Society has purged its contempt or the court orders otherwise.  Any compliance fine due on a day when the court is closed, e.g., weekend or federal holiday, must be paid on the next day that the court is open to the public.

Finally, Saffron and Circle Society are cautioned that, should either of them fail to comply with the terms and conditions of this Order, including their individual obligations to pay a $1,000 daily compliance fine if they fail to purge their contempt, the court will entertain a motion from the CFTC to impose additional coercive sanctions upon a satisfactory showing by the CFTC that defendants, or either of them, have failed to comply with the terms and conditions of this Order.

Civil Contempt Order, ECF No. 51 at 6-8.

Despite repeated attempts by counsel for the CFTC to urge Defendants to purge their

contempt by fully complying with the Civil Contempt Order, Defendants have simply refused to

comply, displaying an unsettling degree of contempt for the authority of this Court.[2]  *See* CFTC's Notice of Defendants' Non-Compliance with the Civil Contempt Order dated February 8, 2020, ECF No. 58; Emails between Karst and Saffron dated Mar. 3, 2020 and Feb. 28, 2020, attached as Exhibits 1 and 2, respectively.  Defendants have failed to produce a single business record, failed to produce an accounting, failed to produce any response to the questions set forth in the Contempt Order, and have continued to violate the asset freeze provisions of the PI Order. *See id*.  Moreover, neither Defendant has paid anything into the registry of the Clerk of the Court of the $68,000 in fines accrued to date.[3]

Even more disturbing is Saffron's admission that there are more than 2,000 customers, for whom not a single business record has been produced.[4]  Indeed, Defendants have failed to produce any records typical of a legitimate business enterprise, such as emails, phone records, text records, billing records, invoices, correspondence, state or federal tax returns, daily operational records such as QuickBooks, computers, hard drives, thumb drives, cell phones, phone records, bank accounts, financial accounts, and trading accounts.  Instead of complying

---

[2] Saffron is a named defendant in at least five lawsuits filed in the Superior Court of the State of California, Los Angeles County.  In at least one of those suits he has failed to participate in any discovery, including failing to appear for a scheduled deposition in August 2019.  Similar to the instant case, the court held a recent hearing on Plaintiff's motion for sanctions, and Saffron was ordered to attend his deposition and produce the requested documents. *See Simons v. Saffron*, Case No. 18STCV05060, C.D. Cal. (complaint filed Nov. 14, 2018).

[3] As Saffron is the sole officer of Circle Society, Saffron is solely responsible to pay any fine imposed against the corporate defendant.  As a result, Saffron owes $68,000 as of March 12, 2020, and owes an additional $2,000 each day thereafter.

[4] The only document Saffron produced was completely irrelevant and not even a business record.  It was a partial copy of a Los Angeles Police Department report dated February 5, 2019 filed by "Joshua Hayward" of Jacksonville, Texas, stating that Mr. Hayward's property (including comic books, a camera, a chair and "bitcoin") was purportedly stolen by "unknown individuals" from a storage locker on "Santa Monica Boulevard."

with the Court's Contempt Order, Saffron provided two Excel files he claimed he had

"compiled" — perforce using withheld business records — listing over 2,000 pool participant

names.[5] *See* Notice of Non-Compliance, ECF No. 58 at p. 5 and ECF No. 58-1 at ¶ 8 (describing

Excel spreadsheet of "client list"); Emails between Karst and Saffron dated Mar. 3, 2020 and

Feb. 28, 2020, attached as Exhibits 1 and 2.

Defendants continue to refuse to provide the accounting ordered by the Court.  No

information has been provided as to the past or present disposition of the digital assets

Defendants fraudulently obtained from more than 2,000 participants in Defendants' illegal

commodity pool.

## II.    Saffron Admitted on the Record He Possesses Records and Participant Information

Despite the continuing efforts of this Court to utilize the imposition of sanctions of

increasing severity to compel the Defendants to comply with this Court's orders, Defendants

continue in their refusal to provide documents and information that is solely within their care,

custody and control.  Far from claiming that the product of records and information is an

impossibility, Saffron clearly and unambiguously admitted on the record that he possesses the

records.  During the January 24, 2020 contempt hearing, Saffron stated in relevant part:

> I have records for Circle Society and myself for all the clients that were part of the
> company.  I had those in a storage facility that was broken into in December.  I
> don't have the police report on me.  I had given that to a previous attorney that
> had came -- came in here, but he left and just didn't do anything and never gave

---

[5] The first Excel file, described by Saffron as a "partially restored client list," contains
approximately 1,242 pool participant names after removing duplicate names.  *See* Notice of
Non-Compliance, ECF No. 58 at p. 5 and ECF No. 58-1 at ¶ 8.  The second Excel file (provided
on Feb. 28, 2020, after the expiration of the Court's Feb. 7, 2020 deadline) is two
worksheets and contains over 3,000 names; however, many of the names in the second Excel
file are duplicates of the names provided in the first Excel file.  In the end, the CFTC
combined both Excel files and removed duplicate names, leaving a total of approximately
2,035 participant names.

me back my records.  I have been rebuilding those records.  I would require at
least two weeks to reconstruct them.  I really do want to find a solution sincerely
with -- with you and – and the prosecutor.  I want to work with them and -- and
make everyone whole.

*See* Tr. Contempt Hearing Transcript January 24, 2020 at 10:22-11:7, excerpt attached as Exhibit

3.  Despite Saffron's representation to the Court that he has "records for Circle Society and

myself for all the clients," no records have been produced.

Given the continuing refusal of Defendants to provide records and information that

Saffron admitted is within his ability to provide, more severe sanctions must be employed to

coerce Defendants to comply with this Court's orders.  The Court's warnings to Defendants that

they will be sanctioned more severely for non-compliance have failed.  The imposition of $1,000

daily fines upon each Defendant until they have fully complied with the Court's orders, now

totaling more than $34,000 per Defendant, have also failed to coerce Defendants' compliance.

The only remaining sanction available is to incarcerate Saffron until such time as he fully

complies with the Court's orders, both as an individual and as the sole officer of the corporate

defendant.

**III.    Coercive Incarceration Is Necessary and Authorized**

There can be no question that courts have inherent power to enforce compliance with

their lawful orders through civil contempt.  *United States v. United Mine Workers*, 330 U.S. 258,

330 (1947); *United States v. Barnett*, 376 U.S. 681, 753 (1964).  Civil sanctions must be either

"compensatory or designed to coerce compliance" and may include incarceration.  *See In re*

*Dyer*, 322 F.3d 1178, 1192 (9th Cir. 2003); *see also FTC v. Kutzner*, 8:16-cv-00999, 2017 U.S.

Dist. LEXIS 182569, at *8-9 (C.D. Cal. June 12, 2017) ("Another civil contempt sanction option

is imprisonment, which is 'not inflicted as a punishment, but is intended to be remedial by

coercing the defendant to do what he had refused to do.'") (quoting *United States v. Yates*, 107

F.Supp. 412, 414 (S.D. Cal. 1952)); *In re Count Liberty, LLC*, 370 B.R. 259, 286 (C.D. Cal. Bankr. 2007).  Incarceration is this context is not punitive but rather coercive in nature because the party "carries the keys of his prison in his own pocket."  *Int'l Union v. Bagwell*, 512 U.S. 821, 828 (1994) (*quoting Gompers v. Bucks Stove & Range Co*., 221 U.S. 418, 442 (1911)). Generally, "a party's inability to comply with a judicial order constitutes a defense to a charge of civil contempt."  *CFTC v. Affordable Media, LLC*, 179 F.3d 1228, 1239 (9th Cir. 1999).

As the imposition of daily fines has failed to coerce Defendants to obey this Court's civil Contempt Order, and the present ability of Defendants to fully comply with all of the terms of the Contempt Order is admitted, Saffron's intentional and continuing refusal to comply with this Court's Contempt Order warrants coercive incarceration.  Here, the sole purpose of the CFTC seeking the incarceration of Saffron is to coerce the compliance of Defendants with the Contempt Order.  As such, Saffron possesses the ability to obtain his release from incarceration once Defendants fully comply with all of the provisions of the Contempt Order.  Accordingly, any incarceration would be solely coercive and not punitive.

It is undisputed that the records exist and that Saffron has the present ability to produce both the records and the accounting.  Saffron is the only person who has custody and control of the records associated with the Defendants' fraudulent scheme, both as an individual and as the sole officer of Circle Society.  As such, Saffron is also the only person who can identify all pool participants, the amount of digital assets participants added to the scheme, and the ultimate disposition of those digital assets.  He is the only person who can identify all of the assets in his name and in the name of, or to the benefit of, Circle Society.  Saffron refuses to provide the documents and information he has been ordered to produce.  In the present case, fines alone have proven insufficient to coerce Defendants to comply with the Court's Orders.  Given Defendants'

refusal to comply with the Court's Orders over a nearly six-month time period, coercive incarceration is now the sole option remaining to coerce Saffron to provide the records he admits to having, but refuses to produce, thereby allowing Defendants to purge their civil contempt of this Court's authority.

## CONCLUSION

For the foregoing reasons, the CFTC respectfully moves the Court to order Saffron be incarcerated unless and until he produces to the CFTC the ordered accounting and business records.  The CFTC also moves the Court to provide any further and additional relief as the Court deems necessary and appropriate.

Dated:  March 12, 2020                          Respectfully submitted,

                                                By: /s/ Danielle E. Karst
                                                Danielle E. Karst
                                                Timothy J. Mulreany
                                                **COMMODITY FUTURES TRADING**
                                                **COMMISSION**
                                                Three Lafayette Centre
                                                1155 21st Street, N.W.
                                                Washington, D.C. 20581
                                                Telephone:  (202) 418-5000
                                                Facsimile:   (202) 418-5523

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I certify that on March 12, 2020, I filed a copy of the foregoing *Plaintiff's Motion For Additional Sanctions*, along with the attached exhibits, with the Clerk of the Court using the CM/ECF system.  I also certify that on March 12, 2020, I sent hard copies of the same to Defendants David Gilbert Saffron and Circle Society, Corp. at the addresses and using the methods of service as described below:

**David Gilbert Saffron**
▉▉▉▉▉▉▉▉▉▉▉▉▉▉
Los Angeles, CA ▉▉▉
*via (1) United Parcel Service overnight mail; and (2) Electronic Mail to:*
davidsaffron@live.com

**Circle Society, Corp.**
c/o David Saffron or Marc Jenson
2450 St. Rose Parkway, Suite 120
Henderson, NV 89074
*via (1) United Parcel Service overnight mail; and (2) Electronic Mail to:*
Mjenson1960@gmail.com
davidsaffron@live.com
oversight2019@gmail.com

/s/Danielle E. Karst
Danielle E. Karst

9