**MICHAEL C. VAN (NV# 3876)**
Shumway Van
8985 S. Eastern Avenue, Suite 100
Las Vegas, NV 89123
Tel: (702) 478 7770
Fax: (702) 478 7779
Email: michael@shumwayvan.com
   christinag@shumwayvan.com
**MARCUS R. MUMFORD** (*pro hac vice* application forthcoming)
Mumford PC
1449 Devonshire Drive
Salt Lake City, UT 84108
Tel: (310) 909-6153
Email: mrmumford@gmail.com

Attorneys for David Gilbert Saffron and Circle Society, Corp.

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION, <br><br> Plaintiff, <br> v. <br><br> DAVID GILBERT SAFFRON, *et al*, <br><br> Defendants. | Case No.: 19-cv-01697-KJD-DJA |

### ERRATA TO MOTION TO SET ASIDE ENTRIES OF DEFAULT AND MEMORANDUM IN SUPPORT

…
…
…
…
…
…
…
…

1

Defendants Circle Society, Corp. ("CSC"), and David Gilbert Saffron (collectively, "Defendants"), by and through counsel of record, hereby file this Errata to Motion to Set Aside Default Judgment and Memorandum In Support to include the proper document caption which was mistakenly entered in the previous filing.

DATED this 20th day of March, 2020.

                              **SHUMWAY VAN**

                              By: _/s/ Michael C. Van_
                                  Michael C. Van, Esq.
                                  Nevada Bar No. 3876
                                  8985 South Eastern Avenue, Suite 100
                                  Las Vegas, Nevada 89123
                                  *Attorneys for David Gilbert Saffron and Circle Society, Corp.*

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5, I hereby certify that I am an employee of SHUMWAY VAN, and that on the 20 day of March, 2020, I caused to be filed via CM/ECF a true and correct copy of this **ERRATA TO MOTION TO SET ASIDE ENTRIES OF DEFAULT AND MEMORANDUM IN SUPPORT**, with an automatic Notice of Filing to provide service of same to the parties listed on this matter's electronic service list pursuant to LR IC 4-1. Should the CM/ECF e-file notice report any failures in electronic service, counsel will serve this document by another means and will file a supplemental Certificate of Service.

By: _____
An Employee of Shumway Van

**MICHAEL C. VAN (NV# 3876)**
Shumway Van
8985 S. Eastern Avenue, Suite 100
Las Vegas, NV 89123
Tel: (702) 478 7770
Fax: (702) 478 7779
Email: michael@shumwayvan.com
         christinag@shumwayvan.com

**MARCUS R. MUMFORD** (*pro hac vice* application forthcoming)
Mumford PC
1449 Devonshire Drive
Salt Lake City, UT 84108
Tel: (310) 909-6153
Email: mrmumford@gmail.com

Attorneys for David Gilbert Saffron and Circle Society, Corp.

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>　　　　Plaintiff,<br>　v.<br><br>DAVID GILBERT SAFFRON, *et al*,<br><br>　　　　Defendants. | Case No.: 19-cv-01697-KJD-DJA |

## MOTION TO SET ASIDE ENTRIES OF DEFAULT AND MEMORANDUM IN SUPPORT

Defendants Circle Society, Corp. ("CSC"), and David Gilbert Saffron (collectively, "Defendants"), hereby move to set aside the defaults entered against them in this case while the parties have been litigating the propriety of the temporary restraining order and preliminary injunction that the court entered.

…

…

…

1

In support of the motion, Defendants refer the court to and incorporate the attached memorandum of points and authorities.

DATED this 20th day of March, 2020.

                         **SHUMWAY VAN**

                         By: /s/ Michael C. Van
                         Michael C. Van, Esq.
                         Nevada Bar No. 3876
                         8985 South Eastern Avenue, Suite 100
                         Las Vegas, Nevada 89123
                         *Attorneys for David Gilbert Saffron and Circle Society, Corp.*

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SET ASIDE ENTRIES OF DEFAULT AGAINST DEFENDANTS

## I. FACTUAL SUMMARY

Unlike the typical case where default is entered, Defendants have been actively engaged in this matter for several months now. From the outset, Defendant CSC's counsel appeared as instructed at the October 29, 2019 hearing, which set a hearing on the motion for preliminary injunction for December 2, 2019.[1] Unfortunately, Defendants were unable to secure the continued assistance of counsel, and counsel for CSC appeared at that December 2 hearing and moved to withdraw, which motion was granted by the Court.[2] In that motion, undersigned counsel indicated that it may re-engage as counsel, in the event that he could settle outstanding matters with respect to a retainer and other matters to ensure his continued engagement.[3] At that time, the Court set a hearing on the order to show cause for Defendant CSC on January 10, 2020, which was later continued to January 24, 2020.[4]

Both Defendants appeared pro se at the January 24th hearing. At that time, the court observed that Defendants "offered excuses and promises," among other things, that they were having difficulties securing the assistance of counsel.[5] At the same time, the Court granted Plaintiff's motion to strike Defendants' answer filed earlier, instructing Defendants as follows: "If Saffron wants to defend the Commission's claims against him, he must first file a motion under Rule 55(c) to set the default aside, showing there is good cause to do so."[6] That was the Court's last action in this matter to date.

With this motion, Defendants seek to follow the instructions of the Court in seeking to set aside default and also assure the Court that they have resolved the issues they were experiencing in their efforts to engage adequate and experienced counsel in responding to the Court's prior orders. Among other things, Defendants have expended hundreds of hours since the early December hearing in this matter assembling and producing, on a rolling basis, the documents and

---

[1] Dkt 18.
[2] Dkts 28, 30.
[3] Dkt 28 at 2 (¶ 6).
[4] Dkt 47.
[5] Dkt 51.
[6] Dkt 52 at 2.

3

...

information that the CFTC instructed Defendants to prioritize among the materials requested.[7] Defendants are aware of the CFTC's recent motion for sanctions related to an alleged non-compliance with the court's prior order, and they intend to respond at the appropriate time to that motion.

With this motion, Defendants seek to have the court set aside the defaults entered by the clerk of the court in this matter, as the court previously instructed, and as a precondition to filing their response to the CFTC's complaint and other initiating documents.

## II.   ANALYSIS

It has been well-established in federal case law that default judgments are generally disfavored, as a matter of procedure and policy, and that any doubts about the propriety of a default judgment should be resolved against the party seeking a default judgment. *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985). Rule 55(c) of the Federal Rules of Civil Procedure provides that this court "may set aside an entry of default for good cause." In seeking relief from default based on a showing of "good cause," some courts have observed how the factors from Rule 60(b) can be considered. *See, Sims v. EGA Products, Inc.*, 475 F.3d 865, 868 (7th Cir. 2007); *Waifersong Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992).

Rule 60(b) provides that a "court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."

As indicated, one of the factors that the court may consider is a party's mistake. The Ninth Circuit has observed how the mistake in question must relate to defendant's duty to respond to the complaint as opposed to the merits of plaintiff's claim. *See Kingvision Pay-Per-View Ltd. v. Lake*

---

[7] *See* attached Declaration of David Saffron.

4

*Alice Bar*, 168 F.3d 347, 350 (9th Cir. 1999). To this point, the court's orders dated January 30, 2020 are significant, in that they granted Plaintiff's motion to strike Defendants' answer and found Defendants in contempt based on Defendants' failure to respond appropriately. In other words, Defendants' actions to those prior orders raise the exact kind of mistake that Rule 55(c) contemplates in this type of motion. The fact that experienced counsel is re-entering this case to bring this motion on Defendants' behalf, and to resolve the mistakes made by Defendants in their responses to date, should be construed as further assurance that Defendants will be able to avoid such mistakes going forward in the case, and that they will ensure that the litigation is resolved on the merits of the dispute.

In addition to mistake, Defendants also base this motion on excusable neglect. It is significant in this context that the term "excusable neglect" is not defined in the rules and, while it implies carelessness or negligence, a party need not show that the default was due to matters beyond its control: "At least for purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 394 (1993) (construing "excusable neglect" as good cause for permitting the late filing of creditor's claim in bankruptcy); *see also Brandt v. American Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1112-1113 (9th Cir. 2011). Similarly, what constitutes "excusable" neglect is essentially an "equitable" determination, "taking account of all relevant circumstances," including potential prejudice to the other side, the length and reason for delay, and whether the movant acted in good faith. *Pioneer Investment Services*, 507 U.S. at 395.

Here, the equities favor the relief Defendants seek in this motion. While the Court was apparently frustrated regarding the excuses and explanations offered by Mr. Saffron at the January 24th hearing, there was no indication from the Court's order calling Defendants' good faith into question, and it is further significant how, from that time period, Defendants have begun responding to Plaintiff's discovery requests. Other courts have noted how time spent acquiring funds to hire a competent attorney can constitute excusable neglect, *see, e.g., United States v. $48,595.00*, 705 F.2d 909, 912-13 (7th Cir. 1983), which is precisely what Defendants have been

5

doing in this matter, as they have been attempting to secure adequate funds without taking any action that might be construed as violating the terms of the Court's preliminary orders.

Finally, and as Defendants have previously indicated, there is a substantial reason to set aside the defaults in this case based on the merits of their defense. As will be set forth in greater detail in a subsequent filing with the Court, it increasingly appears that Plaintiff simply misunderstands the workings and basis of Defendants' business, to say nothing about the potential lack of subject matter jurisdiction, which would render any default a nullity. *Architectural Ingenieria Siglo XXI, LLC v. Dominican Republic*, 788 F.3d 1329, 1337-38 (11th Cir. 2015) (holding that default is a nullity when court lacks subject matter jurisdiction). It is significant how many federal courts have questioned whether they have jurisdiction over matters that do not involve U.S. currency. *See, e.g., Commodity Futures Trading Comm'n v. McDonnell,* 332 F. Supp. 3d 641, 654 (E.D.N.Y. 2018) (quoting CFTC Chairman Chris Giancarlo, *CFTC Does Not Regulate Retail Crypto* Markets, CCN (July 26, 2018), to say that his agency's [intent] is not to exercise regulatory jurisdiction over cryptocurrency trading markets and other cash markets, but to deal with fraud, https://www.ccn.com/cftc-does-not-regulate-retail-crypto-markets-chairman-chris-giancarlo/ (ECF No. 156, July 27, 2018)). Even if the Court in this case is inclined to find differently, it should at least acknowledge how judicial economy is served by resolving the issues presented by Plaintiff's action on the merits of the allegations made, after a full and complete briefing.

…

…

…

…

…

…

…

…

…

6

### III. CONCLUSION

For the reasons stated, the court should grant this motion, and set aside the defaults entered against Defendants.

Dated this 20th day of March, 2020.

SHUMWAY VAN

By: _____
Michael C. Van, Esq.
Nevada Bar No. 3876
8985 South Eastern Avenue, Suite 100
Las Vegas, Nevada 89123
*Attorneys for David Gilbert Saffron and Circle Society, Corp.*

7

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5, I hereby certify that I am an employee of SHUMWAY VAN, and that on the 20 day of March, 2020, I caused to be filed via CM/ECF a true and correct copy of this **MOTION TO SET ASIDE ENTRIES OF DEFAULT AND MEMORANDUM IN SUPPORT**, with an automatic Notice of Filing to provide service of same to the parties listed on this matter's electronic service list pursuant to LR IC 4-1. Should the CM/ECF e-file notice report any failures in electronic service, counsel will serve this document by another means and will file a supplemental Certificate of Service.

By: /s/ Chitu Do
An Employee of Shumway Van

**MICHAEL C. VAN (NV# 3876)**
Shumway Van
8985 S. Eastern Avenue, Suite 100
Las Vegas, NV 89123
Tel: (702) 478 7770
Fax: (702) 478 7779
Email: michael@shumwayvan.com

**MARCUS R. MUMFORD** (*pro hac vice* application forthcoming)
Mumford PC
1449 Devonshire Drive
Salt Lake City, UT 84108
Tel: (310) 909-6153
Email: mrmumford@gmail.com

Attorneys for David Gilbert Saffron and Circle Society, Corp.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>　　　　Plaintiff,<br>　　v.<br><br>DAVID GILBERT SAFFRON, *et al*,<br><br>　　　　Defendants. | Case No.: 19-cv-01697-KJD-DJA |

### DECLARATION OF DAVID SAFFRON IN SUPPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT JUDGMENT

I, David Saffron, declare as follows:

1. On January 24, 2020, I appeared before this court and was asked, among other things, to retrieve information regarding the data banks of clients of Circle Society, Corp.

2. Because most of the data banks in question were stolen when the storage unit was broken into, I had to expend a considerable amount of time – I estimate in excess of 15 days – to reconstruct most of the files requested. Among other things, I had to take each column of data and decode it manually, then reconstructed into their original columns. I had to sort all the numbers of

1

the WordPress IDs to the individual client names, doing so without necessarily knowing what numbers referred to who or what date they came into the system.

3. After this, I had to process out as much information to identify the accounts in question and provide that information to the CTFC, an original file with more than 1000 account identifiers.

4. Approximately two weeks later, I provided an additional 1000+ account identifying names, and I requested that the CFTC give me more time to complete the project and ensure that I had double-checked the information that I had extracted and provided.

5. I understand that they have refused my request. But currently, I estimate that the final part of the initial data recovery process will take approximately 4-6 weeks and involve more than 1400 additional names, which are likely some of Circle Society's larger clients, and given the amount of data to be coded and protected from leaks, will require a significantly greater amount of difficulty and time to decode.

6. I declare, under penalty of perjury under the laws of the state of Nevada (NRS 53.045), the foregoing is true and correct.[1]

Executed on the 20th of March, 2020.

DocuSigned by:
B29933650055499...

---

[1] **NRS 53.045** Use of unsworn declaration in lieu of affidavit or other sworn declaration. Any matter whose existence or truth may be established by an affidavit or other sworn declaration may be established with the same effect by an unsworn declaration of its existence or truth signed by the declarant under penalty of perjury, and dated, in substantially the following form.

2