Danielle E. Karst (D.C. Bar No. 481881)
Timothy J. Mulreany (Maryland Bar No. 8812160123)
**COMMODITY FUTURES TRADING COMMISSION**
Three Lafayette Centre
1155 21st Street, N.W.
Washington, D.C. 20581
Telephone:   (202) 418-6158 (Karst)
Telephone:   (202) 418-5306 (Mulreany)
Facsimile:    (202) 418-5523
dkarst@cftc.gov
tmulreany@cftc.gov

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>  Plaintiff,<br><br>v.<br><br>DAVID GILBERT SAFFRON<br>a/k/a DAVID GILBERT and<br>CIRCLE SOCIETY, CORP.,<br><br>  Defendants. | Case No.  2:19-cv-1697-JAD-DJA<br><br>**PLAINTIFF CFTC'S MOTION TO STRIKE THE FILINGS DATED MARCH 20, 2020 (ECF NOS. 63 & 64)** |

Plaintiff Commodity Futures Trading Commission ("CFTC") respectfully moves the Court to issue an order striking the filings of Marcus Mumford dated March 20, 2020 (ECF Nos. 63, 64), an individual neither admitted to practice law before this Court nor a party herein, and in support thereof, states as follows:[1]

### I.   BACKGROUND

On March 20, 2020, Marcus Mumford ("Mumford"), together with Michael Van ("Van") of the Las Vegas, Nevada law firm Shumway Van, violated the laws of the State of Nevada, the Local Rules of this Court, and this Court's Order Granting the CFTC's Motion to Strike Saffron's Answer dated January 30, 2020 ("Order Striking Saffron's Answer," ECF No. 52) by

---

[1] The CFTC will also be filing a Response in Opposition to the Motions to Set Aside the Entries of Default, which will address the factual and legal deficiencies of the Filings.

1

filing a "Motion to Set Aside Entry of Default Judgment" (ECF No. 63), and thereafter filing an "Errata to Motion to Set Aside Entries of Default" (ECF No. 64) (collectively "Motions to Set Aside Defaults" or "the Filings"). Despite the fact that Mumford cannot lawfully practice before this Court, he has entered his appearance on behalf of Defendants.[2] Disturbingly, Van has suborned this unlawful activity by associating himself and his firm with the Filings, despite his knowledge that Mumford made no effort to petition this Court to appear *pro hac vice* prior to filing the Motions to Set Aside Defaults.[3] Finally, Mumford's and Van's Filings violate the clear terms of this Court's Order Striking Saffron's Answer (ECF No. 52) by seeking to set aside the entry of default as to each Defendant more than a month after the deadline set by this Court for seeking such relief. Mumford and Van make no attempt to modify the clear and unambiguous terms of the Court's Order Striking Saffron's Answer prior to filing the Motions to Set Aside Defaults, nor do they even acknowledge this Court's Order. The February 13, 2020 deadline for filing such a motion was clear and unambiguous, and it was violated by Defendants.

     This is not the first time that Mumford has acted as Saffron's attorney herein, notwithstanding his inability to lawfully practice before this Court. On December 23, 2019,

---

[2] It is undisputed that Mumford is not admitted to practice law before this Court and is not admitted to practice law in the State of Nevada. It is also undisputed that at no time prior to filing the Motions to Set Aside Defaults did Mumford petition this Court to appear on behalf of Defendants *pro hac vice* in violation of LR IA11-2. Although Van is a member of the State Bar of Nevada and his name appears on the Filings, Mumford's participation invalidates the Filings.

[3] In light of Mumford's disciplinary history, of which Van must be aware, his admission *pro hac vice* before this Court is highly questionable. The failure of Mumford to bring his adverse disciplinary history to the Court's attention, and treating his admission *pro hac vice* as a trivial matter, displays an intentional lack of candor in his dealings with this Court. Mumford's disciplinary history is far from trivial. *See e.g.*, *Garth O. Green Enterprises, Inc. v. Standard Plumbing Supply, Inc.*, 2:17-cv-556, 2017 WL 1843097, at *7 (D. Utah 2017) (Mumford sanctioned $34,082.84 and ordered barred from further action or appearance in the matter until monetary sanctions paid in full).

Mumford emailed the CFTC a document titled "Preliminary Answer and Motion for Additional Time to Answer on Behalf (sic) David Gilbert (sic) and Circle Society (sic)." *See* Email from Mumford dated Dec. 23, 2019 and accompanying Preliminary Answer, submitted herewith as Ex. 1. Mumford's Preliminary Answer contains a certificate of service in which Mumford represented to the CFTC — falsely — that the pleading had been filed by mailing a copy to the Clerk of the Court. *Id*. at 3. Mumford admits that he is not admitted to practice law before this Court and has not filed a motion for admission *pro hac vice*. *Id*. at 2 ("I do intend to seek admission to this court as soon as possible."). Mumford further acknowledges that he is aware of the requirement to file a petition for *pro hac vice* admission. *Id*. ("I anticipate that we will proceed assuming my admission pro hac vice is accepted with Mr. Van serving as my sponsoring local counsel and Mr. Van being corporate counsel for Circle Society."). All of these representations by Mumford were false: Mumford's Preliminary Answer was never filed with this Court, and Mumford has never petitioned this Court to appear *pro hac vice* herein.

In a letter dated January 22, 2020, that was not emailed to the undersigned counsel until the morning of the Contempt Hearing on January 24, 2020, Mumford admits that he never filed the Preliminary Answer with this Court. *See* Email from Mumford dated Jan. 24, 2020 and accompanying letter, ECF Nos. 54, 54-1. Mumford provides no explanation for his prior false statements and false certificate of service, nor does he provide any credible explanation as to why he waited more than a month to admit he never actually filed the Preliminary Answer. Mumford letter, ECF No. 54-1.[4]

---

[4] Mumford's false statements and false certificate of service appended to the Preliminary Answer also appear to independently violate Fed. R. Civ. P. 11. The CFTC does not address potential state bar sanctions flowing from those apparent violations herein, but is prepared to do so should the Court require.

Despite Mumford's representation to this Court that "I would never presume admission *pro hac vice*" (Mumford letter, ECF No. 54-1), he is apparently doing just that by filing the Motions to Set Aside Defaults. In both Motions, Mumford and Van note in the title block of each filing, "*pro hac vice* application forthcoming." ECF Nos. 63, 64. Mumford has made filings with the Court while knowingly not admitted to practice before this Court and without having first filed a verified petition for admission *pro hac vice* herein in violation of LR IA 11-2. No member of the Bar admitted to practice before this Court has stated they will sponsor Mumford's admission herein.

## II.   ARGUMENT

### A. The Filings Are Invalid Because Mumford Has Not Been Admitted to Practice Before This Court

The Local Rules for the United States District Court for the District of Nevada provide that an attorney who has been retained to appear in a particular case but is not a member of the bar of the district court "may appear only with the court's permission," and applications "must be by verified petition on the form furnished by the clerk." LR IA 11-2. Among other things, that petition must state:

> (4) [t]hat the attorney is not currently suspended or disbarred in any court;
> (5) [w]hether the attorney is currently subject to any disciplinary proceedings by any organization with authority to discipline attorneys at law; [and]
> (6) [w]hether the attorney has ever received public discipline including, but not limited to, suspension or disbarment, by any organization with authority to discipline attorneys at law.

LR IA 11-2(b)(4)-(6). After receiving this information on a verified petition, "[t]he court may grant or deny a petition to practice." LR IA 11-2(h).

As of the date of the filing of this Motion, Mumford is not admitted to practice before this Court and has made no effort to seek admission herein. In order to lawfully participate in these

4

proceedings, Mumford must first file a verified petition moving for his admission *pro hac vice*, and this Court must then grant the petition. The merits of such a petition do not need to be discussed at this time, as Mumford has failed to file such a petition. By making a filing on behalf of Defendants, without gaining admission or even attempting admission to this Court, Mumford is engaging in the practice of law without a license. Upon information and belief, Van knowingly and intentionally assisted the unauthorized practice of law by filing the Motions to Set Aside Defaults with Mumford.

Mumford has failed to avail himself of the safe harbor provided by LR IA 11-2(c):

> An attorney whose verified petition is pending must not take action in this case beyond filing the first pleading or motion. The first pleading or motion must state the attorney "has complied with LR IA 11-2" or "will comply with LR IA 11-2 within __ days." Until permission is granted, the clerk must not issue summons or other writ.

Mumford cannot claim the protection of LR IA 11-2(c) because he has failed to file a verified petition for admission *pro hac vice* with the Court, he has failed to comply with LR IA 11-2, and he has failed to state — in the Motions to Set Aside Defaults (ECF Nos. 63, 64) — that he will comply with LR IA 11-2 within a stated amount of days. *Id*. Given Mumford's representation that he has been admitted *pro hac vice* in the past (Mumford letter, ECF No. 54-1 at n.1), which perforce requires familiarity with the Local Rules of this Court, one can only conclude that Mumford's failures are knowing and intentional.

It is well-settled that any filing made as a result of the unauthorized practice of law is invalid. *See Guerin v. Guerin*, 993 P.2d 1256, 1258 (Nev. 2000) (appeal filed as a result of unauthorized practice of law invalid). As of the date of the filing of this Motion, Mumford has failed to file a verified petition for admission to practice before this Court, as required by LR IA 11-2. Until such time as Mumford files a verified petition for admission, and this Court grants

5

said petition, any filing by Mumford in this matter constitutes the unauthorized practice of law in violation of LR IA 11-2.  In addition, any joint filing by Mumford and Van, while Mumford is not admitted herein, may also concurrently violate both Mumford's and Van's independent obligations under Fed. R. Civ. P. 11.  Finally, Mumford's submission of a court filing in this case when he knows he is not admitted to practice herein violates the duty of good faith and fair dealing with this Court and opposing counsel.

Accordingly, the CFTC moves this Court for an order finding that Mumford has made a filing in violation of both Fed. R. Civ. P. 11 and LR IA 11-2, striking the Motions to Set Aside Defaults (ECF Nos. 63, 64), and setting a telephonic hearing[5] to determine what sanctions, if any, should be imposed upon Mumford and Van.

**B.     Defendants Are Prohibited From Moving to Set Aside Their Respective Defaults Because They Failed to Comply with the Court's Deadlines Set Forth in the Order Granting Van's Motion to Withdraw and Order Striking Saffron's Answer**

Defendants' Motions to Set Aside Defaults do not address Defendants' failures to comply with the Court's orders and deadlines:  (1) Circle Society was required to file notice of new counsel on or before December 23, 2019 (Order dated Dec. 2, 2019, ECF No. 29); and (2) Saffron was required to file any motion to set aside his default on or before February 13, 2020 (Order Striking Answer, ECF No. 52; Tr. Contempt Hearing Jan. 24, 2020 at 26:3-10, ECF No. 65).

Van previously entered his appearance as Circle Society's counsel and filed a Motion to Withdraw as Counsel on December 2, 2019.  Motion to Withdraw, ECF No. 28.  The Court granted the Motion to Withdraw and stated:

---

[5] CFTC counsel is located in Washington, D.C. and requests to participate in any court hearing scheduled in the near future via telephone due to the current exigent circumstances created by COVID-19.

> ***The Court will require that Defendant Circle Society, Corp. advise the Court if it will retain new counsel by December 23, 2019 as it must retain new counsel if it intends to continue to litigate this matter***. . . . Failure to respond may result in a recommendation to the United States District Judge . . . that dispositive sanctions be issued against Defendant Circle Society, Corp.

Order dated Dec. 2, 2019, ECF No. 29 (emphasis added). As noted by the Court in its Order, corporations can only appear in court through an attorney.[6] Circle Society failed to advise the Court it retained new counsel by the December 23, 2019 deadline imposed by the Court.

Similarly, in granting the CFTC's Motion to Strike Saffron's Answer, the Court ordered Saffron to file a motion to set aside the default entered against him no later than February 13, 2020. *See* Order Striking Saffron's Answer, ECF No. 52. Moreover, the Court pointedly advised Saffron, on the record at the January 24, 2020 Contempt Hearing, that he had twenty days from that date to file a motion to set aside the default entered against him:

> [The Court]: [Y]ou've got 20 days if you want to move to set aside that default and file an answer —
> [Saffron]: Okay.
> [The Court]: — okay?
> [Saffron]: So 20 days to do that, but then 14 days to comply with the record?
> [The Court]: Yes.
> [Saffron]: Okay. All right. Okay.

*See* Tr. Contempt Hearing Jan. 24, 2020 at 26:3-10 (ECF No. 65). No motion to set aside the default was filed on or before February 13, 2020.

The failure of Defendants to comply with the Court's orders and deadlines precludes their ability to file such motions. Indeed, the filing of the Motions to Set Aside Defaults more than a month after the twenty-day period already provided by the Court, without seeking leave of Court,

---

[6] Order, ECF No. 29 (citing *United States v. High Country Broad.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (per curiam); *In re Am. W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1999) (stating that "[c]orporations and other unincorporated associations must appear in court through an attorney.")).

is itself another contempt of this Court's authority.

**C.     Defendants Have Failed to Comply with the Court's Contempt Order**

It is within the equitable powers of the Court to deny any affirmative relief to Defendants until they have brought themselves into compliance with the Court's previous orders. Defendants have failed to comply with a single provision of the Court's Contempt Order: they have failed to provide their business records for inspection by the CFTC; they have failed to provide an accounting of each defendant's assets; they have failed to comply with the asset freeze; they have failed to answer the three questions set forth in the Contempt Order; and they have failed to pay the daily fines this Court ordered them to pay should they fail to comply with the Contempt Order.[7]  Civil Contempt Order, ECF No. 51.  As of the date of this filing, the daily fines owed by both Saffron and Circle Society total $96,000 and continue to accrue.

Defendants fail to address any of the issues set forth in the Court's Contempt Order. Indeed, the Motions to Set Aside Defaults treat the Contempt Order as if it was never entered. Rather, Saffron provides a declaration that states in part: "On January 24, 2020, I appeared before this court and was asked, among other things, to retrieve information regarding the data banks of clients of Circle Society, Corp." Declaration of Saffron, ECF Nos. 63, 64 at ¶ 1.  In fact, Saffron was not asked, he was ordered to provide information and documents, and he has ignored that portion of the Contempt Order just as he has ignored every other provision of the Contempt Order.

---

[7] *See* CFTC's Notice of Defendants' Non-Compliance with the Civil Contempt Order, ECF No. 58; CFTC's Motion for Additional Sanctions in Furtherance of Defendants' Non-Compliance with Civil Contempt Order, ECF No. 62.

### D.     Defendants Fail to Demonstrate Good Cause for Setting Aside Entries of Default[8]

The Clerk of the Court has entered defaults pursuant to Fed. R. Civ. P. 55(a) against Circle Society on November 5, 2019 and Saffron on December 23, 2019. *See* Clerk's Entries of Default, ECF Nos. 21, 42. Pursuant to Fed. R. Civ. P. 55(c), the Court may only set aside an entry of default against a defendant for "good cause." The "good cause" standard that governs vacating an entry of default under Rule 55(c) is the same standard that governs vacating a default judgment under Rule 60(b). *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001). The good cause analysis requires the Court to consider three factors: "(1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (quoting *Franchise Holding II, LLC v. Hunting Rests. Grp., Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004)). As these factors are disjunctive, the Court may deny the motion if any of the three factors are true. *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir. 2000). Here, all three factors are true. The party seeking relief from the entry of default bears the burden of showing that these factors favor such relief. *See Franchise Holding II*, 375 F.3d at 926. In considering these good cause factors, the United States Court of Appeals for the Ninth Circuit instructs that the Court is to be guided by the underlying policy concern that "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Falk v.*

---

[8] The CFTC's forthcoming Opposition to Defendants' Motions to Set Aside Defaults will address in greater detail Defendants' failures to make a proper showing for setting aside the defaults under Fed. R. Civ. P. 55(c).

9

*Allen*, 739 F.2d 461, 463 (9th Cir. 1984).

Here, there has been no showing of "good cause" by Defendants sufficient to set aside the entries of default. Defendants fail to even address the three factors relevant to setting aside a default under Fed. R. Civ. P. 55(c), and nowhere in the Filings do Defendants allege good cause exists. Indeed, Defendants fail to set forth any "meritorious defenses" on behalf of either Defendant. Instead, Defendants engage in a rambling airing of baseless complaints and accusations that have no relevance to these proceedings. Accordingly, Defendants have not met their burden to demonstrate good cause for setting aside the entries of default.

## CONCLUSION

For the reasons stated above, the CFTC respectfully requests that the Court grant the CFTC's Motion to Strike the Filings Dated March 20, 2020 and grant the CFTC any further and additional relief as is just and appropriate. In the event the Court deems it appropriate to hold a hearing on the relief requested herein, the CFTC moves that it be permitted to participate via telephone.

Dated: March 26, 2020

Respectfully submitted,

By: /s/ Danielle E. Karst
Danielle E. Karst
Timothy J. Mulreany
**COMMODITY FUTURES TRADING COMMISSION**
Three Lafayette Centre
1155 21st Street, N.W.
Washington, D.C. 20581
Telephone: (202) 418-5000

10

# CERTIFICATE OF SERVICE

On March 26, 2020, I served a copy of *Plaintiff CFTC's Motion to Strike the Filings Dated March 20, 2020*, on counsel of record below by filing a copy of the same with the Clerk of the Court using the CM/ECF system.

**Michael C. Van**
**Garrett Chase**
Shumway Van
8589 South Eastern Avenue, Suite 100
Las Vegas, NV 89123

**Marcus Mumford**
Mumford Law
1449 Devonshire Drive
Salt Lake City, UT 84108

/s/ Danielle E. Karst
Danielle E. Karst