**MICHAEL C. VAN (NV# 3876)**
**GARRETT R. CHASE (NV #14498)**
Shumway Van
8985 S. Eastern Avenue, Suite 100
Las Vegas, NV 89123
Tel: (702) 478 7770
Fax: (702) 478 7779
Email: paulal@shumwayvan.com

**MARCUS R. MUMFORD** (*pro hac vice* application forthcoming)
Mumford PC
1449 Devonshire Drive
Salt Lake City, UT 84108
Tel: (310) 909-6153
Email: mrmumford@gmail.com

Attorneys for David Gilbert Saffron and Circle Society, Corp.

# UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF NEVADA

COMMODITY FUTURES TRADING
COMMISSION,

         Plaintiff,

   v.

DAVID GILBERT SAFFRON, *et al*,

         Defendants.

Case No.: 19-cv-01697-KJD-DJA

**MEMORANDUM IN OPPOSITION TO THE COMMODITY FUTURE TRADING COMMISSION'S MOTION FOR ADDITIONAL SANCTIONS IN FURTHERANCE OF CFTC'S NOTICE OF DEFENDANTS' NONCOMPLIANCE WITH THE COURT'S CIVIL CONTEMPT ORDER DATED JANUARY 30, 2020**

**I.**    **The Sanctions Sought By The CFTC Of Coercive Incarceration Are A "Drastic" Remedy And Not Warranted Under The Circumstances.**

    Defendants Circle Society, Corp. (hereinafter, "The Circle Society" or the "Company"), and David Saffron (collectively, "Defendants") oppose the Commodity Future Trading

SHUMWAY • VAN
8985 South Eastern Avenue, Suite 100
Las Vegas, Nevada 89123
Telephone: (702) 478-7770 Facsimile: (702) 478-7779

Commission's ("Commission" or CFTC") Motion For Plaintiff's Motion For Additional

Sanctions In Furtherance Of CFTC's Notice Of Defendants' Noncompliance With The Court's

Civil Contempt Order Dated January 30, 2020 (the "Motion"). The Commission's motion has

essentially *three fatal flaws*.

**1.   Defendants Have Already Substantially Complied With The Court's Order.**

First, it is wrong for the CFTC to repeatedly mischaracterize Defendants' actions in this

case as noncompliant, where he has shown substantial efforts in producing responsive

information and documents to the CFTC. As an initial matter, it is important to note how the

CFTC demonstrated a complete lack of candor when it has argued that, under the civil contempt

standard, "substantial [compliance], diligent, or good-faith efforts are not enough," and that

"[t]he only issue is compliance."[1] On this point of law, the Ninth Circuit has repeatedly and

specifically held otherwise, recognizing that "[s]ubstantial compliance … is a defense to civil

contempt." *National Advertising Co. v. City of Orange*, 861 F.2d 246, 250 (9th Cir. 1988). Under

that defense, "[a] finding of contempt is inappropriate where the party has taken 'all reasonable

steps' to comply with the court's instructions." *Id*. (citation omitted); *see also Balla v. Idaho

State Bd. of Corrections*, 869 F.2d 461, 466 (9th Cir. 1989) ("Failure to comply consists of not

taking 'all the reasonable steps within one's power to insure compliance with the order.'"). The

Ninth Circuit has further held that, while the contempt "need not be willful," and there is no

good faith exception to the requirement of obedience to a court order, *In re Crystal Palace

Gambling Hall, Inc.*, 817 F.2d 1361, 1365 (1987), a person should not be held in contempt if his

---

[1] Dkt 65 (1/24/2020 Hrg. Tr.) at 3:17-20. The CFTC's partial transcript of the January 24, 2020 hearing omits the argument portion, and the Court's ruling, which seemingly relied on at least the thrust of those invalid arguments by CFTC counsel. *See id*. at 10:13-18, 14:22-15:2. A complete transcript of that hearing transcript is filed as Docket 65 and attached here as Exhibit 1.

SHUMWAY • VAN
8985 South Eastern Avenue, Suite 100
Las Vegas, Nevada 89123
Telephone: (702) 478-7770 Facsimile: (702) 478-7779

actions "'appear[] to be based on a good faith and reasonable interpretation of the [court's order].'" *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693 (9th Cir. 1993) (citing *Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc.*, 689 F.2d 885, 889 (9th Cir. 1982)). The *Dual-Deck* court has perhaps more articulately stated the correct standard as follows:

> This set of rules is easy to articulate but difficult to apply. We must determine, under a restrained standard of review, whether the district court could properly determine (1) that Go-Video violated the court order, (2) ***beyond substantial compliance***, (3) ***not based on a good faith and reasonable interpretation of the order***, (4) by clear and convincing evidence.

*Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693 (9th Cir. 1993) (emphasis added). For purposes of responding to the current Motion, Defendants initially ask that this Court realize how it may have been misled previously by the CFTC's lack of candor on the issue of the civil contempt standards.[2] Unlike what the Commission has argued, "the only issue" ***is not*** just "compliance," it is much more than ***just*** that.[3]

This lack of candor shown by the CFTC also extends to the way in which the CFTC mischaracterizes the facts of Defendants' substantial compliance. Here, Mr. Saffron has taken "all reasonable steps" to comply with the Court's order, as he summarized his understanding of the Court's order at the January 24th hearing, making the CFTC's request for the imposition of additional sanctions inappropriate.

As the CFTC admits, since the January 24th hearing, Defendants produced two Excel files containing reconstructed client data for more than 2,000 Circle Society members. The emails attached to the CFTC's motion show Defendants' efforts to produce much more than that.

---

[2] A more recent discussion of this "easy to articulate but hard to apply" standard that the CFTC should have acknowledged can be found in a recent June 2019 decision from the Eastern District of California. *See Harrison v. Flores*, No. 1:18-cv-00525-DAD-JLT (E.D. Cal. Jun. 28, 2019).
[3] Dkt 65 at 3:17-20.

SHUMWAY • VAN
8985 South Eastern Avenue, Suite 100
Las Vegas, Nevada 89123
Telephone: (702) 478-7770 Facsimile: (702) 478-7779

In the section below, Defendants will critique how the CFTC's responses have frustrated those efforts by the Defendants to produce more than that. For purposes of this section, it is important to note how inappropriate it is for the CFTC to use the efforts Defendants have made to accuse Defendants of not demonstrating their substantial compliance and "perforce … withhold[ing] [the Company's] business records."[4]

In a very real sense, Defendants have done exactly what Mr. Saffron told the Court they would do at the January 24th hearing. There, Mr. Saffron specifically explained how he was going to "reconstruct" the Company's client data and provide that in a form that would be helpful to the CFTC to bring Defendants in compliance with the Order.[5] "I have been rebuilding those records. I would require ***at least*** two weeks to reconstruct them."[6] And that is what Defendants have done. To use their efforts as some kind of admission that Defendants are somehow hiding data seems to reveal the empty husk of the Commission's Motion: the Motion and correspondence attached to it reveal a party that is more interested in catching Defendants in a "gotcha" moment than in admitting the Defendants' substantial efforts to comply with the Court's Order.

And the record of the January 24th hearing shows that while Mr. Saffron initially estimated that "two weeks" would be adequate time to reconstruct the missing records, that estimate has proven too ambitious. Which is what the correspondence Mr. Saffron has attempted with the CFTC shows. Notwithstanding the CFTC's refusal to provide him with the additional FTP links that he needs to upload additional data, Mr. Saffron continued to reconstruct relevant records and either produced or attempted to produce them to the Commission as they became

---

[4] Dkt 62 at 4-5.
[5] Dkt 65 at 11:3-7, 18:14-16.
[6] Id. at 11:3-7.

SHUMWAY • VAN
8985 South Eastern Avenue, Suite 100
Las Vegas, Nevada 89123
Telephone: (702) 478-7770 Facsimile: (702) 478-7779

SHUMWAY • VAN
8985 South Eastern Avenue, Suite 100
Las Vegas, Nevada 89123
Telephone: (702) 478-7770 Facsimile: (702) 478-7779

available. The Commission's own exhibits show how, on February 19th, Mr. Saffron emailed the Commission requesting "another ftp link" because he had "reconstructed more records."[7] On February 28th, Mr. Saffron communicated to the Commission that he had "1000 more records" ready, and would need "4 weeks more to complete this work and reconstruct [the] rest."[8] The CFTC responded to acknowledge receipt of "two zip files" but otherwise did not provide Mr. Saffron with the reasonable request for accommodation but only accused him of "still [being] in contempt of court. Finally, on March 3rd, Mr. Saffron requested additional time because he still had "1000+ records to reconstruct," and "another FTP link" which he needed to upload the customer data for approximately 4,000 Company clients that he had reconstructed.[9] Rather than respond to give Mr. Saffron the link he needed to upload the data that he had reconstructed, to say nothing of additional time needed to reconstruct the last batch of client data, the CFTC responded with further accusations about Defendants being in contempt.

Next, the Commission argues in its Motion how Defendants have violated the Court's Order by failing to provide answers to the questions posed under oath. On this point, Defendants would ask the Court to recognize that it is dealing with a party who was unrepresented for most of the time in question, the CFTC having threatened to find Defendants in violation of the TRO or preliminary injunction if it used any Company funds to hire a lawyer[10] (and this Court refusing to answer Mr. Saffron's direct questions on this point at the January 24th hearing),[11] and would further point out how Mr. Saffron's statements at the January 24th hearing and by producing the reconstructed records of his client's data, that Defendants essentially answered

---

[7] Dkt 62-2 at 4.
[8] Id. at 2.
[9] Dkt 62-1 at 2.
[10] *See* Dkt 23 (10/29/2019 Hrg. Tr.) at 4:21-5:1.
[11] Dkt 65 at 22:21-23:7, 23:22-24:6.

those questions posed in the affirmative. Regardless, to eliminate any doubt on their answers to those questions, under oath, Mr. Saffron is attaching to this opposition a sworn declaration to this response that provides written answers to those questions under oath.[12] Additionally, Mr. Saffron is providing the CFTC and the Court with sworn answers of what amount of assets the Circle Society has taken in from its clients in the time period in question: 6,884 BTC.[13]

Finally, and notwithstanding all of the records that Defendants have produced, and their efforts to comply with the Court's Order, it is significant to note that the CFTC misled the Court in describing Defendants' earlier efforts to comply with the Court's order.[14] At the hearing held January 10, 2020, the CFTC admitted that Defendants had at least filled out and filed a form, titled Consent To Release Of Financial Records, which provided the Court and CTFC with some of the information that the preliminary injunction required. At that time, the CFTC counsel argued that the information provided was "useless," but at the same time, counsel admitted that it was specifically required by the Court's preliminary injunction.[15] On this point, the CFTC (and Court to the extent it found the CFTC's arguments persuasive) should not be able to characterize Defendants as noncompliant when those Defendants have admittedly attempted to substantially comply with a good faith interpretation of the Court's Order, *when those Defendants have admittedly followed the Court's instructions.*

In sum, the undisputed facts demonstrate that Mr. Saffron has taken, and continues to take, "all reasonable steps" to comply with the Court's order. The substantial compliance defense

---

[12] See attached Exhibit 2 (Declaration of David Saffron) at ¶ 1; see also id. at ¶ 3.
[13] Id. at ¶ 2.
[14] At the January 24th hearing, CFTC counsel asserted that "[t]oday, [sic] there has been no compliance by defendants." Dkt 65 at 3:21.
[15] Dkt 50 (1/10/2020 Hrg. Tr) at 6:8-18, 7:15, 9:16; Dkt 65 (1/24/2020 Hrg. Tr.) at 5:12-21.

SHUMWAY • VAN
8985 South Eastern Avenue, Suite 100
Las Vegas, Nevada 89123
Telephone: (702) 478-7770 Facsimile: (702) 478-7779

1

2

should apply, rendering the Commission's requests for contempt and incarceration unreasonable

and inappropriate.

3

4

    **2.**    **The Power To Impose Coercive Sanctions Is Limited By An Individual's Ability**

5

        **To Comply And, Among Other Things, The CFTC's Actions Have Frustrated**

6

        **Defendants From Providing A More Substantial Compliance.**

7

8

Second, the Motion fails to acknowledge how it is axiomatic that "[t]he power to impose

9

coercive sanctions to compel obedience to an order in a civil contempt is limited by the

10

individual's ability to comply with the court's order." *Falstaff Brewing Corp. v. Miller Brewing*

11

*Co.*, 702 F.2d 770, 781 (9th Cir. 1983). More specifically, "incarceration of individuals held in

12

civil contempt is consistent with due process only where the contemnor receives adequate

13

procedural protections and the court makes specific findings on the individual's ability to comply

14

with the court order." *Rodriguez v. Robbins*, 804 F.3d 1060, 1075 (9th Cir. 2015), *rev'd on other*

15

*grounds*. Presumably aware of these principles, the Commission deliberately mischaracterizes

16

Mr. Saffron's statements, claiming that "the present ability of Defendants to fully comply with

17

all the terms of the Contempt Order is admitted" and "[i]t is undisputed that the records exist and

18

that Saffron has the present ability to produce both the records and the accounting."[16] The actual

19

facts of record directly contradict the Commission's assertions.

20

At the January 24th hearing, Mr. Saffron gave unrebutted testimony that the records he

21

had were "in a storage facility that was broken into in December."[17] Additionally, as Mr. Saffron

22

explains in the attached declaration, the third-party website administrator who has been with the

23

24

25

26

[16] Dkt 62 at 7.

27

[17] Dkt 65 at 10:23-25.

28

SHUMWAY • VAN
8985 South Eastern Avenue, Suite 100
Las Vegas, Nevada 89123
Telephone: (702) 478-7770 Facsimile: (702) 478-7779

Circle Society since its founding has been nonresponsive and under quarantine in Italy for at least a month.[18] These reasons are why Mr. Saffron explained at January 24th hearing that he has "been rebuilding those records" and that he would require "***at least***" two weeks of additional time "to reconstruct them."[19] Mr. Saffron's testimony has been reiterated several times to the Commission, and in this brief, as evidenced by the exhibits attached to the Motion. On February 19th, Mr. Saffron emailed the Commission stating: "Have reconstructed more records can you provide another ftp link."[20] On February 20th, Mr. Saffron stated: "I'm working on it and full [sic] more information that I'm still compiling."[21] On February 28th, Mr. Saffron stated: "have sent more [sic] 1000 more records halfway now require 4 weeks more to complete this work and reconstruct rest."[22] And on March 3rd, Mr. Saffron stated: "I still have 1000+ records to reconstruct."[23]

As admitted above, Mr. Saffron's initial two-week estimate to reconstruct missing records was too ambitious. However, there can be no dispute that Mr. Saffron has been working diligently since the Court's order was entered to reconstruct thousands of records and to apprise the Commission of his progress. Contrary to the representations in its Motion, the Commission well knows that Mr. Saffron does not have the "present ability" to produce records that he is still reconstructing.

The Commission also fails to admit and acknowledge how they have not only been unhelpful in their responses to Mr. Saffron's explanations and requests for additional information

---

[18] Ex. 2 at ¶ 4.
[19] *Id*. at 11:3-4.
[20] Dkt 62-2 at 4.
[21] *Id*. at 3.
[22] *Id*. at 2.
[23] *Id*.

SHUMWAY • VAN
8985 South Eastern Avenue, Suite 100
Las Vegas, Nevada 89123
Telephone: (702) 478-7770 Facsimile: (702) 478-7779

in his efforts to produce responsive documents and information (Mr. Saffron acting as a *pro se* party at the time), but at times have actively frustrated Mr. Saffron's efforts. Attorney Karst's declarations show and demonstrate how often Mr. Saffron has asked for the CFTC's guidance in his efforts to comply with their requests for records, including his request for directions on where the CFTC wants him to upload responsive documents and information, only to be told repeatedly by Ms. Karst how noncompliant Defendants are being. Further, there have been communications where Defendants requested a protective order, only to have the Commission's attorney respond to accuse Defendants of violating the Court's Order in even making such a request.[24] This forces Defendants to expend much more time in their efforts, as they seek to ensure that the Company's clients' confidential information is not produced inadvertently. As this Court is well-aware, courts now geneally recognize that "stipulated protective orders are now routine in federal discovery practice and facilitate the parties' exchanges without expensive and time consuming motion practice." *Oracle USA, Inc. v. Rimini St., Inc*., Case No. 2:10-cv-00106-LRH-PAL, Order at 11 (D. Nev. Dec. 6, 2012); *see also Cranmer v. Colo. Cas. Ins. Co*., Case No. 2:14-cv-645-MMD-VCF, Order at 5 (D. Nev. Nov. 20, 2014) (explaining that stipulated protective orders "expedite the discovery process by permitting litigants to freely exchange sensitive information" which "furthers the basic premise of federal practice…"); *Gillard v. Boulder Valley School Dist. Re.-2*, 196 F.R.D. 382, 386 (D. Colo. 2000) ("Blanket protective orders routinely are approved by courts in civil cases, frequently on the stipulated request of the parties."). As one judge explained, "protective orders are fairly routine and almost never require Court intervention…." *Vaccine Ctr. LLC v. GlaxoSmithKline LLC*, Case No. 2:12-cv-01849-JCM-NJK, Order at 2 n.1 (D. Nev. Feb. 20, 2013). Contrary to the foregoing caselaw, the Commission's actions, whether

---

[24] See email attached as Exhibit 3.

SHUMWAY • VAN
8985 South Eastern Avenue, Suite 100
Las Vegas, Nevada 89123
Telephone: (702) 478-7770 Facsimile: (702) 478-7779

SHUMWAY • VAN
8985 South Eastern Avenue, Suite 100
Las Vegas, Nevada 89123
Telephone: (702) 478-7770 Facsimile: (702) 478-7779

responding to the emails attached to the Motion[25] or rejecting in the email attached hereto as

Exhibit 3, where it rejected Mr. Saffron's protective order proposal outright were inappropriate

and served only to try and delay the timing of the Company's document production efforts.

Simply, this Court should not allow the CFTC to play the part of the "dog in the manger" with

the Motion at issue.[26]

The issue of a protective is especially important when the Court realizes the nature of

what the Company was seeking to protect (and is still seeking to protect). As support of this

point, the Court need only consider how the Company's records would show that a "Jeffrey K.

Dawson" from Henderson, Nevada, who purportedly is or is related to Judge Kent J. Dawson[27]

(who first received the CFTC's request for the temporary restraining order and preliminary

---

[25]  Docket 63-2, 63-3.

[26] There are several versions of the ancient Greek fable of the "dog in the manger." See
https://en.wikipedia.org/wiki/The_Dog_in_the_Manger#cite_ref-6 (accessed March 26, 2020),
which summarizes its history, whether as an allegory or metaphor, and various uses – for
example, quoting the apocryphal Gospel of Thomas where "Jesus said, 'Woe to the Pharisees,
for they are like a dog sleeping in the manger of oxen, for neither does he eat nor does he let the
oxen eat,'" or Matthew, chapter 23, which says:

> 13. Woe to you, teachers of the law and Pharisees, you hypocrites! You shut the
> door of the kingdom of heaven in people's faces. You yourselves do not enter, nor
> will you let those enter who are trying to.

Matthew 23:13 (New International Version).

[27] We understand that this "Jeffrey K. Dawson" from Henderson, Nevada, became a member of
The Circle Society based on his association with the Company's former attorney, Sterling Kerr,
also from Henderson. The account of this "Jeffrey K. Dawson" was purged after he refused to
respond to the Company's efforts to gather information in early 2019 in order to comply with the
Know Your Client or KYC policies that were being implemented by the cryptocurrency
exchanges in that time period. (There were many exchanges demanding that their customers, like
the Circle Society, comply with newly-implemented KYC policies in that time period –
exchanges such as CoinBase, which is a cryptocurrency exchange funded by the Fortress hedge
fund, and, perhaps more well-known, Gemeni Trust, which was founded by the Winkelvoss
brothers, who famously sued Mark Zuckerberg for ripping off their idea to found Facebook) (As
an example of these KYC Policies, Defendants would cite the Court to the Gemini Trust KYC
policy can be found at
https://gemini.com/legal/privacy-policy#welcome (visited March 26, 2020).

10

SHUMWAY • VAN
8985 South Eastern Avenue, Suite 100
Las Vegas, Nevada 89123
Telephone: (702) 478-7770 Facsimile: (702) 478-7779

injunction before issuing an order from chambers recusing himself, would likely appreciate the details of his Circle Society account being kept as confidential.

### 3.   Finally, And In The Alternative, Even If The Court Finds A Violation Of Its Order, The "Drastic" Remedy Of Coercive Incarceration Are Inappropriate.

<u>Third</u>, and in the alternative, even if the Court finds Mr. Saffron in contempt of its Order, the sanction of coercive incarceration is excessive and improper. While the Commission cites to several cases for the proposition that the Court *can* order coercive incarceration, the Commission fails to apply its case law, or any other authority, to show that the Court *should* order coercive incarceration. The Commission's request for imprisonment is not supported by reasoned analysis or legal authority, precisely because reason and the law militate against coercive imprisonment.

The Commission first cites to *United Mine Workers*.[28] The portion cited by the Commission cuts against coercive imprisonment because it acknowledges that "in contempt proceedings courts should never exercise more than 'the least possible power adequate to the end proposed.'" *United Mine Workers*, 330 U.S. at 332. Far from being the "least possible power adequate," coercive imprisonment is the most severe and drastic remedy available. *See Nasco, Inc. v. Calcasieu Television & Radio, Inc.*, 583 F. Supp. 115, 121 (W.D. La. 1984) ("[imprisonment] is a drastic coercive measure reserved for the most extraordinary circumstances and should be used sparingly."); *Thomas v. Thomas*, 569 P.2d 1119, 1121 (Utah 1977) ("such a severe measure [as imprisonment] is not permissible unless a party has manifested such obstinacy in disobedience of the court that it is necessary…"); *Fugitt v. Fugitt*, 850 S.W.2d 396, 399 (Mo. App. 1993) ("Imprisonment for contempt is a rather drastic remedy

---

[28] The Commission does not cite to the opinion of the Court, but rather to a concurring & dissenting opinion issued by Justices Black and Goldberg. *See United States v. United Mine Workers*, 330 U.S. 258, 328-335 (1947).

which should be carefully and cautiously exercised."); *Souther v. Tate (In re Tate)*, 521 B.R. 427 (Bankr. S.D. Ga. 2014) ("Coercive incarceration is the most severe sanction available to bankruptcy courts"). As explained below, coercive imprisonment has only been employed in circumstances that are simply not present in this case.

As an initial matter, the Commission only cites to one case in which a contemnor was incarcerated. In *United States v. Yates*, a criminal trial was underway and after taking the witness stand in her own behalf, the defendant refused to answer questions on cross-examination "and repeatedly persisted in her refusal after being instructed by the court to answer." *United States v. Yates*, 107 F. Supp. 408, 409 (S.D. Cal. 1952). Following a hearing, "[t]he criminal trial then proceeded, with the recalcitrant witness Yates continuing to testify and refusing to answer such questions as she chose not to answer." *Id*. at 410. Unlike in *Yates*, Mr. Saffron has not willfully disobeyed court orders, much less in the presence of judge and jury. The *Yates* case does not support the Commission's request for coercive incarceration in any way. With respect to cases in which coercive incarceration was ordered for violation of a discovery order, they are likewise distinguishable.

In *United States v. Conces*, the Sixth Circuit recognized that "incarceration is a severe sanction for a party's failure to comply with a discovery order, and that this measure ordinarily should be employed only as a last resort." *United States v. Conces*, 507 F.3d 1028, 1043 (6th Cir. 2007). Coercive imprisonment was only ordered in *Conces* following four (4) separate hearings, and only where the defendant:

> refused throughout the district court proceedings to participate in discovery or comply with the court's orders, and where, even in the face of imminent incarceration, he continued to interpose frivolous arguments and objections rather than indicating any sort of willingness to provide discovery responses in accordance with the court's clear and repeated instructions.

*See id*. at 1043-44. Likewise, in the *Teeple* and *Brumfield* cases to which *Conces* cites, incarceration was only ordered as a "last resort." In *Teeple*, the defendant was given four (4) hearings to explain his failure to produce documents. The defendant first agreed on the record to produce documents, but at later hearings, in which he actually had the relevant documents on his person, he claimed that he did not have to produce them "because he did not owe taxes" and he erroneously invoked the Fifth Amendment. *See United States v. Teeple*, 286 F.3d 1047, 1048-49 (8th Cir. 2002). In *Brumfield*, though only referring generally to "[a] number of convoluted proceedings", the court recited the district court's findings that "Brumfield's constant statements are an attempt to mislead or misrepresent facts to this court" and "everything along the line is a bad faith act on the part of Mr. Brumfield, and he is not going to get away with it." *United States v. Brumfield*, 188 F.3d 303, 304-05 (5th Cir. 1999).

The facts of this case pale in comparison to *Conces*, *Teeple* and *Brumfield*. It is undisputed that Mr. Saffron has been reconstructing and producing records as fast as he is able and consistently apprising the Commission of his progress. Acknowledging the difficulty in representing himself *pro se*, Mr. Saffron has now engaged counsel to assist him. And even though Mr. Saffron has expended countless hours reconstructing missing documents in an effort to distill and streamline information for the Commission, he intends to continue to work exhaustively to provide more data and documents as they become available. Simply stated, the coercive measures imposed by the Court in its January order are working: Mr. Saffron has taken, and continues to take, reasonable steps to comply with the Court's order and to produce documents and information to the Commission. The extraordinary, punitive, and unreasonably coercive measure of incarceration is simply not warranted, either by the facts of this case or the

1

2

case law cited in the Commission's Motion, and will only serve to stop the ongoing disclosure of

information by Defendants.

3

**II.     CONCLUSION**

4

For the reasons stated above, the Commission's Motion should be denied.

5

Dated this 26th day of March, 2020

6

7

                                         **SHUMWAY VAN**

8

By: /s/ Garrett R. Chase, Esq.
      Michael C. Van, Esq.

9

      Nevada Bar No. 3876
      Garrett R. Chase, Esq.

10

      Nevada Bar No. 14498

11

      8985 South Eastern Avenue, Suite 100
      Las Vegas, Nevada 89123

12

      Attorneys for David Gilbert Saffron and
      Circle Society, Corp.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SHUMWAY • VAN
8985 South Eastern Avenue, Suite 100
Las Vegas, Nevada 89123
Telephone: (702) 478-7770 Facsimile: (702) 478-7779

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SHUMWAY • VAN
8985 South Eastern Avenue, Suite 100
Las Vegas, Nevada 89123
Telephone: (702) 478-7770 Facsimile: (702) 478-7779

## **CERTIFICATE OF SERVICE**

Pursuant to FRCP 5, I hereby certify that I am an employee of SHUMWAY VAN, and that on the 26th day of March, 2020, I caused to be filed via CM/ECF a true and correct copy of this **MEMORANDUM IN OPPOSITION TO THE COMMODITY FUTURE TRADING COMMISSION'S MOTION FOR ADDITIONAL SANCTIONS IN FURTHERANCE OF CFTC'S NOTICE OF DEFENDANTS' NONCOMPLIANCE WITH THE COURT'S CIVIL CONTEMPT ORDER DATED JANUARY 30, 2020**, with an automatic Notice of Filing to provide service of same to the parties listed on this matter's electronic service list pursuant to LR IC 4-1. Should the CM/ECF e-file notice report any failures in electronic service, counsel will serve this document by another means and will file a supplemental Certificate of Service.

By:      */s/ Garrett R. Chase*
An Employee of Shumway Van