# EXHIBIT 1

# EXHIBIT 1

2:19-cv-01697-JAD-DJA - January 24, 2020

```
 1                IN THE UNITED STATES DISTRICT COURT

 2                    FOR THE DISTRICT OF NEVADA

 3   COMMODITY FUTURES TRADING        )
     COMMISSION,                      )
 4                                    ) Case No. 2:19-cv-01697-JAD-DJA
                 Plaintiff,           )
 5                                    ) Las Vegas, Nevada
     vs.                              ) January 24, 2020
 6                                    ) 2:53 p.m. - 3:32 p.m.
     DAVID GILBERT SAFFRON a/k/a      ) Courtroom 6D
 7   DAVID GILBERT and CIRCLE         ) CONTEMPT HEARING
     SOCIETY, CORP.,                  )
 8                                    )
                 Defendants.          )
 9   _____) CERTIFIED COPY

10

11            REPORTER'S TRANSCRIPT OF PROCEEDINGS
            BEFORE THE HONORABLE JENNIFER A. DORSEY
12             UNITED STATES DISTRICT COURT JUDGE

13

14   APPEARANCES:

15   For the Plaintiff:

16       DANIELLE E. KARST, ESQ.
         COMMODITY FUTURES TRADING COMMISSION
17       Three Lafayette Centre, 1155 21st Street, N.W.
         Washington, D.C. 20581
18       (202) 418-6158

19   Also present:

20       DAVID SAFFRON, pro se

21   Court Reporter:   Amber M. McClane, RPR, CRR, CCR #914
                       United States District Court
22                     333 Las Vegas Boulevard South, Room 1334
                       Las Vegas, Nevada 89101
23                     AM@nvd.uscourts.gov

24   Proceedings reported by machine shorthand.  Transcript
     produced by computer-aided transcription.
25
```

2:19-cv-01697-JAD-DJA - January 24, 2020

```
 1        LAS VEGAS, NEVADA; FRIDAY, JANUARY 24, 2020; 2:53 P.M.

 2                            --o0o--

 3                    P R O C E E D I N G S

 4        COURTROOM ADMINISTRATOR:  All rise.

 5        THE COURT:  Good afternoon.  Please have a seat.

 6        COURTROOM ADMINISTRATOR:  Now's the time set for a

 7   show cause hearing in Case Number 2:19-cv-1697-JAD-DJA,

 8   Commodity Futures Trading Commission versus David Gilbert --

 9   Gilbert Saffron.

10        Counsel, please state your appearances.

11        MS. KARST:  Good afternoon.  Danielle Karst for the

12   Commodity Futures Trading Commission.

13        MR. SAFFRON:  Good afternoon.  David Saffron, pro se.

14        THE COURT:  Thank you.  You can have a seat.

15        All right.  So we're here on the order to show cause

16   why the defendants should not be held in contempt of order for

17   violating the Court's injunctive relief order.  That order

18   granting that motion for an order to show cause is in the

19   docket at Number 48.  The Commission has provided proof of

20   service at Document Number 49, and it appears that we have

21   Mr. Saffron here today.

22        So this is the hearing on that motion for an order to

23   show cause -- or actually, at this point, it's actually --

24   it's beyond that.  We are at the contempt proceeding stage,

25   and the question at this point is why the Court should not
```

2:19-cv-01697-JAD-DJA - January 24, 2020

```
 1    issue a civil contempt order for violations of the motion for

 2    preliminary -- or violations of the preliminary injunction

 3    order.  So that preliminary injunction order, for the record,

 4    is at Document Number 31.

 5            Ms. Karst, I will hear from you.

 6            MS. KARST:  Your Honor, the CFTC has established by

 7    clear and convincing evidence that the defendants have

 8    violated two valid and lawful orders of this Court; the

 9    temporary injunction order dated October 3rd, 2019, for which

10    we never received any documents despite numerous demands, as

11    well as a violation for the -- violations of the preliminary

12    injunction order.  We view that as a past and a continuing and

13    ongoing violation for a failure to provide an accounting to

14    the CFTC of each defendant's assets as set forth in the

15    preliminary injunction order and for failure to provide any

16    access to documents for review and for reproduction.

17            And as Your Honor is aware, the absence of

18    willfulness is not a defense to a charge of civil contempt and

19    substantial, diligent, or good-faith efforts are not enough.

20    The only issue is compliance.

21            Today there has been no compliance by defendants.

22    Each of the defendants has violated this Court's orders

23    repeatedly.  It is uncontested that they are in contempt of

24    the Court's orders, and the CFTC moves the Court to find each

25    of them in contempt today.
```

Case 2:19-cv-01697-JAD-DJA   Document 65-1   Filed 03/26/20   Page 5 of 28
Case 2:19-cv-01697-JAD-DJA   Document 65   Filed 03/25/20   Page 4 of 27

2:19-cv-01697-JAD-DJA - January 24, 2020

 1          As noted by the U.S. Supreme Court, the sanction of

 2    civil contempt may be employed for either or both of two

 3    purposes:  One, to coerce the defendant into compliance with

 4    the Court's order, and to compensate the complainant for

 5    losses sustained.

 6          The CFTC moves this Court today to issue an order

 7    that will both coerce defendants to comply with the

 8    preliminary injunction order and also to compensate the CFTC

 9    for the attorney's fees and expenses incurred in the

10    investigation and prosecution of this contempt.  The CFTC is

11    requesting compensatory damages of $14,351.  And unless the

12    defendant is here today with documents and the accounting as

13    ordered by Your Honor, I request that Mr. Saffron be held in

14    custody until he complies.

15          I understand, based on the Court's instructions at

16    the last hearing, however, the Court may not be inclined to

17    take that step and may wish to begin with fines, as in the

18    case of *CFTC versus Emerald Holdings*.  And if that is the

19    case, then the CFTC would move the Court to issue a contempt

20    order.  I provided a proposed order for Your Honor today that

21    mirrors what the Court did in *Emerald Worldwide Holdings* with

22    a few tweaks to update and reflect the passage of time.  I

23    have prepared that order and can submit it to the Court today,

24    or I can electronically file it.

25          That proposed order, Your Honor, orders defendants to

Case 2:19-cv-01697-JAD-DJA Document 68 Filed 03/26/20 Page 6 of 28
Case 2:19-cv-01697-JAD-DJA Document 65 Filed 03/25/20 Page 5 of 27

2:19-cv-01697-JAD-DJA - January 24, 2020

 1    fully comply with the preliminary injunction order, including

 2    making books, records, and documents available for inspection

 3    and copying.

 4            Secondly, the proposed order orders defendants to pay

 5    a daily compliance fine of $5,000 beginning and payable as the

 6    date of the order.

 7            Third, the proposed order orders defendants to pay to

 8    the CFTC compensatory damages of $14,351.

 9            And, finally, the CFTC proposes that the order orders

10    defendants to provide written responses to the CFTC regarding

11    their virtual currency addresses, and the purpose of that

12    inquiry, Your Honor, is based on my statements at the last

13    hearing that the consent to the release of financial records

14    that was provided by the defendant before the last hearing is

15    essentially useless in this case because the CFTC is not aware

16    of any traditional --

17            **THE COURT:**  Banks.

18            **MS. KARST:**  -- financial or bank account records.  So

19    that is why we are proposing that defendant provide written

20    responses to a series of three questions in the proposed

21    order.

22            And with that, Your Honor, I'm prepared to speak

23    about any of those four provisions, including the fines, the

24    amount of the fines, how that compares with *Emerald Worldwide*

25    *Holdings*.

Case 2:19-cv-01697-JAD-DJA   Document 65-1   Filed 03/26/20   Page 7 of 28
Case 2:19-cv-01697-JAD-DJA   Document 65   Filed 03/25/20   Page 6 of 27

2:19-cv-01697-JAD-DJA - January 24, 2020

1      **THE COURT:**  A couple things.  So you were just

2  explaining that you've prepared a proposed order that is

3  consistent with the *Emerald Worldwide Holdings* case.  Is that

4  different than the one that you attached to the original

5  motion?

6      **MS. KARST:**  *Yes, Your Honor, it is different.  After*

7  *last -- the last hearing, I did take a close look at the*

8  *approach in Emerald Worldwide Holdings*.  That case involved a

9  series of three orders.  I think, you know, we probably don't

10  need three here, but I did model the proposed order that I

11  have prepared for today on the first contempt order in *Emerald*

12  *Worldwide Holdings*, but that -- this order also includes the

13  imposition of a daily compliance fine beginning the date of

14  the order.  Whereas, *Emerald*, there was first the contempt

15  order which referenced a possible daily compliance fine, and

16  then there was a second order.

17      So I think that, given where we are and given that

18  this is the third hearing on the orders, I'm proposing that we

19  skip one of the emerald steps and have one order that goes

20  forth setting daily compliance fines beginning as of the date

21  of the order.

22      **THE COURT:**  Do you have a copy of that for me?

23      **MS. KARST:**  Yes, Your Honor, I do.

24      **THE COURT:**  Would you approach?

25      **MS. KARST:**  Yes.

Case 2:19-cv-01697-JAD-DJA Document 65-1 Filed 03/26/20 Page 8 of 28
Case 2:19-cv-01697-JAD-DJA Document 65 Filed 03/25/20 Page 7 of 27

2:19-cv-01697-JAD-DJA - January 24, 2020

1    **THE COURT:**  You've indicated that there are three

2    questions that you would want him to respond to or the

3    defendants to respond to.

4    **MS. KARST:**  Yes, Your Honor.  Those questions appear

5    on pages 5 and 6 of the proposed order, and this is

6    Section C(1)(f) of the proposed order.

7    **THE COURT:**  All right.  So those questions are:

8    1.  Have you held or controlled any virtual currency

9    addresses, including possessing the private keys for any

10   virtual currency address that has -- had a balance greater

11   than zero in the past two years?  If so, identify the address,

12   provide the corresponding private key for any virtual currency

13   address, and provide the date on which you acquired that

14   private key.

15   2.  Have you participated in or directed any virtual

16   currency transactions in the past two years?  If so, identify

17   the dates, currency quantity, and your involved virtual

18   currency addresses.

19   3.  Identify all persons and/or entities to whom you

20   have transferred virtual currency beginning from December 2017

21   to the date of this order, the date of each transfer, and

22   provide the public keys and public addresses associated with

23   said transfers as well as the private keys you used to effect

24   each transfer.

25   Are those the questions?

2:19-cv-01697-JAD-DJA - January 24, 2020

1    **MS. KARST:**  Yes, Your Honor.

2    **THE COURT:**  Okay.  Talk to me about -- let me hear

3    further argument with respect to the amount of a daily fine

4    that you are asking for.

5    **MS. KARST:**  Yes, Your Honor.  The CFTC is requesting

6    today a 5,000-dollar daily fine, and I will note for the

7    record that this case involves a much larger fraud than

8    *Emerald Worldwide Holdings*.  *Emerald Worldwide Holdings*,

9    Your Honor, that was a fraud of under $5 million.  I also note

10   that that case -- the -- the order in that case was from 2004.

11   So that -- that is roughly 16 years ago.  The *Emerald* order

12   imposed fines against the individual defendant and against the

13   company.

14        So we believe, given where we are today, defendants'

15   ongoing failure to comply despite repeated demands, that a

16   fine of $5,000 per day is appropriate here.

17        I'll also note, Your Honor, the preliminary

18   injunction order was entered December 6th, 2019.  The CFTC has

19   made repeated demands, and there has been no compliance.  And

20   that is a -- that's over a month.  And I am not requesting for

21   fines going back for that, covering that period of time.  I'm

22   only asking for fines beginning the date of Your Honor's

23   order.

24   **THE COURT:**  All right.  Thank you, Ms. Karst.

25        Mr. Saffron, you've not responded to the motion or to

Case 2:19-cv-01697-JAD-DJA Document 68-1 Filed 03/26/20 Page 10 of 28
Case 2:19-cv-01697-JAD-DJA Document 65 Filed 03/25/20 Page 9 of 27

2:19-cv-01697-JAD-DJA - January 24, 2020

1  the -- you haven't filed anything in response to the order to

2  show cause.  You are here today, however.  Do you have a

3  response?

4         **MR. SAFFRON:**  Yes, Your Honor.  I'm here on my own

5  recognizance today.  I've had extremely bad counsel up to this

6  point.  They've given me bad advice as to what to do in this

7  case.  I'm here to find a solution for this with yourself and

8  the prosecutor.  I'd like to recover everyone's outlay, pay

9  everyone's outlay back, the original investment back, and come

10 to an amicable solution.

11        **THE COURT:**  Do you deny at this point that you are in

12 violation of that preliminary injunction order?

13        **MR. SAFFRON:**  I haven't had any -- my advice from

14 counsel's been very bad, and I want to seek counsel and -- and

15 get someone but the TRO, as I understand it, doesn't allow me

16 to engage counsel.

17        **THE COURT:**  That's not true at all.

18        **MR. SAFFRON:**  That's what I was advised.

19        **THE COURT:**  No.  No.  You absolutely have a right to

20 hire your own attorney.  There were attorneys who had claimed

21 that they were hired on your behalf, and then that they

22 withdrew from representing you a few hearings ago.

23        You've been served with all of the developments in

24 this case.  I think you absolutely should get counsel.  But --

25 and, in fact, your -- the company, Circle Society Corp,

Case 2:19-cv-01697-JAD-DJA Document 68-1 Filed 03/26/20 Page 11 of 28
Case 2:19-cv-01697-JAD-DJA Document 65 Filed 03/25/20 Page 10 of 27

2:19-cv-01697-JAD-DJA - January 24, 2020

1   can't -- you can't represent it in court because it's a

2   separate entity, and individuals like you can't represent a

3   corporation if you're not an attorney.

4          So certainly Circle Society would -- would need to --

5   you could represent yourself, as you are today.  You have the

6   legal right to represent yourself.  But, of course, you have

7   the ability to obtain counsel.  I don't know who would have

8   advised you of that, but that's entirely untrue.

9          But nevertheless, here we are.  We're months into

10  this.  I think is this the fourth time, Ms. Karst, that you've

11  been out here?

12         **MS. KARST:**  Yes, Your Honor, at least the fourth.

13         **THE COURT:**  I think it's the fourth hearing.

14         So we've -- we're kind of far down this river at this

15  point, and what I'm -- what I'm considering at this point is

16  whether to impose civil contempt sanctions on you and on

17  Circle Society for failing to comply with the pre -- the

18  preliminary injunction order.

19         Do you have -- other than what you've already

20  indicated to me, do you have anything else to argue on your

21  behalf or against the imposition of civil sanctions?

22         **MR. SAFFRON:**  I have records for Circle Society and

23  myself for all the clients that were part of the company.  I

24  had those in a storage facility that was broken into in

25  December.  I don't have the police report on me.  I had given

Case 2:19-cv-01697-JAD-DJA   Document 65-1   Filed 03/26/20   Page 12 of 28
Case 2:19-cv-01697-JAD-DJA   Document 65   Filed 03/26/20   Page 12 of 27

2:19-cv-01697-JAD-DJA - January 24, 2020

1    that to a previous attorney that had came -- came in here, but

2    he left and just didn't do anything and never gave me back my

3    records.  I have been rebuilding those records.  I would

4    require at least two weeks to reconstruct them.  I really do

5    want to find a solution sincerely with -- with you and -- and

6    the prosecutor.  I want to work with them and -- and make

7    everyone whole.

8            **THE COURT:**  All right.  Thank you.

9            **MR. SAFFRON:**  You're welcome.

10           **THE COURT:**  Ms. Karst?

11           And you can have a seat, sir.

12           **MS. KARST:**  I didn't hear any substantial

13   justification or -- he claims that his storage locker was

14   broken into, but I -- there's no evidence here of either a

15   present inability to comply or substantial compliance.  So

16   Mr. Saffron and Circle Society are -- are in contempt of

17   Your Honor's orders.

18           **THE COURT:**  Thank you.

19           All right.  Here's what I'm going to do.  I'm going

20   to grant the motion for civil contempt, but I'm going to build

21   a little -- a very small window into that.  In a sense what I

22   will be doing is giving you that 14 days to fully comply with

23   all the terms of the preliminary injunction order and also

24   provide some additional information, including the answers to

25   those questions that I identified.  You'll need to provide

Case 2:19-cv-01697-JAD-DJA Document 68-1 Filed 03/26/20 Page 13 of 28
Case 2:19-cv-01697-JAD-DJA Document 65 Filed 03/26/20 Page 13 of 27

2:19-cv-01697-JAD-DJA - January 24, 2020

 1    written responses to the CFTC under oath to those questions,

 2    which I will identify in my -- in the order.

 3            Let me ask you, Mr. Saffron.  You're here today.

 4    What is your service address?  Where -- where shall I have the

 5    Court direct service if -- of documents to you now that you've

 6    appeared here on your own behalf?

 7            **MR. SAFFRON:**  Currently, Your Honor, I am under a lot

 8    of duress from threats online.

 9            **THE COURT:**  Um-hum.

10            **MR. SAFFRON:**  I have a USB key with literally tens of

11    thousands that I can give you.  I -- I will write my address

12    down, and I can hand it to you, but I don't really want to say

13    it loud in Court because there are people here who could be

14    taking notes as to my address.  And I'm -- I've been, like,

15    threatened.  My life has been threatened.

16            **THE COURT:**  Okay.

17            **MR. SAFFRON:**  I have no problem giving it to you.

18            **THE COURT:**  Okay.  So -- and I think the CFTC needs

19    to have it, too --

20            **MR. SAFFRON:**  I can give it to them, too.

21            **THE COURT:**  -- so that they can serve you.  And

22    before you leave this courthouse today, you need to stop

23    downstairs at the Clerk's Office and ensure that they have the

24    correct service information for you.

25            **MR. SAFFRON:**  Yeah.

2:19-cv-01697-JAD-DJA - January 24, 2020

```
1          THE COURT:  Or, Danielle, could he maybe...

2          All right.  Before you leave here, you need to speak

3    to Danielle and provide her with that information, and she's

4    able to update that for you.  Okay?  So you don't have to go

5    down to the Clerk's Office for that.  You can just speak with

6    Danielle after this hearing.

7          MR. SAFFRON:  There's another -- the CFTC had a list

8    of addresses on their original complaint.

9          THE COURT:  Um-hum.

10         MR. SAFFRON:  They're all wrong.  So, I mean, one of

11   them's my parents' house.  One of them was my sister's house

12   from five years ago.  Another one was a park in Australia.

13   Another two were Airbnb properties.

14         THE COURT:  Okay.

15         MR. SAFFRON:  So this is the only address I'm at.

16   And the 27 e-mail addresses, I don't recognize any of them.

17   I'm going to give them my current e-mail address.

18         THE COURT:  All right.  Thank you.

19         MR. SAFFRON:  You're welcome.

20         THE COURT:  You can sit down.

21         MR. SAFFRON:  Thank you.

22         THE COURT:  All right.  For the record, I'm going to

23   grant the motion for civil contempt, and I'll outline the

24   details of that momentarily.  Before I do that, I want to

25   state on the record the legal premise for this decision.
```

Case 2:19-cv-01697-JAD-DJA   Document 68-1   Filed 03/26/20   Page 15 of 28
Case 2:19-cv-01697-JAD-DJA   Document 65   Filed 03/25/20   Page 15 of 27

2:19-cv-01697-JAD-DJA - January 24, 2020

1          A Court's contempt powers are broadly divided into

2   two categories:  Civil contempt and criminal contempt.  The

3   difference between the two is not always clear because the

4   same conduct may result in citations for both civil and

5   criminal contempt.

6          Appellate courts distinguish between criminal and

7   civil contempt by looking to the sanction's character and

8   purpose.

9          The purpose of civil contempt is coercive or

10  compensatory.  Whereas, the purpose of criminal contempt is

11  punitive.  Because criminal contempt is a crime in the

12  ordinary course, criminal penalties may not be imposed on

13  someone who has not been afforded the protections that the

14  Constitution requires of such criminal proceedings.

15         In contrast, civil contempt sanctions are those

16  penalties designed to compel future compliance with a court

17  order, are considered to be coercive and avoidable for

18  obedience, and, thus, may be imposed in an ordinary civil

19  proceeding upon notice and an opportunity to be heard, which

20  we have here.  Neither a jury trial nor proof beyond a

21  reasonable doubt is required.

22         The standard for finding a party in civil contempt is

23  well settled.  The moving party has the burden of showing by

24  clear and convincing evidence the contemnors violated a

25  specific and definite order of the Court.  The burden then

2:19-cv-01697-JAD-DJA - January 24, 2020

1    shifts to the contemnors to demonstrate why they were unable

2    to comply.

3            A Court may wield its civil contempt powers for two

4    separate and independent purposes.  One, to coerce the

5    defendant into compliance with the Court's order.  And, two,

6    to compensate the complainant for losses sustained.  Because

7    they're remedial, civil compensatory sanctions typically take

8    the form of unconditional monetary sanctions.  Civil coercive

9    sanctions, however, are intended to deter, so they generally

10   take the form of conditional fines.  The ability to purge the

11   contemptuous behavior, i.e. to avoid or reduce the sanction by

12   complying with the underlying order, is perhaps the most

13   definitive character of civil contempt.

14           A Court's power to impose coercive civil contempt

15   depends on the ability of the contemnor to comply with the

16   coercive order, something that may change over time.

17   Generally, if a civil contempt order is coercive in nature, it

18   is mooted when the proceeding out of which it arises

19   terminates.  This means that, once an injunction has been

20   terminated, a court may still award compensation to the

21   plaintiff as a result of injuries caused by its opponent's

22   disobedience but a coercive sanction would no longer serve any

23   purpose.  Once the injunction has expired, there's no longer

24   anything left to coerce.  Instead, enforcing the sanctions

25   could only serve to punish.  Thus, in cases where the

Case 2:19-cv-01697-JAD-DJA   Document 68-1   Filed 03/26/20   Page 17 of 28
Case 2:19-cv-01697-JAD-DJA   Document 65   Filed 03/25/20   Page 16 of 27

2:19-cv-01697-JAD-DJA - January 24, 2020

 1   underlying proceeding has been rendered moot, the coercive

 2   contempt proceeding must be vacated to avoid a due process

 3   violation.

 4         Although we had a TRO in place and that is no longer

 5   in place, we have replaced that now with a preliminary

 6   injunction order that has been served.  That is at ECF

 7   Number 40.

 8         The order granting that motion was entered in early

 9   December.  The Commission filed proof that on December 9th,

10   2019, it served each defendant with a copy of that order and

11   minutes from our December 2nd hearing.  Among other things,

12   the order provides that within five business days following

13   service of that order, Mr. Saffron and Circle Society were

14   required to provide the Commission with a full and truthful

15   accounting of their assets.  The order also provided that

16   defendants must immediately, upon the Commission's request,

17   allow its representatives to inspect the books, records, and

18   other documents of defendants and their agents relating or

19   interfering to the defendants' business activities or business

20   or personal finances, and to copy those documents, data, or

21   records.  The Commission has shown that it demanded that the

22   defendants comply with these provisions and that compliance

23   has not occurred.

24         The Commission has, thus, established by clear and

25   convincing evidence that the defendants have violated the

2:19-cv-01697-JAD-DJA - January 24, 2020

1    provisions in the injunctive relief order requiring them to

2    provide the Commission with a full and truthful accounting of

3    their assets and permit the Commission to inspect and copy

4    their business and financial records.  So I grant the motion

5    for a civil contempt order at Document Number 40.

6            What remains to be determined are what sanctions are

7    appropriate and likely to coerce the defendants into complying

8    with the injunctive relief order.  I have reviewed U.S.

9    District Judge Howard Matz's order granting the Commission's

10   motion for civil contempt in *CFTC versus Emerald Worldwide*

11   *Holdings*, *Inc*.  The cite for that, it's a Central District of

12   California case from 2004.  It was Case Number 03-cv-8339.

13           In that case, the Commission brought a civil contempt

14   motion hoping to coerce the defendants to comply with an

15   injunctive relieve order requiring them to, among other

16   things, provide an accounting of their foreign assets and

17   permit the Commission to inspect or copy their books and

18   records.  I find that the form and nature of the sanctions

19   that Judge Matz ordered in *Emerald Worldwide* are a suitable

20   course for similar violations in this case.

21           What that means here is that I will enter a separate

22   written order granting the motion for civil contempt.  It will

23   be called a contempt order directing that the defendants fully

24   comply with all terms and conditions of the Court's

25   December 6th, 2019, order granting the motion for preliminary

Case 2:19-cv-01697-JAD-DJA   Document 68-1   Filed 03/26/20   Page 19 of 28
Case 2:19-cv-01697-JAD-DJA   Document 65   Filed 03/26/20   Page 18 of 27

2:19-cv-01697-JAD-DJA - January 24, 2020

1    injunction and other equitable relief; make all of their

2    business and financial records available to the Commission to

3    inspect; provide the Commission with a full accounting of

4    assets; provide answers to the three questions that the

5    Commission has identified and that I have now read on the

6    record; and also file with the Court a sworn affidavit or

7    declaration under penalty of perjury stating with specificity

8    the manner in which each defendant has complied with the terms

9    of the contempt -- or, I'm sorry, of the order.

10          So I will do that by a separate order.

11          Because the defendant, Mr. Saffron, is here today, he

12   has indicated that he intends to fully comply now with the

13   motion for preliminary -- the order granting the motion for

14   preliminary injunction and cooperate with the CFTC.  He has

15   indicated he has some records but is reconstructing others and

16   needs two weeks to complete that.  I am going to give a 14-day

17   window here to have full compliance with the terms of the

18   preliminary injunction order and also the other aspects that

19   I've identified here.

20          If compliance is not accomplished and fully achieved

21   after 14 days, at that point monetary fines, daily fines of

22   $1,000 per day will be imposed and will start to be assessed

23   unless and until the defendants comply with all terms and

24   conditions of the contempt order.

25          So we have a 14-day window to get this all taken care

Case 2:19-cv-01697-JAD-DJA   Document 68-1   Filed 03/26/20   Page 20 of 28
Case 2:19-cv-01697-JAD-DJA   Document 65   Filed 03/26/20   Page 19 of 27

2:19-cv-01697-JAD-DJA - January 24, 2020

 1    of, and if this doesn't happen within 14 days, it's going to

 2    be a thousand dollars per day as a coercive fine on top of

 3    that.

 4         **MS. KARST:**  Your Honor, may the CFTC inquire about

 5    its request for compensatory damages?

 6         **THE COURT:**  Um-hum.  So what I'm going to ask the

 7    CFTC to do with respect to that -- because I haven't seen an

 8    affidavit from -- from counsel, I -- I will certainly

 9    entertain that, but I would ask that you file a specific

10    request for an additional compensatory civil sanction with

11    appropriate support.

12         **MS. KARST:**  I have a worksheet, Your Honor, of those

13    fees and costs, and I can prepare a declaration.

14         Would you like a formal motion as well?

15         **THE COURT:**  Please.  I think it can be relatively

16    simple, though, just referring back to the other authority

17    that you have identified in your prior motions for contempt.

18         **MS. KARST:**  And that -- so that would be separate and

19    apart from --

20         **THE COURT:**  Yes.

21         **MS. KARST:**  -- any order issued today or shortly

22    thereafter?

23         **THE COURT:**  Correct.

24         **MS. KARST:**  I would also inquire, Your Honor, whether

25    the Court would be -- would like to inquire if Mr. Saffron is

Case 2:19-cv-01697-JAD-DJA   Document 68-1   Filed 03/26/20   Page 21 of 28
Case 2:19-cv-01697-JAD-DJA   Document 65   Filed 03/25/20   Page 20 of 27

2:19-cv-01697-JAD-DJA - January 24, 2020

```
1   violating the injunctive provisions of the preliminary
2   injunction order.  We have reason to believe that he may be
3   continuing to solicit customers and accepting funds from
4   members of the public that would be in direct violation of the
5   preliminary injunction order provisions on page 8, and I would
6   ask the Court to make an inquiry about whether or not the
7   defendant is continuing to solicit funds for new 2020 plans or
8   plans called the Millennium Group.  I've seen -- heard from
9   customers that the defendant is continuing to solicit.
10       So the CFTC has serious concerns about ongoing
11  violations of the order separate and apart from the
12  defendant's failure to provide any documents or an accounting.
13       THE COURT:  I understand that.  Those were additional
14  terms that I was imposing.  The entire order must be complied
15  with.
16       Mr. Saffron, do you have -- you've -- I know that
17  you've been provided with a copy of the order.  You've been
18  served with a copy of the order.  Do you have it with you?
19  Are you familiar with its terms?
20       MR. SAFFRON:  I know the lawyer previously did have
21  them, Your Honor.
22       THE COURT:  Okay.
23       MR. SAFFRON:  And I've requested it from him, but he
24  hasn't given it to me.
25       THE COURT:  All right.  Danielle, would you do me a
```

Case 2:19-cv-01697-JAD-DJA Document 68-1 Filed 03/26/20 Page 22 of 28
Case 2:19-cv-01697-JAD-DJA Document 65 Filed 03/25/20 Page 22 of 27

2:19-cv-01697-JAD-DJA - January 24, 2020

 1    favor and print out the order granting the motion for
 2    preliminary injunction?  It is Document 31.
 3              **COURTROOM ADMINISTRATOR:**  Yes, Your Honor.
 4              **THE COURT:**  I'm going to hand that to you in just a
 5    minute, Mr. Saffron.  I recommend that you get yourself
 6    familiar with that document and ensure that you comply with
 7    it.  As Ms. Karst was just indicating, it has some significant
 8    provisions that prevent you from continuing such business
 9    activities that are the basis of this case.  Do you understand
10    that?
11              **MR. SAFFRON:**  Yes, Your Honor, I do.
12              **THE COURT:**  Okay.  While we're getting a copy of
13    that, I wanted to address one other thing.  The -- you have
14    filed, Mr. Saffron, an answer in this case.  Unfortunately,
15    when your answer arrived here, it arrived later in the same
16    day that the Court had already entered -- the Clerk of Court
17    had already entered your default because your answer was
18    beyond the deadline, and the Court had entered default against
19    you.  Then your answer showed up here and got filed.
20              In order to file an answer and defend against the
21    CFTC's allegations in their complaint, you'll first need to
22    move to set aside the default that the Clerk has entered
23    against you.  That's the first step that you will need to do.
24    Because your answer won't be considered.
25              The CFTC has filed a motion to strike your answer

2:19-cv-01697-JAD-DJA - January 24, 2020

1   because it was entered after -- it was entered after the

2   default was entered.  And because of the -- just the timing of

3   that, their motion is well taken, and I'm granting their

4   motion to strike your answer.

5           So if you want to defend against the allegations, you

6   personally can file an answer, but first you're going to have

7   to successfully move the Court to set aside the Clerk's entry

8   of default.

9           Does that make sense to you?

10      **MR. SAFFRON:**  It makes sense.  Can I do this myself,

11  or do I need to hire counsel?

12      **THE COURT:**  Look, I always recommend that litigants

13  hire counsel because federal court is complex, but you are

14  able to do that motion on your own.  You may represent

15  yourself to do that, but hiring a lawyer who understands the

16  process is probably a better plan.

17          Circle Society, to the extent it wants to respond --

18  and I don't think Circle Society has answered -- would need a

19  lawyer to do that for it.  You can't act on Circle Society's

20  behalf as a lawyer under the federal statute.

21      **MR. SAFFRON:**  As a director of the company, can I pay

22  for that lawyer also, or -- am I allowed to pay for it with

23  the restrictions of the TRO?

24      **THE COURT:**  I don't know.  I -- I haven't examined

25  it.  And so by the -- just so you're clear, we're not on the

2:19-cv-01697-JAD-DJA - January 24, 2020

1   TRO anymore.  The TRO's done.  What we're on is the

2   preliminary injunction, which you've just been handed.

3            **MR. SAFFRON:**  Oh.  Okay.

4            **THE COURT:**  So you'll need to familiarize yourself

5   with those terms.  I would suggest, if you're interested in

6   hiring a lawyer, you do so immediately so that they can help

7   advise you.

8            Probably communicating with the CFTC while counsel is

9   here in Vegas is a good idea also so that you can work on a

10  schedule for providing all the documents and other information

11  necessary to comply with the terms of the preliminary

12  injunction.

13           And I expect, if not today, it will be first thing

14  Monday that we will enter the contempt order.  But I've

15  granted the motion, and the terms of that will be more clearly

16  detailed in the contempt order.

17           But going back to the motion to strike the answer,

18  that motion is at Document Number 45 and I'm granting that

19  just so that you fully understand where that's at right now.

20  Okay?

21           **MR. SAFFRON:**  Okay, Your Honor.

22           **THE COURT:**  Do you have any other questions?

23           **MR. SAFFRON:**  Yes.  Okay.  So I can hire a lawyer

24  myself; that's fine.  The Circle Society, we don't know if I

25  can hire the lawyer myself.

2:19-cv-01697-JAD-DJA - January 24, 2020

```
 1            THE COURT:  I don't know.  I'm assuming you're sort
 2    of asking can you use funds --
 3            MR. SAFFRON:  Yes.
 4            THE COURT:  -- that are -- and I don't know the
 5    answer to that.
 6            MR. SAFFRON:  Okay.  How should I hand these
 7    documents to the CFTC?  Via e-mail?  Do I have to bring them
 8    in here in 14 days?
 9            THE COURT:  Ms. Karst?
10            MS. KARST:  The CFTC would request copies of the
11    documents.  If any are electronic, then I request that you
12    send those to us.  We can send you a File Transfer Protocol
13    link, and you can send them that way.  To the extent there are
14    paper documents, we need paper hard copies of those documents.
15            MR. SAFFRON:  Okay.  All the documents are
16    electronic, so...
17            THE COURT:  Okay.  So after this hearing you can
18    speak with Ms. Karst, and she can provide you the information
19    so that you can maintain that connection and you can send
20    those documents to the CFTC.
21            I'm also going to order, Mr. Saffron, that you
22    provide to Ms. Karst your current e-mail and mailing address,
23    which they will maintain confidentially at this point.
24            MS. KARST:  Yes, Your Honor, we will.
25            THE COURT:  Do you have any other questions, sir?
```

Case 2:19-cv-01697-JAD-DJA Document 68-1 Filed 03/26/20 Page 26 of 28
Case 2:19-cv-01697-JAD-DJA Document 65 Filed 03/26/20 Page 26 of 27

2:19-cv-01697-JAD-DJA - January 24, 2020

 1          **MR. SAFFRON:**  No.  That's fine, Your Honor.  Thank

 2  you.

 3          **THE COURT:**  All right.  Ms. Karst?

 4          **MS. KARST:**  I have a couple quick points, Your Honor.

 5  Is there a deadline for the defendant to file a motion to set

 6  aside the default?  Do we have a hard deadline for that?

 7          **THE COURT:**  Is there a hard deadline for that?  What

 8  are you suggesting, Ms. Karst?

 9          **MS. KARST:**  I'm asking that we place some sort of

10  deadline on it.  Circle Society is already in default.  They

11  did not indicate, as they were ordered to do, they intended to

12  get new counsel.  That deadline has -- was December 23rd --

13          **THE COURT:**  I think I was unclear.  What date would

14  you suggest, Ms. Karst?

15          **MS. KARST:**  Five days.

16          **THE COURT:**  Since he does not yet have counsel, I'm

17  going to put that one out 20 days.  So a deadline 20 days to

18  file -- to move to set aside the default and file an answer.

19  Okay?  Twenty days for that.

20          I certainly understand CFTC's urgency in this because

21  this has drug -- drug out a bit, and they've been trying to

22  get this level of compliance for a while.

23          I'm certainly pleased that it seems, Mr. Saffron,

24  that you are inclined to cooperate with CFTC at this point,

25  and so hopefully they will be able to make significant

2:19-cv-01697-JAD-DJA - January 24, 2020

 1   progress on those demands and we won't need further court

 2   action.

 3          Nevertheless, you've got 20 days if you want to move

 4   to set aside that default and file an answer --

 5          **MR. SAFFRON:**  Okay.

 6          **THE COURT:**  -- okay?

 7          **MR. SAFFRON:**  So 20 days to do that, but then 14 days

 8   to comply with the record?

 9          **THE COURT:**  Yes.

10          **MR. SAFFRON:**  Okay.  All right.  Okay.

11          **THE COURT:**  Yes.

12          Any other points, Ms. Karst?

13          **MS. KARST:**  Yes, Your Honor.  One more thing on the

14   preliminary injunction.  In addition to the injunctive

15   provisions preventing defendant from soliciting or accepting

16   funds from members of the public, there's also a continuing

17   asset freeze.  Those provisions are on page 4 of the order,

18   and the asset freeze has been continued from the TRO.  It is

19   ongoing now.  The CFTC has concerns that the defendants are

20   spending customer funds, and to the extent the defendants'

21   funds are derived from or related to the activities alleged in

22   the complaint, those funds would be covered.

23          So the CFTC wants to state on the record we have

24   serious concerns that defendants are violating the injunctive

25   provisions of the preliminary injunction order, as well as the

2:19-cv-01697-JAD-DJA - January 24, 2020

```
 1   ongoing asset freeze.

 2           THE COURT:  I understand that and that's noted.  And

 3   Mr. Saffron has a copy of the order.  He has been directed to

 4   familiarize himself with it and to further communicate with

 5   CFTC and you to ensure compliance.

 6           Any other questions, Mr. Saffron, before I adjourn

 7   this hearing today?

 8           MR. SAFFRON:  No, Your Honor.  Thank you.

 9           THE COURT:  All right.  All right.  Thank you,

10   everyone.

11           I recommend that you probably have a conversation

12   before you leave.  And if you wouldn't mind, Mr. Saffron, as

13   soon as we're done with the hearing, if you would approach

14   Danielle and provide her with your contact information.

15           MR. SAFFRON:  Okay.

16           THE COURT:  Thank you.  We're adjourned.

17           MS. KARST:  Thank you, Your Honor.

18       (Proceedings adjourned at 3:32 p.m.)

19                        --o0o--

20             COURT REPORTER'S CERTIFICATE

21       I, AMBER M. McCLANE, Official Court Reporter, United
     States District Court, District of Nevada, Las Vegas, Nevada,
22   do hereby certify that pursuant to 28 U.S.C. § 753 the
     foregoing is a true, complete, and correct transcript of the
23   proceedings had in connection with the above-entitled matter.
     DATED:  2/10/2020
24                      /s/  Amber M. McClane
                             AMBER McCLANE, RPR, CRR, CCR #914
25
```