**MICHAEL C. VAN (NV# 3876)**
**GARRETT R. CHASE (NV# 14498)**
Shumway Van
8985 S. Eastern Avenue, Suite 100
Las Vegas, NV 89123
Tel: (702) 478 7770
Fax: (702) 478 7779
Email: michael@shumwayvan.com
   garrett@shumwayvan.com

**MARCUS R. MUMFORD** (*pro hac vice* application forthcoming)
Mumford PC
1449 Devonshire Drive
Salt Lake City, UT 84108
Tel: (310) 909-6153
Email: mrmumford@gmail.com

Attorneys for David Gilbert Saffron and Circle Society, Corp.

**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF NEVADA**

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>   Plaintiff,<br> v.<br>DAVID GILBERT SAFFRON, *et al*,<br><br>   Defendants. | Case No.: 19-cv-01697-KJD-DJA |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE THE FILINGS DATED MARCH 20, 2020 (ECF NOS. 63 & 64)**

  Defendants Circle Society, Corp. (the "Circle Society" or the "Company"), and David Saffron (collectively, "Defendants") oppose the Commodity Future Trading Commission's ("Commission" or CFTC") Motion To Strike Defendants' Filings Dated March 20, 2020 (the "Motion").

**1. Motions to Strike Are Disfavored, Especially Where The Matters Presented Do Not Relate to A Pleading And Can Be Addressed in An Opposition Brief.**

As an initial matter, Defendants would remind the Court how motions to strike are "disfavored" because, among other things, "they are often used as a delaying tactic, and because of the policy favoring resolution on the merits." O'Connell, et al., *Federal Civil Procedure Before Trial* § 9.375 (Rutter's Group 2018) (citing *Stanbury Law Firm, PA v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000); *Operating Engineers Local 324 Health Care Plan v. G & W Const. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015); *Armstead v. City of Los Angeles*, 66 F. Supp. 3d 1254, 1273 (C.D. Cal. 2014) (quoting Rutter's)). Further, authorities often point out how "[o]nly *pleadings* are subject to a motion to strike." *Id*. at § 9.374 (emphasis in original) (citing *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983); *Colon v. Blades*, 268 F.R.D. 143, 146 (D. P.R. 2010)). This is because motions to strike are technically only provided for under Rule 12(f) of the Federal Rules of Civil Procedure. *See* F.R.C.P. 12(f). Taken literally, by seeking to strike something other than a pleading, the CFTC is not complying with Rule 12(f).[1]

When motions to strike are directed at papers other than pleadings, it is usually because those motions serve a purpose such as to remove the "unnecessary clutter" from a case. *See, e.g., Sun Life Assur. Co. of Canada v. Great Lakes Bus. Credit LLC*, 968 F. Supp. 2d 898, 902 (N.D. Ill. 2013); *see also* Local Rule IA 11-2(j). In this respect, a motion to strike is generally only appropriate to challenge matters not otherwise subject to attack. *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973-74 (9th Cir. 2010). Here, the local rules allow the CFTC to oppose Defendants' motion to set aside entries of default by filing a memorandum of points and authorities in opposition. *See* Local Rule 7-2(b), (d) & (g). Taking that authority into account, that would make the Motion an impermissible supplemental brief under Local Rule 7-2(g). Combined with the rest of the legal and factual circumstances presented here, the Court should deny the Motion.

…

…

---

[1] And "[u]nless it would prejudice the opposing party, courts freely grant leave to amend stricken pleadings." *Roe v. City of San Diego*, 289 F.R.D. 604, 608 (S.D. Cal. 2013).

**2.   Defendants' Motion to Set Aside Entries of Defaults (ECF No. 64) Complies With The Local Rules.**[2]

The CFTC uses the first six pages of its Motion to attack counsel Marcus Mumford's anticipated presence in the case – arguing that Defendants' Motion to Set Aside Entries of Default (ECF No. 64) should be stricken because Mumford's name appears on the front page, under the names of Michael C. Van and the law firm of Shumway Van, as attorneys for Defendants, with the notation "*pro hac vice* application forthcoming." But the fact is that Mr. Mumford did not sign or file Defendants' motion to set aside entries of default. Rather, that motion was signed and filed by Mr. Van, who is admitted to this Court under Local Rule IA 11-1.[3] That fact should completely resolve the issues presented by the CFTC's Motion. Simply, there is no basis for this Court to strike Defendants' motion to set aside entries of default, even under Local Rule IA 11-2(j), because Defendants' motion (ECF No. 64) complies with the Local Rules in that respect. In a footnote, the CFTC almost acknowledges as much – recognizing that Mr. Van "is a member of the State Bar and his name appears on the Filings."[4] But the CFTC then errs in arguing that "Mumford's participation invalidates the filings."[5] Indeed, the CFTC does not support its argument with any legal authority because there is none.

The fact that Mr. Mumford's name simply appears on the first page of Defendants' motion to set aside entries of default, next to a notation that acknowledges his unadmitted status, i.e., "*pro hac vice* application forthcoming," does not violate Local Rule IA 11-2. It demonstrates Defendants' compliance with the rule. The Local Rule in question provides, among other things, that:

> (c) An attorney whose verified petition is pending must not take action in this case beyond filing the first pleading or motion. The first pleading or motion must state the attorney "has complied with LR IA 11-2" or "will

---

[2] The CFTC's Motion (ECF No. 67) cites to both the original Motion to Set Aside Entry of Default (ECF No. 63) and the Errata version of the same, which corrects the caption of the document to clarify that it is a Motion To Set Aside Entries Of Default (ECF No. 64). The correction is negligible and specified in the first 3 pages of the Errata – and that document is otherwise identical to ECF No. 63. Accordingly, this opposition will simply refer to both documents as ECF No. 64.
[3] *See* ECF No. 64 at 2, 3, 5, 7 & 8.
[4] Motion (ECF No. 67) at 2 n.2.
[5] *Id*.

3

        comply with LR IA 11-2 within ___ days." Until permission is granted,
        the clerk must not issue summons or other writ.

LR IA 11-2(c).

    While Mr. Mumford could have done better to indicate *when* his pro hac vice application would be forthcoming,[6] the Local Rule IA 11-2(e) gives an attorney 45 days from the date of his or her first appearance to comply with all provisions of the rule, and the parenthetical which accompanied his name in the caption underneath Mr. Van's complies substantially with the rules in this respect.

    The CFTC has demonstrated how eager it is to challenge Mr. Mumford's forthcoming involvement in this matter, and it appears that it is more interested in using the Motion to continue its attacks on Mr. Mumford personally[7] than to strike anything. In fact, Mr. Mumford's admission *pro hac vice* should not be controversial. The CFTC fails to acknowledge, for example, how Mr. Mumford has been previously admitted to appear *pro hac vice* in at least three cases pending before this Court over a 9-year period without incident.[8] Nevertheless, if it so desires, the CFTC can oppose Mr. Mumford's *pro hac vice* application. In the meantime, the Court should deny the present Motion as improper.

    If anything, the argument that the CFTC relies on demonstrates why this Court should strike the CFTC's summons and early-filed motions, *i.e.,* those filed after the Complaint, filed

---

[6] Defendants would direct this Court to Local Rule IA 1-4, which indicates how the local rules incorporate a rule of substantial compliance, as it "may sua sponte or on motion change, dispense with, or waive any of these rules if the interests of justice so require." LR IA 1-4.

[7] Defendants are concerned that the CFTC has already made too much of these alleged issues, for example, by tainting the Court with respect to rumors and mischaracterizations of Mr. Mumford at the January 10, 2020 hearing in this matter, see ECF No. 50 (Jan. 10, 2020 Hrg.) at 16:5-17:14 (where this Court thanked CFTC counsel for a "heads-up on Mr. Mumford" that was based on a misrepresentation of facts presented by CFTC counsel).

[8] *See, e.g., United States v. SDI Future Health, Inc*., Case No. 2:05-cr-00078 (D. Nev.), at ECF No. 31 (Mr. Mumford's application to appear *pro hac vice* on behalf of Defendant), and, more recently, the voluminous litigation of *FTC v. Johnson, et al*., Case No. 2:10-cv-2203 (D. Nev.), at ECF Nos. 1355 & 1361 (granting Mr. Mumford's application to appear *pro hace vice* on behalf of Defendant Scott Leavitt and his company, Employee Plus, LLC). Both cases involved complex litigation brought by governmental agencies against Mr. Mumford's clients, where Mr. Mumford filed for and was admitted *pro hac vice* without the necessity of the government making untruthful personal accusations against him.

September 30, 2019, but before the Court granted the CFTC counsel's *pro hac vice* applications on October 3, 2019. In particular, Local Rule IA 11-2(c) provides that an attorney whose application to be admitted *pro hac vice* is "pending must not take action in this case beyond filing the first pleading or motion." As of September 30, 2019, when the complaint, summons and early motions for TRO and preliminary injunction were filed, the CFTC counsels' applications to be admitted *pro hac vice* were still pending. For that reason, the CFTC counsel violated Local Rule IA 11-2(c) by "taking any action" *after* the Complaint was filed but *before* the Court granted their *pro hac vice* applications.[9] The CFTC further erred in asking the clerk to issue the summons before their *pro hac vice* applications were granted.[10]

The CFTC's counsel might respond to argue that their admission *pro hac vice* is governed by Local Rule IA 11-3 instead of 11-2. But here, that argument is essentially a distinction without a difference.[11] Rule 11-3 provides that any government attorney must file a motion to be admitted before they may practice in a particular case. It does not give those government attorneys powers to do anything (beyond, presumably, filing an initial pleading or motion, as Local Rule 11-2(c) allows), before their motion to be admitted in a particular case is granted. To argue otherwise would be to give government attorneys powers beyond those granted to attorneys who are fully admitted to the bar of this Court. Accordingly, the provisions of 11-2(c) should apply here, if at all, to limit the power of the CFTC's counsel to other attorneys awaiting their authority to be admitted in a given case, and the Court should correct the governmental overreach and not just deny this Motion, but further to strike the summons that was issued before the CFTC's attorneys' motion to be admitted was granted,[12] and any action taken by CFTC counsel before their motion to be admitted was granted, including those actions taken by CFTC counsel in filing for and enforcing improperly early-filed motions.[13]

---

[9] Local Rule IA 11-2(c).

[10] *See id.* ("Until permission is granted, the clerk must not issue summons.").

[11] Indeed, the Court construed the government's motion (ECF No. 3) as a motion "to practice before the court in all matters relating to this case." *See* Order (ECF No. 9) at 1-2.

[12] ECF No. 4.

[13] ECF Nos. 5 & 6.

5

**3. The Motion's Remaining Arguments Are Redundant of The CFTC's Opposition and Will Be Addressed by Defendants in Their Forthcoming Reply to Be Filed in Further Support of Their Motion to Set Aside Entries of Default.**

The CFTC's remaining arguments, set forth on pages 6 to 10 of the Motion, are redundant and duplicative of arguments that the CFTC has made in its memorandum of points and authorities in opposition to Defendants' motion to set aside entries of default.[14] Accordingly, it is inappropriate for the CFTC to make those arguments in the present Motion to Strike.[15] Failure to respect that distinction would give the CFTC a supplemental brief without leave of Court, which is prohibited by Local Rule 7-2(g).[16] Accordingly, Defendants will address those arguments in the reply to be filed in further support of their motion to set aside entries of default.

## CONCLUSION

For the reasons stated above, the Motion should be denied.

DATED this 2nd day of April, 2020.

                SHUMWAY VAN

                By: */s/ Garrett R. Chase, Esq.*
                  Michael C. Van, Esq.
                  Nevada Bar No. 3876
                  Garrett R. Chase, Esq.
                  Nevada Bar No. 14498
                  8985 South Eastern Avenue, Suite 100
                  Las Vegas, Nevada 89123
                  Attorneys for David Gilbert Saffron and
                  Circle Society, Corp.

---

[14] *See* ECF No. 69 at 6-10.
[15] ECF No. 67.
[16] *See* Local Rule 7-2(b), (d) & (g).

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5, I hereby certify that I am an employee of SHUMWAY VAN, and that on the 2nd day of April, 2020, I caused to be filed via CM/ECF a true and correct copy of this **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE THE FILINGS DATED MARCH 20, 2020 (ECF NOS. 63 & 64)**, with an automatic Notice of Filing to provide service of same to the parties listed on this matter's electronic service list pursuant to LR IC 4-1. Should the CM/ECF e-file notice report any failures in electronic service, counsel will serve this document by another means and will file a supplemental Certificate of Service.

*/s/ Garrett R. Chase*
An employee of Shumway Van