Danielle E. Karst (D.C. Bar No. 481881)
Timothy J. Mulreany (Maryland Bar No. 8812160123)
**COMMODITY FUTURES TRADING COMMISSION**
Three Lafayette Centre
1155 21st Street, N.W.
Washington, D.C. 20581
Telephone:  (202) 418-6158 (Karst)
Telephone:  (202) 418-5306 (Mulreany)
Facsimile:   (202) 418-5523
dkarst@cftc.gov
tmulreany@cftc.gov

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>           Plaintiff,<br><br>v.<br><br>DAVID GILBERT SAFFRON<br>a/k/a DAVID GILBERT and<br>CIRCLE SOCIETY, CORP.,<br><br>           Defendants. | Case No.  2:19-cv-1697-JAD-DJA<br><br>**PLAINTIFF CFTC'S REPLY MEMORANDUM TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE THE FILINGS DATED MARCH 20, 2020 (ECF NO. 71)** |

Plaintiff Commodity Futures Trading Commission ("Plaintiff" or "CFTC") hereby submits the following Reply Memorandum to the Opposition of Defendants David Gilbert Saffron ("Saffron") and Circle Society, Corp. ("Circle Society") (collectively, "Defendants") to Plaintiff's Motion to Strike the Filings dated March 20, 2020 ("Defs.' Opp. to Mot. to Strike," ECF No. 71), and in support thereof states as follows.

**I.    SUMMARY**

Defendants incorrectly argue that "there is no basis for this Court to strike Defendants' motion." Defs.' Opp. to Mot. to Strike at p. 3, ECF No. 71.  To the contrary, this Court's inherent power to manage its docket includes the authority to strike filings that are filed in violation of court orders or that do not comply with the Local Rules.  In addition, Local Rule IA

1

11-2(j) specifically authorizes this Court to strike "any and all documents" by counsel who has failed to timely comply with the Local Rules' *pro hac vice* attorney admission requirements.

Defendants' Filings to Set Aside the Entries of Default (ECF Nos. 63, 64) should be stricken pursuant to the Court's inherent authority and LR IA 11-2(j) for the following reasons: (1) Defendants' Filings are untimely and filed in violation of the Court's previous deadlines for Circle Society to retain new counsel and for Saffron to set aside his default; (2) Defendants' Filings violate multiple provisions of LR IA 11-2 governing attorney admission to practice in a particular case; and (3) Mumford continues to practice and represent Defendants in violation of LR IA 11-2.

## II.     ARGUMENT

### A.     The Court May Strike Defendants' Untimely Filings Using its Inherent Power to Manage its Docket and Pursuant to Local Rule IA 11-2(j)

The Court may strike improper or untimely filings using its inherent power to manage and control its docket and as a sanction for violating a court order.  *See Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) ("It is well established that district courts have inherent power to control their docket," and this authority "includes the power to strike items from the docket as a sanction for litigation conduct.") (internal citations and quotations omitted); *Mazzeo v. Gibbons*, No. 2:08–cv–01387, 2010 WL 3910072, at *3 (D. Nev. 2010) (recognizing a district court's "inherent power to strike a party's submissions other than pleadings"); *Timbisha Shoshone Tribe v. Kennedy,* No. 1:09–cv–1248, 2010 WL 582054, at *2 (E.D. Cal. Feb. 18, 2010) (striking "defendants' opposition as untimely and filed in violation of [the court's] order" pursuant to the court's "inherent power to control its own docket").  "Such power is indispensable to the court's ability to enforce its orders, manage its docket, and regulate insubordinate attorney conduct."  *Wallace v. U.S.A.A. Life General Agency, Inc.*, 862 F. Supp. 2d

1062, 1068 (D. Nev. 2012). Here, Defendants submitted their untimely Filings without even acknowledging the Court's prior orders and without a request for permission to file late. Under these circumstances, the Court's use of its inherent power to strike Defendants' Filings is warranted.

The Court may also strike Defendants' Filings pursuant to LR IA 11-2(j), which specifically empowers the Court to do just that: "Failure to comply timely with this rule may result in the ***striking of any and all documents previously filed by the attorney, the imposition of other sanctions, or both***." LR IA 11-2(j) (emphasis added). Here, Defendants have failed to comply with LR IA 11-2(a), (b), (c) or (d), and the Court should thus strike their Filings pursuant to LR IA 11-2(j).

**B.  Defendants Neither Acknowledge Nor Address their Failures to Comply with the Court's Previous Deadlines to File Notice of Counsel and Motion to Set Aside Default**

Defendants neither address nor acknowledge their failures to comply with the Court's previous orders requiring Circle Society to file notice of counsel by December 23, 2019 (Order dated Dec. 2, 2019, ECF No. 29) and requiring Saffron to file a motion to set aside his default on or before February 13, 2020 (Order Striking Answer, ECF No. 52). Defendants offer no explanation for their failures to comply with those deadlines and failure to seek leave of court to modify the prior Court orders. *See* CFTC's Mot. to Strike at pp. 6-7, ECF No. 67.

**C.  Defendants Offer No Explanation or Justification for their Failures to Comply with Local Rule IA 11-2**

Defendants offer no explanation or justification for their ongoing failures to comply with the mandatory provisions of LR IA 11-2 governing attorney admission to practice in a particular

3

case.[1]  Local Rule IA 11-2 sets forth clear requirements for attorney admission, both as to what must be filed and timeliness requirements, stating in relevant part:

> (a) An attorney who has been retained . . . to appear in a particular case but is not a member of the bar of this court *may appear only with the court's permission*.  Applications *must be by verified petition* on the form furnished by the clerk. . . .
>
> (b) The verified petition *must be accompanied by the admission fee* set by the court.  The petition *must state* . . . .
>
> (c) An attorney whose verified petition is pending *must not take action* in this case beyond filing the first pleading or motion.  The first pleading or motion *must state the attorney 'has complied with LR IA 11-2' or 'will comply with LR IA 11-2 within __ days.'*
>
> (d) Unless the court orders otherwise, an attorney who is granted permission to practice under this rule *must associate* a resident member of the bar of this court as co-counsel.  The attorneys *must confirm* the association by filing a completed designation of resident counsel on the form provided by the clerk. . . .
>
> (e) In civil cases, an attorney *must comply with all provisions of this rule within 45 days of his or her first appearance*.

LR IA 11-2(a)-(e) (emphasis added).  Defendants attempt to gloss over the plain language of LR IA 11-2 by arguing that "local rules incorporate a rule of substantial compliance."  Defs.' Opp. to

---

[1] Defendants attempt to deflect attention from their own failures to comply with LR IA 11-2 by making baseless accusations of the CFTC's alleged violations of LR IA 11-2 and purported "governmental overreach."  *See* Defs.' Opp. to Mot. to Strike at pp. 4-5, ECF No. 71.  The CFTC submitted a unified filing on September 30, 2019, including the Complaint and Motion to Permit Appearance of Government Attorneys pursuant to LR IA 11-3.  *See* Mot. to Permit Appearance of Gov't Attorneys, ECF No. 3.  The Court granted the CFTC's Motion to Permit Appearance of Gov't Attorneys three days later.  *See* Order re:  Motions for Pretrial Equitable Relief and Related Matters dated Oct. 3, 2019 at p. 15, ECF No. 9.  Contrary to Defendants' erroneous claims, LR IA 11-3 governs the appearance of government attorneys and in any event does not contain the same language as LR 11-2(c).  *Compare* LR IA 11-2(c) ("An attorney whose verified petition is pending must not take action in this case beyond filing the first pleading or motion.") *with* LR 11-3 (" [A]n attorney who is a member in good standing . . . who is employed by the United States as an attorney . . . is entitled to be permitted to practice before this court during the period of employment upon motion . . . .").

Mot. to Strike, ECF No. 71 at p. 4, n.6.  However, LR IA 11-2's requirements and timeliness provisions for attorney admission are mandatory, and there is nothing in the Rule or elsewhere to support Defendants' flawed interpretation.

Defendants violate LR IA 11-2(c) by failing to state on the face of the Filings dated March 20, 2020 (ECF Nos. 63, 64), as well as on the Opposition (ECF No. 71), that Mumford "has complied with LR IA 11-2," or "will comply with LR IA 11-2 within ___ days." Defendants admit that attorney Mumford "could have done better to indicate *when* his pro hac vice application would be forthcoming," but nevertheless argue that their Filings "substantially" comply with LR IA 11-2.  Defs.' Opp. to Mot. to Strike at p. 4, ECF No. 71 (emphasis in original).  Contrary to this claim, LR IA 11-2 has no substantial compliance provision.  Instead, the Rule states clearly that an attorney not barred in Nevada "may appear *only* with the court's permission."  LR IA 11-2(a) (emphasis added); *see also Davis v. Safeco Ins. Co.*, No. 2:17-cv-1824, 2017 WL 9916488, at *1 (D. Nev. Dec. 13, 2017) ("An attorney who has been retained or appointed to appear in a particular case but is not a member of the bar of this court may appear only with the court's permission."); *Villanueva v. Limousine*, No. 2:12-cv-01473, 2013 WL 1007720, at *2 (D. Nev. Mar. 11, 2013) ("An attorney not admitted to this Court may practice only by leave of the Court."); *Waite v. Clark Cty. Collection Servs., LLC*, No. 2:11-cv-01741, 2012 WL 6812172, at *6 (D. Nev. Oct. 16, 2012) ("An attorney seeking to appear *pro hac vice* must file a verified petition demonstrating that several conditions are satisfied.").

Defendants also violate LR IA 11-2(d) by failing to file a "completed designation of resident counsel on the form provided by the clerk."  *See* LR IA 11-2(d) ("an attorney who is granted permission to practice under [LR IA 11-2] must associate a resident member of the bar of this court as co-counsel").  Despite Defendants' simplistic argument that their Filings were

5

"signed and filed by Mr. Van," no attorney admitted to practice before this Court has signed or filed a designation of resident counsel. *See* Defs.' Opp. to Mot. to Strike at p. 3, ECF No. 71.

### D. Mumford Continues to Practice Without Having Been Admitted in Violation of Local Rule IA 11-2

Although Mumford began representing the Defendants months ago and claimed that he "do[es] intend to seek admission to this court as soon as possible," he has never petitioned this Court to appear *pro hac vice*. *See* Email from Mumford dated Dec. 23, 2019 and accompanying Preliminary Answer, Ex. 1 to CFTC's Mot. to Strike the Filings Dated March 20, 2020 (ECF No. 67-1). In violation of LR IA 11-2, Mumford has not filed a verified petition for admission *pro hac vice* herein, and Defendants once again fail to "indicate when" or if Mumford will do so in their Opposition. Mumford has failed to obey the Local Rules' clear requirements by failing to state on the face of the Opposition that he "will comply with the LR IA 11-2 within ___ days." LR IA 11-2(c). Defendants merely assert that Local Rule IA 11-2(e) "gives an attorney 45 days" to comply, but that assertion is not the same as complying with the Rule or assuring the Court that they "*will* comply" within a specified number of days. Defs.' Opp. to Mot. to Strike at p. 4, ECF No. 71. In his continued evasion of the clear terms of this Rule, Mumford continues to practice in this case without having been admitted to this Court.[2]

---

[2] The required petition for admission *pro hac vice* must confirm, among other provisions: (3) "[t]hat the attorney is a member in good standing . . . ."; (4) "[t]hat the attorney is not currently suspended or disbarred in any court"; (5) "[w]hether the attorney is currently subject to any disciplinary proceedings by any organization with authority to discipline attorneys at law"; and (6) "[w]hether the attorney has ever received public discipline including, but not limited to, suspension or disbarment, by any organization with authority to discipline attorneys at law." LR IA 11-2(b)(3)-(6).

## CONCLUSION

For the foregoing reasons, Plaintiff CFTC respectfully requests that the Court grant its Motion to Strike the Filings dated March 20, 2020 (ECF No. 67) and impose such sanctions as it deems necessary and appropriate, including but not limited to prohibiting Mumford from practicing in this case or submitting any additional filings until he submits a verified petition for *pro hac vice* admission with the Court in accordance with LR IA 11-2.[3]

Dated:  April 8, 2020                                                  Respectfully submitted,

By: /s/ Danielle E. Karst
Danielle E. Karst
Timothy J. Mulreany
**COMMODITY FUTURES TRADING COMMISSION**
Three Lafayette Centre
1155 21st Street, N.W.
Washington, D.C. 20581
Telephone:  (202) 418-5000

---

[3] In the event the Court deems it appropriate to hold a hearing on the relief requested, the CFTC moves that it be permitted to participate via telephone due to the current exigent circumstances created by COVID-19.

7

# CERTIFICATE OF SERVICE

I certify that on April 8, 2020, I served a copy of the foregoing *Plaintiff CFTC's Reply Memorandum to Defendants' Opposition to Plaintiff's Motion to Strike the Filings dated March 20, 2020* on counsel of record below by filing a copy of the same with the Clerk of the Court using the CM/ECF system.

**Michael C. Van**
**Garrett Chase**
Shumway Van
8589 South Eastern Avenue, Suite 100
Las Vegas, NV 89123

**Marcus Mumford**
Mumford Law
1449 Devonshire Drive
Salt Lake City, UT 84108

　　　　　　　　　　　　　　　　　　/s/ Danielle E. Karst
　　　　　　　　　　　　　　　　　　Danielle E. Karst