# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Commodity Futures Trading Commission,<br><br>    Plaintiff<br><br>v.<br><br>David Gilbert Saffron a/k/a David Gilbert and Circle Society, Corp.,<br><br>    Defendants | Case No.: 2:19-cv-01697-JAD-DJA<br><br>**Order Granting Motion for Compensatory Fees and Expenses**<br><br>[ECF No. 56] |

"A court may wield its civil contempt powers for two separate and independent purposes: (1) 'to coerce the defendant into compliance with the court's order'; and (2) 'to compensate the complainant for losses sustained.'"[1]  Because they are remedial, civil compensatory sanctions "typically take the form of unconditional monetary sanctions."[2]  "[W]here compensation is intended, a fine is imposed, payable to the complainant."[3]  The "fine must of course be based upon evidence of complainant's actual loss, and [its] right, as a civil litigant, to the compensatory fine is dependent upon the outcome of the basic controversy."[4]

I previously found that the CFTC had established, by clear and convincing evidence, that Saffron and Circle Society had violated several provisions of the injunctive-relief order and the CFTC was therefore entitled to relief in the form of coercive sanctions against each defendant.[5]

---

[1] *Shell Offshore, Inc. v. Greenpeace, Inc.*, 815 F.3d 623, 629 (9th Cir. 2016) (quoting *U.S. v. United Mine Workers of Am.*, 330 U.S. 258, 303–04 (1947)).

[2] *Id.*

[3] *Mine Workers*, 330 U.S. at 304.

[4] *Id.*

[5] ECF Nos. 48 (order granting motion for order to show cause), 51 (civil-contempt order).  I imposed a daily compliance fine of $1,000 on each defendant that was conditioned on their

I imposed a daily compliance fine of $1,000 on each defendant, payable to the court, that was conditioned on their failure to comply with the with the terms and conditions of the civil-contempt order.[6]  CFTC now moves for an order requiring defendants to pay the fees and expenses that it incurred addressing defendants' contemptuous conduct, totaling $14,279.30.[7]  The CFTC explains that it incurred these fees and costs when it prepared two show-cause motions and participated in three hearings, which all focused on drawing attention to and addressing the defendants' contemptuous conduct.  The CFTC supports its motion with a declaration from its lead counsel, Danielle Karst, who explains that she and CFTC Investigator George Malas investigated whether defendants had violated the court's restraining and injunctive-relief orders, collected evidence of defendants' violations, and prepared for and participated in three court hearings.[8]

     Karst declares that she spent 72 hours working on matters concerning the defendants' contempt, which she values at $6,840.[9]  She declares that Malas expended at least 24 hours working on those matters, which she values at $1,937.28.[10]  This includes the time that Karst and Malas took to travel from Washington, D.C. to Las Vegas, Nevada, for court hearings.  Karst also declares that the CFTC incurred $5,502.02 in costs for that travel, i.e., airfare, lodging,

---

failure to comply with the with the terms and conditions of the civil-contempt order.  ECF No. 51 at 7.

[6] ECF No. 51 at 7.

[7] ECF No. 56.

[8] ECF No. 56-1 at ¶ 4.

[9] Karst arrives at this figure by first calculating that her hourly rate is $95 based on her gross annual salary divided by 2087 yearly work hours.  *Id.* at ¶ 5 & n.2.

[10] Karst calculates that Malas's hourly rate is $80.72 using the same formula that she used to calculate her hourly rate.  *Id.* at ¶ 6 & n.3.

government per diem, and transportation.[11]  The CFTC includes a worksheet breaking down the various fees and expenses that it incurred addressing defendants' contempt.[12]  I find that the amounts sought are reasonable and supported.

Based on this record, I find that the CFTC has demonstrated that sanctions in the form of an unconditional fine compensating the CFTC for the fees and expenses it incurred addressing defendants' contempt is warranted.  Thus, I grant the CFTC's motion for this relief.

IT IS THEREFORE ORDERED that the CFTC's Motion for Fees and Expenses Caused by Defendants' Contempt **[ECF No. 56] is GRANTED**.  The CFTC is awarded compensatory fees of $8,777.28 and compensatory costs of $5,502.02, for a total of $14,279.30.

IT IS FURTHER ORDERED defendants, jointly or severally, must pay the foregoing compensatory fees and costs totaling $14,279.30 to the CFTC by July 6, 2020.

_____
U.S. District Judge Jennifer A. Dorsey
June 5, 2020

---

[11] *Id.* at ¶ 7.

[12] *Id.* at 7.