Danielle E. Karst (D.C. Bar No. 481881)
Timothy J. Mulreany (Maryland Bar No. 8812160123)
**COMMODITY FUTURES TRADING COMMISSION**
Three Lafayette Centre
1155 21st Street, N.W.
Washington, D.C. 20581
Telephone:   (202) 418-6158 (Karst)
Telephone:   (202) 418-5306 (Mulreany)
Facsimile:    (202) 418-5523
dkarst@cftc.gov
tmulreany@cftc.gov

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>                    Plaintiff,<br><br>v.<br><br>DAVID GILBERT SAFFRON<br>a/k/a DAVID GILBERT and<br>CIRCLE SOCIETY, CORP.,<br><br>                    Defendants. | Case No.  2:19-cv-1697-JAD-DJA<br><br>**PLAINTIFF CFTC'S MOTION FOR LEAVE TO ENGAGE IN LIMITED THIRD-PARTY DISCOVERY PRIOR TO RULE 26(f) CONFERENCE** |

Plaintiff Commodity Futures Trading Commission ("CFTC" or "Plaintiff") respectfully moves the Court to issue an order granting the CFTC leave to issue third-party subpoenas upon the financial institutions and digital currency exchanges described herein and identified in Exhibit 1 (attached), prior to the conference required by Fed. R. Civ. P. 26(f), and in support thereof, states as follows.

**I.    BACKGROUND**

The CFTC filed the instant lawsuit against David Gilbert Saffron ("Saffron") and Circle Society, Corp. ("Circle Society") (collectively, the "Defendants") on September 30, 2019. Complaint, ECF No. 1.  Defendants were duly served with the Complaint, Summonses, and other filings but have failed to plead within the time prescribed by the Federal Rules of Civil Procedure.  *See* Aff. of Service on Def. Circle Society, ECF No. 14; Mot. for Entry of Clerk's

1

Default Against Def. Circle Society, ECF Nos. 20, 20-1; Proof of Service by Publication on Def. Saffron, ECF No. 27; Mot. for Entry of Clerk's Default Against Def. Saffron, ECF Nos. 41, 41-1.  The CFTC's service of process on Saffron was complete on November 29, 2019 (*see* ECF No. 27), and Saffron's 21-day period to answer or move against the Complaint expired on December 20, 2019.  *See* Fed. R. Civ. P. 12(a)(1)(A)(i).

After Saffron failed to answer the Complaint and failed to otherwise appear and abide by this Court's Temporary Restraining Order ("TRO") dated October 3, 2019 (ECF No. 9) and Preliminary Injunction Order ("PI Order") dated December 6, 2019 (ECF No. 31), the CFTC filed a Motion for Entry of Clerk's Default Against Saffron on December 21, 2019 (ECF Nos. 41, 41-1).  The Clerk of this Court entered default against Saffron on December 23, 2019.  Clerk's Entry of Default, ECF No. 42.  Following the Clerk's Entry of Default Against Saffron, Saffron filed an untimely Answer on December 23, 2019.  Answer, ECF No. 43.  The CFTC subsequently moved to strike Saffron's untimely Answer.  Mot. to Strike, ECF No. 45.  On January 30, 2020, this Court granted the Motion to Strike and ordered Saffron's untimely Answer stricken.  Order Striking Saffron's Answer, ECF No. 52.

During the pendency of this litigation, the Court has issued multiple orders directing Defendants to, among other things, produce all of its business records to the CFTC and provide the CFTC with an accounting of the disposition of all pool participant assets and Defendants' assets.  TRO, ECF No. 9; PI Order, ECF No. 31.  The TRO and PI Order also freeze Defendants' assets and prohibit Defendants from further violating the Commodity Exchange Act or the CFTC Regulations.  Defendants have repeatedly refused to abide by these orders.

As a result of Defendants' knowing and intentional refusal to obey this Court's orders, the CFTC has filed multiple motions for Defendants to show cause why they should not be held

2

in contempt.[1]  There have been three Court hearings in connection with Defendants' contempt. On December 2, 2019, the Court held a motion hearing, converted the TRO to a PI Order, and heard representations regarding Plaintiff's Show Cause Motion as to Circle Society ("Show Cause Mot. I," ECF No. 24), and continued the show-cause hearing.  *See* Minutes of Proceedings, ECF No. 30.  Saffron, the sole corporate officer of Circle Society, did not appear at the December 2, 2019 hearing.  On January 10, 2020, the Court held a show-cause hearing, heard representations regarding Plaintiff's Show Cause Motion as to Defendants ("Show Cause Mot. II," ECF No. 40), and issued an Order granting Plaintiff's Show Cause Motion II.  *See* Minutes of Proceedings, ECF No. 47; Order, ECF No. 48 (ordering Defendants to appear and show cause on January 24, 2020).  At the third hearing on January 24, 2020, Saffron finally appeared and "offered excuses and promises, [but] he failed to show cause why he and Circle Society should not be held in civil contempt for violating the injunction order."  Contempt Order, ECF No. 51 at p. 1.  At this third hearing, the CFTC requested compensatory damages incurred in the investigation and prosecution of Defendants' contempt.  The Court stated that it would entertain a motion by the CFTC for such damages, which the CFTC filed on January 31, 2020.  Pl.'s Mot. for Fees and Expenses, ECF No. 56.  On June 5, 2020, the Court granted the CFTC's Motion for Fees and Expenses, ordering Defendants to pay Plaintiff $14,279.30.  Order Granting Mot. for Compensatory Fees and Expenses, ECF No. 76.

Despite being found in contempt, and once again ordered to comply with the terms of the PI Order, Defendants continue to violate the court orders to produce an accounting and business

---

[1] There are two remaining CFTC motions pending before the Court:  (1) Motion for Default Judgment filed March 9, 2020 (ECF No. 61); and (2) Motion for Additional Sanctions filed March 12, 2020 (ECF No. 62).  Defendants have not responded to the Motion for Default Judgment, and the Motion for Additional Sanctions has been fully briefed.

records, comply with the asset freeze, and/or cease violating the anti-fraud provisions of the Commodity Exchange Act.[2]  TRO, ECF No. 9; PI Order, ECF No. 31; Civil Contempt Order, ECF No. 51.  The CFTC has reason to believe that certain persons and entities are acting as "strawmen" to hold and move Defendants' assets, and that there are financial institutions and digital currency exchanges with accounts holding Defendants' assets and/or on which Saffron is a signatory.  As a result of Defendants' failures to comply with the Court's multiple orders, and the inability of the CFTC to obtain Defendants' records and financial information without utilizing the discovery process, the CFTC now seeks leave to issue third-party subpoenas prior to the Rule 26(f) conference.  These subpoenas will enable the CFTC to obtain at least some of Defendants' financial records, examine the scope of Defendants' fraud, and determine if Defendants have violated the asset freeze order in the matter.

The CFTC seeks leave of court to issue subpoenas to the following financial institutions and digital currency exchanges:

> American Express Company; Bank of America; BitPay, Inc.; Coinbase, Inc.; Comanche National Bank; Comerica Bank; FirstView, LLC; Gemini Trust Company, LLC; JPMorgan Chase Bank; NBH Bank; PNC Bank; Uphold HQ, Inc.; Wells Fargo Bank; and, Zions Bancorporation, N.A. d/b/a Nevada State Bank.

Attached and incorporated as Exhibit 1 is a detailed listing of the specific accounts and their relevance to this matter.

## II.   ARGUMENT

**A.  This Court Has Authority to Permit the Limited, Early Discovery Requested by Plaintiff**

Federal Rule of Civil Procedure 26(d)(1) provides that a party may not seek discovery

---

[2] As of the date of this filing, Defendants owe this Court $486,000 in daily fines pursuant to the Civil Contempt Order, ECF No. 51.  Defendants have refused to pay these fines to date.

4

from any source before the parties have conferred as required by Fed. R. Civ. P. 26(f), except by specific court order. District courts are vested with broad discretion to permit and control discovery. *See Sablan v. Dep't of Fin.*, 856 F.2d 1317, 1321 (9th Cir. 1988); *Unity Courier Serv. Inc. v. Hudson Ins. Co.*, No. 2:18-cv-8143, 2019 WL 6974309, at *3 (C.D. Cal. Nov. 6, 2019) (citing *Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir.1993)). It is well settled that in situations such as this, courts may order expedited discovery before the Rule 26(f) conference upon a showing of good cause. *See, e.g., Apple Inc. v. Samsung Elecs. Co.,* 768 F. Supp. 2d 1040, 1044 (N.D. Cal. 2011); *Semitool, Inc. v. Tokyo Electron Am. Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002); *Yokohama Tire Corp. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 613-14 (D. Ariz. 2001). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009) (quoting *Semitool, Inc.*, 208 F.R.D. at 276). Under this standard, a court must examine the discovery request on the entirety of the record to date and the reasonableness of the request in light of all surrounding circumstances. *Am. LegalNet, Inc.*, 673 F. Supp. 2d at 1066.

**B.    Good Cause Exists for Permitting Plaintiff to Engage in Limited, Third-Party Discovery, and Defendants Will Not Be Prejudiced by the Relief Requested**

Here, ample good cause and compelling reasons exist for this Court to permit expedited, third-party discovery. As detailed in previous CFTC motions and found by the Court, Defendants have refused to obey this Court's lawful orders and engaged in a knowing and intentional course of conduct to conceal from the CFTC and the victims of their fraudulent scheme the location and amount of Defendants' assets.[3] Defendants have also gone to

---

[3] *See, e.g.,* Pl.'s Show Cause Motion II (ECF No. 40); Pl.'s Notice of Defs.' Non-Compliance (ECF No. 58); Pl.'s Mot. for Additional Sanctions (ECF No. 62); Pl.'s Opp. to

5

significant lengths to conceal financial information from both the CFTC and the Court that would reveal whether Defendants have been knowingly and intentionally violating the asset freeze provisions of the TRO and PI Order. By refusing to comply with this Court's multiple orders and preventing the CFTC from determining the disposition of Defendants' assets, Defendants have engaged in an intentional course of conduct to impair the CFTC's ability to ascertain the entire scope of Defendants' fraudulent scheme and deny defrauded pool participants restitution. Given Defendants' contumacious and unlawful conduct, the CFTC has no other reasonable avenue to obtain this information other than by issuing subpoenas and engaging in other limited discovery prior to the Rule 26(f) conference.

Expedited discovery is necessary to enable the CFTC to fulfill its statutory duties and would contribute to the orderly and expeditious administration of the case. Specifically, discovery of Defendants' complete assets (including the location and disposition of assets), the identification of funds from accounts that may be subject to the asset freeze, and identification of Defendants' pool participants will enable the CFTC to protect Defendants' pool participants from further loss and damage. Courts have granted plaintiff's requests for expedited discovery in similar cases. *See, e.g., AT&T Mobility LLC v. Dynamic Cellular Corp.*, No. 1:08-cv-20537, 2008 WL 2139518, at *2-3 (S.D. Fla. May 7, 2008) (finding good cause to expedite discovery and to enter an order preserving evidence); *CFTC v. Heierle*, No. 1:07-cv-22396, 2007 WL 4351424, at *1 (S.D. Fla. Sept. 18, 2007) (finding good cause to expedite discovery "in order to ascertain the existence and location of assets and identify all pool participants and other investors"); *Pod-Ners, LLC v. Northern Feed and Bean of Lucerne Ltd. Liability Co.*, 204 F.R.D.

---

Defs.' Mot. to Set Aside Entries of Default (ECF No. 69); Civil Contempt Order (ECF No. 51); Order Denying Mot. to Set Aside Default (ECF No. 77).

675, 676 (D. Colo. 2002) (finding good cause to expedite discovery where physical evidence may be consumed or destroyed with the passage of time, thereby disadvantaging one or more parties to the litigation). Under these circumstances, the Court would be well within its discretion to grant the reasonable relief sought.

This Motion is brought in a good faith effort to expedite discovery and obtain the information that the Court has already ordered to be produced in prior orders. The CFTC would be entitled to issue such subpoenas once the Rule 26(f) conference is held, or once the Court issues its own scheduling order. The CFTC merely seeks leave of court to issue the same subpoenas now to preserve evidence of an ongoing fraud, identify funds from financial accounts that may be subject to the asset freeze, and determine if the Court's prior orders have been violated. The third parties are still entitled to object as appropriate. Defendants will not be prejudiced in any manner because the information sought should have already been produced by Defendants without the need for the CFTC to incur the time and cost of third-party discovery.

## **CONCLUSION**

For the reasons stated above, the CFTC respectfully requests leave of the Court to begin limited third-party discovery by issuing subpoenas to the financial institutions and digital currency exchanges described herein and identified in Exhibit 1 and the proposed order. In the event the Court deems it appropriate to hold a hearing on the relief requested herein, the CFTC is available to participate in person or telephonically at the Court's earliest convenience.

Dated:  October 7, 2020                                  Respectfully submitted,

By: /s/ Danielle E. Karst
Danielle E. Karst
Timothy J. Mulreany
**COMMODITY FUTURES TRADING COMMISSION**
Three Lafayette Centre
1155 21st Street, N.W.

7

1  
2  
3  
4  
5  
6  
7  
8  
9  
10  
11  
12  
13  
14  
15  
16  
17  
18  
19  
20  
21  
22  
23  
24  
25  
26  
27  
28  

Washington, D.C. 20581  
Telephone: (202) 418-5000

# CERTIFICATE OF SERVICE

On October 7, 2020, I served a copy of *Plaintiff CFTC's Motion for Leave to Engage in Limited Third-Party Discovery Prior to Rule 26(f) Conference*, on counsel of record below by filing a copy of the same with the Clerk of the Court using the CM/ECF system.

**Michael C. Van**
**Garrett Chase**
Shumway Van
8589 South Eastern Avenue, Suite 100
Las Vegas, NV 89123

                                              /s/ Danielle E. Karst
                                              Danielle E. Karst