# Exhibit 1

Subpoena to American Express

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Nevada

| | |
|---|---|
| Commodity Futures Trading Commission, | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  2:19-cv-1697-JAD-DJA |
| David Gilbert Saffron a/k/a David Gilbert and Circle Society, Corp., | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          American Express/DataMark, 43 Butterfield Circle, El Paso, TX 79906

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Documents listed in Schedule A attached hereto

| Place: Commodity Futures Trading Commission<br>1155 21st Street, NW, Washington, DC 20581<br>*See data delivery standards for electronic documents | Date and Time:<br><br>12/03/2020 5:00 pm |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      11/03/2020

CLERK OF COURT

_____          OR      _____
*Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

Commodity Futures Trading Commission _____ , who issues or requests this subpoena, are:

Danielle Karst, 1155 21st Street, NW, Washington, DC 20581, dkarst@cftc.gov, 202-418-6158

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.    2:19-cv-1697-JAD-DJA

### PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SCHEDULE A**

**DOCUMENTS AND ELECTRONICALLY
STORED INFORMATION TO BE PRODUCED**

<u>**DEFINITIONS**</u>

1.  <u>**You, Your, and AMEX**</u>.  The terms "**you**," "**your**," and "**AMEX**" refer to American

Express any and all of its affiliates, subsidiaries, parents, directors, divisions, groups, offices,

branches, departments, employees, consultants, agents, representatives, accountants,

predecessors and/or successors, wherever they may be situated, and all other persons who have

an interest in American Express, its subsidiaries, affiliates, and/or divisions.

2.  <u>**Account**</u>.  The term "**account**" shall be defined as any and all types of accounts for

which your services are utilized or you act as a fiduciary.

3.  <u>**Person**</u>.  The term "**person**" is defined as any natural person or any business, legal, or

governmental entity or association.

4.  <u>**Possession**</u>.  The term "**possession**" denotes actual or constructive possession.  For

example, a document is in your possession if it is within your custody or control, if you have a

legal or equitable right to obtain such document from another person, or if it is in your

possession or that of any present or former officer, director, employee, partner, corporate parent,

subsidiary, or affiliate thereof.

5.  <u>**Communication**</u>.  The term "**communication**" refers to all manners of transmitting or

receiving information, opinions, or thoughts, orally, in writing, in person, telephonically,

electronically or otherwise.

6.  <u>**Document**</u>.  The term "document" or "documents" means any writing or record of any

type of description known to you, including, but not limited to, originals and copies of

correspondence, letters, envelopes, contracts, telephone message slips, telephone logs, telephone

1

bills, agreements, e-mails, text messages, iMessages, memoranda, telegrams, telexes, cables, messages, notes, reports, forms, interoffice communications, intra-office communications, appointment books, appointment logs, desk calendars, diaries, checks, drafts, wire transfers, transmittal authorizations, bank statements, ledgers, journals, work orders, logs, purchase orders, bills of lading, letters of credit, invoices, travel vouchers, promotional materials, lists, notebooks, computer printouts, electronically or magnetically recorded or stored data, microfilm microfiche, photographs, tape recordings, transcripts, minutes, affidavits, opinions, signed statements, summaries, notices, books, articles, newspapers, charts, magazines, napkins, menus, and all other documentary material including non-identical copies (whether different from the original because of any alterations, notes, comments, or other material contained therein or attached thereto or otherwise) and drafts, whether used or not.

7.  **Concerning**.  The term "**concerning**" means referring to, describing, evidencing, or constituting.

8.  **Relate To**.  "**Relate to**" and any of its derivations means relate, constitute, refer, concern pertain to, summarize, analyze, or in any way logically or factually connect with the matter described in this request.

9.  **Relevant Period**.  "**Relevant Period**" shall mean January 1, 2017, through the present.

## <u>REQUESTS FOR PRODUCTION OF DOCUMENTS</u>

All documents during the Relevant Period in your possession, custody or control that relate to any accounts maintained by AMEX in the name, under the control, or for the benefit of the following individual, including but not limited to, account number ▮▮▮▮▮▮▮<u>1927</u>:

    a.  **David Gilbert Saffron**  (1037 S. Cloverdale Ave., Los Angeles, CA 90019 / SS#: xxx-xx-0877 / DOB: x/xx/1972)

Documents to be produced pursuant to this subpoena include, but are not limited to, the following:

1. All account opening documents, regardless of date, including but not limited to signature cards, account applications, taxpayer identification cards, resolutions and financial statements, and powers of attorney;

2. All account statements;

3. For all withdrawals, copies of all checks (<u>front and back</u>), drafts, wire transfers or other debit instruments and any accompanying documentation for debits;

4. For all deposits, copies of all deposit tickets, credits and wire transfers or other instruments deposited and any accompanying documentation for credits;

5. For all loans or lines of credit, all applications and supporting documentation, non-approval documents, payment history and/or payment status, and all checks, wire transfers, bank transfers, or other methods of payment.

6. Copies of all correspondence between you and the above named individual and/or entity including, but not limited to, electronic mail, instant messages and audio recordings; and

7. All documents pertaining to all cashier's checks, manager's checks, bank checks, travelers checks, and money orders purchased or negotiated by the named entities, including, but not limited to, documents reflecting the means by which the checks or money orders were purchased, documents reflecting disbursement of the proceeds of any negotiated checks or money orders, applications for the purchase of the checks or money orders, retained copies of the checks or money orders (<u>front and back</u>); and

8. All account closing documents, regardless of date.