William O. Kimball (Nevada Bar No. 9301)
PIA HOYT, LLC
136 E. South Temple, Suite 1900
Salt Lake City, UT 84111
Telephone: (801) 350-9000
Facsimile: (801) 350-9010
Email: bkimball@piahoyt.com

*Attorneys for James Damien Scott*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> DAVID GILBERT SAFFRON, et al., <br><br> Defendants. | **MOTION TO QUASH SUBPOENA** <br><br> Case No. 2:19-cv-1697-JAD-DJA |

### RELIEF REQUESTED

Petitioner James Damien Scott, by and through his undersigned counsel, moves this Court, pursuant to Section 1110 of the Right to Financial Privacy Act of 1978, 12 U.S.C. § 3410 (2018), to quash the subpoena duces tecum issued to JP Morgan Chase Bank, on November 9, 2020, a copy of which is attached to this Motion as Exhibit A ("the Subpoena"). In the alternative, pursuant to Fed. R. of Civ. P. 26, the Subpoena is overbroad and should be limited to documents relevant to Case Action No. 2:19-cv-1697-JAD-DJA.

1

## FACTS

1. On September 30, 2019, the Commodity Futures Trading Commission ("CFTC") filed suit in the United States District Court of Nevada, entitled *CFTC v. David Saffron*, 2:19-cv-1697-JAD-DJA.

2. The CFTC is charging David Saffron with violating multiple federal statutes and regulations.[1]

3. On November 9, 2020, the CFTC issued the Subpoena and filed it with this Court.

4. The CFTC served Petitioner James Damien Scott ("Mr. Scott") with the Subpoena on November 12, 2020.

5. The Subpoena demands JP Morgan Chase Bank produce "all documents" related to Mr. Scott's accounts, withdrawals, deposits, loans, lines of credit, correspondence between JP Morgan Chase Bank and Mr. Scott, checks, and all transactions in excess of $250 USD. *See* Exhibit A.

6. The Subpoena does not contain a timeframe to limit the scope of the documents.

7. The Subpoena does not contain any scope such that only documents relevant to transactions (if any) with David Saffron are produced.

## ARGUMENT

The Right to Financial Privacy Act ("the RFPA") states that, in general, "no Government authority may have access to or obtain copies of, or the information contained in, the financial records of any customer from a financial institution." 12 U.S.C.A. § 3402. However,

---

[1] More specifically, the CFTC is charging the defendants in Case Action No. 2:19-cv-1697-JAD-DJA with violating Sections 4c(b), 4m(1), and 4*o*(1)(A)-(B) Commodity Exchange Act, 7 U.S.C. §§ 6c(b), 6m(1), 6*o*(1)(A-B) (2012), and Commission Regulation 32.4, 17 C.F.R. § 32.4 (2019).

a Government authority can access or obtain this information if "the financial records are reasonably described and . . . such financial records are disclosed in response to a judicial subpoena . . ." *Id.* "A Government authority may obtain financial records . . . pursuant to judicial subpoena only if . . . such subpoena is authorized by law and there is reason to believe that the records sought are relevant to a legitimate law enforcement inquiry . . ." 12 U.S.C.A. § 3407(1). A customer may move to quash a subpoena on the grounds that the "financial records sought are *not relevant* to the legitimate law enforcement inquiry stated by the Government authority in its notice . . ." 12 U.S.C. § 3410(a) (Emphasis added).

The notice provided to Mr. Scott does not describe the legitimate law enforcement basis for the subpoena beyond the reference to Mr. Saffron's name and a list of statutes he is alleged to have violated. This is not "substantial compliance with the provisions of this chapter." [12 USC 3410.] That is because the notice "shall state with reasonable specificity the nature of the law enforcement inquiry." [12 USC 3407(2).] The involvement of Mr. Scott or his finances is not apparent from the notice in any fashion.

Furthermore, the information sought by the Subpoena is facially irrelevant. The CFTC is charging David Saffron with violating the Commodity Exchange Act and the associated federal regulations. Mr. Scott does not have any relevant information related to this case and the CFTC has not produced any evidence or explanation as to a connection between the charges against David Saffron and Mr. Scott's personal finances. This is because no such connection exists. *See* James Damien Scott's Affidavit, attached hereto as Exhibit B. Mr. Scott is not employed or associated with David Saffron. *Id.* As such, the Subpoena is seeking irrelevant information and the CFTC is operating outside the scope of the RFPA. Therefore, this Court should quash the Subpoena.

Even if Mr. Scott's records contained relevant information, the Subpoena is overbroad. The Subpoena is demanding JP Morgan Chase Bank produce all of Mr. Scott's personal financial records without any limitations on time period, type of transaction, or counterparty. The CFTC is asking to examine Mr. Scott's entire financial history. Even if Mr. Scott had transactions with Mr. Saffron, he does not appear to be the target of any investigation and thus no legitimate law enforcement purpose is offered for his unrelated transactions. Therefore, the Subpoena should either be quashed or limited to documents evidencing transactions with Mr. Saffron or accounts known or reasonably suspected to be connected to him based upon competent evidence offered in Case No. 2:19-cv-1697-JAD-DJA, the case against Mr. Saffron.

Lastly, upon granting this motion, Mr. Scott respectfully requests this Court award reasonable attorney's fees, pursuant to 12 U.S.C.A. § 3418.

## **CONCLUSION**

For the foregoing reasons, Mr. Scott respectfully requests that this Court quash the subpoena duces tecum issued to JP Morgan Chase Bank. In the alternative, the Subpoena should be limited to documents relevant to Case Action No. 2:19-cv-1697-JAD-DJA. Lastly, Mr. Scott respectfully requests this Court award reasonable attorney's fees.

DATED on this 23rd day of November 2020.

PIA HOYT, LLC

*/s/ William O. Kimball*
William O. Kimball

4

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of November, 2020, I filed the foregoing Motion to Quash Subpoena with the Clerk of the Court using the CM/ECF system which will serve notice to all counsel of record.

Additionally, a certified mail a copy of this motion and the attached sworn statement, has been mailed to the Commodity Futures Trading Commission, Division of Enforcement, Attention: Danielle Karst, Trial Attorney, 1155 21st Street N.W., Washington, D.C. 20581 on November 23, 2020.

*/s/Stephanie Hamilton*
Paralegal