William O. Kimball (Nevada Bar No. 9301)
PIA HOYT, LLC
136 E. South Temple, Suite 1900
Salt Lake City, UT 84111
Telephone: (801) 350-9000
Facsimile: (801) 350-9010
Email: bkimball@piahoyt.com

*Attorneys for James Damien Scott*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID GILBERT SAFFRON, et al.,<br><br>Defendants. | **REPLY IN SUPPORT OF MOTION TO QUASH SUBPOENA**<br><br>Case No. 2:19-cv-1697-JAD-DJA |

## INTRODUCTION

This case presents a challenge for third-party J. Damien Scott ("*Scott*"). Scott's previous employer Bedrock Protection Agency ("*BPA*") is a victim of the crimes of Mr. Saffron, having provided hundreds of thousands of dollars of personal security services to him over and above those for which Mr. Saffron paid. While at one time, Scott believed that Mr. Saffron was a wealthy individual, under legitimate threat and in need of security protection, Scott has realized that Mr. Saffron was never what he appeared to be. Nevertheless, while Scott supports the prosecution of Mr. Saffron, Scott believes in his rights to personal privacy; including those rights enshrined in the Right to Financial Privacy Act ("*RFPA*"). These rights include the freedom from having agents of the Commodity Futures Trading Commission ("*CFTC*") perusing Scott's personal financial records unrelated to Mr. Saffron.

1

Since the CFTC did not comply (substantially or otherwise) with the requirements of RFPA, and since the records sought bear no relation to the law enforcement inquiry set forth in the CFTC's opposition to the instant Motion, Scott asks this Court to quash the subpoena or at least limit it to transactions between Scott and accounts the CFTC can identify in advance of the issuance of a revised subpoena as belonging to the Defendants in this action.

## **ARGUMENT**

The CFTC pays short shrift to the RFPA, both in the notice and in the opposition. The gist of the opposition is that the subpoena complies with Rule 45; however, the gist of the Motion is that the subpoena violates RFPA. Scott does not contend that it will be burdensome for him to personally copy these records, or that the CFTC failed to comply with the requirements of Rule 45. He contends that the discovery sought will burden his right to financial privacy as protected under RFPA without the required notice including the specific purpose for the records.

RFPA requires the government to articulate a "reason to believe that the records sought are relevant to a legitimate law enforcement inquiry . . ." 12 U.S.C.A. § 3407(1). A customer may move to quash a subpoena on the grounds that the "financial records sought are *not relevant* to the legitimate law enforcement inquiry stated by the Government authority in its notice . . ." 12 U.S.C. § 3410(a) (Emphasis added). As no purpose was stated by the CFTC in its notice, the subpoena must be quashed.

**A.     The Law Enforcement Inquiry Basis of the Subpoena and Notice.**

The Subpoena and notice to Scott contain no information about the law enforcement inquiry into Scott's records. The RFPA requires the service of a notice "which shall state with reasonable specificity the nature of the law enforcement inquiry." [12 USCA § 3407(2).] The CFTC provided a notice that references the sections of United States Code that the Defendants

2

are alleged to have violated. [See Motion, Ex. 1, p. 11.] No information is provided as to why the CFTC believes that information about the Defendants' violations will be evidenced by Scott's records.

The CFTC asserts that a generic reference to the code sections allegedly violated by Mr. Saffron constitutes "substantial compliance," citing an unpublished case from the Central District of California. In the absence of binding precedent on this Court, this Court should undertake to interpret this statute itself in the first instance. " 'When determining statutory meaning, we look first to the plain meaning of the text.' [Citation.][1] '[U]nless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning.' [Citation.][2] " *Transwestern Pipeline Co., LLC v. 17.19 Acres of Prop. Located in Maricopa Cty.*, 627 F.3d 1268, 1270 (9th Cir. 2010).

The deficiency in the notice is clear when the Court views the notice itself (page 11 to Ex. 1 of the Motion) with the statutory text. That text provides a subpoena may be issued

> only if … (2) a copy of the subpoena has been served upon the customer … together with the following notice which stall state with reasonable specificity the nature of the law enforcement inquiry:
>
> "Records or information concerning your transactions which are held by the financial institution named in the attached subpoena are being sought by this (agency or department or authority) in accordance with the Right to Financial Privacy Act of 1978 [12 U.S.C. 3401 et seq.] ***for the following purpose:*** If you desire that such records or information not be made available, you must…
>
> 12 U.S.C. §3407 (emphasis added).

---

[1] *Paul Revere Ins. Grp. v. United States*, 500 F.3d 957, 962 (9th Cir.2007).
[2] *Perrin v. United States*, 444 U.S. 37, 42, 100 S.Ct. 311, 62 L.Ed.2d 199 (1979).

Mr. Scott offers to the Court that "specificity" about the "nature of the law enforcement inquiry," requires some amount of disclosure about the connection between the charged offense and the records the CFTC seeks by the subpoena. That a purpose for the records sought must be included in the notice is supported by the text of the statute providing for the notice. That text requires the CFTC to state the records "are being sought … for the following purpose:" [Id.] The notice provided by the CFTC not only omits the purpose for the subpoena, but it also omits the required language, "for the following purpose:".

Instead, the notice reads "On September 30, 2019, the Commission instituted filed suit [lists Court and caption of suit.] The Commission has charged the defendants in these proceedings with violations of [lists federal statutes and regulations]. … the attached subpoena has been issued by the CFTC in that proceeding to assist in determining whether the alleged violations occurred." [See Motion, Ex. 1, p. 11.] This generalized statement of purpose, if sufficient, would support any subpoena concerning any records about person. Such a *pro forma* statement could not constitute a disclosure of the purpose. Where no purpose is disclosed in the notice, the CFTC cannot have fulfilled the requirements of RFPA, including the requirement of stating with reasonable specificity the nature of the law enforcement inquiry. As it violates RFPA, this Court should quash the subpoena on that basis.

**B.      The CFTC's Purpose Disclosed in the Opposition Does Not Support the Subpoena as Drafted.**

In its opposition, but not its notice, the CFTC asserts the law enforcement purpose of its subpoena. Had this been disclosed up front as required by RFPA, these issues would have been addressed in the Motion and not in this reply. CFTC asserts its purposes for these records include "that Scott may be, or has been, accepting, holding, and/or dispersing customer funds or other

assets on behalf of Saffron and in violation of the Court's previous orders." [Opposition at p. 3.] Furthermore, "[t]he only way that the CFTC can determine where the money came from to purchase the digital assets in Scott's Gemini account is to review Scott's personal bank records." [Opposition at p. 4.] Additionally, "Scott's spouse, Susan Scott, is also closely associated with Saffron." [Id.] Finally, "that Scott and his wife may be handling Saffron's finances through the Bedrock entities and acting as pass-throughs on behalf of Saffron." [Id.] The CFTC explains this "Subpoena directed to Scott is reasonably calculated to determine if Scott has sent or received any funds from Saffron, or Saffron business entities, during the time period identified in the CFTC's complaint." [Id. at p. 4-5.]

In sum, the CFTC seeks Scott's records because: i) it wants to enforce a TRO issued by this Court; ii) it wants to determine where the money came from to purchase digital assets in Scott's alleged Gemini account; iii) it suspects Scott's wife of association with Mr. Saffron; and iv) it believes Scott and his wife are handling Mr. Saffron's finances. These claims do not support the subpoena.

The TRO was issued by this Court on October 3, 2019, ordering an asset freeze and the disclosure of Defendants' records. [Dkt. #9.] This does not justify seeking Scott's records prior to that date, nor does it justify seeking Scott's records other than of transfers to or from Defendants or their accounts (if any). It does justify seeking *Defendants' records* from their financial institutions.

The CFTC asserts it wishes to know the source of funds used by Scott to purchase assets in a Gemini account. Unless those funds came from the Defendants (in which case a subpoena for *Defendants' records* would disclose any transfer to Scott) the CFTC offers no reason why Scott's alleged purchase of digital assets would relate to Mr. Saffron's alleged criminal activity.

The CFTC asserts some suspicion towards Scott's wife. While this strikes Scott as unjustified, it is not a reason to seek Scott's records.

Finally, if the CFTC believes that Scott and his wife are handling Defendants' assets, it must know from what source these assets were derived. Scott would accept a limited subpoena that identifies these sources and asks the bank to produce records showing transactions with those source accounts. It does not justify a look at Scott's entire financial history.

**C.    The CFTC Supports its Claims with Illegible, Comingled, and Missing Evidence.**

The CFTC presents a declaration of one of its agents, Mr. Malas. [("*Malas Dec.*"), Dkt. #87-1.] The declaration cites to various websites, registrations, and other generic information about Mr. Scott as well as entities not related to this Motion such as Bedrock Protection Agency and Bedrock Special Projects Group. [See Malas Dec., ¶ 4a-c.] It also addresses information about non-party Kinetic Marketing Systems, Inc. [See Malas Dec., ¶ 4d.] The Malas Declaration and the opposition make much of an alleged account with Gemini in the name of Scott, which is purported to be evidenced by exhibit F to the opposition. [See Malas Dec., ¶ 4f.] In addition, the Malas Declaration and the Opposition rely on excerpts of the transcript of Preston Sterling Kerr. [See Malas Dec, ¶ 4j.]

To be clear, this Motion is brought on behalf of Scott only, not Kinetic Marketing Systems, Inc., BPA, or Bedrock Special Projects Group ("*BSPG*"). Any involvement of these entities would be reflected in *their records*, not those of Scott, and thus there is no reason for their inclusion in the opposition. The relevance of any suspicions cast at those entities (whether or not merited by evidence, none of which is disclosed) is unclear to this Motion. If the CFTC

seeks Scott's records, it should show the purpose it needs Scott's records, not the purpose it seeks someone else's records.

Several paragraphs in the Malas Dec. and several references in the Opposition point this Court to Exhibit F, the supposed records of Scott's digital asset account. [See Opposition, p. 4 (referencing pages 8 and 15), Malas Dec., ¶ 4h, 6, 13a (referencing pages 7-8).] Pages 7 and 15 of the document are illegible. [See Dkt. 87-7.] Page 8 is barely legible but does not appear to mention Scott. [Id.] Scott cannot respond to this evidence as it is presented in an illegible format.

Additionally, there are references to the testimony of Mr. Kerr. [See Opposition at p. 4.] Mr. Kerr's transcript is not attached. Instead, Mr. Malas has testified as to its contents. [See Malas Dec., ¶ 7.] This is inadmissible hearsay, even if considered as a proffer of what Mr. Malas would testify to in a live hearing, because these are statements of Mr. Malas offered to show what Mr. Kerr asserts. The CFTC would need to support these arguments with the transcript of Mr. Kerr's testimony.

## **CONCLUSION**

For the foregoing reasons, Mr. Scott respectfully requests that this Court quash the subpoena duces tecum issued to JP Morgan Chase Bank as to his records. In the alternative, the Subpoena should be limited to documents relevant to transactions between Scott and other accounts the CFTC can identify, in advance, as being relevant to this case. Lastly, Scott respectfully requests this Court award reasonable attorney's fees.

DATED on this 14th day of December 2020.

                                                                                                                                                                                                                                    PIA HOYT, LLC

                                                                  */s/ William O. Kimball*
                                                                  William O. Kimball

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of December, 2020, I filed the foregoing Reply in Support of Motion to Quash Subpoena with the Clerk of the Court using the CM/ECF system which will serve notice to all counsel of record.

Additionally, a certified mail a copy of this motion and the attached sworn statement, has been mailed to the Commodity Futures Trading Commission, Division of Enforcement, Attention: Danielle Karst, Trial Attorney, 1155 21st Street N.W., Washington, D.C. 20581.

*/s/Stephanie Hamilton*
Paralegal