1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

COMMODITY FUTURES TRADING
COMMISSION,

               Plaintiff,

    v.

DAVID GILBERT SAFFRON, ET AL.,

               Defendants.

Case No. 2:19-cv-01697-JAD-DJA

**ORDER**

      This matter is before the Court on Interested Party James Damien Scott's Motion to Quash Subpoena (ECF No. 86), filed on November 23, 2020.  Plaintiff filed a Response (ECF No. 87, Corrected Image for Exhibit F ECF No. 91) and Addendum (ECF No. 88) on December 7-8 and 15, 2020.  Scott filed a Reply (ECF No. 90) on December 14, 2020.  The Court finds that this matter is appropriately resolved without a hearing.  *See* Local Rule 78-1.

     **I.**      **BACKGROUND**

      The parties are familiar with the facts of this matter and the Court will only outline those necessary for the determination of this motion.  Scott moves to quash Plaintiff's subpoena duces tecum to JP Morgan Chase Bank issued on November 9, 2020.  (ECF No. 86).  Alternatively, Scott requests that the Court limit the subpoena to documents relevant to this case.  He argues that it is overbroad in subject matter scope (seeking all documents related to Scott's accounts, withdrawals, deposits, lines of credit, correspondence, checks, and all transactions in excess of $250), temporal scope (no timeframe listed), and is not limited to transactions with David Saffron.  Scott admits that the Right to Financial Privacy Act, 12 U.S.C. §§ 3401-22 (2018) ("RFPA") permits a subpoena for financial records if relevant to a legitimate law enforcement inquiry.  He contends that the subpoena being challenged does not describe the legitimate law enforcement basis beyond reference to Defendant Saffron's name and list of statutes he is alleged

1   to have violated.  Scott also claims that he does not have any relevant information for this case

2   and his personal finances have no connection to the charges against Defendant Saffron.  He also

3   requests his attorneys fees for having to bring this motion pursuant to 12 U.S.C. § 3418.

4       Plaintiff responds that it issued the Rule 45 subpoena to JP Morgan Chase to obtain

5   documents and information regarding Scott's account as allowed by the RFPA.  (ECF No. 87).

6   Plaintiff contends that the subpoena is within the scope of permitted discovery under Fed.R.Civ.P.

7   26 and the October 29, 2020 Court Order authorizing expedited third-party discovery (ECF No.

8   80).  It contends that Defendants have refused to produce any business records or comply with the

9   asset freeze imposed by the Court.  Plaintiff claims that Defendants are engaging in ongoing

10  contempt of the Court's TRO, PI and Contempt Orders (ECF Nos. 9, 31, and 51).  Plaintiff also

11  believes that Scott is a close associate and financial handler of Defendant Saffron such that he is

12  accepting, holding, and/or dispersing customer funds on Defendant Saffron's behalf.  Plaintiff's

13  response sets forth the grounds for its belief that Scott is connected to Defendant Saffron and

14  Saffron's business entities.

15      Scott replies that he supports the prosecution of Defendant Saffron and has found out that

16  Defendant Saffron was "never what he appeared to be."  (ECF No. 90).  However, he claims that

17  his personal privacy and rights established in the RFPA must be protected.  He argues that the

18  notice is deficient in failing to connect the nature of the law enforcement inquiry to his personal

19  financials with a full explanation.  Scott also indicates that he would accept a limited subpoena

20  from Plaintiff if it identifies the sources from which it believes Scott and his wife are handling

21  Defendants' assets.

22      **II.    DISCUSSION**

23      Federal Rule of Civil Procedure 26(b)(1) provides for broad and liberal discovery.

24  "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's

25  claim or defense and proportional to the needs of the case."  *Id.*  The court may limit discovery if

26  it is unreasonably cumulative or duplicative, or can be obtained from some other source that is

27  more convenient, less burdensome, or less expensive . . . [or] the proposed discovery is outside

28

the scope permitted by Rule 26(b)(1).  Rule 26(b)(2)(C)(i-iii).  Further, a court may limit

discovery via Rule 26(c), which permits the court to issue a protective order to protect a party or

person from annoyance, embarrassment, oppression, or undue burden or expense when the party

establishes good cause.  When the discovery at issue is a subpoena on a nonparty, Rule 45

governs.  "It is well established that the scope of discovery under a subpoena issued pursuant to

Rule 45 is the same as the scope of discovery allowed under Rule 26(b)(1)."  *Painters Joint*

*Committee v. Employee Painters Trust Health & Welfare Fund*, 2011 WL 4573349 at *5 (D. Nev.

Sept. 29, 2011).

Accordingly, the Court utilizes the Rule 26 framework to determine if the information

sought by the Rule 45 subpoena is relevant and proportional to the needs of the case.  After

careful consideration of all of the parties' arguments, the Court finds that Plaintiff's position is

more persuasive on the relevance issue.  Plaintiff sets forth sufficient grounds in its Response and

accompanying declaration to establish that Scott has connections to Defendant Saffron and

Defendant Saffron's business entities such that the subpoena is not mere speculation or a fishing

expedition.  The Court finds that Scott's financial records are relevant to Plaintiff's efforts to

trace the funds that Defendants have allegedly fraudulently obtained and determine if they have

violated the Court's asset freeze orders.

Similarly, the Court finds that when utilizing the proportionality analysis, Plaintiff's

subpoena should not be quashed.  Contrary to Scott's argument, the subpoena is limited

temporally from January 1, 2017 to the present.  The Court finds that timeframe to be reasonable

based on the needs of this case.  As to the subject matter scope, Scott fails to set forth any

argument that it would be burdensome for JP Morgan Chase to produce all documents related to

Scott's bank accounts as they are all electronic consumer records.  Plaintiff also notes that JP

Morgan Chase did not object to the breadth of the subpoena.  Moreover, Scott appears to rely on

his previous relevance objection to challenge proportionality by claiming it is not clear why all of

his personal financial documents are relevant to the claims at issue in this case.  However, it is his

burden to convince the Court that such scope is not proportional to the needs of the case.  He

suggests that Plaintiff limit the subpoena to specific accounts of his rather than his entire financial history as long as Plaintiff can identify which accounts have a connection with Defendants. This puts Plaintiff in an inappropriate catch-22. Plaintiff would need to know what accounts Scott has and then connect those specific accounts to Defendants, but this is the purpose of the current subpoena – to identify all accounts with a connection to the claims at issue and Defendants' actions with respect to the Court's asset freeze orders.

Further, the Court is mindful that Scott does not believe his entire financial history should be examined as he is not a defendant in this case. However, as noted above, the timeframe set forth in the subpoena significantly limits the records being sought to an almost 4-year period – clearly not his entire financial history. Also, Scott's privacy concern can appropriately be addressed via a protective order rather than quashing the subpoena. Therefore, the Court will require Plaintiff to maintain Scott's records received via JP Morgan Chase's response under a confidential label and not file any such records except under seal with the Court.

Finally, given that this subpoena relies on the RFPA, the Court must also consider whether the customer notice complies with the RFPA. As Scott points out, his financial involvement in this case – and the claims at issue – is not described in the subpoena. Nevertheless, the Court finds that this is not a defect that requires quashing the subpoena as Plaintiff adequately described the relation to Scott's finances and the Court's TRO, PI, and Contempt Orders in its Response. *See Sweeney v. Inspector General of U.S. Dep't of Agric.*, 2014 WL 5361968, at *4 (E.D. Cal. Oct. 21, 2014) (finding agency properly complied with the RFPA where notice informed movant of specific nature of investigation but did "not specifically reference that the investigation includes examining whether the Movant improperly received loan funds"); *see also Rodriguez v. Federal Sav. & Loan Ins. Corp.*, 712 F. Supp. 159, 162 (N.D. Cal. 1989) (finding even where the consumer notice is deficient, information in the government's response to a consumer challenge states the nature of inquiry with sufficient specificity). If the Court were to believe Scott, then every RFPA notice would need to include an affidavit similar to that necessary for a criminal warrant. That simply stretches the statutory text too far. Here,

Plaintiff has sufficiently connected Scott's finances to the discoverable subject matter of the Court's asset freeze orders as outlined in its Response and Declaration.  The Notice also specifically outlines that law enforcement inquiry at issue, which the particular statutes that Defendants are alleged to have violated.  Ultimately, after careful consideration of all of the arguments, the Court finds that the subpoena is relevant and proportional to the needs of the case, appropriate under Rule 45 and the RFPA, and should not be quashed.

**IT IS HEREBY ORDERED** that Interested Party James Damien Scott's Motion to Quash Subpoena (ECF No. 86) is **denied**.

DATED: December 18, 2020.

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE