Danielle E. Karst (D.C. Bar No. 481881)
Timothy J. Mulreany (Maryland Bar No. 8812160123)
**COMMODITY FUTURES TRADING COMMISSION**
Three Lafayette Centre
1155 21st Street, N.W.
Washington, D.C. 20581
Telephone:   (202) 418-6158 (Karst)
Telephone:   (202) 418-5306 (Mulreany)
Facsimile:   (202) 418-5523
dkarst@cftc.gov
tmulreany@cftc.gov

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>                    Plaintiff,<br><br>v.<br><br>DAVID GILBERT SAFFRON<br>a/k/a DAVID GILBERT and<br>CIRCLE SOCIETY, CORP.,<br><br>                    Defendants. | Case No.  2:19-cv-1697-JAD-DJA<br><br>**PLAINTIFF CFTC'S MOTION TO STRIKE DEFENDANTS' RESPONSE TO THE CFTC'S LETTER TO THE COURT (ECF NO. 94)** |

Plaintiff Commodity Futures Trading Commission ("Commission" or "CFTC") respectfully moves the Court to issue an order striking Defendants' Response Regarding Plaintiff's Letter to the Court dated January 4, 2021 ("Response to the CFTC's Letter," ECF No. 94).  As discussed below, Defendants' Response to the CFTC's Letter is impermissible under Local Rule IA 7-1 and seeks to extend expired filing deadlines or modify previous Court orders without seeking leave of court to do so under Local Rule IA 6-1(a) and Fed. R. Civ. P. 6(b)(1)(B).  Defendants' Response also fails to advise the Court that the CFTC previously notified defense counsel of Defendants' contempt of the Court's prior orders and offered to discuss the pending issues.

The CFTC filed the January 4, 20201 Letter to the Court pursuant to Local Rule IA 7-1

1

inquiring as to the status of its Motion for Default Judgment against Defendants (ECF No. 61) and Motion for Sanctions in Furtherance of Defendants' Non-Compliance with the Court's Civil Contempt Order ("Motion for Sanctions," ECF No. 62). On January 5, 2021, Defendants filed a Response to the CFTC's Letter (ECF No. 94), which is not permitted under Local Rule IA 7-1.

It appears as though Defendants are attempting to extend time and/or modify the requirements of multiple Court orders, including the Order of Preliminary Injunction ("PI Order," ECF No. 31) and Civil Contempt Order ("Contempt Order," ECF No. 51). Defendants have failed to seek leave of court for any extension of time or modification of previous Court orders by a proper motion pursuant to Local Rule IA 6-1(a) (providing that requests to extend time made after the deadline expired "will not be granted unless the movant or attorney demonstrates that the failure to file the motion before the deadline expired was the result of excusable neglect") and Fed. R. Civ. P. 6(b)(1)(B) ("the court may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect").

Defendants fail to acknowledge the Court's PI Order and Civil Contempt Order, offer any explanation as to their complete failure to comply with either order, or show that their delay was the product of excusable neglect. As previously briefed by the CFTC, Defendants have displayed an unsettling degree of contempt for the authority of this Court, including failing to produce a single business record or an accounting of assets, continuing to violate the asset freeze provisions of the PI Order, and failing to pay any of the $668,000 in daily fines accrued to date as mandated by the Contempt Order.[1] *See, e.g.*, Motion for Sanctions, ECF No. 62. Even

---

[1] *See* Civil Contempt Order, ECF No. 51 at ¶¶ 5-6 (ordering each Defendant to pay daily compliance fines of $1,000 per day beginning on Feb. 8, 2020).

2

assuming the Court accepts the Defendants' Response to the CFTC's Letter as a motion to extend time or motion to modify the previous Court Orders, the CFTC submits that the ongoing failure of Defendants to comply with the Court's previous orders and deadlines precludes their ability to file such a motion.

Finally, Defendants allege in their Response that a sixty-day period is needed so that they can "work with the Defendants to address the CFTC's various document requests" and work with the CFTC's counsel "to resolve issues pending." *See* Response to the CFTC's Letter, ECF No. 94 at 2. Defendants fail to advise the Court that the CFTC informed Defendants' counsel of Defendants' violations of the PI Order and Contempt Order *prior* to the entry of counsel's appearance. *See* Email from CFTC to J. Gutke dated Dec. 8, 2020 (attached hereto as Exhibit 1). As noted in the email, the CFTC also offered to discuss Defendants' non-compliance with the orders and pending litigation issues but never heard back from Defendants. *See id.* Given that Defendants have been in violation of the Court's Orders for more than a year, have produced neither business records nor an accounting of assets in that period, have intentionally and repeatedly violated the Court's asset freeze, and owe $668,000 in daily compliance fines to date, the CFTC submits that further delay will accomplish nothing.

## **CONCLUSION**

For the foregoing reasons, the CFTC respectfully requests that the Court strike Defendants' Response to the CFTC's Letter. In the event the Court deems it appropriate to hold a hearing on the relief requested herein, the CFTC is available to participate in person or telephonically at the Court's earliest convenience.

Dated:  January 6, 2021                                Respectfully submitted,

                                                       By: /s/ Danielle E. Karst
                                                       Danielle E. Karst
                                                       Timothy J. Mulreany

3

**COMMODITY FUTURES TRADING COMMISSION**
Three Lafayette Centre
1155 21st Street, N.W.
Washington, D.C. 20581
Telephone: (202) 418-5000

## CERTIFICATE OF SERVICE

I certify that on January 6, 2021, I filed a copy of *Plaintiff CFTC's Motion to Strike the Defendants' Response to the CFTC's Letter to the Court*, with the Clerk of the Court using the CM/ECF system, which will serve notice to counsel of record below.

**John H. Gutke**
**John P. Witucki**
Gutke Law Group, PLLC
552 E. Charleston Blvd.
Las Vegas, Nevada 89104
(Counsel for Defendants David Gilbert Saffron and Circle Society, Corp.)

/s/ Danielle E. Karst
Danielle E. Karst