# EXHIBIT 1

**Email from the CFTC to J. Gutke dated Dec. 8, 2020**

| | |
|---|---|
| From: | Mulreany, Timothy J. |
| To: | John Gutke |
| Cc: | Karst, Danielle |
| Subject: | RE: [EXTERNAL] Re: Re: CFTC v. Saffron, 2:19-cv-01697-JAD-DJA (D. Nev.): PI Order, Asset Freeze, Contempt Order |
| Date: | Tuesday, December 8, 2020 8:13:42 AM |
| Attachments: | image011.png |
| | image012.png |
| | image013.png |
| | image014.png |
| | image015.png |
| | image016.png |
| | image017.png |
| | image018.png |
| | image019.png |
| | image020.png |
| | image021.png |
| | image022.png |
| | image023.png |
| | image024.png |
| | image025.png |

Good morning,

Thank you for your kind response. Please allow the Commission to explain our position regarding retention of counsel by the Defendants.

The Commission welcomes the involvement of counsel on behalf of the Defendant. The Commission is also obligated, along with all members of the bar, to ensure that the orders of the court are not violated, including each of the orders issued by Judge Dorsey in the above-captioned matter.

As you are aware, the Order of Preliminary Injunction issued by Judge Dorsey has, among other things, frozen all assets of the Defendants. The purpose of the asset freeze is to maintain the *status quo* pending entry of a final judgment against the Defendants, so that defrauded customers may obtain restitution from the Defendants as part of a final judgment. The asset freeze portion of the Order of Preliminary Injunction does not prohibit the Defendants from retaining defense counsel; however, the Defendants are prohibited from retaining counsel using assets that have been frozen.

To the extent that the Defendants seek to retain your firm as defense counsel, they would have to do so with assets that are not covered by the asset freeze contained in the Order of Preliminary Injunction. For example, funds traced directly back to a spouse's retirement account. This fact leads us back to the Commission's original inquiry as to the source of your retainer to pay for your "process of reviewing the pleadings and other items in the docket and evaluating the case." Once again, the Commission requests – in keeping with its obligation to ensure that the court's orders are not violated – that you identify the source of all fees you have received in this matter from the Defendants.

To the extent that the Defendants desire to pursue a "carve out" of the asset freeze portion of the Order of Preliminary Injunction to pay for attorneys' fees, it is the Commission's position that the Defendants would have to make such an application *before* retaining counsel. Making such an application after retaining counsel would require the Defendants and the retained firm to admit to a violation f the Order of Preliminary Injunction. Moreover, it is the Commission's position that the Defendants would also have to first come into full compliance with all orders of the court before

they would be entitled to a "carve out," including but not limited to: production of all business records to the Commission as mandated in the Order of Preliminary Injunction and the first order finding the Defendants in contempt; production of computers and cells phones to the Commission, together with all passwords as mandated in the Order of Preliminary Injunction and the first order finding the Defendants in contempt; production of a full accounting of all assets accepted by the Defendants from each participant in Defendants' pool as mandated in the Order of Preliminary Injunction and the first order finding the Defendants in contempt; and, payment of all outstanding daily fines assessed by the court to date, currently in excess of $600,000, as mandated in the first order finding the Defendants I contempt.  If you would like to discuss your clients coming into full compliance with all of the court's pending orders, I am available today at 10:00 a.m. PST/ 1:00 p.m. EST to discuss how the Commission can assist the Defendants in complying with the court's orders.

Thank you in advance for your kind attention to this matter.



**Timothy J. Mulreany**
Chief Trial Attorney
HQ/Division of Enforcement
**Commodity Futures Trading Commission**
202-418-5306
tmulreany@cftc.gov



This message is and all attachments are a private U.S. Government communication intended only for the use of the individual or entity to whom it is addressed and may be confidential or protected by privilege. If you are not the intended recipient or an employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained in or attached to this message is strictly prohibited.  Please notify the sender of the delivery error by replying to this message, and then delete it from your system.

**From:** John Gutke <jgutke@gutkelaw.com>
**Sent:** Monday, December 7, 2020 10:14 PM
**To:** Mulreany, Timothy J. <tmulreany@CFTC.gov>
**Cc:** Karst, Danielle <DKarst@CFTC.gov>
**Subject:** [EXTERNAL] Re: Re: CFTC v. Saffron, 2:19-cv-01697-JAD-DJA (D. Nev.): PI Order, Asset Freeze, Contempt Order

Dear Mr. Mulreany,

Thank you for the detailed follow-up email. As an initial matter, I want to remind you of what I said in my 12/4 email response to your colleague: my firm has not made an appearance in this matter, and we are not the counsel of record for Mr. Saffron or Circle Society Corp. in the CFTC's lawsuit. As I

already informed you, we are in the process of reviewing the pleadings and other items in the docket and evaluating the case

Next, the accusations of impropriety and threats to bring a motion against me and/or my law firm before we have even made an appearance are completely unnecessary. I want to assure you I would not ever intentionally or knowingly violate Judge Dorsey's order--or any order from another judge for that matter--and I do not take your accusations lightly. I am not aware of any actions that are in violation of any order in this matter, but if you have specific information and a basis to think otherwise,then please advise so I can address your concerns. Regarding my firm's impending retention, is it the CFTC's position that the Defendants are not allowed to retain an attorney to represent them in this matter without violating the preliminary injunction? Your email appears to suggest that being retained is, per se, a violation of the injunction and deserving of an order to show cause hearing. Is this the CFTC's position? This does not seem to be consistent with the court's recent minute order stating that Defendants have been given a window of time in which to determine whether they will retain new counsel following their prior attorneys' withdraw. But if it is the CFTC's position that Defendants are prohibited from paying to retain counsel, please advise immediately or otherwise explain the basis of your position that Defendants' retention of my law firm is in violation of the injunction.

It is my hope that if my firm does enter an appearance in this case, we can discuss your concerns so that the parties can proceed with the litigation as to substantive issues, with the goal of moving past your welcoming threats. To that end, I would like to have the opportunity to discuss the CFTC's position regarding any alleged violation of the injunction with you and/or Ms. Karst, as well as to address whatever other concerns you have so that the parties can avoid unnecessary motions. I am available this Wednesday morning, 12/9, from 10 a.m. - 12 p.m. PST, or Thursday afternoon from 1 p.m. - 5 p.m. PST. Let me know if you would like to set up a time in either of those windows.

Best regards,

**John H. Gutke**
**GUTKE LAW GROUP**


On Mon, Dec 7, 2020 at 6:41 AM Mulreany, Timothy J. <tmulreany@cftc.gov> wrote:

> Mr. Gutke,
>
> This in in follow up to Ms. Karst's email, in which you and your firm were served with a copy of the court's Order of Preliminary Injunction.  As you are aware, your clients have intentionally refused to comply with the court's Order of Preliminary Injunction and have been held in contempt as a result thereof.  The purpose of this email is to determine if you and your firm are also in violation of the Order of Preliminary Injunction, which in relevant part orders:
>
> "Defendants and their agents, servants, employees, assigns, *attorneys, person and/or entity in active concert or participation with them*, including any successor thereof, and persons in active

concert or participation with them, who receive actual notice of this Order by personal service or otherwise, are immediately restrained and enjoined, except as otherwise ordered by this Court, from directly or indirectly:  transferring, selling, alienating, liquidating, encumbering, *pledging*, leasing, loaning, *assigning, concealing, dissipating, converting, withdrawing, or otherwise disposing of any assets*, wherever located, including Defendants' assets held outside the United States… (emphasis supplied)."

The Commission has been advised that you and your firm have pledged or otherwise attempted to convert assets of the Defendants, in violation of the Order of Preliminary Injunction, by entering into "settlement" discussions with victims of the Defendants' fraudulent scheme.  In addition, your admitted "retention…on a limited basis" by the Defendants would appear to also violate the clear and unambiguous terms of the Order of Preliminary Injunction's asset freeze.  If accurate, these apparent violations of a court order by you and your firm will have to be brought to the attention of the U.S. District Court for the District of Nevada via a Motion to Show Cause.

Before the Commission files such a motion, and in an attempt to avoid burdening the court with yet another show cause motion herein, we ask that you provide the Commission with an explanation of the source of your fees to represent the Defendants herein.  Further, please advise whether you and your firm have entered into settlement discussions with customers/witnesses herein, and state the amount of the Defendants' assets you have pledged/converted as part of any such discussions.  In addition, as the Order of Preliminary Injunction orders the Defendants and their counsel to produce all records relating to the Defendants' assets, please produce all documents associated with your retention by the Defendants, including but not limited to the retention agreement and all documents associated with any payments to you by the Defendants and/or third parties acting on behalf of the Defenadnts.  Please provide the Commission with the requested information by close of business today.

Thank you for your prompt attention this matter.



**Timothy J. Mulreany**
Chief Trial Attorney
HQ/Division of Enforcement
**Commodity Futures Trading Commission**
202-418-5306
tmulreany@cftc.gov



This message is and all attachments are a private U.S. Government communication intended only for the use of the individual or entity to whom it is addressed and may be confidential or protected by privilege. If you are not the intended recipient or an employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained in or attached to this message is strictly prohibited.  Please notify the sender of the delivery error by replying to this message, and then delete it from your system.

**From:** John Gutke <jgutke@gutkelaw.com>
**Sent:** Friday, December 4, 2020 4:34 PM
**To:** Karst, Danielle <DKarst@CFTC.gov>; Mulreany, Timothy J. <tmulreany@CFTC.gov>
**Cc:** John Witucki <jwitucki@gutkelaw.com>
**Subject:** [EXTERNAL] Re: CFTC v. Saffron, 2:19-cv-01697-JAD-DJA (D. Nev.): PI Order, Asset Freeze, Contempt Order

Ms. Karst,

Thank you for your email. You are correct that my firm has been retained by Mr. Saffron and Circle Society, Corp. However, at this point our retention is on a limited basis and we are still in the process of being retained in full for the purposes of appearing on behalf of the defendants in the District of Nevada lawsuit. I.e., we have not yet been fully retained to represent Mr. Saffron and Circle Society in the lawsuit. If and when that occurs, a notice of appearance will be filed. Once we reach that juncture, the first thing I would want to do is set up a conference call to discuss the history and status of the CTFC's lawsuit with you.

I will be in contact with you hopefully by the end of next week one way or the other.

Best regards,

John H. Gutke
**GUTKE LAW GROUP**


On Fri, Dec 4, 2020 at 8:39 AM Karst, Danielle <DKarst@cftc.gov> wrote:
> Counsel:
>
> We understand that you are representing David Saffron and/or Circle Society Corp., both of whom are named as Defendants in the above-captioned case in the U.S. District Court for the District of Nevada. To date no one has entered an appearance on behalf of one or more of the Defendants. The CFTC is hereby providing you with notice of the **Preliminary Injunction Order, asset freeze, and Contempt Order** as described in more detail below.
>
> On December 3, 2019, the Court granted the CFTC's Motion for Preliminary Injunction and converted the existing Temporary Restraining Order against Defendants to a Preliminary Injunction (a copy of this Order is attached). You are hereby on notice of this Preliminary Injunction Order, which freezes the assets pending trial or further court order of the named individuals and entities by prohibiting them from directly or indirectly withdrawing, transferring, removing, dissipating, or otherwise disposing of any funds, assets or other property. The Order also preserves the documents of Defendants and prohibits the destruction of any of their documents, among other things.

The Court also entered a Civil Contempt Order on January 30, 2020 against Defendants requiring them to fully comply with all terms and conditions of the Preliminary Injunction Order.

Thank you in advance for your prompt attention to this matter.

Best regards,
Danielle



**Danielle E. Karst**
Trial Attorney
Division of Enforcement
**Commodity Futures Trading Commission**
202-418-6158
dkarst@cftc.gov