JOHN H. GUTKE
Nevada Bar No. 10062
JOHN P. WITUCKI
Nevada Bar No. 10800
**GUTKE LAW GROUP**
552 E. Charleston Blvd.
Las Vegas, Nevada 89104
Phone/Fax: 702.766.1212
jgutke@gutkelaw.com
jwitucki@gutkelaw.com

Attorneys for Defendants
DAVID GILBERT SAFFRON and
CIRCLE SOCIETY, CORP.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>　　　　Plaintiff,<br>　v.<br>DAVID GILBERT SAFFRON, a/k/a DAVID GILBERT, and CIRCLE SOCIETY, CORP.,<br><br>　　　　Defendants, | Case Number 2:19-cv-1697-JAD-DJA<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF CFTC'S MOTION TO STRIKE DEFENDANTS' RESPONSE TO THE CFTC'S LETTER TO THE COURT** |

Defendants David Saffron and Circle Society, Corp. ("Defendants") hereby submit the following response to *Plaintiff CTFC's Motion to Strike Defendants' Response to the CFTC's Letter to the Court* (the "Motion") (ECF No. 95). Plaintiff's misguided and spurious Motion should be denied because it does not identify any valid procedural basis under which an order striking Defendants' previous response would be warranted, nor is the Motion supported by any legal authority that would provide grounds to strike Defendants' response (ECF No. 94).

. . .

1

**I.     Procedural Background and Relevant Facts.**

The Motion incorrectly claims that the *Notice of Defendants' Response Regarding Plaintiff's Letter to the Court Dated January 4, 2021* ("Response to CFTC's Letter") (ECF No. 95) "is impermissible under Local Rule IA 7-1 and seeks to extend expired filing deadlines or modify previous Court orders without seeking leave". *See* Motion at 1:19-21. The Motion further claims—again incorrectly—that by filing the Response to CFTC's Letter Defendants "are attempting to extend time and/or modify the requirements of multiple Court orders". However, Defendants' Response to CFTC's Letter was not an impermissible communication to the Court (which LR IA 7-1 indeed prohibits) and did not seek to extend any prior deadlines (there is no such request or motion contained anywhere in Defendants' prior response). Instead, the response was simply Defendants' attempt to express their desire to participate in this litigation now that they have recently retained new counsel. By responding to the CFTC's request made in its January 4 letter that the Court immediately enter orders on previously-filed motions, Defendants intent was to express this desire to allow their newly-retained counsel the opportunity to address substantive issues pending herein.

While the Motion demonstrates that the CFTC prefers to steamroll forward without providing Defendants an opportunity to substantively defend the claims in this action[1], Defendants' response expressed Defendants' desire that the Court refrain from doing so until such time as incoming new counsel can have the opportunity to address substantive issues in this case.

. . .

---

[1] Indeed, the email chain attached to the Motion show how even before Defendants' new counsel had appeared in this matter, the CFTC somehow knew counsel had begun the process of being retained by Defendants and immediately tried to discourage counsel from entering an appearance by accusing counsel of violating court orders in this case merely by being retained, and threatening to file motions for sanctions against Defendants' counsel before counsel had even so much as made an appearance or had an opportunity to introduce themselves to Plaintiff's counsel. *See* ECF No. 95-1.

## II. Legal Argument.

The Motion fails to provide any procedural or legal bases for striking Defendants' Response to CFTC's Letter, and therefore should be denied. Federal Rule of Civil Procedure 12(f) governs motions to strike and states: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Ninth Circuit has noted that "[u]nder the express language of the rule, only pleadings are subject to motions to strike." *Sidney–Veinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983) (noting that striking a motion to reconsider fails to comply with the policy of Rule 12(f) to avoid litigating spurious issues). Additionally, "[f]ederal courts generally disfavor motions to strike." *Leeward Capital, L.P. v. Archon Corp.*, 759 F.Supp.2d 1249, 1254 (D. Nev. 2010) (citation omitted); *see also Germaine Music v. Universal Songs of Polygram*, 275 F. Supp. 2d 1288, 1300 (D. Nev. 2003) aff'd in part, 130 F. App'x 153 (9th Cir. 2005); *Colaprico v. Sun Microsystems, Inc.*, 758 F.Supp. 1335, 1339 (N.D.Cal.1991) ("[M]otions to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation.").

Defendants' Response to CFTC's Letter does not rise to the level of an impermissible, improper, rogue pleading that warrants being stricken. The Motion's argument that Defendants' Response to CFTC's Letter improperly seeks to modify prior orders or extend previous deadlines is misguided because the response makes no such requests. The Motion is spurious in that it claims to be concerned with the non-existent requests to modify prior orders, but in reality is the CFTC's attempt to further disparage Defendants by repeating the same arguments already made numerous times by the CFTC in this matter.[2]

---

[2] Defendants will not address the gratuitous accusations made by CFTC throughout the Motion (e.g., that "Defendants have displayed an unsettling degree of contempt for the authority of the Court," and have "continued to violate the asset freeze provision of the PI Order," Motion at 2:17-24) because those accusations are not germane to the question of whether to strike Defendants' response. It suffices to say for now that

GUTKE LAW GROUP
552 E. Charleston Blvd.
Las Vegas, Nevada 89104

**III.   Conclusion.**

Because the Motion does not provide any valid legal authority or grounds for striking Defendants' response, and is a spurious use of the Court's time and resources, Defendants respectfully request that the Motion be denied

Dated: January 20, 2021.

                                    **GUTKE LAW GROUP, PLLC**

                                    */s/ John H. Gutke*
                                    JOHN H. GUTKE, ESQ.
                                    JOHN P. WITUCKI, ESQ.
                                    552 E. Charleston Blvd.
                                    Las Vegas, Nevada 89104

                                    Attorneys for Defendants
                                    DAVID GILBERT SAFFRON and
                                    CIRCLE SOCIETY, CORP.

---

Defendants deny CFTC's unsupported allegations and will address these substantive issues further in forthcoming motions related to the actual claims and issues that should be litigated in this matter.

4

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of January 2021, the foregoing *Notice of Defendants' Response to Plaintiff CFTC's Motion to Strike Defendants' Response to the CFTC's Letter to the Court* was electronically served on all persons registered to receive electronic service in this matter, including counsel listed below, by filing this document with the Clerk of Court using the CM/ECF system.

Danielle E. Karst
Timothy J. Mulreany
Commodities Futures Trading Commission
1155 21st Street NW
Washington, D.C. 20581
*Attorneys for Plaintiff*

/s/ John Gutke
An employee of Gutke Law Group