Danielle E. Karst (D.C. Bar No. 481881)
Timothy J. Mulreany (Maryland Bar No. 8812160123)
**COMMODITY FUTURES TRADING COMMISSION**
Three Lafayette Centre
1155 21st Street, N.W.
Washington, D.C. 20581
Telephone:   (202) 418-6158 (Karst)
Telephone:   (202) 418-5306 (Mulreany)
Facsimile:    (202) 418-5523
dkarst@cftc.gov
tmulreany@cftc.gov

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION, | Case No.  2:19-cv-1697-JAD-DJA |
| Plaintiff, | |
| v. | **PLAINTIFF CFTC'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO STRIKE DEFENDANTS' RESPONSE TO PLAINTIFF'S LETTER TO THE COURT** |
| DAVID GILBERT SAFFRON a/k/a DAVID GILBERT and CIRCLE SOCIETY, CORP., | |
| Defendants. | |

Plaintiff Commodity Futures Trading Commission ("Plaintiff" or "CFTC") hereby

submits the following Reply Memorandum in support of its Motion to Strike Defendants'

Response to the CFTC's January 4, 2021 Letter to the Court.[1]

## I.    INTRODUCTION

Without seeking leave of Court and in violation of the Federal Rules of Civil Procedure

and Local Rules governing requests for extensions of time, Defendants submitted two recent

filings making certain requests of the Court.  Defendants filed an impermissible "response" to

---

[1] The CFTC filed its January 4, 2021 Letter to the Court (ECF No. 93) pursuant to L.R. IA 7-1 inquiring as to the status of its March 9, 2020 Motion for Default Judgment (ECF No. 61) and March 12, 2020 Motion for Sanctions (ECF No. 62).

the CFTC's letter to the Court "request[ing] that the Court allow at least sixty (60) days prior to making any determinations" on the CFTC's two pending motions.  Defs.' Resp. to the CFTC's Letter, ECF No. 94 at 2.  In their most recent filing, Defendants double down on their request for the Court to "refrain from" ruling on the CFTC's two pending motions "until such time as incoming new counsel can have the opportunity to address substantive issues in this case."  Defs. Resp. to Mot. to Strike at 2, ECF No. 96.

Defendants' recent filings completely ignore Defendants' ongoing contempt and fail to demonstrate good cause or excusable neglect required for an extension of time or modification of previous Court orders.  It is undisputed that Defendants have wholly failed to comply with this Court's Preliminary Injunction Order (ECF No. 31) and Civil Contempt Order (ECF No. 51), which require Defendants to produce business records and abide by the asset freeze imposed by the Court, among other things.[2]  After repeatedly and blatantly refusing to abide by the Court's orders, Defendants now move for special relief from the Court but fail to demonstrate any acceptable basis for that relief.  On this basis, Defendants' Response to the CFTC's Letter should be stricken pursuant to the Court's inherent authority as discussed below.

## II.     ARGUMENT

### A.     The Court May Strike Defendants' Filings Using its Inherent Power to Manage its Docket

Defendants incorrectly argue that the CFTC's Motion "fails to provide any procedural or legal bases for striking Defendants' Response to CFTC's Letter."  Defs.' Resp. to Mot. to Strike at 3, ECF No. 96.  The Court may strike improper or untimely filings using its inherent power to

---

[2] The CFTC intends to file another motion for Defendants to show cause why they should not be held in contempt based on additional violations of the orders found as a result of the CFTC's recent subpoenas.  *See* Order granting Motion for Leave to Engage in Limited Third-Party Discovery (ECF No. 80).

manage and control its docket and as a sanction for violating a court order.  *See Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) ("It is well established that district courts have inherent power to control their docket," and this authority "includes the power to strike items from the docket as a sanction for litigation conduct.") (collecting cases); *Mazzeo v. Gibbons*, No. 2:08–cv–01387, 2010 WL 3910072, at *3 (D. Nev. 2010) (recognizing a district court's "inherent power to strike a party's submissions other than pleadings").  "Such power is indispensable to the court's ability to enforce its orders, manage its docket, and regulate insubordinate attorney conduct."  *Wallace v. U.S.A.A. Life General Agency, Inc.*, 862 F. Supp. 2d 1062, 1068 (D. Nev. 2012).

Here, Defendants submitted their unauthorized filings without even acknowledging their ongoing contempt of the Court's previous orders and without a request for permission to extend expired deadlines or modify previous orders.  Defendants have made no attempts to comply with the Court's orders, reach out to the CFTC to resolve the pending issues, or seek leave of court for any relief from existing orders or for extensions of time.[3]  *See* Mot. to Strike at 3, ECF No. 95 (describing CFTC's efforts to discuss pending litigation issues with defense counsel).  Instead, Defendants appear to be operating on their own timeframe and according to their own rules.  Under these circumstances, the Court should strike Defendants' Response as a sanction for Defendants' contemptuous conduct and wasting the Court's time.

---

[3] As expressed in the CFTC's email correspondence with defense counsel, the CFTC has serious concerns that defense counsel may be receiving fees from Defendants in violation of the Court's asset freeze.  *See* Emails from CFTC to J. Gutke dated Dec. 7 and 8, 2020 at 2, 4-5 (ECF No. 95-1).  The CFTC asked defense counsel to identify the source of all fees he has received in this matter from Defendants but never received a response.  *See id.*  Defendants have never sought a carve out of the asset freeze portion of the Preliminary Injunction Order to pay for attorneys' fees.

**B.      Defendants Have Failed to Show Good Cause or Excusable Neglect to Extend Expired Deadlines**

Even if the Court is inclined to consider Defendants' recent filings as a motion for a sixty-day extension of the expired March 23, 2020 default judgment response deadline or extension of time for the Court to rule on the pending motions, Defendants fail to demonstrate good cause or show excusable neglect.  Any such request must comply with the Federal Rules of Civil Procedure and Local Rules.  *See* Fed. R. Civ. P. 6(b)(1)(B) ("the court may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect"); L.R. IA 6-1(a) (requiring movant to show excusable neglect to enlarge an expired deadline).  Defendants offer no basis for their failure to timely file a response to the CFTC's motion for default judgment or failure to request leave of Court for an extension of the expired deadline.  Defendants' claims regarding the need for a sixty-day extension to get up to speed on the case are irrelevant to the clear procedural requirements and standards for moving the Court to extend time.  Indeed, Defendants' counsel filed a notice of appearance on December 13, 2020 (ECF No. 89), and Defendants' only filing since that time was their response to the CFTC's January 4, 2021 letter to the Court.

## CONCLUSION

For the foregoing reasons, Plaintiff CFTC respectfully requests that the Court grant its Motion to Strike Defendants' Response to the CFTC's Letter to the Court (ECF No. 94) and impose such sanctions as it deems necessary and appropriate.[4]

---

[4] In the event the Court deems it appropriate to hold a hearing on the relief requested herein, the CFTC is available to participate in person or telephonically at the Court's earliest convenience.

4

Dated:  January 26, 2021

Respectfully submitted,

By: /s/ Danielle E. Karst
Danielle E. Karst
Timothy J. Mulreany
**COMMODITY FUTURES TRADING COMMISSION**
Three Lafayette Centre
1155 21st Street, N.W.
Washington, D.C. 20581
Telephone:  (202) 418-5000

## CERTIFICATE OF SERVICE

I certify that on January 26, 2021, I filed a copy of *Plaintiff CFTC's Reply in Support of Motion to Strike Defendants' Response to Plaintiff's Letter to the Court*, with the Clerk of the Court using the CM/ECF system, which will serve notice to counsel of record below.

**John H. Gutke**
**John P. Witucki**
Gutke Law Group, PLLC
552 E. Charleston Blvd.
Las Vegas, Nevada 89104
(Counsel for Defendants David Gilbert Saffron and Circle Society, Corp.)

/s/ Danielle E. Karst
Danielle E. Karst