**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

COMMODITY FUTURES TRADING
COMMISSION,

               Plaintiff,

v.

DAVID GILBERT SAFFRON
a/k/a DAVID GILBERT and
CIRCLE SOCIETY, CORP.,

               Defendants.

Case No. 2:19-cv-1697-JAD-DJA

**[PROPOSED] SECOND CIVIL CONTEMPT ORDER AND ORDER GRANTING**
**PLAINTIFF CFTC'S REQUEST FOR RELIEF**

    This Court previously granted Plaintiff CFTC's Third Motion for an Order to Show Cause as to why Defendants Should Not Be Held in Civil Contempt for Violations of the Court's Asset Freeze.[1]  That order directed Saffron and Circle Society Corp. to appear before the Court on _____, and show cause why (1) they should not be held in civil contempt for violating the Preliminary Injunction Order ("PI Order") dated December 6, 2019[2] (including the asset freeze provisions) and the Civil Contempt Order dated January 30, 2020,[3] and (2) such other relief as the Court may deem just and proper should not be imposed against them to redress their violations of those orders.

    The Court finds that the CFTC established by clear and convincing evidence that Saffron and Circle Society have violated multiple terms and conditions of the PI Order (including the

---

[1] ECF No. 98.
[2] ECF No. 31.
[3] ECF No. 51.

1

asset freeze provisions) dated December 6, 2019, and the Civil Contempt Order dated January 30, 2020, and that the CFTC is entitled to relief in the form of coercive sanctions against each Defendant.[4]

Accordingly, and with good cause and clear and convincing evidence appearing, **IT IS HEREBY ORDERED** that Saffron and Circle Society must:

1. Fully and immediately comply with all terms of the December 6, 2019, PI Order and January 30, 2020, Civil Contempt Order, including:

    a. Making available to the CFTC, for inspection and reproduction, all of Defendants' business and financial books, records, and other documents, including electronically-stored information ("ESI");

    b. Providing to the CFTC a full accounting of each Defendant's assets, held jointly or separately, within or outside the United States, beginning December 2017 for Saffron and from September 2018 for Circle Society to the date of this Order;

    c. Paying $1,000 in daily fines for each Defendant's failure to comply with the Court orders, totaling $_____ as of _____;

2. Fully and immediately repay $796,910 in funds that were transferred or disposed of in violation of the asset freeze to the Registry of the Clerk of the Court for safekeeping until the entry of a final judgment of the Court;

**IT IS HEREBY FURTHER ORDERED** that:

Saffron is immediately incarcerated until he purges his contempt by: (1) fully complying with the December 6, 2019, PI Order and January 30, 2020, Civil Contempt Order; (2) paying the $1,000

---

[4] This Order supplements the findings and conclusions that the Court placed on the record at the _____, hearing.

in daily fines for each Defendant's failure to comply with the Court orders; and (3) repaying the $796,910 in funds transferred or disposed of in violation of the asset freeze.  The Court will issue a bench warrant for Saffron's arrest separately.

**IT IS HEREBY FURTHER ORDERED** that:

Counsel for Defendants identify the source of all fees he has received in this matter from Defendants and surrender all fees accepted in violation of the Court's Orders to the Registry of the Clerk of the Court.

**IT IS HEREBY FURTHER ORDERED** that:

Pursuant to Fed. R. Civ. P. 26(d)(1) and the Court's prior October 29, 2020 Order granting the CFTC's Motion for Leave to Engage in Limited Third-Party Discovery,[5] the CFTC is given leave to take expedited discovery by issuing a subpoena on digital currency exchange Ternio.

**IT SO ORDERED**:

_____

UNITED STATES DISTRICT JUDGE

DATED:   _____

---

[5] ECF No. 80.

3