# EXHIBIT C

Declaration of David Kagel in Support of Defendants' Opposition to Plaintiff CFTC's Third Motion for an Order to Show Cause



# EXHIBIT C

JOHN H. GUTKE
Nevada Bar No. 10062
JOHN P. WITUCKI
Nevada Bar No. 10800
**GUTKE LAW GROUP**
552 E. Charleston Blvd.
Las Vegas, Nevada 89104
Phone/Fax: 702.766.1212
jgutke@gutkelaw.com
jwitucki@gutkelaw.com

Attorneys for Defendants
DAVID GILBERT SAFFRON and
CIRCLE SOCIETY, CORP.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br>v.<br><br>DAVID GILBERT SAFFRON, a/k/a DAVID GILBERT, and CIRCLE SOCIETY, CORP.,<br><br>Defendants, | Case Number 2:19-cv-1697-JAD-DJA |

## DECLARATION OF DAVID KAGEL

I, David Kagel, hereby declare under oath the following:

1. I am over the age of 18 years and have personal knowledge of the facts stated herein, except for those stated upon information and belief and, as to those facts, I believe them to be true. I am competent to testify as to the facts stated herein in a court of law and will so testify if called upon.

2. I make this Declaration in support of Defendants' opposition ("Opposition") to Plaintiff CFTC's Third Motion for an Order to Show Cause Why

1

Defendants Should Not be Held in Civil Contempt for Violations of the Court's Asset Freeze ("Motion") in the above-captioned case.

3. I am the owner of Kagel Law, a law firm based in Los Angeles, California. I am licensed to practice law in California.

4. Upon information and belief, the CFTC's litigation against David Saffron is regarding his activities involving cryptocurrency and his business, Circle Society.

5. I have learned that in November 2020, the CFTC issued a subpoena to JPMorgan Chase seeking all of my law firm's financial records. See ECF 83-3. I never received a copy of the subpoena and did not have an opportunity to object to it, but had I received it I would have objected because it is extremely overbroad and improper. Having reviewed the documents the CFTC attached to its Motion, I was appalled to see that they have divulged attorney-client privileges by publicly filing unredacted banking records from my law firm's IOLTA account.

6. Upon information and belief, in November 2020, the CFTC also issued subpoenas to various financial institutions, including Wells Fargo Bank, seeking financial records from David Saffron, as well as other individuals and entities that Mr. Saffron or Circle Society allegedly engaged in financial transactions with.

7. In its Motion, the CFTC's alleges that the subpoenaed "bank account records show that Saffron transferred assets in and out of" his personal and Runway Beauty's corporate Wells Fargo accounts "in complete disregard of the asset freeze." See Motion, at p. 4.

8. The CFTC further alleges that two of Mr. Saffron's Well Fargo transfers that were purportedly "in complete disregard of the asset freeze" were transfers involving me and/or my law firm. Specifically, the Motion asserts that Mr. Saffron's personal Wells Fargo account "received $127,349 in deposits from December 8, 2019 through August 25, 2020, including $78,850 from attorney David Kagel and his law firm…." Id. at 4-5. The Motion also alleges that through Runway Beauty's corporate Wells Fargo account "Saffron and Mazzotta received $577,167 in deposits from October

3, 2019 through August 26, 2020, including … $120,000 from attorney David Kagel.…" Id. at 5.

9. Additionally, in the Supplemental Declaration of George H. Malas in Support of the Motion (the "Malas Declaration," ECF 98-1), the CFTC claims to have "direct evidence that Kagel is moving funds for Saffron. For example, the CFTC received documents from JPMC for a corporate bank account in the name of Kagel Law, a Professional Corporation, account ****6073, that revealed Kagel paid Saffron's legal fees to Defendants' former counsel, Shumway Van LLC ("SV"). Specifically, on July 2, 2020, Kagel wired $15,000 from his JPMC account ****6073 to a bank account in the name of SV IOLTA Trust Account with a memo stating 'Fbo David Saffron.'" See Malas Declaration at p. 3.

10. I have known David Saffron since he was a young child and am a long-time friend of his family. I have represented David for twenty (20) years. Before David's grandfather passed away, he asked me if I would assist David if he ever needed help, and I said I would.

11. When I learned that David was being sued in this civil matter by the CFTC and his assets were frozen, he asked me for financial assistance because he could not touch any assets that were frozen, and was working on earning new income to live off of. All of the deposits shown in the bank records were from my own funds, and I have advanced them to David as a loan to be repaid later when he is able. I have advanced money to him to pay for his prior attorneys, Shumway Van, as mentioned above, from my own funds. If David is never able to pay me back, then the advances will have been a gift, but I trust in David and know that he will repay me when he is no longer constrained by this lawsuit and the asset freeze.

12. I have never been involved with Circle Society or any other aspect Mr. Saffron's Bitcoin business, either as a customer, investor, or any other. I represented him as his lawyer at times while he was engaged in these businesses, but I was not an owner, participant, investor, or member of any of his businesses.

3

13. Finally, the allegation in the Malas Declaration that "the CFTC has direct evidence that" I am "moving funds for Saffron" is simply not true as explained above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated this 1st day of March, 2021.

_____
DAVID KAGEL/Declarant