# EXHIBIT D

Declaration of John H. Gutke in Support of Defendants' Opposition to Plaintiff CFTC's Third Motion for an Order to Show Cause



# EXHIBIT D

JOHN H. GUTKE
Nevada Bar No. 10062
JOHN P. WITUCKI
Nevada Bar No. 10800
**GUTKE LAW GROUP**
552 E. Charleston Blvd.
Las Vegas, Nevada 89104
Phone/Fax: 702.766.1212
jgutke@gutkelaw.com
jwitucki@gutkelaw.com

Attorneys for Defendants
DAVID GILBERT SAFFRON and
CIRCLE SOCIETY, CORP.

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION, | Case Number 2:19-cv-1697-JAD-DJA |
| Plaintiff, | |
| v. | |
| DAVID GILBERT SAFFRON, a/k/a DAVID GILBERT, and CIRCLE SOCIETY, CORP., | |
| Defendants, | |

## DECLARATION OF JOHN H. GUTKE

I, John H. Gutke, hereby declare under oath the following:

1.     I am over the age of 18 years and have personal knowledge of the facts stated herein, except for those stated upon information and belief and, as to those facts, I believe them to be true.  I am competent to testify as to the facts stated herein in a court of law and will so testify if called upon.

2.     I make this Declaration in support of Defendants' Opposition ("Opposition") to *Plaintiff CFTC's Third Motion for an Order to Show Cause Why*

1

*Defendants Should Not be Held in Civil Contempt for Violations of the Court's Asset Freeze* ("Motion") in the above-captioned case.

3.      I am the managing member of Gutke Law Group, PLLC, which is counsel of record for Defendants in this case.

4.      Attached to this declaration as **Exhibit D-1** is a true and correct copy of email correspondence between myself and counsel for the Plaintiff in this matter, Commodity Futures Trading Commission ("CFTC").

5.      On or about February 24, 2021, I sent an email to CFTC's counsel for two purposes: 1) to request copies of the documents the CFTC has received in response to subpoenas it has issued in this case, including those referenced in the Motion, to review while preparing Defendants' Opposition to the Motion; and 2) to inform the CFTC that I recently received documents from Defendants which were being processed and reviewed, seeking guidance on whether a protective order had been entered in this matter and with the intention of coordinating delivery of the documents to the CFTC as soon as possible. A copy of this email is included in Exhibit A to this declaration.

6.      Later the same day, I received an email from CFTC's counsel, responding to my email. A true and correct copy of this response is also attached in the email chain included in Exhibit 1 to this declaration.

7.      The remaining email exchanges on these topics are included in Exhibit D-1, including an email I received on March 1, 2021, which provided a link to download documents from the CFTC. However, after logging into the page provided with the login details provided, I discovered the folder provided by the CFTC was empty and contained no documents. Defendants thus did not receive any of the documents cited by the CFTC in its Motion and requested by me on February 24, 2021.

Dated this 2nd day of March, 2021.

_____
JOHN H. GUTKE, Declarant

# EXHIBIT D-1



**John Gutke <jgutke@gutkelaw.com>**

---

## Saffron adv. CFTC
1 message

---

**John Gutke** <jgutke@gutkelaw.com>                                      Wed, Feb 24, 2021 at 5:27 AM
To: "Karst, Danielle" <DKarst@cftc.gov>
Cc: John Witucki <jwitucki@gutkelaw.com>

Dear Ms. Karst,

Good morning. Could your office please provide me with electronic copies of all documents received from the third parties to whom the CFTC has served subpoenas in this matter? I have not received any copies of any of the subpoenaed records (other than the select few documents that were attached to the Commission's recent motion).

Please also provide me with any and all documents the CFTC has in its possession that may support the CFTC's claims in this case. Since appearing in this matter, my office has not received the Defendants' files from their former attorneys. Thus, if your office already produced such documents to Defendants' prior counsel, I have unfortunately not had the benefit of seeing them yet, and need all of the above-referenced documents to be able to fairly represent my client in this matter.

On a separate note, I write to advise that my office has recently received a significant volume of documents from Defendants, which we will begin producing on a rolling basis as we complete our review. Is there a protective order and/or confidentiality agreement in place in this matter under which to produce documents containing personally identifying information? If not, we will need to enter into such an agreement prior to producing Defendants' records, as they contain personally identifying information belonging to Circle Society customers.

Thank you for your anticipated assistance with these requests. Should you have any questions about these issues or wish to discuss this matter generally, please feel free to contact me.

Best regards,

**John H. Gutke**
*Managing Attorney*
**GUTKE LAW GROUP**
552 E. Charleston Blvd.
Las Vegas, Nevada 89104
Phone/Fax: 702.766.1212
www.gutkelaw.com
Nevada | Idaho

**CONFIDENTIALITY NOTICE:** *This email is sent from a law firm and may contain confidential attorney-client privileged information. If you are not the intended recipient, please notify the sender immediately and delete the email and any attachments from all folders, drives, and devices.*



**John Gutke <jgutke@gutkelaw.com>**

---

## CFTC v. Saffron and Circle Society, (D. NV), Case No. : 2:19-cv-01697-JAD-DJA

**Mulreany, Timothy J.** <tmulreany@cftc.gov>            Wed, Feb 24, 2021 at 3:47 PM
To: "jgutke@gutkelaw.com" <jgutke@gutkelaw.com>
Cc: "jwitucki@gutkelaw.com" <jwitucki@gutkelaw.com>, "Karst, Danielle" <DKarst@cftc.gov>

Counsel,

      This is in follow-up to your February 24, 2021 email to Ms. Karst regarding the above-captioned matter.


      Thank you for confirming that your client has withheld records that are responsive to the Court's three (3) separate orders requiring the production of said records. Further, thank you for confirming that your office now holds your clients' records, and confirming that prior defense counsel is also withholding additional records subjects to said orders.


      First, please note that the Commission rejects your unilateral attempt to modify the clear and unambiguous terms of the Court's Contempt Order dated January 30, 2020 by stating that you will only produce the defendants' records via an unspecified "rolling production." The Court ordered your clients to produce all of its business records, including electronically store information ("ESI"), "no later than February 7, 2020" – more than one year ago. *See* ECF 51, p. 6. As you are fully aware, you have no right to modify the Court's Contempt Order, and any attempt by you to do so is itself an act that is in contempt of the Court's authority. An unspecified "rolling production" violates that order and accomplishes nothing other than to cause additional delay and thwart the Court's Contempt Order.


      Accordingly, the Commission demands that you produce all records, without any redactions, *immediately*. To assist you in immediately complying with the Court's Contempt Order, once again please find attached two emails containing instructions for you to upload all records to an FTP site the Commission has created for that purpose, and which will allow you to comply with the Court's order *immediately*. If you are claiming that the records you hold cannot be uploaded to the FTP site, you are directed to *immediately* produce the records to the Office of the United States Attorney in Las Vegas, Nevada. The Commission will have representatives copy the records at that location.


      Please note that the Commission will not accept any delay in producing the records covered by the Court's Contempt Order. Given that you are aware that the records were ordered to be produced *more than one year ago*, any addition delay in production -beyond the close of business today – is unacceptable and will be brought to the Court's attention as appropriate.


      Second, given that the records are already subject to three (3) separate orders, and their production should have been accomplished *over a year ago*, no further order or agreement concerning their production is necessary or invited. *All records covered by the Court's Orders must be produced immediately and without any redactions.* Please note that any redactions on your part, or the withholding of any records covered by the Court's Orders, will immediately be brought to the Court's attention as appropriate. Please note that this specifically includes personally identifiable information concerning Defendant Circle Society's customers who have been the victim of your clients' fraudulent scheme. You must provide all such data to the Commission.


      Third, all records produced must be accompanied by a "declaration under the penalty of perjury by Saffron" as mandated by the Court's Contempt Order. *See* ECF 51, p. 6. This should have been produced *over a year ago*.

Fourth, you must *immediately* produce to the Commission an accounting of all of the defendants' assets, held jointly or separately.  This should have been produced *over a year ago*.  Please note that this accounting must include the assets your clients have spent and/or transferred in calendar years 2020 and 2021, as the Commission is seeking the repatriation of all such assets for the benefit of defrauded customers.

Fifth, your clients must *immediately* provide written responses to the five questions set-forth in the Court's Contempt Order, including but not limited to providing the private key addresses for all virtual currency addresses associated with the defendants.  *See* ECF 51, p. 7.  All such responses must be made under oath.  *Id*.  This should have been produced *over a year ago*.

Sixth, your clients must immediately pay the current balance of the daily fines imposed upon each of them.  *See* ECF 51, p. 7.  To date, the defendants' fines jointly exceed $600,000.

The Commission once again requests that you immediately disclose the source and amount of fees paid to you and your firm to represent that defendants.  Given the defendants documented propensity to use third party "strawmen" to move the defendants' assets, and the fact that the defendants have no known source of lawful income, the Commission has good cause to believe your  fees violate the asset freeze provisions of the Court's Orders.  Your continued refusal to produce such information forces the Commission to bring such issues to the Court's attention, thereby adding to the burden on the Court's docket.  You can avoid this by complying with the Court's Orders.

Finally, while refusing to comply with the Court's Orders mandating the production of records, you have the temerity to demand records from the Commission. We note that the majority of the records you are requesting are in the control of your clients, and should have been produced by you over a year ago.  You could have obtained these records at any time from your clients.  Indeed, the burden of obtaining the records has been greater on the Commission, while you have stayed idle.  Your demand for such records, immediately after the Court has set a March 19th hearing on the four pending motions, seems disingenuous at best.

Please note that the Court's Order authorizing the issuance of subpoenas by the Commission does not require the production of said records to defense counsel.  Also, the Commission is not obligated to exchange the records identified in Fed R. Civ. P. 26 prior to the Rule 26 Conference, which has yet to be set by the Court.  You have made no effort to modify the terms of the relevant order.  Nevertheless, the Commission will grant your request.  We have requested that the Commission's IT personnel upload the records obtained by the subpoena authority granted by the Court to an FTP site.  It is anticipated the upload will be completed this week.  You will be notified when the upload has been completed.

We look forward to your immediate compliance with the Court's Orders.



**Timothy J. Mulreany**

Chief Trial Attorney

HQ/Division of Enforcement

**Commodity Futures Trading Commission**

202-418-5306

tmulreany@cftc.gov



This message is and all attachments are a private U.S. Government communication intended only for the use of the individual or entity to whom it is addressed and may be confidential or protected by privilege. If you are not the intended recipient or an employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained in or attached to this message is strictly prohibited.  Please notify the sender of the delivery error by replying to this message, and then delete it from your system.



**2 attachments**

**Email 1 CFTC FTP Site (A7189).pdf**
103K

**Email 2 FW_ CFTC FTP Site (A7189).pdf**
125K



**John Gutke** <jgutke@gutkelaw.com>

---

## CFTC v. Saffron and Circle Society, (D. NV), Case No. : 2:19-cv-01697-JAD-DJA

**John Gutke** <jgutke@gutkelaw.com>                                                            Fri, Feb 26, 2021 at 12:18 PM
To: "Karst, Danielle" <DKarst@cftc.gov>
Cc: "jwitucki@gutkelaw.com" <jwitucki@gutkelaw.com>, "Mulreany, Timothy J." <tmulreany@cftc.gov>

Dear Ms. Karst and Mr. Mulreany:

Thank you for your email below. I will respond to the inaccuracies, false accusations, and threats in Mr.
Mulreany's February 24 email in a separate correspondence. However, presently in this email I want to
address the following items in an effort to coordinate the document exchange Ms. Karst discussed, and in an
effort to move forward with a spirit of cooperation and professionalism so we can work together to focus on
the substantive issues necessary to move this matter forward. I would appreciate it if, going forward, we can
stick to representing our clients' interests as they relate to pending matters that will advance the litigation
itself and hopefully tone down the unnecessarily combative nature of your office's communications.

First, I disagree that the CFTC is not obligated to provide Defendants with a copy of the records received
from various subpoenas issued in this matter (Federal Rules of Civil Procedure require disclosure of any
documents a party may use to support its claims and defenses). As you know, the Federal Rules of Civil
Procedure are designed to promote transparency, fairness, and to avoid trial by ambush, among other things.
The unique procedural posture of this case does not provide the CFTC with a justification for failing to
comply with a litigant's typical disclosure obligations. To be clear, my initial request was that the CFTC
provide Defendants with all documents received from any third parties in response to any subpoenas issued
in this case -- not only the documents referenced in the CFTC's recent motion. My request for these
documents was in no way disingenuous, as it was prompted by seeing the documents referenced in the
CFTC's recent motion and the footnotes stating that complete documents were withheld from the filing but
available on request. This was the first time I was made aware that the CFTC received any documents.

Furthermore, I find it improper that the CFTC has stated it will upload documents to be provided to
Defendants "early next week" -- when those documents have been in the CFTC's possession for possibly
several weeks -- while at the same time demanding vociferously that Defendants *immediately* produce the
documents I told you we are preparing to send you. I advised you only two days ago that we recently
obtained the documents and are working to review, process, scan, and produce them. These documents will
be provided as soon as we have completed that process. I offered in good faith to produce these documents
on a rolling basis (i.e. to produce portions as they are ready, rather than wait to produce the entire batch
following a full review of everything), but your colleague indicated that this was not acceptable and claimed,
inexplicably, that my offer to produce documents in this manner was somehow an improper
attempt to modify a court order. Again, it was an effort to get documents to you as soon as feasible.

With regard to the documents you stated will be provided, Defendants need to receive these documents
immediately (today, or in the 24 hours), to avoid needing to request a short extension of the due date for
Defendants' response to CFTC's most recent motion, and potentially a brief continuance of the hearing date
also, to allow Defendants the opportunity to obtain the same information CFTC has had in its possession for
weeks while preparing its motion. Even if the documents are received today, it may not provide us with
sufficient time prior to the response and we reserve the right to request a short extension from the Court (if
the CFTC will not agree to one) if necessary.

Finally, in my Feb 24th email (attached here for ease of reference) I asked if there has been a protective order
entered in this matter, since the documents contain non-parties' confidential, personally-identifying
information in them. I do not believe Mr. Mulreany addressed that question in his response and have not seen

any protective order in the docket, so I assume there is not one. Considering the confidential nature of the documents, we think there should be a stipulation in place to protect the information. Please let me know whether the CFTC has considered a protective order in this case and what its position is with respect to entering into one.

I am available by phone for the remainder of the day today. Considering our time zone difference, if today is not possible, I am available to set up a time over the weekend if necessary, or on Monday at the latest, if you wish to confer further regarding these issues.

Thank you,

John H. Gutke
GUTKE LAW GROUP

[Quoted text hidden]



John Gutke <jgutke@gutkelaw.com>

---

## CFTC v. Saffron and Circle Society, (D. NV), Case No. : 2:19-cv-01697-JAD-DJA

**Karst, Danielle** <DKarst@cftc.gov>              Thu, Feb 25, 2021 at 4:09 PM
To: "jgutke@gutkelaw.com" <jgutke@gutkelaw.com>
Cc: "jwitucki@gutkelaw.com" <jwitucki@gutkelaw.com>, "Mulreany, Timothy J." <tmulreany@cftc.gov>

Counsel:

This email is a follow-up to Mr. Mulreany's email from yesterday and your request for the CFTC to produce the third-party records obtained by the subpoena authority granted by the Court (ECF No. 80).

Although the CFTC is not obligated to provide these records, we will provide them to you once they have been uploaded to the FTP site provided yesterday in Mr. Mulreany's email (the FTP site allows for two-way traffic:  You/Defendants can upload documents for the CFTC, and the CFTC can upload documents for you/Defendants).  The CFTC is preparing the production of third-party records and will notify you once the records are available, which we anticipate will be early next week.  The CFTC has not received any documents from you as previously discussed.

Danielle

---

**From:** Mulreany, Timothy J.
**Sent:** Wednesday, February 24, 2021 6:47 PM
**To:** jgutke@gutkelaw.com
**Cc:** jwitucki@gutkelaw.com; Karst, Danielle <DKarst@CFTC.gov>
**Subject:** CFTC v. Saffron and Circle Society, (D. NV), Case No. : 2:19-cv-01697-JAD-DJA

Counsel,

[Quoted text hidden]



**John Gutke <jgutke@gutkelaw.com>**

---

## Re: CFTC v. Saffron and Circle Society, (D. NV), Case No. : 2:19-cv-01697-JAD-DJA - CFTC Production to Defs.

---

**Karst, Danielle** <DKarst@cftc.gov>             Mon, Mar 1, 2021 at 10:40 AM
To: John Gutke <jgutke@gutkelaw.com>
Cc: "jwitucki@gutkelaw.com" <jwitucki@gutkelaw.com>, "Mulreany, Timothy J." <tmulreany@cftc.gov>

Counsel:


As you requested, third-party documents obtained pursuant to the Court's October 29, 2020 Order (ECF No. 80) are available for downloading on the FTP site previously sent to you by the CFTC.  I attach the FTP information again for your convenience (please use Internet Explorer or Microsoft Edge to access the files at https://cftcftp.cftc.gov).


The CFTC's production includes Saffron's Wells Fargo bank records, records which you could have obtained directly from your clients.  The Court ordered your clients to produce these and other documents to the CFTC well over a year ago.  Because your clients have refused to produce any documents in violation of the Court's orders, the CFTC sought and obtained leave of court to issue third-party subpoenas.


To date, the CFTC has received neither any documents nor an accounting from Defendants as ordered by the Court in its Temporary Restraining Order, Preliminary Injunction Order, and Civil Contempt Order.


Best regards,

Danielle

---