# EXHIBIT 1

Certified David Kagel disciplinary records by State Bar of California



(Do not write above this line.)

| **State Bar Court of California** | | |
|---|---|---|
| **Hearing Department** | | |
| **Los Angeles** | | |
| **ACTUAL SUSPENSION** | | |

| Counsel For The State Bar | Case Number(s):<br>09-O-15403-PEM | For Court use only |
|---|---|---|
| Kevin B. Taylor<br>Office of the Chief Trial Counsel<br>State Bar of California<br>1149 S. Hill St.<br>Los Angeles, CA  90015<br>213 765-1630<br><br>Bar # 151715 | | **PUBLIC MATTER**<br><br>**FILED**<br><br>MAR 1 2 2012<br><br>STATE BAR COURT CLERK'S OFFICE<br>SAN FRANCISCO |
| Counsel For Respondent<br><br>Arthur Margolis<br>Margolis & Margolis<br>2000 Riverside Dr.<br>Los Angeles, CA  90039<br>323 953-8996<br><br>Bar # 57703 | Submitted to:  **Settlement Judge**<br><br>STIPULATION RE FACTS, CONCLUSIONS OF LAW AND<br>DISPOSITION AND ORDER APPROVING | |
| In the Matter of:<br>David L. Kagel<br><br>Bar # 58961<br><br>A Member of the State Bar of California<br>(Respondent) | **ACTUAL SUSPENSION**<br><br>☐ PREVIOUS STIPULATION REJECTED | |

**Note:  All information required by this form and any additional information which cannot be provided in the space provided, must be set forth in an attachment to this stipulation under specific headings, e.g., "Facts," "Dismissals," "Conclusions of Law," "Supporting Authority," etc.**

## A. Parties' Acknowledgments:

(1)   Respondent is a member of the State Bar of California, admitted April 30, 1974.

(2)   The parties agree to be bound by the factual stipulations contained herein even if conclusions of law or disposition are rejected or changed by the Supreme Court.

(3)   All investigations or proceedings listed by case number in the caption of this stipulation are entirely resolved by this stipulation and are deemed consolidated. Dismissed charge(s)/count(s) are listed under "Dismissals." The stipulation consists of 12 pages, not including the order.

kwiktag ®        018 037 127

(Do not write above this line.)

(4)   A statement of acts or omissions acknowledged by Respondent as cause or causes for discipline is included under "Facts."

(5)   Conclusions of law, drawn from and specifically referring to the facts are also included under "Conclusions of Law".

(6)   The parties must include supporting authority for the recommended level of discipline under the heading "Supporting Authority."

(7)   No more than 30 days prior to the filing of this stipulation, Respondent has been advised in writing of any pending investigation/proceeding not resolved by this stipulation, except for criminal investigations.

(8)   Payment of Disciplinary Costs—Respondent acknowledges the provisions of Bus. & Prof. Code §§6086.10 & 6140.7. (Check one option only):

☒   Until costs are paid in full, Respondent will remain actually suspended from the practice of law unless relief is obtained per rule 5.130, Rules of Procedure.
☐   Costs are to be paid in equal amounts prior to February 1 for the following membership years: (Hardship, special circumstances or other good cause per rule 5.132, Rules of Procedure.)  If Respondent fails to pay any installment as described above, or as may be modified by the State Bar Court, the remaining balance is due and payable immediately.
☐   Costs are waived in part as set forth in a separate attachment entitled "Partial Waiver of Costs".
☐   Costs are entirely waived.

## B. Aggravating Circumstances [for definition, see Standards for Attorney Sanctions for Professional Misconduct, standard 1.2(b)]. Facts supporting aggravating circumstances are required.

(1)   ☒   **Prior record of discipline** [see standard 1.2(f)]

(a)   ☒   State Bar Court case # of prior case 94-J-18858

(b)   ☒   Date prior discipline effective April 30, 1997

(c)   ☒   Rules of Professional Conduct/ State Bar Act violations: Business & Professions Code, section 6106

(d)   ☒   Degree of prior discipline Six months actual suspension

(e)   ☐   If Respondent has two or more incidents of prior discipline, use space provided below.


(2)   ☐   **Dishonesty:**  Respondent's misconduct was surrounded by or followed by bad faith, dishonesty, concealment, overreaching or other violations of the State Bar Act or Rules of Professional Conduct.


(3)   ☐   **Trust Violation:**  Trust funds or property were involved and Respondent refused or was unable to account to the client or person who was the object of the misconduct for improper conduct toward said funds or property.

(4)   ☐   **Harm:**  Respondent's misconduct harmed significantly a client, the public or the administration of justice.

(Do not write above this line.)

(5) ☐ **Indifference:** Respondent demonstrated indifference toward rectification of or atonement for the consequences of his or her misconduct.

(6) ☐ **Lack of Cooperation:** Respondent displayed a lack of candor and cooperation to victims of his/her misconduct or to the State Bar during disciplinary investigation or proceedings.

(7) ☐ **Multiple/Pattern of Misconduct:** Respondent's current misconduct evidences multiple acts of wrongdoing or demonstrates a pattern of misconduct.

(8) ☐ **No aggravating circumstances** are involved.

**Additional aggravating circumstances:**

## C. Mitigating Circumstances [see standard 1.2(e)]. Facts supporting mitigating circumstances are required.

(1) ☐ **No Prior Discipline:** Respondent has no prior record of discipline over many years of practice coupled with present misconduct which is not deemed serious.

(2) ☐ **No Harm:** Respondent did not harm the client or person who was the object of the misconduct.

(3) ☒ **Candor/Cooperation:** Respondent displayed spontaneous candor and cooperation with the victims of his/her misconduct and to the State Bar during disciplinary investigation and proceedings. Respondent was candid and cooperative with the State Bar in these proceedings and readily recognized and admitted to his misconduct.

(4) ☐ **Remorse:** Respondent promptly took objective steps spontaneously demonstrating remorse and recognition of the wrongdoing, which steps were designed to timely atone for any consequences of his/her misconduct.

(5) ☐ **Restitution:** Respondent paid $            on            in restitution to            without the threat or force of disciplinary, civil or criminal proceedings.

(6) ☐ **Delay:** These disciplinary proceedings were excessively delayed. The delay is not attributable to Respondent and the delay prejudiced him/her.

(7) ☐ **Good Faith:** Respondent acted in good faith.

(8) ☐ **Emotional/Physical Difficulties:** At the time of the stipulated act or acts of professional misconduct Respondent suffered extreme emotional difficulties or physical disabilities which expert testimony would establish was directly responsible for the misconduct. The difficulties or disabilities were not the product of any illegal conduct by the member, such as illegal drug or substance abuse, and Respondent no longer suffers from such difficulties or disabilities.

(9) ☐ **Severe Financial Stress:** At the time of the misconduct, Respondent suffered from severe financial stress which resulted from circumstances not reasonably foreseeable or which were beyond his/her control and which were directly responsible for the misconduct.

(10) ☐ **Family Problems:** At the time of the misconduct, Respondent suffered extreme difficulties in his/her personal life which were other than emotional or physical in nature.

(Do not write above this line.)

(11)  ☐  **Good Character:**  Respondent's good character is attested to by a wide range of references in the legal and general communities who are aware of the full extent of his/her misconduct.

(12)  ☐  **Rehabilitation:**  Considerable time has passed since the acts of professional misconduct occurred followed by convincing proof of subsequent rehabilitation.

(13)  ☐  **No mitigating circumstances** are involved.

**Additional mitigating circumstances:**


## D. Discipline:

(1)  ☒  **Stayed Suspension:**

    (a)  ☒  Respondent must be suspended from the practice of law for a period of One year.

        i.  ☐  and until Respondent shows proof satisfactory to the State Bar Court of rehabilitation and present fitness to practice and ability in the law pursuant to standard 1.4(c)(ii) Standards for Attorney Sanctions for Professional Misconduct.

        ii.  ☐  and until Respondent pays restitution as set forth in the Financial Conditions form attached to this stipulation.

        iii.  ☐  and until Respondent does the following:

    (b)  ☒  The above-referenced suspension is stayed.

(2)  ☒  **Probation:**

    Respondent must be placed on probation for a period of Two years, which will commence upon the effective date of the Supreme Court order in this matter.  (See rule 9.18, California Rules of Court)

(3)  ☒  **Actual Suspension:**

    (a)  ☒  Respondent must be actually suspended from the practice of law in the State of California for a period of Eight months.

        i.  ☐  and until Respondent shows proof satisfactory to the State Bar Court of rehabilitation and present fitness to practice and present learning and ability in the law pursuant to standard 1.4(c)(ii), Standards for Attorney Sanctions for Professional Misconduct

        ii.  ☐  and until Respondent pays restitution as set forth in the Financial Conditions form attached to this stipulation.

        iii.  ☐  and until Respondent does the following:


## E. Additional Conditions of Probation:

(1)  ☐  If Respondent is actually suspended for two years or more, he/she must remain actually suspended until he/she proves to the State Bar Court his/her rehabilitation, fitness to practice, and learning and ability in the general law, pursuant to standard 1.4(c)(ii), Standards for Attorney Sanctions for Professional Misconduct.

(2)  ☒  During the probation period, Respondent must comply with the provisions of the State Bar Act and Rules of Professional Conduct.

(3)  ☒  Within ten (10) days of any change, Respondent must report to the Membership Records Office of the State Bar and to the Office of Probation of the State Bar of California ("Office of Probation"), all changes of information, including current office address and telephone number, or other address for State Bar purposes, as prescribed by section 6002.1 of the Business and Professions Code.

(4)  ☒  Within thirty (30) days from the effective date of discipline, Respondent must contact the Office of Probation and schedule a meeting with Respondent's assigned probation deputy to discuss these terms and conditions of probation. Upon the direction of the Office of Probation, Respondent must meet with the probation deputy either in-person or by telephone. During the period of probation, Respondent must promptly meet with the probation deputy as directed and upon request.

(5)  ☒  Respondent must submit written quarterly reports to the Office of Probation on each January 10, April 10, July 10, and October 10 of the period of probation. Under penalty of perjury, Respondent must state whether Respondent has complied with the State Bar Act, the Rules of Professional Conduct, and all conditions of probation during the preceding calendar quarter. Respondent must also state whether there are any proceedings pending against him or her in the State Bar Court and if so, the case number and current status of that proceeding. If the first report would cover less than 30 days, that report must be submitted on the next quarter date, and cover the extended period.

In addition to all quarterly reports, a final report, containing the same information, is due no earlier than twenty (20) days before the last day of the period of probation and no later than the last day of probation.

(6)  ☐  Respondent must be assigned a probation monitor. Respondent must promptly review the terms and conditions of probation with the probation monitor to establish a manner and schedule of compliance. During the period of probation, Respondent must furnish to the monitor such reports as may be requested, in addition to the quarterly reports required to be submitted to the Office of Probation. Respondent must cooperate fully with the probation monitor.

(7)  ☒  Subject to assertion of applicable privileges, Respondent must answer fully, promptly and truthfully any inquiries of the Office of Probation and any probation monitor assigned under these conditions which are directed to Respondent personally or in writing relating to whether Respondent is complying or has complied with the probation conditions.

(8)  ☒  Within one (1) year of the effective date of the discipline herein, Respondent must provide to the Office of Probation satisfactory proof of attendance at a session of the Ethics School, and passage of the test given at the end of that session.

☐  No Ethics School recommended.  Reason:        .

(9)  ☐  Respondent must comply with all conditions of probation imposed in the underlying criminal matter and must so declare under penalty of perjury in conjunction with any quarterly report to be filed with the Office of Probation.

(10)  ☒  The following conditions are attached hereto and incorporated:

☐  Substance Abuse Conditions          ☐  Law Office Management Conditions

☐  Medical Conditions                  ☒  Financial Conditions

## F. Other Conditions Negotiated by the Parties:

(1)  ☒  **Multistate Professional Responsibility Examination:**  Respondent must provide proof of passage of the Multistate Professional Responsibility Examination ("MPRE"), administered by the National

Conference of Bar Examiners, to the Office of Probation during the period of actual suspension or within one year, whichever period is longer. **Failure to pass the MPRE results in actual suspension without further hearing until passage. But see rule 9.10(b), California Rules of Court, and rule 5.162(A) & (E), Rules of Procedure.**

☐ No MPRE recommended.  Reason:

(2)  ☒  **Rule 9.20, California Rules of Court:**  Respondent must comply with the requirements of rule **9.20**, California Rules of Court, and perform the acts specified in subdivisions (a) and (c) of that rule within 30 and 40 calendar days, respectively, after the effective date of the Supreme Court's Order in this matter.

(3)  ☐  **Conditional Rule 9.20, California Rules of Court:**  If Respondent remains actually suspended for 90 days or more, he/she must comply with the requirements of rule **9.20**, California Rules of Court, and perform the acts specified in subdivisions (a) and (c) of that rule within 120 and 130 calendar days, respectively, after the effective date of the Supreme Court's Order in this matter.

(4)  ☐  **Credit for Interim Suspension [conviction referral cases only]:**  Respondent will be credited for the period of his/her interim suspension toward the stipulated period of actual suspension. Date of commencement of interim suspension:

(5)  ☐  **Other Conditions:**

Actual Suspension

(Do not write above this line.)

| In the Matter of:<br>David L. Kagel | Case Number(s):<br>09-O-15403-PEM |
|---|---|

## Financial Conditions

**a.  Restitution**

☐  Respondent must pay restitution (including the principal amount, plus interest of 10% per annum) to the payee(s) listed below.  If the Client Security Fund ("CSF") has reimbursed one or more of the payee(s) for all or any portion of the principal amount(s) listed below, Respondent must also pay restitution to CSF in the amount(s) paid, plus applicable interest and costs.

| Payee | Principal Amount | Interest Accrues From |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

☐  Respondent must pay above-referenced restitution and provide satisfactory proof of payment to the Office of Probation not later than            .

**b.  Installment Restitution Payments**

☐  Respondent must pay the above-referenced restitution on the payment schedule set forth below.  Respondent must provide satisfactory proof of payment to the Office of Probation with each quarterly probation report, or as otherwise directed by the Office of Probation.  No later than 30 days prior to the expiration of the period of probation (or period of reproval), Respondent must make any necessary final payment(s) in order to complete the payment of restitution, including interest, in full.

| Payee/CSF (as applicable) | Minimum Payment Amount | Payment Frequency |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

☐  If Respondent fails to pay any installment as described above, or as may be modified by the State Bar Court, the remaining balance is due and payable immediately.

**c.  Client Funds Certificate**

☐  1.  If Respondent possesses client funds at any time during the period covered by a required quarterly report, Respondent must file with each required report a certificate from Respondent and/or a certified public accountant or other financial professional approved by the Office of Probation, certifying that:

   a.  Respondent has maintained a bank account in a bank authorized to do business in the State of California, at a branch located within the State of California, and that such account is designated as a "Trust Account" or "Clients' Funds Account";

    b.   Respondent has kept and maintained the following:

        i.   A written ledger for each client on whose behalf funds are held that sets forth:
            1.   the name of such client;
            2.   the date, amount and source of all funds received on behalf of such client;
            3.   the date, amount, payee and purpose of each disbursement made on behalf of such client; and,
            4.   the current balance for such client.
       ii.   a written journal for each client trust fund account that sets forth:
            1.   the name of such account;
            2.   the date, amount and client affected by each debit and credit; and,
            3.   the current balance in such account.
      iii.   all bank statements and cancelled checks for each client trust account; and,
      iv.   each monthly reconciliation (balancing) of (i), (ii), and (iii), above, and if there are any differences between the monthly total balances reflected in (i), (ii), and (iii), above, the reasons for the differences.

    c.   Respondent has maintained a written journal of securities or other properties held for clients that specifies:
        i.   each item of security and property held;
       ii.   the person on whose behalf the security or property is held;
      iii.   the date of receipt of the security or property;
      iv.   the date of distribution of the security or property; and,
       v.   the person to whom the security or property was distributed.

2.   If Respondent does not possess any client funds, property or securities during the entire period covered by a report, Respondent must so state under penalty of perjury in the report filed with the Office of Probation for that reporting period.  In this circumstance, Respondent need not file the accountant's certificate described above.

3.   The requirements of this condition are in addition to those set forth in rule 4-100, Rules of Professional Conduct.

**d.  Client Trust Accounting School**

☒  Within one (1) year of the effective date of the discipline herein, Respondent must supply to the Office of Probation satisfactory proof of attendance at a session of the Ethics School Client Trust Accounting School, within the same period of time, and passage of the test given at the end of that session.

## ATTACHMENT TO

## STIPULATION RE FACTS, CONCLUSIONS OF LAW AND DISPOSITION

**IN THE MATTER OF:  DAVID L. KAGEL**

**STATE BAR COURT CASE NUMBER:  09-O-15403-PEM**

David L. Kagel, Respondent herein, admits that the following facts are true and that he is culpable of the violation of the specified statutes and/or Rules of Professional Conduct.

## FACTS

1.  During the time period addressed herein, Respondent maintained his client trust account at Preferred Bank, checking accounting number xxxxx 560[1].

2.  On May 20 and 26, 2009, two checks Respondent issued from his client trust account were presented for payment when Respondent did not have sufficient funds in the account to pay the checks.  The two checks were paid by Respondent's bank because his client trust account had overdraft protection.  Because of this, the balance in Respondent's client trust account fell to a negative $1,736.

3.  On August 17 and 19, 2009, two additional checks Respondent issued from his client trust account were presented for payment when Respondent did not have sufficient funds in the account to pay the checks.  These two checks were also paid by Respondent's bank because his client trust account had overdraft protection.  Because of this, the balance in Respondent's client trust account fell to a negative $1,556.

4.  Respondent explained that his client trust account became overdrawn in May and August 2009 because in each of those months he mistakenly wrote a check issued from his client trust account which should have been issued from his general account.  The mistaken check of May 2009 was in the amount of $1,750.  The mistaken check of August 2009 was in the amount of $2,000.  When each of those checks was presented for payment, Respondent's client trust account balance dropped, resulting in those two checks and two others to be paid against insufficient funds.

5.  Respondent corrected the May 2009 imbalance in his client trust account on May 27, 2009 and the August 2009 imbalance on August 20, 2009.

6.  Although, no client lost funds as a result of Respondent's conduct, he was grossly negligent in managing his client trust account.

7.  Additionally, from April 22, 2009 through December 30, 2009, Respondent made 13 deposits of personal funds into his client trust account.  One of those deposits, made and withdrawn on June 5, 2009, totaled $100,000.  The other personal deposits were amounts in the range of $1,000 to $6,000, with the exception of two deposits which were in the amount of $20,000 and $56,000.

---

[1] The account number has been partially redacted due to privacy concerns.

9

## CONCLUSIONS OF LAW

8.      By issuing checks from his client trust account when he did not have sufficient funds in the account to pay those checks, Respondent, through gross negligence, engaged in an act of moral turpitude in willful violation of Business and Professions Code, section 6106.

9.      By using overdraft protection and depositing personal funds into his client trust account, Respondent commingled personal funds in a client trust account and misused same in willful violation of rule 4-100(A) of the Rules of Professional Conduct.

## DISCUSSION RE RECOMMENDED DISCIPLINE

Standard 2.3 of the *Standards For Attorney Sanctions For Professional Misconduct* provides that culpability of a member for engaging in an act of moral turpitude shall result in actual suspension or disbarment depending upon the extent to which the victim of the misconduct is harmed or misled.

In this matter, no client or member of the public suffered any actual harm as a result of Respondent's misconduct.

Standard 2.2(b) provides that violations of rule 4-100(A) not involving the misappropriation of client funds shall result in a minimum sanction of three months actual suspension irrespective of mitigation.

Additionally, Respondent has a record of prior discipline.

In April 1997, Respondent suffered a six month actual suspension in State Bar Court case number 94-J-18858. That matter involved 1988 misconduct including the making of materially false statements in a registration statement filed with the Securities and Exchange Commission (SEC) and subsequently attempting to conceal same by way of further misrepresentations to the SEC in response to their investigative inquiries. Respondent stipulated to violating Business and Professions Code, section 6106, in that matter.

The parties recognize that more than 20 years have passed since the occurrence of the misconduct underlying Respondent's prior discipline. However, that misconduct, along with that addressed herein, is not minimal in severity. Therefore, Standard 1.7(a), directing that subsequent discipline be greater than any past imposition of discipline, applies here.

In light of these Standards and the facts of this matter, the parties submit that an eight month actual suspension, along with the rehabilitative probation conditions attached thereto, is consistent with the *Standards for Attorney Sanctions for Professional Misconduct* and sufficient to address Respondent's misconduct and protect the public.

## DISMISSAL OF CHARGES

The parties respectfully request that the Court, in the interest of justice, dismiss Counts One, Two, Three, Five and Six of the Notice of Disciplinary Charges filed in this matter.

## WAIVER OF VARIANCE BETWEEN NOTICE OF DISCIPLINARY CHARGES AND STIPULATED FACTS AND CULPABILITY

The parties waive any variance between the Notice of Disciplinary Charges filed in this matter on November 28, 2011 and the facts and/or conclusions of law contained in this stipulation. Additionally, the parties waive the issuance of an amended Notice of Disciplinary Charges. Finally, the parties waive the right to a formal hearing on any charge not included in the pending Notice of Disciplinary Charges.

## PENDING PROCEEDINGS

The disclosure date referred to, on page 2, paragraph A(7), was February 14, 2012.

## COSTS OF DISCIPLINARY PROCEEDINGS

Respondent acknowledges that the Office of the Chief Trial Counsel has informed respondent that as of, February 14, 2012, the prosecution costs in this matter are approximately $3,269. Respondent further acknowledges that should this stipulation be rejected or should relief from the stipulation be granted, the costs in this matter may increase due to the cost of further proceedings.

Attachment Page 3

**11**

(Do not write above this line.)

| In the Matter of: | Case number(s): |
|---|---|
| David L. Kagel | 09-O-15403-PEM |

## SIGNATURE OF THE PARTIES

By their signatures below, the parties and their counsel, as applicable, signify their agreement with each of the recitations and each of the terms and conditions of this Stipulation Re Facts, Conclusions of Law, and Disposition.

| Date | Respondent's Signature | David L. Kagel |
|---|---|---|
| 3-1-12 | | Print Name |
| 3-3-12 | Respondent's Counsel Signature | Arthur Margolis |
| Date | | Print Name |
| 3/5/12 | Deputy Trial Counsel's Signature | Kevin B. Taylor |
| Date | | Print Name |

(Do not write above this line.)

| In the Matter of: | Case Number(s): |
|---|---|
| David L. Kagel | 09-O-15403-PEM |

## ACTUAL SUSPENSION ORDER

Finding the stipulation to be fair to the parties and that it adequately protects the public, IT IS ORDERED that the requested dismissal of counts/charges, if any, is GRANTED without prejudice, and:

☑ The stipulated facts and disposition are APPROVED and the DISCIPLINE RECOMMENDED to the Supreme Court.

☐ The stipulated facts and disposition are APPROVED AS MODIFIED as set forth below, and the DISCIPLINE IS RECOMMENDED to the Supreme Court.

☐ All Hearing dates are vacated.

The parties are bound by the stipulation as approved unless: 1) a motion to withdraw or modify the stipulation, filed within 15 days after service of this order, is granted; or 2) this court modifies or further modifies the approved stipulation. (See rule 5.58(E) & (F), Rules of Procedure.) **The effective date of this disposition is the effective date of the Supreme Court order herein, normally 30 days after file date. (See rule 9.18(a), California Rules of Court.)**

_03-08-12_
Date

_Richard A. Platel_ (signature)
**RICHARD A. PLATEL**
Judge of the State Bar Court

(Effective January 1, 2011)

Actual Suspension Order

1   **<u>DECLARATION OF SERVICE BY REGULAR MAIL</u>**

2   **CASE NUMBER:  09-O-15403-PEM**

3       I, the undersigned, over the age of eighteen (18) years, whose business address and place of employment is the State Bar of California, 1149 South Hill Street, Los Angeles, California 90015, declare that I am not a party to the within action; that I am readily familiar with the State Bar of California's practice for collection and processing of correspondence for mailing with the United States Postal Service; that in the ordinary course of the State Bar of California's practice, correspondence collected and processed by the State Bar of California would be deposited with the United States Postal Service that same day; that I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date on the envelope or package is more than one day after date of deposit for mailing contained in the affidavit; and that in accordance with the practice of the State Bar of California for collection and processing of mail, I deposited or placed for collection and mailing in the City and County of Los Angeles, on the date shown below, a true copy of the within

10   **STIPULATION RE FACTS, CONCLUSIONS OF LAW**
     **AND DISPOSITION AND ORDER APPROVING**

11   in a sealed envelope placed for collection and mailing at Los Angeles, on the date shown below, addressed to:

13   **Arthur Margolis, Esq.**
     **Margolis & Margolis LLP**
     **2000 Riverside Dr**
     **Los Angeles, CA 90039**

     **Counsel for Respondent**

16   in an inter-office mail facility regularly maintained by the State Bar of California addressed to:

     **N/A**

18       I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed at Los Angeles, California, on the date shown below.

20   DATED: <u>March 5, 2012</u>       Signed: _____

                                      Charles C. Bagai
                                      Declarant

-1-

**14**

## CERTIFICATE OF SERVICE

[Rules Proc. of State Bar; Rule 5.27(B); Code Civ. Proc., § 1013a(4)]

I am a Case Administrator of the State Bar Court of California. I am over the age of eighteen and not a party to the within proceeding. Pursuant to standard court practice, in the City and County of San Francisco, On March 12, 2012, I deposited a true copy of the following document(s):

STIPULATION RE FACTS, CONCLUSIONS OF LAW AND DISPOSITION AND ORDER APPROVING

in a sealed envelope for collection and mailing on that date as follows:

☒   by first-class mail, with postage thereon fully prepaid, through the United States Postal Service at San Francisco, California, addressed as follows:

     ARTHUR LEWIS MARGOLIS
     MARGOLIS & MARGOLIS LLP
     2000 RIVERSIDE DR
     LOS ANGELES, CA  90039

☒   by interoffice mail through a facility regularly maintained by the State Bar of California addressed as follows:

     KEVIN B. TAYLOR, Enforcement, Los Angeles

I hereby certify that the foregoing is true and correct. Executed in San Francisco, California, on March 12, 2012.

                    Lauretta Cramer
                    Case Administrator
                    State Bar Court

**15**

# PUBLIC MATTER

1  STATE BAR OF CALIFORNIA
   OFFICE OF THE CHIEF TRIAL COUNSEL
2  JAYNE KIM, No. 174614
   ACTING CHIEF TRIAL COUNSEL
3  PATSY J. COBB, No. 107793
   DEPUTY CHIEF TRIAL COUNSEL
4  JOSEPH R. CARLUCCI, No. 172309
   ASSISTANT CHIEF TRIAL COUNSEL
5  KATHERINE KINSEY, No. 183740
   DEPUTY TRIAL COUNSEL
6  1149 South Hill Street
   Los Angeles, California 90015-2299
7  Telephone: (213) 765-1000

**FILED**

**NOV 28 2011**

STATE BAR COURT
CLERK'S OFFICE
LOS ANGELES

8

9                    STATE BAR COURT

10          HEARING DEPARTMENT - LOS ANGELES

11  In the Matter of:                )  Case No.  09-O-15403
                                     )
12  DAVID L. KAGEL,                  )  NOTICE OF DISCIPLINARY CHARGES
    No. 58961,                       )
13                                   )
                                     )
14  A Member of the State Bar._____)

15           **NOTICE - FAILURE TO RESPOND!**

16  IF YOU FAIL TO FILE A WRITTEN ANSWER TO THIS NOTICE
    WITHIN 20 DAYS AFTER SERVICE, OR IF YOU FAIL TO APPEAR AT
17  THE STATE BAR COURT TRIAL:

18  **(1)  YOUR DEFAULT WILL BE ENTERED;**
    **(2)  YOUR STATUS WILL BE CHANGED TO INACTIVE AND YOU**
19      **WILL NOT BE PERMITTED TO PRACTICE LAW;**
    **(3)  YOU WILL NOT BE PERMITTED TO PARTICIPATE FURTHER IN**
20      **THESE PROCEEDINGS UNLESS YOU MAKE A TIMELY MOTION**
        **AND THE DEFAULT IS SET ASIDE, AND;**
21  **(4)  YOU SHALL BE SUBJECT TO ADDITIONAL DISCIPLINE.**
        **SPECIFICALLY, IF YOU FAIL TO TIMELY MOVE TO SET ASIDE**
22      **OR VACATE YOUR DEFAULT, THIS COURT WILL ENTER AN**
        **ORDER RECOMMENDING YOUR DISBARMENT WITHOUT**
23      **FURTHER HEARING OR PROCEEDING.  SEE RULE 5.80 ET SEQ.,**
        **RULES OF PROCEDURE OF THE STATE BAR OF CALIFORNIA.**

24

25

26

27

28

-1-

kwiktag *        018 044 597

The State Bar of California alleges:

<u>JURISDICTION</u>

1.   David L. Kagel ("Respondent") was admitted to the practice of law in the State of California on April 30, 1974, was a member at all times pertinent to these charges, and is currently a member of the State Bar of California.

<u>COUNT ONE</u>

Case No. 09-O-15403
Rules of Professional Conduct, rule 4-100(A)
[Failure to Maintain Client Funds in Trust Account]

2.   Respondent willfully violated Rules of Professional Conduct, rule 4-100(A), by failing to maintain the balance of funds received for the benefit of a client and deposited in a bank account labeled "Trust Account," "Client's Funds Account" or words of similar import, as follows:

3.   At all times relevant herein, Respondent maintained a trust checking account at Preferred Bank designated account no. xxxx560 ("trust account").[1]

4.   On or about April 29, 2009, Respondent deposited into his trust account a check made payable to his trust account for $75,000 from the Alan G. Saffron Family Fund.  The notation on the check stated "Rebecca Saffron."

5.   On or about May 11, 2009, Respondent issued trust account check #3588 made payable to Rebecca Saffron in the amount of $1,750.

6.   On or about May 26, 2009, when trust account check # 3588 was presented for payment, the balance in Respondent's trust account was $263.56, which was $1,486.44 below the amount Respondent was required to maintain on behalf of Rebecca Saffron.  On or about May 26, 2009, trust account check number #3588 was paid against insufficient funds.

7.   By failing to maintain at least $1,750 in funds on behalf of Rebecca Saffron, Respondent failed to maintain the balance of funds received for the benefit of a client and deposited in a bank account labeled "Trust Account," "Client's Funds Account" or words of similar import.

---

[1] The account number has been partially redacted due to privacy concerns.

1

## COUNT TWO

2
3
Case No. 09-O-15403
Business and Professions Code, section 6106
[Moral Turpitude-Misappropriation]

4   8.   Respondent willfully violated Business and Professions Code, section 6106, by

5   committing an act involving moral turpitude, dishonesty or corruption, as follows:

6   9.   The factual allegations of Count One are incorporated herein by reference.

7   10. Respondent intentionally or with gross negligence misappropriated $1,486.44 in

8   funds belonging to Rebecca Saffron.

9   11. By misappropriating $1,486.44 from Rebecca Saffron, Respondent committed an act

10  involving moral turpitude, dishonesty or corruption.

11

## COUNT THREE

12
13
Case No. 09-O-15403
Rules of Professional Conduct, rule 4-100(A)
[Failure to Maintain Client Funds in Trust Account]

14  12. Respondent willfully violated Rules of Professional Conduct, rule 4-100(A), by

15  failing to maintain the balance of funds received for the benefit of a client and deposited in a

16  bank account labeled "Trust Account," "Client's Funds Account" or words of similar import, as

17  follows:

18  13. At all times relevant herein, Respondent maintained a trust checking account at

19  Preferred Bank designated account no. xxxx560 ("trust account").

20  14. On or about May 11, 2009, Respondent issued trust account check #3589 in the

21  amount of $24,000 on behalf of an unknown third party.  At the time Respondent issued check

22  #3589, he had not placed funds in his trust account to cover check #3589.  Respondent

23  subsequently informed the State Bar that the $24,000 funds should have come out of his personal

24  account.

25  15. On or about May 20, 2009, trust account check number #3589 was paid against

26  insufficient funds, and the balance in Respondent's trust account fell to negative $1,736.44.

27  16. By disbursing $24,000 in funds received on behalf of client(s) from his trust account

28  when the disbursement was not at the direction of or on behalf of client(s), Respondent failed to

-3-

1   maintain the balance of funds received for the benefit of a client and deposited in a bank account

2   labeled "Trust Account," "Client's Funds Account" or words of similar import.

### COUNT FOUR

4   Case No. 09-O-15403
    Rules of Professional Conduct, rule 4-100(A)
5   [Commingling Personal Funds in Client Trust Account]

6       17. Respondent willfully violated Rules of Professional Conduct, rule 4-100(A), by

7   depositing or commingling funds belonging to Respondent in a bank account labeled "Trust

8   Account," "Client's Funds Account" or words of similar import, as follows:

9       18. The factual allegations of Count Three are incorporated herein by reference.

10      19. On or about June 5, 2009, $100,000 was wired into Respondent's trust account from

11  Sanctuary Wealth Management.  Respondent believes that the $100,000 deposit was made, in

12  part, to replenish the $24,000 paid out of the trust account on May 20, 2009.  The remaining

13  $76,000 in funds belonged to Respondent and should not have been deposited into his trust

14  account.

15      20. By depositing $76,000 in personal funds into his trust account, Respondent deposited

16  or commingled funds belonging to Respondent in a bank account labeled "Trust Account,"

17  "Client's Funds Account" or words of similar import.

### COUNT FIVE

19  Case No. 09-O-15403
    Rules of Professional Conduct, rule 4-100(A)
20  [Failure to Maintain Client Funds in Trust Account]

21      21. Respondent willfully violated Rules of Professional Conduct, rule 4-100(A), by

22  failing to maintain the balance of funds received for the benefit of a client and deposited in a

23  bank account labeled "Trust Account," "Client's Funds Account" or words of similar import, as

24  follows:

25      22. At all times relevant herein, Respondent maintained a trust checking account at

26  Preferred Bank designated account no. xxxx560 ("trust account").

27

28

-4-

23. On or about July 31, 2009, Respondent deposited into his trust account a check for $35,000 from the Alan G. Saffron Family Fund and made payable to Respondent's trust account. The notation on the check stated "Loan (6 weeks)."

24. On or about August 5, 2009, Respondent issued trust account check #3594 to Daniel Saffron in the amount of $2,000.

25. As of on or about August 17, 2009, the balance in Respondent's trust account had fallen to negative $1,556.44.

26. On or about August 18, 2009, Respondent transferred $2,000 from his personal account to his trust account, raising the balance in the trust account to $443.56.

27. On or about August 19, 2009, trust account check # 3594 was presented to the bank and paid to Daniel Saffron against insufficient funds.

28. By failing to maintain a balance of $2,000 on behalf of Daniel Saffron, Respondent failed to maintain the balance of funds received for the benefit of a client and deposited in a bank account labeled "Trust Account," "Client's Funds Account" or words of similar import.

## COUNT SIX

Case No. 09-O-15403
Business and Professions Code, section 6106
[Moral Turpitude-Misappropriation]

29. Respondent willfully violated Business and Professions Code, section 6106, by committing an act involving moral turpitude, dishonesty or corruption, as follows:

30. The factual allegations of Count Five are incorporated herein by reference.

31. Respondent intentionally or with gross negligence misappropriated $2,000 in funds belonging to Daniel Saffron.

32. By misappropriating $2,000 from Daniel Saffron, Respondent committed an act involving moral turpitude, dishonesty or corruption.

//

//

//

//

-5-

**20**

COUNT SEVEN

Case No. 09-O-15403
Rules of Professional Conduct, rule 4-100(A)
[Commingling Personal Funds in Client Trust Account]

33. *Respondent willfully violated Rules of Professional Conduct, rule 4-100(A), by* depositing or commingling funds belonging to Respondent in a bank account labeled "Trust Account," "Client's Funds Account" or words of similar import, as follows:

34. At all times relevant herein, Respondent maintained a trust checking account at Preferred Bank designated account no. xxxx560 ("trust account").

35. On or about August 14, 2009, Respondent transferred $5,000 from his personal account to his trust account.  Respondent states that he placed the $5,000 into his account in order to advance the $5,000 in funds to a client.

36. On or about August 14, 2009, Respondent issued trust account check #3598 in the amount of $5,000 to Shelley Lawn.

37. On or about August 17, 2009, trust account check # 3598 was paid against insufficient funds and resulted in a balance of negative $1,556.44 in Respondent's trust account.

38. By depositing $5,000 of his own funds into his trust account to advance funds to a client, Respondent deposited or commingled funds belonging to Respondent in a bank account labeled "Trust Account," "Client's Funds Account" or words of similar import.

COUNT EIGHT

Case No. 09-O-15403
Business and Professions Code, section 6106
[Moral Turpitude-NSF Checks]

39. Respondent willfully violated Business and Professions Code, section 6106, by committing an act involving moral turpitude, dishonesty or corruption, as follows:

40.  The factual allegations of Counts One, Three, Five and Seven are incorporated herein by reference.

41. Respondent issued check numbers #3588, #3589, #3594, #3598 when he knew, or was grossly negligent in not knowing, that there were insufficient funds in the trust account to pay them.

-6-

1   42. By repeatedly issuing checks from his trust account against insufficient funds,

2   Respondent committed an act involving moral turpitude, dishonesty or corruption.

3   <u>COUNT NINE</u>

4   Case No. 09-O-15403
    Rules of Professional Conduct, rule 4-100(A)
5   [Commingling Personal Funds in Client Trust Account]

6   43. Respondent willfully violated Rules of Professional Conduct, rule 4-100(A), by

7   depositing or commingling funds belonging to Respondent in a bank account labeled "Trust

8   Account," "Client's Funds Account" or words of similar import, as follows:

9   44. At all times relevant herein, Respondent maintained a trust checking account at

10  Preferred Bank designated account no. xxxx560 ("trust account").

11  45. At all times relevant herein, Respondent maintained a business account at Preferred

12  Bank designated account no. xxxx304 ("business account").[2]

13  46. At all times relevant herein, Respondent maintained a personal account at Preferred

14  Bank designated account no. xxxx661 ("personal account").[3]

15  47. From in or about April 2009 through in or about December 2009, Respondent made

16  numerous online transfers between his trust account and his personal and business accounts.

17  48. Specifically, from in or about April 2009 through in or about December 2009,

18  Respondent made numerous online transfers of personal funds from both his personal account

19  and his business account into his trust account, including the following:

20

| Deposit Date | Amount | Source Account |
| --- | --- | --- |
| 04/22/09 | $ 5,000 | Business Account |
| 04/22/09 | $20,000 | Business Account |
| 05/12/09 | $19,990 | Business Account |
| 05/20/09 | $2,000 | Business Account |
| 05/21/09 | $2,000 | Business Account |
| 05/27/09 | $1,600 | Business Account |
| 08/14/09 | $5,000 | Personal Account |
| 08/18/09 | $2,000 | Personal Account |
| 08/20/09 | $1,600 | Personal Account |
| 09/15/09 | $3,100 | Personal Account |
| 10/05/09 | $6,600 | Personal Account |

---

[2] The account number has been partially redacted due to privacy concerns.
[3] The account number has been partially redacted due to privacy concerns.

-7-

**22**

| 10/19/09 | $2,000 | Personal Account |
| 10/23/09 | $1,000 | Personal Account |
| 12/11/09 | $11,000 | Personal Account |
| 12/30/09 | $56,000 | Personal Account |

49. By repeatedly transferring personal funds from his personal and business accounts into his trust account, Respondent deposited or commingled funds belonging to Respondent in a bank account labeled "Trust Account," "Client's Funds Account" or words of similar import.

### NOTICE - INACTIVE ENROLLMENT!

**YOU ARE HEREBY FURTHER NOTIFIED THAT IF THE STATE BAR COURT FINDS, PURSUANT TO BUSINESS AND PROFESSIONS CODE SECTION 6007(c), THAT YOUR CONDUCT POSES A SUBSTANTIAL THREAT OF HARM TO THE INTERESTS OF YOUR CLIENTS OR TO THE PUBLIC, YOU MAY BE INVOLUNTARILY ENROLLED AS AN INACTIVE MEMBER OF THE STATE BAR.   YOUR INACTIVE ENROLLMENT WOULD BE IN ADDITION TO ANY DISCIPLINE RECOMMENDED BY THE COURT.**

### NOTICE - COST ASSESSMENT!

**IN THE EVENT THESE PROCEDURES RESULT IN PUBLIC DISCIPLINE, YOU MAY BE SUBJECT TO THE PAYMENT OF COSTS INCURRED BY THE STATE BAR IN THE INVESTIGATION, HEARING AND REVIEW OF THIS MATTER PURSUANT TO BUSINESS AND PROFESSIONS CODE SECTION 6086.10.**

Respectfully submitted,

THE STATE BAR OF CALIFORNIA
OFFICE OF THE CHIEF TRIAL COUNSEL

DATED:  November 28, 2011          By: _____
                                      Katherine Kinsey
                                      Deputy Trial Counsel

-8-

23



# DECLARATION OF SERVICE
by
U.S. FIRST-CLASS MAIL / U.S. CERTIFIED MAIL / OVERNIGHT DELIVERY / FACSIMILE-ELECTRONIC TRANSMISSION

CASE NUMBER(s): **09-O-15403**

I, the undersigned, am over the age of eighteen (18) years and not a party to the within action, whose business address and place of employment is the State Bar of California, 1149 South Hill Street, Los Angeles, California 90015, declare that:

- on the date shown below, I caused to be served a true copy of the within document described as follows:

## NOTICE OF DISCIPLINARY CHARGES

☐ **By U.S. First-Class Mail:  (CCP §§ 1013 and 1013(a))**      ☒ **By U.S. Certified Mail:  (CCP §§ 1013 and 1013(a))**
-   in accordance with the practice of the State Bar of California for collection and processing of mail, I deposited or placed for collection and mailing in the City and County of Los Angeles.

☐ **By Overnight Delivery:  (CCP §§ 1013(c) and 1013(d))**
-   I am readily familiar with the State Bar of California's practice for collection and processing of correspondence for overnight delivery by the United Parcel Service ('UPS').

☐ **By Fax Transmission:  (CCP §§ 1013(e) and 1013(f))**
Based on agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed herein below.  No error was reported by the fax machine that I used.  The original record of the fax transmission is retained on file and available upon request.

☐ **By Electronic Service:  (CCP § 1010.6)**
Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the person(s_ at the electronic addresses listed herein below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ *(for U.S. First-Class Mail)*  in a sealed envelope placed for collection and mailing at Los Angeles, addressed to:  *(see below)*

☒ *(for Certified Mail)*  in a sealed envelope placed for collection and mailing as certified mail, return receipt requested,
Article No.:        71969008911104433017 &            at Los Angeles, addressed to:  *(see below)*
71969008911104433024

☐ *(for Overnight Delivery)*  together with a copy of this declaration, in an envelope, or package designated by UPS,
Tracking No.:                                               addressed to:  *(see below)*

| Person Served | Business-Residential Address | Fax Number | Courtesy Copy to: |
|---|---|---|---|
| DAVID KAGEL | ███████████ LOS ANGELES, CA | Electronic Address | ARTHUR L. MARGOLIS 2000 RIVERSIDE DR. LOS ANGELES, CA  90039 |

☐ via inter-office mail regularly processed and maintained by the State Bar of California addressed to:

**N/A**

I am readily familiar with the State Bar of California's practice for collection and processing of correspondence for mailing with the United States Postal Service, and overnight delivery by the United Parcel Service ('UPS').  In the ordinary course of the State Bar of California's practice, correspondence collected and processed by the State Bar of California would be deposited with the United States Postal Service that same day, and for overnight delivery, deposited with delivery fees paid or provided for, with UPS that same day.

I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date on the envelope or package is more than one day after date of deposit for mailing contained in the affidavit.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.  Executed at Los Angeles, California, on the date shown below.

DATED:  November 28, 2011                    SIGNED: _Juli Jenewein_
JULI JENEWEIN
Declarant

State Bar of California
DECLARATION OF SERVICE



The document to which this certificate is affixed is a full, true and correct copy of the original on file and of record in the State Bar Court.

ATTEST **March 4, 2021**

State Bar Court, State Bar of California, Los Angeles

By

Clerk

**25**