UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Commodity Futures Trading Commission,<br><br>    Plaintiff<br><br>v.<br><br>David Gilbert Saffron a/k/a David Gilbert and Circle Society, Corp.,<br><br>    Defendants | Case No.: 2:19-cv-01697-JAD-DJA<br><br>**Final Judgment of Disgorgement, Civil Penalty, Restitution, and Permanent Injunction** |

Plaintiff Commodity Futures Trading Commission filed a Complaint for Injunctive Relief, Restitution, Disgorgement, and Civil Monetary Penalties against David Gilbert Saffron a/k/a David Gilbert and his business entity, Circle Society, Corp., for violations of the Commodity Exchange Act, 7 U.S.C. §§ 1–27f (2012), and Regulations promulgated thereunder, 17 C.F.R. pts. 1–190 (2019).  The Commission has moved under Federal Civil Procedure Rule 55(b) for default judgment against Saffron and Circle Society; for grants of permanent injunctive relief, restitution, disgorgement, and a civil monetary penalty; and for the related relief of additional sanctions, a show-cause order, and to strike one of the defendants' filings.[1]  After a hearing on the merits and having considered the pleadings, declarations, exhibits, and memoranda filed by the parties, I granted the motion for default judgment, denied the motion to strike, and denied as moot the motions for sanctions and for a show-cause order.[2]  Because I articulated my findings and conclusions on the record, the transcript of the hearing serves as the record of my ruling.  But I enter this order to memorialize the outcome of the hearing.

---

[1] ECF Nos. 61, 95, 62, 98.

[2] ECF No. 107 (minutes of proceedings).

Whether to grant a motion for default judgment lies within the trial court's discretion,[3] which is guided by the seven factors outlined by the Ninth Circuit in *Eitel v. McCool*.[4] As I found and concluded during the hearing, the Commission has demonstrated that every *Eitel* factor weighs in favor of entering default judgment against Saffron and Circle Society. The rehashed excuses that the defendants offered during the hearing for their continued failure to comply with this court's orders, and their ongoing failure to offer any colorable defense to the Commission's claims, animate the Commission's default-judgment arguments and underlie my conclusion that default judgment is warranted here.

The Commission has demonstrated that a permanent injunction under 7 U.S.C. § 13a-1(a) should be entered against both defendants. The Commission's well-pled allegations and evidence shows that Saffron and Circle Society violated:

 a. 7 U.S.C. § 6*o*(1)(A)-(B) and 17 C.F.R. § 32.4;

 b. 17 C.F.R. § 4.20(a)(1), (b), and (c); and

 c. 7 U.S.C. § 6m(1).

The same allegations and evidence also demonstrate that Saffron violated 7 U.S.C. § 6k(2). The Commission has further established that there is a reasonable likelihood that Saffron and Circle Society will continue to violate the Act and Regulations unless they are permanently restrained and enjoined by this court. I am satisfied that the intentional and egregious nature of Saffron's and Circle Society's fraudulent conduct warrants permanent injunctive relief, including registration and trading bans.

---

[3] *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986).
[4] *Id.* at 1471–72.

Finally, the Commission has demonstrated that awards of restitution in the amount of $14,841,280, disgorgement in the amount of $15,815,967, and a civil monetary penalty of $1,484,128 are warranted under these circumstances. I find that the restitution award will make the victims of Saffron's and Circle Society's fraudulent scheme whole. The disgorgement award will allow the government to claw back any profits and gains that the defendants wrongfully obtained by their scheme. And the civil penalty is reasonable and appropriate given the gravity of the defendants' violations.

IT IS THEREFORE ORDERED that the Commission's motion for default judgment **[ECF No. 97] is GRANTED**. The **Clerk of Court** is directed to **ENTER JUDGMENT** in favor of the Commodity Futures Trading Commission and against David Gilbert Saffron a/k/a David Gilbert and Circle Society, Corp., jointly and severally, **in the total amount of $32,141,375**. Post-judgment interest on the entire amount of the judgment will run at the rate of 0.07%, compounded annually, from March 29, 2021, until satisfied.[5]

IT IS FURTHER ORDERED that:

**A.    Restitution**

1.    National Futures Association (NFA) is appointed to monitor and distribute payments made by the defendants against the $14,841,280 restitution obligation that they owe to their participants. NFA must collect restitution payments from the defendants and make

---

[5] Post-judgment interest is mandatory "on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a); *see Planned Parenthood of Columbia/Willamette Inc. v. Am. Coal. of Life Activities*, 518 F.3d 1013, 1017–18 (9th Cir. 2008). "[F]ederal law determines the rate of post-judgment interest[,]" and it "should be awarded on the entire amount of the judgment . . . ." *Lagstein v. Certain Underwriters at Lloyd's of London*, 725 F.3d 1050, 1056 (9th Cir. 2003). Applicable federal law provides that interest must "be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § (a) (period omitted).

3

distributions as set forth below.  Because the NFA is acting as an officer of this court in performing these services, it will not be liable for any action or inaction arising from its appointment as monitor, other than for actions involving fraud.

2.	The NFA must oversee the defendants' restitution obligation and has the discretion to determine the manner of distribution of the funds paid in a manner that is equitable to the defendants' participants as identified by the Commission.  The NFA may defer distribution until such time as it deems appropriate.  If the amount of restitution payments are so *de minimis* that the NFA determines that the administrative cost of making a distribution to eligible participants is impractical, the NFA may, in its discretion, treat the restitution payments as civil monetary penalty payments.

3.	At the beginning of each calendar year, the NFA must provide the Commission with a report detailing the disbursement of funds to the defendants' participants during the previous year.  The NFA must transmit this report, along with a cover letter identifying the name and docket number of this case, to:

>	Chief Financial Officer, Commodity Futures Trading Commission
>	Three Lafayette Center, 1155 21st Street, N.W.
>	Washington, D.C. 20581

4.	The defendants must pay their restitution obligation under this order to the NFA in the name of "David Saffron Restitution Fund" and must send their payments by electronic funds transfer, or by U.S. postal money order, certified check, bank cashier's check, or bank money order to:

>	Office of Administration, National Futures Association
>	300 South Riverside Plaza, Suite 1800
>	Chicago, Illinois 60606

Payment must be accompanied by a cover letter identifying the defendants and the name and docket number of this case. The defendants must simultaneously transmit copies of the cover letter and the form of payment to:

> Chief Financial Officer, Commodity Futures Trading Commission
> Three Lafayette Center, 1155 21st Street, N.W.
> Washington, D.C. 20581

5. The defendants must cooperate with the NFA as appropriate to provide it with information that it deems necessary and appropriate to identify the defendants' participants to whom the NFA, in its sole discretion, may determine to include in any plan for distribution of any restitution payments. The defendants must execute any documents necessary to release funds that they hold in any repository, bank, investment, or other financial institution, wherever located, to make partial or total payment toward their restitution obligation.

6. The amount paid to each participant in restitution will not limit the ability of any participant to prove that a greater amount is owed from the defendants or any other person or entity, and nothing in this order should be construed to in any way limit or abridge the rights of any participant that exist under state or common law.

7. If any funds accrue to the U.S. Treasury for the satisfaction of the defendants' restitution obligation, those funds must be transferred to the NFA for disbursement consistent with the procedures set forth above.

**B.    Civil monetary penalty**

1. The defendants must pay their civil monetary penalty obligation by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order. If payment is to be made other than by electronic funds transfer, then the payment must be made payable to the Commodity Futures Trading Commission and sent to:

MMAC/ESC/AMK326
Commodity Futures Trading Commission, Division of Enforcement
6500 S. MacArthur Blvd.
Oklahoma City, OK 73169
(405) 954-6569 (phone)
(405) 954-1620 fax
9-AMC-AR-CFTC@faa.gov

2.      If the defendants elect to make payments by electronic funds transfer, the defendants must contact Marie Thorne or her successor at the address above to receive payment instructions and must fully comply with those instructions.  Any payment must be accompanied by a cover letter identifying the defendants and the name and docket number of this case.  The defendants must simultaneously transmit copies of the cover letter and the form of payment to:

Chief Financial Officer, Commodity Futures Trading Commission
Three Lafayette Center, 1155 21st Street, N.W.
Washington, D.C. 20581

**C.     Permanent injunction**

IT IS FURTHER ORDERED that David Gilbert Saffron a/k/a David Gilbert and Circle Society, Corp. and their agents, holding companies, alter egos, including any of their successors, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, are **permanently restrained, enjoined, and prohibited from** directly or indirectly:

1.      Engaging in conduct that violates 7 U.S.C. §§ 6c(b), 6k(2), 6m(1), or 6$o$(1)(A)–(B) or 17 C.F.R. §§ 4.20(a)(1), (b), or (c) or 32.4;

2.      Trading on or subject to the rules of any registered entity, as that term is defined in 7 U.S.C. § 1a(40);

3. Entering into any transaction involving "commodity interests," as that term is defined in 17 C.F.R. § 1.3(yy), for their own personal account or for any account in which they have a direct or indirect interest;

4. Having any commodity interests traded on their behalf;

5. Controlling or directing trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity interests;

6. Soliciting, receiving, or accepting any funds from any person for the purpose of purchasing or selling any commodity interests;

7. Applying for registration or claiming exemption from registration with the Commission in any capacity, or engaging in any activity that requires registration or exemption from registration with the Commission, except as provided for in 17 C.F.R. § 4.14(a)(9);

8. Acting as a principal, as that term is defined in 17 C.F.R. § 3.1(a), agent, or any other officer or employee of any person registered, exempted from registration, or required to be registered with the Commission, except as provided for in 17 C.F.R. § 4.14(a)(9); and

9. Engaging in any business activities related to commodity interests.

IT IS FURTHER ORDERED that the Commission's motion to strike notice **[ECF No. 95] is DENIED** and the Commission's motions for additional sanctions **[ECF No. 62]** and for an order to show cause **[ECF No. 98] are DENIED as moot**.

This court shall retain jurisdiction of this action to ensure compliance with this order and for all other purposes related to this action, including any motion by the defendants to modify, or from relief from, the terms of this order.

_____
U.S. District Judge Jennifer A. Dorsey
March 29, 2021