# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Commodity Futures Trading Commission, | Case No.: 2:19-cv-01697-JAD-DJA |
| Plaintiff<br>v. | **Order Granting in Part Defendant's Motion to Amend Judgment** |
| David Gilbert Saffron a/k/a/ David Gilbert and Circle Society, Corp., | [ECF No. 115] |
| Defendants | |

In March 2021, I granted plaintiff Commodity Futures Trading Commission's motion for default judgment against defendants David Gilbert Saffron and Circle Society, Corp. for violations of the Commodity Exchange Act arising out of a ponzi scheme involving the cryptocurrency Bitcoin.[1] I ordered the defendants to pay restitution, disgorgement, and a civil penalty, and I issued a permanent injunction prohibiting defendants from all commodity trading. Pro se defendant Saffron moves to amend the permanent-injunction portion of the judgment.[2] He contends that the judgment must be amended for two reasons: (1) it is overly broad as it applies to him because it would ban him from owning or trading cryptocurrency; and (2) it harms innocent third-parties that may have been Saffron's agents but were not in active concert with his fraudulent schemes.[3] Saffron moves for relief under Federal Rule of Civil Procedure (FRCP) 59(e) or FRCP 60(a).

Based on the content of his arguments, I liberally construe his challenge to the third-party reach of the judgment as one raised under FRCP 60(a) and his challenge to the judgment as it

---

[1] ECF No. 112 (order and judgment); ECF No. 114 (transcript of hearing and oral ruling).
[2] ECF No. 115.
[3] *Id.* at 4–7.

applies to him as one raised under FRCP 59(e).  Because I find that the judgment's language affecting other parties is slightly overbroad, I grant Saffron's motion to amend in part to clarify that language.  But I leave the permanent injunction intact in all other respects.

**Discussion**

**I.      Saffron has demonstrated the need for a minor clerical correction to the judgment as it applies to non-defendants.**

FRCP 60(a) allows the court to "correct a clerical mistake or mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record . . . on motion or on its own, with or without notice."[4]  "[T]he [r]ule allows a court to clarify a judgment in order to correct a failure to memorialize part of its decision, to reflect the necessary implications of the original order, to ensure that the court's purpose is fully implemented, or to permit enforcement."[5]  "The touchstone of Rule 60(a) . . . is fidelity to the intent behind the original judgment."[6]

Saffron argues that the permanent injunction as currently written applies to anyone who may be considered his or Circle Society's "agent" (like Saffron's attorneys or accountants), regardless of whether those agents were involved in the conduct at issue in this case.  That portion of the order states that:

> David Gilbert Saffron a/k/a David Gilbert and Circle Society, Corp and their agents, holding companies, alter egos, including any of their successors, and those persons in active concert or participation

---

[4] Fed. R. Civ. P. 60(a).  Rule 60(a) also clarifies that if an appeal of the judgment is pending, "such a mistake may be corrected only with the appellate court's leave."  Saffron has appealed the judgment, and the Ninth Circuit has held the appeal in abeyance pending resolution of Saffron's motion to amend or alter judgment.  ECF No. 121.  I construe the Ninth Circuit's order to grant me leave to resolve this motion.

[5] *Tattersalls, Ltd. v. DeHaven*, 745 F.3d 1294, 1298 (9th Cir. 2014) (cleaned up).

[6] *Id.*

> with them who received actual notice of this order by personal service or otherwise, are permanently restrained, enjoined, and prohibited from directly or indirectly . . .[7]

Saffron argues that the clause limiting this judgment to those "in active concert or participation" modifies "those persons" but not his "agents."[8] And because "agent" may refer to individuals (like his lawyers) who had nothing to do with the illegal conduct alleged in CFTC's complaint, he avers that the judgment could be read to impermissibly restrain innocent third parties.[9] CFTC does not meaningfully respond to this portion of Saffron's motion, stating only that his argument is "unsupported and contrary to the plain wording of the [p]ermanent [i]njunction's limited application to '*those persons in active concert or participation with*'" Saffron.[10] But Saffron's concern is reasonable. The judgment could be read to apply to Saffron's "agents" that were not in "active concert" with him, which is not the judgment's intended effect. So, to the extent the above language can be read to apply to individuals not involved with the conduct complained of in CFTC's complaint, I amend the judgment to clarify its reach.

---

[7] ECF No. 112 at 6.

[8] ECF No. 115 at 8–9.

[9] *Id*. at 8. Saffron attaches a declaration from one of his attorneys, who expresses concern that the judgment would prohibit *him* from trading in cryptocurrencies because he could be considered Saffron's "agent," even though he was not involved in Saffron's trading activities. *Id*. at 11–15. CFTC asks that I strike the declaration because "the declarants' opinions and inflammatory accusations are irrelevant to the issues germane to the instant [m]otion and improper at this stage." ECF No. 116 at 10. CFTC failed to file a separate motion seeking such relief in violation of Local Rule IC 2.2(b). Regardless, I do not consider this declaration because I base my ruling on a plain reading of the judgment.

[10] ECF No. 116 at 11.

**II.     Saffron has not shown his entitlement to an amended judgment concerning his personal use of commodity interests.**

FRCP 59(e) allows a court to alter or amend a judgment in very limited circumstances.[11] The Ninth Circuit has cautioned against the frequent use of such a motion, explaining that it "should not be granted, absent highly unusual circumstances."[12]  Reconsideration is only "appropriate under [FRCP] 59(e) if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law."[13]  This rule does not give parties a chance to relitigate previously decided issues or "raise arguments or present evidence for the first time" that "could reasonably have been raised earlier in the litigation."[14]

Saffron also takes issue with the portion of the permanent injunction that prohibits him from "entering into any transaction involving 'commodity interests' . . . for [his] own personal account or for any account in which [he has] a direct or indirect interest."[15]  He contends that the judgment impermissibly prohibits him from "holding, owning, buying[, and] selling cryptocurrency even for his own personal use."[16]  He contends that the court only intended "to keep him from trading for others, accepting commodities from third parties[,] or doing any of the

---

[11] *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).

[12] *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

[13] *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001) (citing *Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

[14] *Carroll*, 342 F.3d at 945; *see Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d. Cir. 1998)) (explaining that "the purpose of Rule 59" is not to give parties a "forbidden 'second bite at the apple'").

[15] ECF No. 112 at 7.

[16] ECF No. 115 at 7.

things that the CFTC alleges he did," and the prohibition on personal trading is thus "massively overbroad."[17]  Saffron cites no legal authority for his argument that these restrictions cannot lawfully be imposed.

I entered the permanent injunction "in the form requested by the CFTC" because I determined that Saffron's past violations were "not isolated but occurred at least 179 times" and showed that Saffron "intended to deceive, defraud, and manipulate [the scheme's] participants."[18]  I also found that "[t]here have been no believably sincere assurances against future violations or recognition . . . of the wrongful nature of this conduct," and there was no evidence that Saffron "has legitimate employment that will steer him away of the opportunity to violate the Act in the future."[19]  A comprehensive permanent injunction—that includes a ban on trading cryptocurrencies for Saffron's own personal account—is necessary to prevent future violations concerning virtual currencies.[20]  Saffron presents no authority to show that this conclusion is manifestly unjust and presents no new evidence that would warrant reconsideration of the injunction's broad reach.  So I deny Saffron's motion to the extent it asks that I rescind the portion prohibiting him from trading cryptocurrencies on his own behalf.

---

[17] *Id.*

[18] ECF No. 114 at 36 (transcript of oral hearing).

[19] *Id.*

[20] Other courts have agreed that this prohibition is a necessary one when addressing cryptocurrency violations.  *See, e.g.*, *CFTC v. Reynolds*, 2021 WL 796683, at *6–7 (S.D.N.Y. Mar. 2, 2021) (prohibiting defendant from "[e]ntering into any transactions involving commodity interests . . . and/or the virtual currency Bitcoin for their own personal account"); *CFTC v. Gelfman Blueprint, Inc.*, 2018 WL 6320656, at *9 (S.D.N.Y. Oct. 16, 2018) (same); *CFTC v. McDonnell*, 332 F. Supp. 3d 641, 726 (E.D.N.Y. 2018) (imposing similar restriction and finding that the defendant "has shown that he is susceptible to the inducement of fraud involving virtual currencies; he cannot be trusted to operate only on his own behalf in a lawful and honest way").

**Conclusion**

IT IS THEREFORE ORDERED that Saffron's motion to alter or amend judgment **[ECF No. 115] is GRANTED in part and DENIED in part:**

- The permanent injunction entered at ECF No. 112, page 7 lines 13–17 is amended as follows: IT IS FURTHER ORDERED that David Gilbert Saffron a/k/a David Gilbert and Circle Society, Corp. and their holding companies and alter egos (including any of their successors), and any persons in active concert or participation with them who received actual notice of this order by personal service or otherwise, are **permanently restrained, enjoined, and prohibited from** directly or indirectly: . . .

- The motion is denied in all other respects.

- The Clerk of Court is directed to SEND a copy of this order to the Ninth Circuit re: Case No. 21-15952.

_____
U.S. District Judge Jennifer A. Dorsey
March 16, 2022