Danielle E. Karst (D.C. Bar No. 481881)
Timothy J. Mulreany (Maryland Bar No. 8812160123)
**COMMODITY FUTURES TRADING COMMISSION**
Three Lafayette Centre
1155 21st Street, N.W.
Washington, D.C. 20581
Telephone:   (202) 418-6158 (Karst)
Telephone:   (202) 418-5306 (Mulreany)
Facsimile:    (202) 418-5523
dkarst@cftc.gov
tmulreany@cftc.gov

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> DAVID GILBERT SAFFRON a/k/a DAVID GILBERT and CIRCLE SOCIETY, CORP., <br><br> Defendants. | Case No.  2:19-cv-1697-JAD-DJA <br><br> **PLAINTIFF CFTC'S MOTION TO STRIKE SAFFRON'S MOTION TO AMEND (ECF NO. 125) AND NOTICE OF APPEAL DATED APRIL 18, 2022 (ECF NO. 126)** |

Plaintiff Commodity Futures Trading Commission ("CFTC") respectfully moves the Court to issue an order striking the filing of the *pro se* Notice of Appeal (ECF No. 126) and Motion to Amend (ECF No. 125) by David Gilbert Saffron ("Saffron"), a non-attorney, on behalf of himself and the corporate defendant Circle Society, Corp. ("CSC"), and in support thereof, states as follows.

## BACKGROUND

On March 16, 2022, this Court entered an order (Order, ECF No. 123) granting in part, and denying in part, Saffron's Motion to Alter or Amend the Final Judgment in this matter (Judgment, ECF No. 115).  On April 18, 2022, thirty-one (31) days following entry of the Court's order, Saffron filed *pro se*, on behalf of both himself and CSC, a "Motion to Amend or Alter the Judgment Under Rule 59(e), or in the Alternative to Correct Errors Arising From

Oversight or Omission Pursuant to Rule 60(a)" ("Motion to Amend," ECF No. 125) together with a Notice of Appeal (ECF No. 126).  Saffron is not admitted to practice law before this Court, nor is he an attorney.

In support of his *pro se* Motion to Amend, Saffron blames his failure to timely file his motion to amend on:  the Court for a purported delay in ruling on his prior Motion to Amend; the Clerk of the Court for sending notices to the "bad addresses" Saffron provided the Court but where he no longer resides; and, the fact that Saffron purportedly did not timely receive notice of the Court's March 16, 2022 Order.  Motion to Amend, ECF No. 125 at 2.  Saffron fails to advise the court that he was admonished repeatedly to provide the Court with his current address.  *E.g., See* Minutes of Contempt Hearing Proceedings dated January 24, 2020, ECF No. 53 ("Mr. Saffron is directed to provide the courtroom administrator and Ms. Karst his correct contact information . . . .").  Pursuant to the docket of this matter, Saffron has failed to provide the Clerk of the Court with the address where he claims to currently reside.  *See* LR IA 3-1 ("An attorney or pro se party must immediately file with the court written notification of any change of mailing address, email address, telephone number, or facsimile number"); D. Nev. *Pro Se* Handbook at 7 ("If your contact information changes, contact the Clerk's Office in writing immediately.").  No member of the Bar of this Court has entered their appearance on behalf of Saffron or CSC as of the date of this filing.

## ARGUMENT

**A.  Saffron's Filing Is Invalid As He Has Not Been Admitted To Practice Before This Court And Cannot Represent Corporate Defendant CSC *Pro Se***

The Nevada Rules of Appellate Procedure explicitly state:  "A corporation or other entity may not appear without counsel."  NRAP 46A(b)(2).  The Local Rules for the United States District Court for the District of Nevada provide that an attorney who has been retained to appear

in a particular case but is not a member of the bar of the district court "may appear only with the court's permission . . . by verified petition on the form furnished by the clerk." LR IA 11-2. The Supreme Court of Nevada has consistently held that a legal entity such as a corporation cannot appear except through counsel and has consistently prohibited non-lawyer principals from representing such entities. *See Guerin v. Guerin*, 116 Nev. 210, 214 (2000); *Sunde v. Contel of California*, 112 Nev. 541, 542-43 (1996); *Salman v. Newell*, 110 Nev. 1333, 1335 (1994).

As of the date of the filing of the Motion to Amend, Saffron is not admitted to practice before this Court, or any other court. As a non-attorney, any filing he has made *pro se* on behalf of Defendant CSC is made in violation of the Nevada Rules of Appellate Procedure and the laws of the State of Nevada. Saffron's Motion to Amend is therefore invalid on its face and must be stricken.

Accordingly, the CFTC moves this Court for an order finding that Saffron's Motion to Amend (ECF No.125) and Notice of Appeal (ECF No. 126) have been made in violation of NRAP 46A(b)(2), strike each filing, and set a hearing to determine what sanctions, if any, should be imposed upon Saffron for said violations.

    **B.**    **Saffron's Motion To Amend Is Untimely**

Pursuant to Federal Rule of Civil Procedure 59(e), a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. Federal Rule of Appellate Procedure 4(a)(1)(A) identifies the time in which an appeal in a civil case must be filed:

> (a) Appeal in a Civil Case.
> (1) Time for Filing a Notice of Appeal.
> (A) In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from.

The Court Order amending its judgment by granting in part, and denying in part, Saffron's first Motion to Amend, was entered on March 16, 2022.  Order, ECF No. 123.  On April 18, 2022, thirty-one (31) days after the entry of the amended final judgment, Saffron filed his pending Motion to Amend (ECF No. 126).  Saffron admits his failure to timely file the Motion to Amend and blames the Court for failing to send the amended final judgment to his old address, not his current address.  Motion to Amend at 2, ECF No. 26.

Saffron is solely responsible for not immediately providing the Court with his current address so that he may timely receive notice of filings.  The Local Rules of this Court explicitly order all *pro se* and represented parties to *immediately* file with the court written notification of any change in mailing address:

> **LR IA 3-1. CHANGE OF CONTACT INFORMATION**
> An attorney or pro se party must immediately file with the court written notification of any change of mailing address, email address, telephone number, or facsimile number. The notification must include proof of service on each opposing party or the party's attorney. Failure to comply with this rule may result in the dismissal of the action, entry of default judgment, or other sanctions as deemed appropriate by the court.

At no time prior to the filing of the Motion to Amend has Saffron, or CSC through counsel, filed with the Court the mandatory, immediate change of address information required by Local Rule IA 3-1.  Saffron has once again violated this Court's order in failing to maintain a current address on file with the Clerk of Court and has no one to blame but himself.

This is not the first time that Saffron has attempted to play games with the Court concerning his address.  The Court pointedly asked Saffron, on the record at the January 24, 2020 contempt hearing, for his service address:

> [THE COURT]: All right. Here's what I'm going to do. I'm going to grant the motion for civil contempt, but I'm going to build a little – a very small window into that. In a sense what I will be doing is giving you that 14 days to fully comply with all the terms of the preliminary injunction order and also provide some additional

information, including the answers to those questions that I identified. You'll need to provide written responses to the CFTC under oath to those questions, which I will identify in my – in the order. **Let me ask you, Mr. Saffron. You're here today. What is your service address? Where – where shall I have the Court direct service if – of documents to you now that you've appeared here on your own behalf**?

*See* Tr. Contempt Hearing Jan. 24, 2020 at 11:19-12:6 (ECF No. 65) (emphasis added).

Contrary to Saffron's argument, "good cause" does not exist in support of his Motion to Amend. There has been no showing of "good cause" by Saffron sufficient to excuse his failure to obey this Court's Order by failing to immediately provide the Court with his mailing address. Indeed, mothing contained in his Motion to Amend rises to the level of good cause sufficient to set aside the deadlines for timely filing an appeal. Instead, Saffron uses his latest Motion to engage in typical rambling and airing of baseless complaints and accusations. Saffron continues to blame everyone but himself for his copious shortcomings. Moreover, CSC is not represented, and therefore, there is nothing before the Court as to CSC moving for an extension of the time to file an appeal. Saffron has failed to meet his sole burden of proof in demonstrating good cause to set aside the deadline to file an appeal.

## CONCLUSION

For the reasons stated above, the CFTC respectfully requests that the Court grant the CFTC's Motion to Strike Saffron's Motion to Amend and Notice of Appeal and grant the CFTC any further and additional relief as is just and appropriate.

Dated:  April 19, 2022                                   Respectfully submitted,

By: /s/ Danielle E. Karst
Danielle E. Karst
Timothy J. Mulreany
**COMMODITY FUTURES TRADING COMMISSION**
Three Lafayette Centre
1155 21st Street, N.W.
Washington, D.C. 20581
Telephone: (202) 418-5000

## **CERTIFICATE OF SERVICE**

I certify that on April 19, 2022, I filed a copy of the foregoing *Plaintiff's Motion to Strike* with the Clerk of the Court using the CM/ECF system. I also certify that on April 19, 2022, I sent hard copies of the same to Defendants David Gilbert Saffron and Circle Society, Corp. via email to the following addresses:

| |
|---|
| **David Gilbert Saffron**<br>6075 Rodgerton Drive<br>Los Angeles, CA 90068<br>davidsaffron@live.com |
| **Circle Society, Corp.**<br>c/o David Saffron<br>2450 St. Rose Parkway, Suite 120<br>Henderson, NV 89074<br>davidsaffron@live.com |

/s/ Danielle E. Karst
Danielle E. Karst