UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Commodity Futures Trading Commission,<br><br>    Plaintiff<br>v.<br><br>David Gilbert Saffron a/k/a/ David Gilbert and Circle Society, Corp.,<br><br>    Defendants | Case No.: 2:19-cv-01697-JAD-DJA<br><br>**Order Denying Motions Related to Notice of Appeal**<br><br>[ECF Nos. 125, 127] |

     In March 2021, I granted plaintiff Commodity Futures Trading Commission's (CFTC's) motion for default judgment against defendants David Gilbert Saffron and Circle Society, Corp. for violations of the Commodity Exchange Act related to a cryptocurrency Ponzi scheme.[1] I ordered the defendants to pay restitution, disgorgement, and a civil penalty, and I issued a permanent injunction prohibiting the defendants from all commodity trading. Saffron's motion to amend that judgment[2] resulted in a slight revision to the permanent injunction on March 16, 2022.[3]

     Acting without counsel, non-attorney Saffron filed an appeal from that revised order on April 18, 2022, on behalf of both himself and Circle Society.[4] Fearing that the appeal is untimely, Saffron moves to enlarge the appellate deadline, arguing that the delay is not his fault because he "does not get mail at the addresses listed, as evidence[d] by the returned mail on the [c]ourt's docket," and he declares that "the two addresses that are on file with the [c]ourt are not

---

[1] ECF No. 112 (order and judgment); ECF No. 114 (transcript of hearing and oral ruling).
[2] ECF No. 115.
[3] ECF No. 123.
[4] ECF No. 126.

good addresses for [him]."[5]  The CFTC moves to strike Saffron's motion because he is not an attorney and cannot file documents on Circle Society's behalf, and because his failure to keep the court apprised of his address is gamesmanship and does not merit an extension of time.[6]

**Discussion**

I deny the CFTC's motion to strike Saffron's request to enlarge the appeal deadline, but I deny the enlargement request nevertheless.  Although Saffron has been admonished that he may not file documents on behalf of the Circle Society entity because he is not an attorney, it does not appear that the appeal-deadline-enlargement request was filed on behalf of Circle Society.[7]  So Saffron's impermissible representation of Circle Society is not a basis for this court to strike this request.  And though it appears that Circle Society's notice of appeal was filed by Saffron and not an attorney,[8] I leave it to the Ninth Circuit to decide whether that notice should remain on the docket and serve as a valid preservation of Circle Society's appellate rights.

To the extent that Saffron needs an extension of his appellate deadline because he missed it,[9] I deny his request because the bad-address explanation is neither good cause nor excusable

---

[5] ECF No. 125 at 2–3.  As he explains in his "Errata as to Caption" at ECF No. 129, Saffron's motion to enlarge the time for appeal was erroneously titled and docketed as a "Motion to Amend or Alter the Judgment under Rule 59(e), or in the Alternative to Correct Errors Arising from Oversight or Omission pursuant to Rule 60(a)."  ECF No. 129 at 2.

[6] ECF No. 127.

[7] *See* ECF No. 125.

[8] *See* ECF No. 126.

[9] Though Saffron states that he missed the 30-day deadline for appeal under FRAP(a)(1)(A), this matter may well be governed by FRAP 4(a)(1)(B)'s 60-day deadline because the plaintiff, the CFTC, is a United States agency.  *See Evans v. Synopsys, Inc.*, 34 F.4th 762 (9th Cir. 2022) ("When subsection (b) is read in the context of the statute as a whole, it is clear that the effect of that subsection is simply to change the deadline from thirty days to sixty days if the federal government is a party in the case.").  I leave the ultimate determination of the timeliness of Saffron's appeal for the Ninth Circuit.

neglect.[10]  As the CFTC highlights in its motion to strike, Saffron has been cagey about his whereabouts in order to complicate the government's enforcement efforts.[11]  And although this court's Local Rule IA 3-1 requires pro se parties to keep the court apprised of their mailing address,[12] Saffron has consistently failed or refused to do so.  Indeed, despite using this bad-address excuse as the basis for his instant motion, Saffron still has not filed the address update that the local rule requires.  So the fact that this court's mailings have not reached Saffron are a function of his own design, and it does not supply good cause or excusable neglect for a belated deadline extension.

## Conclusion

IT IS THEREFORE ORDERED that David Saffron's motion to enlarge the appeal deadline, erroneously captioned as a motion to amend judgment **[ECF No. 125] is DENIED**.

IT IS FURTHER ORDERED that the Commodity Futures Trading Commission's motion to strike Saffron's motion **[ECF No. 127] is DENIED.**

_____
U.S. District Judge Jennifer A. Dorsey
June 2, 2022

---

[10] *See* Fed. R. App. P. 4(a)(5)(A)(ii).

[11] *See* ECF No. 127 at 4.

[12] L.R. IA 3-1 ("An attorney or pro se party must immediately file with the court written notification of any change of mailing address, email address, telephone number, or facsimile number.  The notification must include proof of service on each opposing party or the party's attorney.  Failure to comply with this rule may result in the dismissal of the action, entry of default judgment, or other sanctions as deemed appropriate by the court.").