**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 27 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISION, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> DAVID GILBERT SAFFRON, AKA David Gilbert, <br><br> Defendant-Appellant, <br><br> and <br><br> CIRCLE SOCIETY, CORP., <br><br> Defendant. | No.   21-15952 <br>         22-15571 <br><br> D.C. No. <br> 2:19-cv-01697-JAD-DJA <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted January 25, 2023[**]
San Francisco, California

Before: GOULD, RAWLINSON, and BRESS, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Pro se litigant David Saffron seeks reversal of district court decisions striking his answer and entering a default judgment against him in a civil enforcement action brought by the Commodities Future Trading Commission (CFTC) relating to Saffron's fraudulent Ponzi scheme involving foreign currency and cryptocurrency. Saffron further challenges the district court's grant of a permanent injunction prohibiting him from trading commodities, as well as the court's award of restitution, disgorgement, and civil monetary penalties.

We review the district court's ruling on a motion to strike under Federal Rule of Civil Procedure 12(f) for abuse of discretion. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010). We also review the court's grant of injunctive relief for abuse of discretion. *La Quinta Worldwide LLC v. Q.R.T.M., S.A. de C.V.*, 762 F.3d 867, 879 (9th Cir. 2014). And we review its factual findings for clear error. *Nat'l Wildlife Fed'n v. Nat'l Marine Fisheries Serv.*, 886 F.3d 803, 820 (9th Cir. 2018). We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1. The district court did not abuse its discretion in striking Saffron's answer. A defendant "must serve" an answer "within 21 days after being served with [a] summons and complaint." Fed. R. Civ. P. 12(a)(1)(A). Here, service by publication was complete on November 29, 2019. Saffron's answer to the CFTC's complaint was thus due 21 days later, on December 20, 2019. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). Saffron failed to file his answer by this date.

Nevertheless, and though it granted the CFTC's motion to strike Saffron's answer as untimely, the district court also instructed Saffron on the filing of a Federal Rule of Civil Procedure 55(c) motion to set aside the default. When Saffron filed that motion out of time, the district court considered it anyway. In assessing whether the motion to set aside the default should be granted, the district court appropriately considered "(1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984) (per curiam).

The district court found that the CFTC would be prejudiced because a delay in judgment could allow Saffron to dissipate assets and hide or destroy evidence. The court also determined that Saffron had not demonstrated a meritorious defense to the CFTC's allegations. And it concluded that Saffron's culpable conduct had contributed to his default based on Saffron's "devious and deliberate conduct seeking to skirt the judicial process." Saffron has not demonstrated error in these determinations. Under all these circumstances, the district court did not abuse its discretion in denying Saffron's Rule 55(c) motion and in striking his untimely answer.

2.   Saffron next challenges the district court's award of restitution, disgorgement, and civil monetary penalties on the ground that he lacked adequate notice of the magnitude of relief that could be awarded. This argument fails. The

CFTC set forth its requested relief in its complaint and in its motion for default judgment. Nor can Saffron reasonably claim unfair surprise when the district court found that Saffron had defrauded investors of many millions of dollars. Insofar as Saffron's claimed lack of notice arises from his failure to participate in the proceedings below, that does not provide a basis for relief.

3.  The district court's permanent injunction banning Saffron from commodities trading was not overbroad. District courts have "considerable discretion in fashioning suitable relief and defining the terms of an injunction." *Lamb-Weston, Inc. v. McCain Foods, Ltd.*, 941 F.2d 970, 974 (9th Cir. 1991). The district court found that Saffron had engaged in extensive violations of the Commodities Exchange Act, that he intended to defraud his victims, and that there was insufficient evidence that Saffron would avoid future wrongdoing. The district court thus found that "[a] comprehensive permanent injunction—that includes a ban on trading cryptocurrencies for Saffron's own personal account—is necessary to prevent future violations concerning virtual currencies." The court reasonably tailored its ban to the contemplated harm, and Saffron points to no law or facts demonstrating otherwise.

**AFFIRMED.**